C4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ERICH SPECHT, an individual, and )
doing business as )
ANDROID DATA CORPORATION, and )
THE ANDROID'S DUNGEON INCORPORATED, )
Illinois corporations )
                         Plaintiffs

v.

GOOGLE INC., a Delaware corporation, )
OPEN HANDSET ALLIANCE, )
China Mobile Communications Corporation, )
KDDI CORPORATION, NTT DoCoMo, Inc. )
SOFTBANK MOBILE Corp., Sprint Nextel, )
T-Mobile, Telecom Italia, Telefónica, Vodafone, )
AKM Semiconductor, Audience, ARM, )
Atheros Communications, Broadcom Corporation, )
Ericsson, Intel Corporation, Marvell Semiconductor, Inc., )
NVIDIA Corporation, Qualcomm Incorporated, )
SiRF Technology Holdings, Inc., Synaptics, Inc., )
Texas Instruments Incorporated, )
ASUSTeK Computer Inc., HTC Corporation, )
Huawei Technologies, LG Electronics, Inc., )
Motorola, Inc., Samsung Electronics, Sony Ericsson, )
Toshiba Corporation, Ascender Corp., )
eBay Inc., LivingImage LTD., )
Myriad, Nuance Communications, Inc., )
OMRON SOFTWARE Co, Ltd., PacketVideo (PV), )
SkyPop, SONiVOX, Aplix Corporation, )
Borqs, Noser Engineering Inc., )
TAT - The Astonishing Tribe AB, Teleca AB, )
Wind River, and Garmin International, Inc. )
                         Defendants

09CV2572
JUDGE LEINENWEBER
MAGISTRATE JUDGE COLE

**FILED**
APR 2 8 2009
Apr 28 2009
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**DEMAND FOR JURY
TRIAL**

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiffs ERICH SPECHT ("Erich"), ANDROID DATA CORPORATION, an Illinois

corporation ("Android Data") and THE ANDROID'S DUNGEON INCORPORATED,

an Illinois corporation ("Dungcon") (collectively referred to as "Plaintiffs"), by and

through their attorney, as and for their Complaint against Defendants, GOOGLE INC.

("Google"), OPEN HANDSET ALLIANCE ("OHA") and OHA members: China

Mobile Communications Corporation; KDDI CORPORATION; NTT DoCoMo, Inc.;

SOFTBANK MOBILE Corp.; Sprint Nextel; T-Mobile; Telecom Italia; Telefónica;

Vodafone; AKM Semiconductor; Audience; ARM; Atheros Communications;

Broadcom Corporation; Ericsson; Intel Corporation; Marvell Semiconductor, Inc.;

NVIDIA Corporation; Qualcomm Inc.; SiRF Technology Holdings, Inc.; Synaptics, Inc.;

Texas Instruments Incorporated; ASUSTeK Computer Inc.; HTC Corporation; Huawei

Technologies; LG Electronics, Inc.; Motorola, Inc.; Samsung Electronics; Sony

Ericsson; Toshiba, Software Companies; Ascender Corp.; eBay Inc.; Google Inc.;

LivingImage LTD; Myriad; Nuance Communications, Inc.; OMRON SOFTWARE Co,

Ltd.; PacketVideo (PV); SkyPop; SONiVOX; Aplix Corporation; Borqs, Noser

Engineering Inc.; TAT - The Astonishing Tribe AB; Teleca AB; Wind River; and

Garmin International, Inc. allege as follows:

## I. THE PARTIES

1.  Plaintiff Erich Specht is a resident of the village of Palatine, Illinois. Plaintiff
    corporations are Illinois domestic corporations organized and existing under the
    laws of the State of Illinois and having a principal place of business in the village
    of Palatine, Illinois.

2.  Defendant, Google, Inc., is a Delaware corporation registered to do business as a
    foreign corporation in Illinois.

-2-

3.     Defendant Open Handset Alliance is an "Alliance" of mobile operators, software companies, commercialization companies, semi-conductor companies and handset manufacturers with headquarters in Mountain View, California; Bonn Germany; Taoyuan, Taiwan; San Diego, California, and Schaumburg, Illinois .

## II. JURISDICTION AND VENUE

4.     This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement)

5.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121.

6.     This Court has personal jurisdiction over defendant Google because it is a foreign corporation registered to do business in Illinois with the Illinois Secretary of State. This Court has personal jurisdiction over the OHA members because they maintain a headquarter in Schaumburg, Illinois. The court also has diversity jurisdiction pursuant to 28 U.S.C.A. § 1332.

7.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c).

## III. FACTUAL BACKGROUND

8.     Plaintiff, Android Data Corporation is an Illinois corporation in good standing. It was incorporated on December 30, 1998 by Erich Specht its sole officer, director and shareholder.

9.     Plaintiff, The Android's Dungeon Incorporated is an Illinois corporation in good standing. It was incorporated on March 5, 2001 by Erich Specht, the sole officer, director and shareholder.

-3-

10.     Plaintiff, Erich Specht is a software developer and internet application service
        provider.

11.     Erich has and continues to develop software under the name Android Data that
        enables remote administration of web sites including secure data transfer,
        management and categorization of products, image processing, online surveys,
        email campaigns, document transformation, and the like.

12.     The software implements advanced caching of algorithms that allow for greater
        efficiency of web and database servers.

13.     The Android Data software was intended and has been licensed for use to
        customers who transact hundreds of millions of dollars in world wide transactions
        including tens of millions in e-commerce over the world wide web using
        plaintiff's software.

14.     Plaintiff chose the name Android Data to communicate the seamless, almost
        robotic-like, bi-directional communication of data between a client and a data
        center in a remote location.

15.     Plaintiff is and has been further developing the original Android Data product as
        well as preparing to release additional products in the near future under the
        Android Data product mark.

16.     On June 4, 2000, Plaintiff, Erich, under the name Android Data Corporation, filed
        an application with the United States Patent and Trademark Office ("PTO") for
        the mark "Android Data" (Serial number 7801167). A copy of the application is
        attached as Plaintiffs' Exhibit A.

-4-

17.    On October 22, 2002 The PTO granted plaintiffs Registration of the mark "Android Data", Registration number 2639556. As a condition of approval, PTO required that the following language be inserted into the application "No claim is made to the exclusive right to use "Data," apart from the mark as shown." Thus the dominant word in the mark was "ANDROID" with Data being a descriptive or non-dominant word. The purpose of the Trademark was for computer e-commerce software to allow users to perform electronic business transactions via a global computer network, in International Class 9 (U.S. CLS. 21, 23,26,36, and 38). A copy of the Trademark Principal Register is attached as Plaintiffs' Exhibit B.

18.    On October 31, 2007 defendant Google filed an application with the PTO for the mark "Android," Serial number 77318565. The goods and services identified under the application were International Class 9 (hardware; software). The stated Intent to Use was listed as: "The applicant has a bona fide intention to use through the applicant's related company or licensee the mark in commerce or in connection with the identified goods and/or services." Thus, Google was seeking the right to the exclusive use of the Android mark in commerce or in connection with any software or hardware use. By definition, this use would include plaintiffs' permitted use of the Android mark. A copy of Google's application is attached as Plaintiffs Exhibit C.

19.    On November 5, 2007 Defendants Google and the Open Handset Alliance ("OHA"), a partnership or business alliance of 47 firms led by Google, T-Mobile,

HTC, Qualcomm and Motorola made their product launch under plaintiffs' Android mark.

20. Wikipedia, the free online encyclopedia, reports that "Android is the brain child of Google and the flagship software of the OHA. is based on an open source license and will compete against other mobile platforms from Apple Inc., Microsoft, Nokia, Palm, Research In Motion and Symbia .".

21. The OHA initially consisted of 34 firms including mobile operators, software companies, commercialization companies, semiconductor companies, and handset manufacturers.

22. On November 5, 2007, the original members of the OHA were announced in Google's press release as: China Mobile Communications Corporation; KDDI Corporation; NTT DoCoMo, Inc.; Sprint Nextel; T-Mobile; Telecom Italia; Softbank Mobile Corp.; Telefónica; Ascender Corp.; eBay Inc.; Google Inc.; LivingImage Ltd.; Nuance Communications, Inc.; PacketVideo; SkyPop; SONiVOX; Aplix Corporation;, Noser Engineering Inc.; TAT The Astonishing Tribe AB, Wind River; Audience, Broadcom Corporation; Intel Corporation; Marvell Semiconductors, Inc.; Nvidia Corporation, Qualcomm, Inc. SiRF Technology Holdings, Inc.; Synaptics, Inc.; Texas Instruments Incorporated; HTC Corporation; LG Electronics, Inc.; Motorola, Inc.; Samsung Electronics; Vodafone, Ericsson, and Borqs

23. Beginning on November 5, 2007 and continuing to the present, Defendants Google, OHA, and it's members, without authority, have been issuing press

releases for their products and services under plaintiffs' Android mark in violation of the Lanham Act.

24. The defendants have created and control an extensive and integrated worldwide network of companies that pool resources to enable them to market various types of infringing products and services.

25. On November 5, 2007 OHA members Aplix, Ascender, Livingimage, Marvell, Nuance, PacketVideo, Sonivox, Sprint Nextel, and Wind River issued press releases improperly using Plaintiffs' mark. (Source: OHA's website 4/23/09).

26. On November 12, 2007, OHA members Ascender, Google and Synaptics issued press releases improperly using Plaintiffs' mark. (Source OHA website 4/23/09).

27. On February 14, 2008 the PTO issued it's Office Action letter denying Google's application under Section 2(d) to use the "Android" mark citing likelihood of confusion with plaintiffs' mark. A copy of the denial is attached as Plaintiff's Exhibit D.

28. The following is an excerpt of the PTO's decision regarding Google's application:

### Refusal: Section 2(d) - Likelihood of Confusion Refusal

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2639556. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.*

See the enclosed registration.

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are

-7-

compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely.*In re National Novice Hockey League, Inc,* 222 USPQ 638 (TTAB 1984); *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.,* 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co. v. Scott Paper Co.,* 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

In the case at hand, the applicant seeks registration of ANDROID in standard character form for "hardware; software." The cited registered mark is ANDROID DATA in typed form for "computer ecommerce software to allow users to perform electronic business transactions via a global computer network."

Regarding the first prong of the test, disclaimed matter is typically less significant or less dominant when comparing marks. Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression.*In re Dixie Restaurants Inc.,* 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); *In re National Data Corporation,* 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); and *In re Appetito Provisions Co. Inc.,* 3 USPQ2d 1553 (TTAB 1987). *See also Hewlett-*

-8-

*Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ 2d 1001 (Fed.
Cir. 2002); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693
(C.C.P.A. 1976); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988);
*In re Equitable Bancorporation*, 229 USPQ 709 (TTAB 1986). The registrant
has disclaimed the descriptive wording DATA apart from the mark as shown.
Therefore, the examining attorney must closely examine the dominant portion
of the registered mark against the applicant's mark. The dominant portion of
the registrant's mark is the term ANDROID, which is identical in sound,
appearance, and commercial impression to the cited registered mark. Marks
may be confusingly similar in appearance where there are similar terms or
phrases or similar parts of terms or phrases appearing in both applicant's and
registrant's mark. *See e.g., Crocker Nat'l Bank v. Canadian Imperial Bank of
Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd* 1 USPQ2d 1813 (Fed. Cir.
1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen
Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized));
*In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and
CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB
1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re
Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON and
MILLTRONICS); *In re BASF A.G.*, 189 USPQ 424 (TTAB 1975)
(LUTEXAL and LUTEX); TMEP §§1207.01(b)(ii) and (b)(iii). Regarding
the issue of likelihood of confusion, the question is not whether people will
confuse the marks, but whether the marks will confuse people into believing
that the goods they identify come from the same source.*In re West Point-*

-9-

*Pepperell, Inc.*, 468 F.2d 200, 175 USPQ 558 (C.C.P.A. 1972). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression.*Recot, Inc. v. M.C. Becton*, 214 F.2d 1322, 54 USPQ2d 1894, 1890 (Fed. Cir. 2000); *Visual Information Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks.*Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b). Considering the above, the marks are sufficiently similar to cause a likelihood of confusion under Trademark Act Section 2(d).

Turning to the second prong of the test, the goods of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods come from a common source. *On-line Careline Inc. v. America Online Inc.*, 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB

-10-

1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(I).

Both the applicant and the registrant are providing software. The registrant has more narrowly stated its goods as "computer e-commerce software to allow users to perform electronic business transactions via a global computer network." Likelihood of confusion is determined on the basis of the goods or services as they are identified in the application and the registration *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); *In re Shell Oil Co.*, 992 F.2d 1204, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991); *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990). Since the identification of the applicant's goods is very broad, it is presumed that the application encompasses all goods and/or services of the type described, including those in the registrant's more specific identification, that they move in all normal channels of trade and that they are available to all potential customers. TMEP §1207.01(a)(iii).

Therefore, with the contemporaneous use of highly similar marks that share the dominant term ANDROID, consumers are likely to conclude that the goods are related and originate from a single source. As such, registration must be refused under Trademark Act Section 2(d). Any doubt regarding a likelihood of confusion is resolved in favor of the prior registrant. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001, 1004

-11-

(Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); TMEP §§1207.01(d)(I).

29. On April 2, 2008, roughly 6 weeks after the PTO denied their application for the Android mark, the OHA presented "Android" at the World Congress in Barcelona. (OHA website 4/23/09).

30. On August 14, 2008, Google filed it's response to Office Action. In it's response Google admitted that: "Android was an arbitrary term we chose as a brand for our products." A copy of the response is attached as Plaintiff's Exhibit E.

31. On August 20, 2008, the PTO issued it's Office Action making the decision to deny Google's application final. A copy of the final action is attached as Plaintiff's Exhibit F.

32. On September 23, 2008, seven months after their application for the Android mark was denied and one month after the final action letter was issued, Google and OHA issued their press release announcing "Android 1.0 SDK" now available. (OHA website 4/23/09).

33. On October 21, 2008, roughly eight months after their application was denied, Google and OHA issued another press release announcing "Android open source availability."

34. On October 22, 2008, OHA members Texas Instruments, T-Mobile, and Wind River made press releases improperly using Plaintiff's Mark. (OHA website 4/23/09).

35. On November 20, 2008 Google filed it's Request for Reconsideration after Final Action requesting reconsideration or in the alternative that it's application

examination be suspended. A copy of the request is attached as Plaintiff's Exhibit G.

36. On November 20, 2008 Google also filed an Exparte Notice of Appeal. A copy of the notice is attached as Plaintiff's Exhibit H.

37. On November 21, 2008, the PTO's Trademark Trial and Appeal Board issued an order suspending Google's appeal pending it's request for reconsideration. A copy of the order is attached as Plaintiff's Exhibit I.

38. On November 24, 2008, the PTO issued its Notice of Suspension. A copy of the Notice is attached as Plaintiff's Exhibit J.

39. On December 5, 2008, less than a month after voluntarily suspending it's Trademark application examination, OHA issued a press release announcing Android 2.0 SDK release. (OHA website 4/23/09).

40. On December 9, 2008 OHA announced the addition of its newest members: Omron Software Co, Ltd.; Teleca AB; AKM Semiconductor, Inc.; ARM; Atheros Communications; ASUSTek Computer, Inc.; Garmin International, Inc.; Huawei Technologies; Sony Ericsson and Toshiba. See Plaintiffs' Exhibit K for a full listing of the OHA members and description.

41. On December 9, 2008, OHA member AKM, ARM, Borqs, Ericsson, Huawei, Omron, Sony Ericsson and Teleca made press releases using Plaintiffs Android mark. (OHA website 4/23/09).

42. On February 5, 2009 OHA member Broadcom issued it's press release touting the "First Android-Enabled Mobile Phone..."

43. On February 10, 2009 OHA member Teleca issued a press release announcing that "Teleca enables Android for the CDMA phone market."

44. On February 18, 2009 OHA members Nvidia, Freescale, Huawai, Intrinsyc, PacketVideo and Texas instruments issue additional press releases using Plaintiffs' Android mark.

45. On February 23, 2009 OHA member GLU Mobile made a press release announcing Build-a-lot for Android market.

46. On February 24, 2009 OHA member Gameloft issued a press release announcing "20 Games for Android Market."

47. Based upon information and belief, Google and the OHA members have been and are continuing to use Plaintiffs' Android mark in advertising, promotional materials and press releases without disclosing plaintiffs ownership and without plaintiffs permission.

48. Google and its OHA members have and are listing Plaintiffs' Android mark as a trademark and/or registered trademark of Google or the OHA.

49. Having continuously used Android Data in interstate commerce and having filed the requisite registration maintenance documents with the PTO, Plaintiffs Android Data mark is in "Live" standing with the PTO.

50. A cursory review of the time line between Google applications, announcements, and product launch, it is clear that Google stole first and asked questions later. Even though they could have, as they put it, arbitrarily chosen any name to brand their products, Google and the OHA members intentionally and without justification chose to affix Plaintiffs' Android mark to their web sites, products,

services, and press releases without regard to ownership. Google and the OHA members have shown a complete disregard of the ownership of the Android mark, their own voluntary suspension actions, and the denials of the PTO.

51. Google and the OHA members have never requested or received plaintiffs permission to use the "Android" or "Android Data" mark.

52. Fully aware of plaintiffs rights to the Android mark, Google and the OHA members have and are intentionally, open, notoriously, and without authority exercising full rights and privileges to the use of plaintiffs' Android mark.

53. As of April 23, 2009, there are thousands of internet sites offering tens of thousands of services and products with plaintiffs counterfeit mark including Google's own "Android-Official Site." All of these sites stem from and are a direct result of Google and the OHA member's actions.

54. Beginning on November 12, 2007 and continuing through April 23, 2009, Google and the OHA members have used Plaintiffs' Android mark in their press releases and promotional materials and web sites without authority to do so.

55. OHA members have known that use of Plaintiff's Trademark is unlawful since at least February 14, 2008.

56. Google and the OHA's use of Plaintiffs' Android mark in its product promotion and advertising on print and on the internet constitutes the use in commerce of a colorable imitation, copy and reproduction of Plaintiff's Trademark.

57. Plaintiff's use of it's Trademark for software and internet commerce is similar to Defendant's use of Plaintiff's mark in software and for internet commerce.

58. For the reasons set forth above and in the PTO's denial of Google's application, the use of Plaintiff's Trademark by defendant is deceptive and confusingly similar and likely to cause confusion, mistake, or deception in the minds of the public.

59. Google and the OHA's infringement constitutes a willful and malicious violation of Plaintiff's Trademark rights.

60. Plaintiffs recently learned of Defendant's actions and is moving as expeditiously as possible.

### III

### COMPLAINT FOR TRADEMARK INFRINGEMENT,

### UNDER LANHAM ACT § 3231.

Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 60

61. Plaintiffs have expended considerable resources marketing, advertising and promoting goods under its Android Data mark throughout the United States.

62. Defendants failed to perform even minimal due diligence when they "arbitrarily" chose to brand their products using plaintiffs' Android mark.

63. Notwithstanding plaintiff's statutory right in the Android Data mark, with notice of plaintiff's federal registration rights, and without authorization by plaintiffs, defendants have in the past and are continuing to hold conventions, advertise, manufacture, distribute, and offer to sell an ever increasing line of products and services bearing the Plaintiffs' Android mark.

64. Defendants' unauthorized use of Plaintiffs' Android mark to brand its' many computer related products will undoubtedly lead to deception, confusion and

-16-

mistake among the consuming public and trade creating the erroneous impression that the goods created by plaintiffs come from the same origin or that plaintiffs' products are some type of knock-off of defendants' products or name.

65. Defendants actions and deception will deprive plaintiff of the use of its' Android Data mark causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

66. Defendants have intentionally used in commerce a counterfeit of Plaintiffs' mark in connection with the sale, offering for sale, or distribution of goods or services knowing that such mark or designation is a counterfeit.

67. Defendants have provided goods or services necessary to the commission of the violation described in paragraph 62 above, with the intent that the recipient of the goods or services would put the goods or services to use in committing the violation.

68. By reason of the foregoing acts, Defendants are liable to Plaintiffs for trademark infringement under 15 U.S.C. § 1114.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1. That, pursuant to 15 U.S.C. § 1116, Defendants Google Inc, members of the Open Handset Alliance, their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, including and each of them, be preliminarily and permanently enjoined from:(a) using the Android trademark depicted in Exhibit

B, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in anyway similar to Plaintiff's trademark Android, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendant.

2.     That, pursuant to 15 U.S.C. § 116, Defendants be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

3.     That, pursuant to 15 U.S.C. § 1117(c)(2), the Court find that the use of the counterfeit mark was wilful and award Plaintiffs statutory damages of $2,000,000 against each of the Defendants per counterfeit mark per type of good or service sold..

4.     That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to Plaintiff for any and all profits derived by them from their illegal acts complained of herein;

5.     That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all computer source or executable code that reference or display Plaintiffs' "Android" mark, and all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material, instruction manuals or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe Plaintiff's Android Data trademark rights, as well as all plates, matrices, and other means of making the same;

-18-

6. That the Court declare this to be an exceptional case and award Plaintiff its full costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7. That the Court grant Plaintiffs any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117.

8. For such and other further relief that the court deems just and proper

Respectfully submitted:
Erich Specht, Android Data Corporation, and
The Android's Dungeon Incorporated
By their Attorney,

Martin J. Murphy
Attorney for Plaintiffs
2811 RFD
Long Grove, IL 60047
(312) 933-3200
Fax 773-338-9913

eTeas Trademark/Service Mark Application                                      **78011167**

<SERIAL NUMBER>   78011167
<FILING DATE>   06/04/2000

**<DOCUMENT INFORMATION>**
<TRADEMARK/SERVICEMARK APPLICATION>
<VERSION 1.2>

**<APPLICANT INFORMATION>**
<NAME>                        Android Data Corporation
<STREET>                      114 North Ashland Avenue
<CITY>                        Palatine
<STATE>                       IL
<COUNTRY>                     USA
<ZIP/POSTAL CODE>             60067
<TELEPHONE NUMBER>  847-991-3307
<FAX NUMBER>                  847-991-3394
<E-MAIL ADDRESS>             erich@androiddata.com

**<APPLICANT ENTITY INFORMATION>**
<CORPORATION: STATE/COUNTRY OF INCORPORATION>   Illinois

**<TRADEMARK/SERVICEMARK INFORMATION>**
<MARK>   Android Data
<TYPED FORM>   Yes
* Applicant requests registration of the above-identified trademark/service mark in the
United States Patent and Trademark Office on the Principal Register established by the
Act of July 5, 1946 (15 U.S.C. §1051 et seq., as amended). *

**<BASIS FOR FILING AND GOODS/SERVICES INFORMATION>**
<USE IN COMMERCE: SECTION 1(a)>   Yes
* Applicant is using or is using through a related company the mark in commerce on or in
connection with the below-identified goods/services. (15 U.S.C. §1051(a), as amended.).
Applicant attaches one SPECIMEN for each class showing the mark as used in commerce
on or in connection with any item in the class of listed goods and/or services. *
<SPECIMEN>   Yes
<SPECIMEN DESCRIPTION>   Portion of brochure describing Android Data's services
which has been distributed to potential customers.
<INTERNATIONAL CLASS NUMBER>   038
<LISTING OF GOODS AND/OR SERVICES>   Computer software and internet services.
<FIRST USE ANYWHERE DATE>   01/01/1999
<FIRST USE IN COMMERCE DATE>   01/01/1999

**<FEE INFORMATION>**
<TOTAL FEES PAID>   325
<NUMBER OF CLASSES>   1

PTO Form 1478 (Rev 9/98)                                          **78011167**
OMB No. 0651-0009 (Exp. 08/31/01)
Page 1 of 2                                                       06/07/2000 2:15 PM



eTeas Trademark/Service Mark Application                                    78011167

## <SIGNATURE AND OTHER INFORMATION>

* PTO-Application Declaration: The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true. *

| | |
|---|---|
| <SIGNATURE> | /Erich Specht/ |
| <DATE> | 06/04/2000 |
| <NAME> | Erich Specht |
| <TITLE> | President |

## <MAILING ADDRESS>

<LINE>   Android Data Corporation
<LINE>   114 North Ashland Avenue
<LINE>   Palatine IL 60067

## <CREDIT CARD INFORMATION>

<RAM SALE NUMBER>   132
<RAM ACCOUNTING DATE>   20000605

## <SERIAL NUMBER INFORMATION>

<SERIAL NUMBER>   78/011167
<INTERNET TRANSMISSION DATE>   Sunday, 06-04-2000 22:52:05 EDT
<TEAS STAMP>
USPTO-24131183202-20000604225223469-78/011167-
1217469046de932bed0c55975e80f5f0369-CC-132-20000604224923469
469

78011167

**Internet Transmission Date:**
2000/06/04

**Serial Number:**
78011167

**Filing Date:**
2000/06/04



TRADEMARK APPLICATION

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

TOTAL FEES PAID: $325

RAM SALE NUMBER: 132
RAM ACCOUNTING DATE:   20000605



NO OCR



06-04-2000

**Drawing Page**

**Serial Number:**

78011167



**Applicant:**

Android Data Corporation
114 North Ashland Avenue
Palatine IL USA 60067

**Date of First Use:**

01/01/1999

**Date of First Use in Commerce:**

01/01/1999

**Goods and Services:**

Computer software and internet services.

**Mark:**

ANDROID DATA



NO OCR



06-04-2000

ORIGINAL SPECIMEN

Internet Transmission Date:

**Filing Date:**

**Serial Number:**



Android Data



**DUPLICATE SPECIMEN**

**Internet Transmission Date:**

**Filing Date:**

**Serial Number:**

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,639,556

## United States Patent and Trademark Office

Registered Oct. 22, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## ANDROID DATA

ANDROID DATA CORPORATION (ILLINOIS
   CORPORATION)
114 NORTH ASHLAND AVENUE
PALATINE, IL 60067

  FOR: COMPUTER E-COMMERCE SOFTWARE
TO ALLOW USERS TO PERFORM ELECTRONIC
BUSINESS TRANSACTIONS VIA A GLOBAL COM-
PUTER NETWORK, IN CLASS 9 (U.S. CLS. 21, 23, 26,
36 AND 38).

FIRST USE 1-1-1999; IN COMMERCE 1-1-1999.

  NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "DATA", APART FROM THE
MARK AS SHOWN.

  SER. NO. 78-011,167, FILED 6-4-2000.

FLORENTINA BLANDU, EXAMINING ATTORNEY

# Trademark/Service Mark Application, Principal Register

**Serial Number: 77318565**
**Filing Date: 10/31/2007**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77318565 |
| **MARK INFORMATION** | |
| MARK | ANDROID |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | ANDROID |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| OWNER OF MARK | Google Inc. |
| STREET | 1600 Amphitheatre Parkway |
| CITY | Mountain View |
| STATE (Required for U.S. applicants) | California |
| COUNTRY | United States |
| ZIP/POSTAL CODE (Required for U.S. applicants only) | 94043 |
| PHONE | 650-253-0000 |
| FAX | 650-618-8571 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |

| STATE/COUNTRY OF INCORPORATION | Delaware |
|---|---|

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| INTERNATIONAL CLASS | 009 |
|---|---|
| IDENTIFICATION | hardware, software |
| FILING BASIS | SECTION 1(b) |

## CORRESPONDENCE INFORMATION

| NAME | Google Inc. |
|---|---|
| FIRM NAME | Google Inc. |
| STREET | 1600 Amphitheatre Parkway |
| CITY | Mountain View |
| STATE | California |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 94043 |
| PHONE | 650-253-0000 |
| FAX | 650-618-8571 |
| EMAIL ADDRESS | trademarks@google.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| NUMBER OF CLASSES | 1 |
|---|---|
| FEE PER CLASS | 325 |
| TOTAL FEE DUE | 325 |
| TOTAL FEE PAID | 325 |

## SIGNATURE INFORMATION

| SIGNATURE | /Terri Y. Chen/ |
|---|---|
| SIGNATORY'S NAME | Terri Y. Chen |
| SIGNATORY'S POSITION | Trademark Counsel |
| DATE SIGNED | 10/31/2007 |

# Trademark/Service Mark Application, Principal Register

## Serial Number: 77318565
## Filing Date: 10/31/2007

## To the Commissioner for Trademarks:

**MARK:** ANDROID (Standard Characters, see mark)
The literal element of the mark consists of ANDROID.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Google Inc., a corporation of Delaware, having an address of
    1600 Amphitheatre Parkway
    Mountain View, California 94043
    United States
requests registration of the trademark/service mark identified above in the United States Patent and
Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051
et seq.), as amended.

    International Class 009: hardware; software
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related
company or licensee the mark in commerce on or in connection with the identified goods and/or services.
(15 U.S.C. Section 1051(b)).

  Correspondence Information: Google Inc.
                1600 Amphitheatre Parkway
                Mountain View, California 94043
                650-253-0000(phone)
                650-618-8571(fax)
                trademarks@google.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1
class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by
fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and
the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is
properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to
be the owner of the trademark/service mark sought to be registered, or, if the application is being filed
under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce;

to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Terri Y. Chen/  Date Signed: 10/31/2007
Signatory's Name: Terri Y. Chen
Signatory's Position: Trademark Counsel


RAM Sale Number: 5859
RAM Accounting Date: 11/01/2007

Serial Number: 77318565
Internet Transmission Date: Wed Oct 31 19:55:30 EDT 2007
TEAS Stamp: USPTO/BAS-67.188.142.108-200710311955304
68224-77318565-4006f0298ba1af20267ecb8fc
c72b4ebe-DA-5859-20071031193745890740

# ANDROID

| To: | Google Inc. (trademarks@google.com) |
| Subject: | TRADEMARK APPLICATION NO. 77318565 - ANDROID - N/A |
| Sent: | 2/14/2008 10:04:35 AM |
| Sent As: | ECOM103@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/318565

**MARK**: ANDROID

**CORRESPONDENT ADDRESS**:
   GOOGLE INC.
   GOOGLE INC.
   1600 AMPHITHEATRE PKWY
   MOUNTAIN VIEW, CA 94043-1351

# *77318565*

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**    Google Inc.

**CORRESPONDENT'S**
**REFERENCE/DOCKET NO**:
   N/A
**CORRESPONDENT E-MAIL ADDRESS**:
   trademarks@google.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS
OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE**: 2/14/2008

The assigned trademark examining attorney has reviewed the referenced application and has determined
the following:

**Refusal: Section 2(d) - Likelihood of Confusion Refusal**

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2639556. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.* See the enclosed registration.

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

In the case at hand, the applicant seeks registration of ANDROID in standard character form for "hardware; software." The cited registered mark is ANDROID DATA in typed form for "computer e-commerce software to allow users to perform electronic business transactions via a global computer network."

Regarding the first prong of the test, disclaimed matter is typically less significant or less dominant when comparing marks. Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. *In re Dixie Restaurants Inc.*, 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); *In re National Data Corporation*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); and *In re Appetito Provisions Co. Inc.*, 3 USPQ2d 1553 (TTAB 1987). *See also Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ 2d 1001 (Fed. Cir. 2002); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988); *In re Equitable Bancorporation*, 229 USPQ 709 (TTAB 1986). The registrant has disclaimed the descriptive wording DATA apart from the mark as shown. Therefore, the examining attorney must closely examine the dominant portion of the registered mark against the applicant's mark.

The dominant portion of the registrant's mark is the term ANDROID, which is identical in sound, appearance, and commercial impression to the cited registered mark. Marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark. *See e.g., Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd* 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized));*In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.*, 189 USPQ 424 (TTAB 1975) (LUTEXAL and LUTEX); TMEP §§1207.01(b)(ii) and (b)(iii).

Regarding the issue of likelihood of confusion, the question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 175 USPQ 558 (C.C.P.A. 1972). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall

impression. *Recot, Inc. v. M.C. Becton*, 214 F.2d 1322, 54 USPQ2d 1894, 1890 (Fed. Cir. 2000); *Visual Information Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b). Considering the above, the marks are sufficiently similar to cause a likelihood of confusion under Trademark Act Section 2(d).

Turning to the second prong of the test, the goods of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods come from a common source. *On-line Careline Inc. v. America Online Inc.*, 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

Both the applicant and the registrant are providing software. The registrant has more narrowly stated its goods as "computer e-commerce software to allow users to perform electronic business transactions via a global computer network." Likelihood of confusion is determined on the basis of the goods or services as they are identified in the application and the registration. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); *In re Shell Oil Co.*, 992 F.2d 1204, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991); *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990). Since the identification of the applicant's goods is very broad, it is presumed that the application encompasses all goods and/or services of the type described, including those in the registrant's more specific identification, that they move in all normal channels of trade and that they are available to all potential customers. TMEP §1207.01(a)(iii).

Therefore, with the contemporaneous use of highly similar marks that share the dominant term ANDROID, consumers are likely to conclude that the goods are related and originate from a single source. As such, registration must be refused under Trademark Act Section 2(d).

Any doubt regarding a likelihood of confusion is resolved in favor of the prior registrant. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001, 1004 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); TMEP §§1207.01(d)(i).

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If applicant chooses to respond to the refusal to register, then applicant must also respond to the following requirements.
**Requirement: Identification of Goods**
The identification of goods is indefinite and must be clarified because it is too broad. Applicant may adopt the following identification, if accurate:
**International Class 009:** *Computer* hardware; *Computer* software *for {specify the function of the programs, e.g., use in database management, use as a spreadsheet, word processing, etc. and, if*

*software is content- or field-specific, the content or field of use}.*
TMEP §1402.01.

Please note that, while the identification of goods may be amended to clarify or limit the goods, adding to the goods or broadening the scope of the goods is not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, applicant may not amend the identification to include goods that are not within the scope of the goods set forth in the present identification.

For assistance with identifying and classifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identifications of Goods and Services* at http://tess2.uspto.gov/nctahtml/tidm.html.

## Requirement: Significance of Mark

Applicant must specify whether "ANDROID" has any significance in the computer hardware and software trade or industry, any geographical significance, or any meaning in a foreign language. 37 C.F.R. §2.61(b).

## Response Guidelines

Applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the trademark examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number. 37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

To expedite prosecution of this application, applicant is encouraged to file its response to this Office action through the Trademark Electronic Application System (TEAS), available at http://www.uspto.gov/teas/index.html.

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Seth A. Rappaport/
Seth A. Rappaport
Trademark Examining Attorney
Law Office 103
Phone: (571) 270-1508
Fax: (571) 270-2508

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office action should be filed using the form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Feb 14, 2008**                         **78011167**

**DESIGN MARK**

**Serial Number**
78011167

**Status**
REGISTERED

**Word Mark**
ANDROID DATA

**Standard Character Mark**
No

**Registration Number**
2639556

**Date Registered**
2002/10/22

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
Android Data Corporation CORPORATION ILLINOIS 114 North Ashland Avenue
Palatine ILLINOIS 60067

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
Computer e-commerce software to allow users to perform electronic
business transactions via a global computer network.  First Use:
1999/01/01.  First Use In Commerce: 1999/01/01.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "DATA" APART FROM THE
MARK AS SHOWN.

**Filing Date**
2000/06/04

**Examining Attorney**
BLANDU, FLORENTINA

ANDROID DATA

| | |
|---|---|
| **To:** | Google Inc. (trademarks@google.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77318565 - ANDROID - N/A |
| **Sent:** | 2/14/2008 10:04:37 AM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE
## USPTO OFFICE ACTION HAS ISSUED ON 2/14/2008 FOR
## APPLICATION SERIAL NO. 77318565

Please follow the instructions below to continue the prosecution of your application:

**VIEW OFFICE ACTION:** Click on this link http://tmportal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77318565&doc_type=OOA (or copy and paste this URL into the address field of your browser), or visit **http://tmportal.uspto.gov/external/portal/tow** and enter the application serial number to access the Office action.

**PLEASE NOTE:** The Office action may not be immediately available but will be viewable within 24 hours of this notification.

**RESPONSE MAY BE REQUIRED:** You should carefully review the Office action to determine (1) if a response is required; (2) how to respond; and (3) the applicable response time period. Your response deadline will be calculated from 2/14/2008.

**Do NOT hit "Reply"to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System response form at http://www.uspto.gov/teas/eTEASpageD.htm.**

**HELP:** For *technical* assistance in accessing the Office action, please e-mail TDR@uspto.gov. Please contact the assigned examining attorney with questions about the Office action.

# WARNING
## 1. The USPTO will NOT send a separate e-mail with the Office action attached.

## 2. Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.

\*\*\* User:srappaport \*\*\*

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 761 | N/A | 0 | 0 | 0:02 | *dr{v1:2}d*[bi,ti] not dead[ld] |
| 02 | 353 | N/A | 0 | 0 | 0:03 | 1 and "009"[cc] |
| 03 | 101 | 0 | 101 | 58 | 0:01 | 1 and ("009" a b 200)[ic] |
| 04 | 424 | N/A | 0 | 0 | 0:02 | *ndr{v1:2}d*[bi,ti] not dead[ld] |
| 05 | 201 | 0 | 201 | 117 | 0:03 | 4 and "009"[cc] |
| 06 | 44 | 0 | 44 | 30 | 0:01 | *andr{v1:2}d*[bi,ti] not dead[ld] |
| 07 | 15 | 0 | 15 | 9 | 0:04 | "android"[bi,ti] not dead[ld] |
| 08 | 394 | N/A | 0 | 0 | 0:03 | *ndro*[bi,ti] not dead[ld] |
| 09 | 173 | 0 | 173 | 114 | 0:03 | 8 and "009"[cc] |
| 10 | 305 | N/A | 0 | 0 | 0:01 | *ro{"iy"}d*[bi,ti] not dead[ld] |
| 11 | 164 | 0 | 164 | 95 | 0:03 | 10 and "009"[cc] |
| 12 | 1081 | N/A | 0 | 0 | 0:03 | *andr*[bi,ti] not dead[ld] |
| 13 | 402 | N/A | 0 | 0 | 0:05 | 12 and "009"[cc] |
| 14 | 107 | 0 | 107 | 68 | 0:01 | 12 and ("009" a b 200)[ic] |
| 15 | 69 | 0 | 69 | 37 | 0:01 | *dro{"iy"}*[bi,ti] not dead[ld] |
| 16 | 0 | 0 | 0 | 0 | 0:02 | "an droid"[bi,ti] not dead[ld] |
| 17 | 0 | 0 | 0 | 0 | 0:03 | "and roid"[bi,ti] not dead[ld] |

Session started 2/14/2008 9:42:02 AM
Session finished 2/14/2008 9:55:03 AM
Total search duration 0 minutes 41 seconds
Session duration 13 minutes 1 seconds
Defaut NEAR limit=1 ADJ limit=1

Sent to TICRS as Serial Number: 77318565

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77318565 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 103 |

**MARK SECTION (no change)**

**ARGUMENT(S)**

The Examining Attorney refused registration of our ANDROID mark because of the concern that "contemporaneous use" of ANDROID and the cited registration, ANDROID DATA (Reg. No. 2639556) owned by Android Data Corporation, will result in a likelihood of confusion. However, there is no contemporaneous use of ANDROID and ANDROID DATA because ANDROID DATA is not in use and has not been in use for years. According to Archive.org, the last possible commercial use of ANDROID DATA on androiddata.com, the website of the registrant, was on March 10, 2005 (http://web.archive.org/web/20050310015150/http://www.androiddata.com/). Subsequent entries show the site as a parked page, with no commercial use of ANDROID DATA (see attached exhibits). Today, the androiddata.com domain still is a parked page, without any commercial use of ANDROID DATA, and the domain is, in fact, owned by someone else other than the registrant, Android Data Corporation (see attached exhibits). Web results find no evidence of other commercial use of ANDROID DATA. Furthermore, secretary of state records (see attached exhibits) show that the registrant, Android Data Corporation, was involuntarily dissolved on May 1, 2004, and no longer exists as an entity. Because there has been no commercial use of ANDROID DATA for over three years and the company has been dissolved for over four years, we must presume that the company has abandoned the ANDROID DATA mark per TMEP section 1604.11. The company no longer exists as a valid entity, so it cannot file an Affidavit of Use to maintain its registration. Thus, the registration is not valid, and should not be considered as a possible grounds for refusal of our registration of ANDROID. For this reason, we humbly request that the Examining Attorney withdraw this refusal.

In addition to the 2(d) citation, the Examining Attorney has asked us that we amend the application. We have done so. He has also asked that we confirm that ANDROID has no significance in the computer hardware and software trade or industry, any geographical significance, or any meaning in a foreign language, and we do so. ANDROID is a arbitrary term we chose as a brand for our products.

Because the conflicting registration is not an issue, and we have dealt with the other issues raised by the Examining Attorney in his office action, we ask that the Examining Attorney approve this application for registration.

**EVIDENCE SECTION**

| | |
|---|---|
| **EVIDENCE** | \\TICRS\EXPORT3\IMAGEOUT3 |



| FILE NAME(S) | \773\185\77318565\xml1\RO A0002.JPG |
| --- | --- |
| | \\TICRS\EXPORT3\IMAGEOUT3 \773\185\77318565\xml1\RO A0003.JPG |
| | \\TICRS\EXPORT3\IMAGEOUT3 \773\185\77318565\xml1\RO A0004.JPG |
| DESCRIPTION OF EVIDENCE FILE | Current WHOIS data for androiddata.com, Archive.org results for androiddata.com, and an Illinois Secretary of State record showing the involuntary dissolution of Android Data Corporation. |

### GOODS AND/OR SERVICES SECTION (current)

| INTERNATIONAL CLASS | 009 |
| --- | --- |
| DESCRIPTION | hardware; software |
| FILING BASIS | Section 1(b) |

### GOODS AND/OR SERVICES SECTION (proposed)

| INTERNATIONAL CLASS | 009 |
| --- | --- |

**DESCRIPTION**

mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices

| FILING BASIS | Section 1(b) |
| --- | --- |

### SIGNATURE SECTION

| DECLARATION SIGNATURE | /ttt/ |
| --- | --- |
| SIGNATORY'S NAME | Tu T. Tsao |
| SIGNATORY'S POSITION | Trademark Counsel |
| DATE SIGNED | 08/14/2008 |
| RESPONSE SIGNATURE | /ttt/ |
| SIGNATORY'S NAME | Tu T. Tsao |
| SIGNATORY'S POSITION | Trademark Counsel |
| DATE SIGNED | 08/14/2008 |

| AUTHORIZED SIGNATORY | YES |
| --- | --- |
| FILING INFORMATION SECTION | |
| SUBMIT DATE | Thu Aug 14 20:43:08 EDT 2008 |
| TEAS STAMP | USPTO/ROA-65.57.245.11-20 08081420430811 15561-773185 65-430526c8f39c42290315fa 55e1a18c95-N/A-N/A-200808 14190559097132 |

## Response to Office Action
## To the Commissioner for Trademarks:

Application serial no. **77318565** has been amended as follows:

**ARGUMENT(S)**
**In response to the substantive refusal(s), please note the following:**

The Examining Attorney refused registration of our ANDROID mark because of the concern that "contemporaneous use" of ANDROID and the cited registration, ANDROID DATA (Reg. No. 2639556) owned by Android Data Corporation, will result in a likelihood of confusion. However, there is no contemporaneous use of ANDROID and ANDROID DATA because ANDROID DATA is not in use and has not been in use for years. According to Archive.org, the last possible commercial use of ANDROID DATA on androiddata.com, the website of the registrant, was on March 10, 2005 (http://web.archive.org/web/20050310015150/http://www.androiddata.com/). Subsequent entries show the site as a parked page, with no commercial use of ANDROID DATA (see attached exhibits). Today, the androiddata.com domain still is a parked page, without any commercial use of ANDROID DATA, and the domain is, in fact, owned by someone else other than the registrant, Android Data Corporation (see attached exhibits). Web results find no evidence of other commercial use of ANDROID DATA. Furthermore, secretary of state records (see attached exhibits) show that the registrant, Android Data Corporation, was involuntarily dissolved on May 1, 2004, and no longer exists as an entity. Because there has been no commercial use of ANDROID DATA for over three years and the company has been dissolved for over four years, we must presume that the company has abandoned the ANDROID DATA mark per TMEP section 1604.11. The company no longer exists as a valid entity, so it cannot file an Affidavit of Use to maintain its registration. Thus, the registration is not valid, and should not be considered as a possible grounds for refusal of our registration of ANDROID. For this reason, we humbly request that the Examining Attorney withdraw this refusal.

In addition to the 2(d) citation, the Examining Attorney has asked us that we amend the application. We

have done so. He has also asked that we confirm that ANDROID has no significance in the computer hardware and software trade or industry, any geographical significance, or any meaning in a foreign language, and we do so. ANDROID is a arbitrary term we chose as a brand for our products.

Because the conflicting registration is not an issue, and we have dealt with the other issues raised by the Examining Attorney in his office action, we ask that the Examining Attorney approve this application for registration.

## EVIDENCE
Evidence in the nature of Current WHOIS data for androiddata.com, Archive.org results for androiddata.com, and an Illinois Secretary of State record showing the involuntary dissolution of Android Data Corporation. has been attached.
Evidence-1
Evidence-2
Evidence-3

## CLASSIFICATION AND LISTING OF GOODS/SERVICES
**Applicant proposes to amend the following class of goods/services in the application:**
**Current:** Class 009 for hardware; software
Original Filing Basis:
**Filing Basis: Section 1(b), Intent to Use:** The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. (15 U.S.C. Section 1051(b)).

**Proposed:** Class 009 for mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices
**Filing Basis: Section 1(b), Intent to Use:** The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. (15 U.S.C. Section 1051(b)).

## SIGNATURE(S)
**Declaration Signature**
If the applicant is seeking registration under Section 1(b) and/or Section 44 of the Trademark Act, the applicant had a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. 37 C.F.R. Secs. 2.34(a)(2)(i); 2.34 (a)(3)(i); and 2.34(a)(4)(ii). If the applicant is seeking registration under Section 1(a) of the Trademark Act, the mark was in use in commerce on or in connection with the goods or services listed in the application as of the application filing date. 37 C.F.R. Secs. 2.34(a)(1)(i). The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she

is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; that if the original application was submitted unsigned, that all statements in the original application and this submission made of the declaration signer's knowledge are true; and all statements in the original application and this submission made on information and belief are believed to be true.

Signature: /ttt/    Date: 08/14/2008
Signatory's Name: Tu T. Tsao
Signatory's Position: Trademark Counsel

**Response Signature**
Signature: /ttt/    Date: 08/14/2008
Signatory's Name: Tu T. Tsao
Signatory's Position: Trademark Counsel

The signatory has confirmed that he/she is not represented by either an authorized attorney or Canadian attorney/agent, and that he/she is either (1) the applicant or (2) a person(s) with legal authority to bind the applicant; and if an authorized U.S. attorney or Canadian attorney/agent previously represented him/her in this matter, either he/she has filed a signed revocation of power of attorney with the USPTO or the USPTO has granted the request of his/her prior representative to withdraw.


Serial Number: 77318565
Internet Transmission Date: Thu Aug 14 20:43:08 EDT 2008
TEAS Stamp: USPTO/ROA-65.57.245.11-20080814204308115
561-77318565-430526c8f39c42290315fa55e1a
18c95-N/A-N/A-20080814190559097132

[Querying whois.fabulous.com]
[whois.fabulous.com]

Domain androiddata.com:

819 Bocage Lane
Mandeville, Louisiana 70471 US

Administrative contact:
Technical contact:
Billing contact:

Dana Daste
dcdaste@aol.com
819 Bocage Lane
Mandeville, Louisiana 70471 US
Phone: +1.9858458185
Fax:

Record dates:
Record created on: 2007-05-09 18:38:33 UTC
Record modified on: 2007-09-05 04:21:54 UTC
Record expires on: 2009-05-09 UTC

Nameservers:
ns2.dsredirection.com:
ns1.dsredirection.com:

Note: Automated collection of data from this database is strictly prohibited.



**CYBER**DRIVEILLINOIS

JESSE WHITE
SECRETARY OF STATE

SERVICES  PROGRAMS  PRESS  PUBLICATIONS  DEPARTMENTS  CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | ANDROID DATA CORPORATION | **File Number** | 60277865 |
| **Status** | DISSOLVED | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 12/30/1998 | **State** | ILLINOIS |
| **Agent Name** | ERICH M SPECHT | **Agent Change Date** | 12/30/1998 |
| **Agent Street Address** | 114 N ASHLAND AVE | **President Name & Address** | ERICH SPECHT 114 N ASHLAND AVE PALATINE 60067 |
| **Agent City** | PALATINE | **Secretary Name & Address** | INVOLUNTARY DISSOLUTION 05 01 04 |
| **Agent Zip** | 60067 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 00/00/0000 | **For Year** | 2003 |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



INTERNET ARCHIVE
WayBackMachine

Enter Web Address: http://   [All ▾]   Take Me Back   Adv. Search  Compare Archived Pages

Searched for http://www.androidsdata.com                                    50 Results

Note some duplicates are not shown. See us.
* denotes when site was updated.
Material typically becomes available here 6 months after collection. See FAQ.

### Search Results for Jan 01, 1996 - Feb 16, 2008

| 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 | 2008 |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 0 pages | 0 pages | 0 pages | 0 pages | 0 pages | 18 pages | 15 pages | 15 pages | 13 pages | 3 pages | 1 pages | 0 pages | 0 pages |

| | | | | | Feb 02, 2001 * | Jan 15, 2002 | Jan 21, 2003 * | Jan 02, 2004 | Feb 02, 2005 | Feb 26, 2006 * | | |
| | | | | | Mar 09, 2001 * | Jan 18, 2002 | Feb 14, 2003 | Mar 21, 2004 | Feb 12, 2005 | | | |
| | | | | | Mar 30, 2001 | Feb 06, 2002 | Mar 31, 2003 | Mar 10, 2004 | Mar 10, 2005 | | | |
| | | | | | Mar 31, 2001 | Mar 09, 2002 | Apr 03, 2003 | May 20, 2004 | | | | |
| | | | | | Apr 05, 2001 * | Jun 02, 2002 | Apr 10, 2003 | Jun 08, 2004 | | | | |
| | | | | | Apr 28, 2001 | Jun 08, 2002 | Apr 13, 2003 | Jun 15, 2004 | | | | |
| | | | | | May 15, 2001 | Jul 22, 2002 | Jun 20, 2003 | Aug 20, 2004 | | | | |
| | | | | | Sep 27, 2001 | Aug 03, 2002 | Aug 06, 2003 | Aug 19, 2004 | | | | |
| | | | | | Oct 20, 2001 | Aug 06, 2002 | Aug 09, 2003 | Sep 05, 2004 | | | | |
| | | | | | Nov 28, 2001 | Sep 24, 2002 * | Sep 25, 2003 | Sep 24, 2004 | | | | |
| | | | | | | Sep 26, 2002 | Oct 03, 2003 | Sep 30, 2004 | | | | |
| | | | | | | Nov 20, 2002 * | Nov 20, 2003 | Dec 10, 2004 | | | | |
| | | | | | | Nov 27, 2002 | Dec 05, 2003 | Dec 13, 2004 | | | | |
| | | | | | | Nov 28, 2002 | Dec 15, 2003 | | | | | |
| | | | | | | Dec 27, 2002 * | Dec 26, 2003 | | | | | |

Home | Help

Internet Archive | Terms of Use | Privacy Policy

| To: | Google Inc. (trademarks@google.com) |
|-----|--------------------------------------|
| **Subject:** | TRADEMARK APPLICATION NO. 77318565 - ANDROID - N/A |
| **Sent:** | 8/20/2008 5:35:12 PM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**     77/318565

**MARK:** ANDROID

**\*77318565\***

**CORRESPONDENT ADDRESS:**
GOOGLE INC.
GOOGLE INC.
1600 AMPHITHEATRE PKWY
MOUNTAIN VIEW, CA 94043-1351

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**     Google Inc.

**CORRESPONDENT'S
REFERENCE/DOCKET NO:**
N/A
**CORRESPONDENT E-MAIL ADDRESS:**
trademarks@google.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS
OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE:** 8/20/2008

**THIS IS A FINAL ACTION.**

This letter responds to the applicant's communication filed on August 14, 2008. The applicant (1)
argued against the refusal to register the mark under Section 2(d), (2) amended the identification of
goods, and (3) stated that the term ANDROID has no meaning other than as a trademark.

The following requirement has been satisfied: (1) Significance of the Mark. TMEP §§713.02, 714.04.

The following requirement has been satisfied: (1) Significance of the Mark. TMEP §§713.02, 714.04.

For the reasons set forth below, the refusal under Trademark Act Section 2(d) is now made **FINAL** with respect to U.S. Registration No. 2639556. *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.64(a). In addition, the following requirement is now made **FINAL**: (1) Identification of Goods. *See* 37 C.F.R. §2.64(a).

## **Refusal: Section 2(d) – Likelihood of Confusion Refusal**

Registration was refused under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the mark for which registration is sought so resembles the mark shown in U.S. Registration No. 2639556 as to be likely, when used in connection with the identified goods, to cause confusion, or to cause mistake, or to deceive.

The examining attorney has considered the applicant's arguments carefully but has found them unpersuasive. For the reasons below, the refusal under Section 2(d) is maintained and is now made **FINAL**.

The applicant applied to register the mark ANDROID in standard character form for "mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices." The registered mark is ANDROID DATA in typed form for "computer e-commerce software to allow users to perform electronic business transactions via a global computer network."

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. The marks are compared for similarities in their appearance, sound, connotation and commercial impression. TMEP §§1207.01, 1207.01(b). The goods and/or services are compared to determine whether they are similar or commercially related or travel in the same trade channels. *See Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002); *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336, 57 USPQ2d 1557, 1559 (Fed. Cir. 2001); TMEP §§1207.01, 1207.01(a)(vi).

## **Comparison of the Marks**

Regarding the first prong of the test, although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. Disclaimed matter is typically less significant or less dominant when comparing marks. *See In re Dixie Rests. Inc.*, 105 F.3d 1405, 1407, 41 USPQ2d 1531, 1533-34 (Fed. Cir. 1997); *In re Nat'l Data Corp.*, 753 F.2d 1056, 1060, 224 USPQ 749, 752 (Fed. Cir. 1985); TMEP §1207.01(b)(viii), (c)(ii). Here, the registrant has disclaimed the wording DATA. Therefore, the examining attorney must closely examine the dominant portion of the registrant's mark against the applicant's mark.

The dominant portion of the registrant's mark and the applicant's mark are the identical term

ANDROID. Thus, the dominant portion of the registrant's mark and the applicant's mark are identical with respect to sound, appearance, and commercial impression. Marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark. *See Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd sub nom. Canadian Imperial Bank of Commerce v. Wells Fargo Bank, Nat'l Ass'n*, 811 F.2d 1490, 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized));*In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.*, 189 USPQ 424 (TTAB 1975) (LUTEXAL and LUTEX); TMEP §1207.01(b)(ii)-(iii).

The question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 201, 175 USPQ 558, 558-59 (C.C.P.A. 1972); TMEP §1207.01(b). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *See Recot, Inc. v. M.C. Becton*, 214 F.2d 1322, 1329-30, 54 USPQ2d 1894, 1899 (Fed. Cir. 2000); *Visual Info. Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179, 189 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537, 540-41 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106, 108 (TTAB 1975); TMEP §1207.01(b).

Considering the above, the marks are sufficiently similar to cause a likelihood of confusion under Trademark Act Section 2(d).

## Comparison of the Goods

Turning to the second prong of the test, the goods of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i). Rather, they need only be related in some manner, or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods come from a common source. *In re Total Quality Group, Inc.*, 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984).

The registrant is providing e-commerce software. This software can be used on the applicant's mobile device hardware and peripherals. Furthermore, the registrant's software may be executed by the applicant's "software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks." Thus, the goods are related and conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods come from a common source.

Furthermore, the applicant's "computer software for use in transmitting and receiving data over computer networks and global communication networks" is broad enough to include the applicant's e-commerce software. Likelihood of confusion is determined on the basis of the goods and/or services as they are identified in the application and registration. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 1267-68, 62 USPQ2d 1001, 1004-05 (Fed. Cir. 2002); *In re Shell Oil Co.*, 992 F.2d 1204, 1207 n.4, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); TMEP §1207.01(a)(iii). In this case, applicant's goods are identified broadly. Therefore, it is presumed that the application encompasses all goods of the type described, including those in the registrant's more specific identification, that they move in all normal channels of trade, and that they are available to all potential customers. *See* TMEP §1207.01(a)(iii); *see, e.g., In re Americor Health Servs.*, 1 USPQ2d 1670, 1670-71 (TTAB 1986); *In re Equitable Bancorporation*, 229 USPQ 709, 710 (TTAB 1986).

Finally, the Trademark Trial and Appeal Board has held that computer hardware products are related to computer software products, such that their marketing under the same or similar marks may be likely to cause source confusion. *See In re Emulex Corp.*, 6 USPQ2d 1312 (TTAB 1987) (holding JAVELIN for computer peripheral software storage unit likely to be confused with JAVELIN for "prerecorded computer programs in machine readable form"); *In re TIE/Commc'ns, Inc.*, 5 USPQ2d 1457 (TTAB 1987) (holding DATA STAR likely to cause confusion when used in connection with both registrant's "computer programs recorded on magnetic media" and applicant's "voice/data communications terminals and parts thereof"); *In re Digital Research Inc.*, 4 USPQ2d 1242 (TTAB 1987) (holding CONCURRENT PC-DOS likely to be confused with CONCURRENT TECHNOLOGIES CORPORATION for "printed electronic circuit boards"); *In re Epic Sys. Corp.*, 228 USPQ 213 (TTAB 1985) (holding EPIC for computer software for use in health care facilities likely to be confused with EPIC DATA for "electronic data collection terminals and electronic data collection units"); *In re Teradata Corp.*, 223 USPQ 361 (TTAB 1984) (holding Y NET for computer hardware likely to be confused with XYNET for computer software); *In re Compagnie Internationale Pour L'Informatique-Cii Honeywell Bull*, 223 USPQ 363 (TTAB 1984) (holding QUESTAR for computer hardware likely to be confused with QUESTAN for computer programs); *In re Graphics Tech. Corp.*, 222 USPQ 179 (TTAB 1984) (holding AGILE for computer programs likely to be confused with AGILE for computer data terminals); *Alpha Indus., Inc. v. Alpha Microsystems*, 220 USPQ 67 (TTAB 1983) (holding ALPHA MICRO for digital computer equipment and programs likely to be confused with ALPHA MICROWAVE for microwave components and sub assemblies); *see also Octocom Sys. Inc. v. Houston Computer Servs., Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990) (affirming TTAB decision on summary judgment that found computer modems and computer programs highly related); *cf. In re Quadram Corp.*, 228 USPQ 863 (TTAB 1985).

## Applicant's Arguments

The applicant argues that no likelihood of confusion exists because the registrant is no longer using the mark as evidenced by their lack of presence currently on the Internet. Furthermore, the applicant has provided documents showing that the registrant's corporate entity was involuntarily dissolved in May, 2004.

However, while these statements may be true, a trademark or service mark registration on the Principal Register is prima facie evidence of the validity of the registration and the registrant's exclusive right to use the mark in commerce in connection with the specified goods and/or services. *See* 15 U.S.C. §1057(b); TMEP §1207.01(d)(iv). Evidence that constitutes a collateral attack on a cited registration, such as statements about a registrant's nonuse of its mark, is not relevant to a likelihood of confusion

determination in ex parte examination. *See In re Dixie Rests.*, 105 F.3d 1405, 1408, 41 USPQ2d 1531, 1534-35 (Fed. Cir. 1997); *In re Peebles Inc.*, 23 USPQ2d 1795, 1797 n.5 (TTAB 1992); TMEP §1207.01(d)(iv). Such evidence may, however, be pertinent to a formal proceeding before the Trademark Trial and Appeal Board to cancel the cited registration.

## Conclusion

The applicant's mark must be refused registration under Trademark Act Section 2(d). The applicant's mark is highly similar to the registrant's mark with respect to sound, appearance, and commercial impression. Both marks share the dominant term ANDROID. Furthermore, the applicant's goods are closely related to the registrant's goods and commonly emanate from the same source as the registrant's goods. As such, the refusal is maintained and is now made **FINAL**.

## Requirement: Identification of Goods

The examining attorney informed the applicant that the identification of goods was indefinite and must be clarified because it was too broad. It was noted that applicant may adopt the following identification, if accurate:

**International Class 009:** *Computer* hardware; *Computer* software *for {specify the function of the programs, e.g., use in database management, use as a spreadsheet, word processing, etc. and, if software is content- or field-specific, the content or field of use}.*

The applicant responded and amended the identification to the following:

**International Class 009:** Mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices.

However, the identification of goods remains indefinite because portions of the identification are too broad. Applicant may adopt the following identification of goods, if accurate:

**International Class 009:** Mobile device hardware and peripherals*, namely, {state the specific hardware and peripherals, i.e. devices for hands-free use of mobile phones, mobile phones, etc.}*; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices, *namely mobile phones.*

Identifications of goods can be amended only to clarify or limit the goods; adding to or broadening the scope of the goods is not permitted. 37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*, 1402.07. Therefore, applicant may not amend the identification to include goods that are not within the scope of the goods set forth in the present identification.

For assistance with identifying and classifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identifications of Goods and Services* at

http://tess2.uspto.gov/netahtml/tidm.html. *See* TMEP §1402.04.

Since the applicant failed to provide an acceptable identification of goods, this requirement is maintained and is now made **FINAL**.

### Response Guidelines

If applicant does not respond within six months of the mailing date of this final Office action, the application will be abandoned. 15 U.S.C. §1062(b); 37 C.F.R. §2.65(a). Applicant may respond to this final Office action by:

> (1)    Submitting a response that fully satisfies all outstanding requirements, if feasible; and/or

> (2)    Filing an appeal to the Trademark Trial and Appeal Board, with an appeal fee of $100 per class.

37 C.F.R. §§2.6(a)(18), 2.64(a); TBMP ch. 1200; TMEP §714.04.

In certain rare circumstances, a petition to the Director may be filed pursuant to 37 C.F.R. §2.63(b)(2) to review a final Office action that is limited to procedural issues. 37 C.F.R. §2.64(a); TMEP §714.04; *see* 37 C.F.R. §2.146(b); TBMP §1201.05; TMEP §1704 (explaining petitionable matters). The petition fee is $100. 37 C.F.R. §2.6(a)(15).

If applicant has questions about its application, please telephone the assigned trademark examining attorney directly at the number below.

> /Seth A. Rappaport/
> Seth A. Rappaport
> Trademark Examining Attorney
> Law Office 103
> Phone: (571) 270-1508
> Fax: (571) 270-2508

**RESPOND TO THIS ACTION:** Applicant should file a response to this Office action online using the form at http://www.uspto.gov/teas/eTEASpageD.htm, waiting 48-72 hours if applicant received notification of the Office action via e-mail. For *technical* assistance with the form, please e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned examining attorney. **Do not respond to this Office action by e-mail; the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

| To: | Google Inc. (trademarks@google.com) |
| Subject: | TRADEMARK APPLICATION NO. 77318565 - ANDROID - N/A |
| Sent: | 8/20/2008 5:35:14 PM |
| Sent As: | ECOM103@USPTO.GOV |
| Attachments: | |

# IMPORTANT NOTICE
## USPTO OFFICE ACTION HAS ISSUED ON 8/20/2008 FOR APPLICATION SERIAL NO. 77318565

Please follow the instructions below to continue the prosecution of your application:

**VIEW OFFICE ACTION:** Click on this link http://tmportal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77318565&doc_type=OOA& (or copy and paste this URL into the address field of your browser), or visit http://tmportal.uspto.gov/external/portal/tow and enter the application serial number to access the Office action.

**PLEASE NOTE:** The Office action may not be immediately available but will be viewable within 24 hours of this notification.

**RESPONSE MAY BE REQUIRED:** You should carefully review the Office action to determine (1) if a response is required; (2) how to respond; and (3) the applicable response time period. Your response deadline will be calculated from 8/20/2008.

**Do NOT hit "Reply"to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System response form at http://www.uspto.gov/teas/eTEASpageD.htm.**

**HELP:** For *technical* assistance in accessing the Office action, please e-mail TDR@uspto.gov. Please contact the assigned examining attorney with questions about the Office action.

# WARNING
## 1. The USPTO will NOT send a separate e-mail with the Office action attached.

## 2. Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.

# Request for Reconsideration after Final Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77318565 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 103 |
| **MARK SECTION (no change)** | |
| **ARGUMENT(S)** | |

As requested by the Examining Attorney, we have again amended the description to further clarify the goods.

In response to the Examining Attorney's continued 2(d) refusal, we would like to note, in addition to the arguments we made previously, that the deadline for filing a section 8 affidavit for Reg. No. 2639556 has passed, and there is no record that such an affidavit has been timely filed. Because the registration is (or will soon be) no longer valid, we again ask that the Examining Attorney to withdraw the refusal. If the Examining Attorney cannot at this time withdraw the refusal, we kindly request that the Examining Attorney consider suspending the examination of our application pending the final disposition of Reg. No. 2639556.

| | |
|---|---|
| **GOODS AND/OR SERVICES SECTION (current)** | |
| **INTERNATIONAL CLASS** | 009 |
| **DESCRIPTION** | |

mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices

| | |
|---|---|
| **FILING BASIS** | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| **INTERNATIONAL CLASS** | 009 |
| **DESCRIPTION** | |

mobile phones; operating system software; software for use in developing, executing, and running other

software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile phones

| FILING BASIS | Section 1(b) |
|---|---|

## SIGNATURE SECTION

| | |
|---|---|
| DECLARATION SIGNATURE | /ttt/ |
| SIGNATORY'S NAME | Tu T. Tsao |
| SIGNATORY'S POSITION | Trademark Counsel |
| DATE SIGNED | 11/20/2008 |
| RESPONSE SIGNATURE | /ttt/ |
| SIGNATORY'S NAME | Tu T. Tsao |
| SIGNATORY'S POSITION | Trademark Counsel |
| DATE SIGNED | 11/20/2008 |
| AUTHORIZED SIGNATORY | YES |
| CONCURRENT APPEAL NOTICE FILED | YES |

## FILING INFORMATION SECTION

| | |
|---|---|
| SUBMIT DATE | Thu Nov 20 20:25:56 EST 2008 |
| TEAS STAMP | USPTO/RFR-65.57.245.11-20 081120202556717742-773185 65-43094e1d4f7a428d59f826 13f14196fdc-N/A-N/A-20081 120195637689134 |

## Request for Reconsideration after Final Action
## To the Commissioner for Trademarks:

Application serial no. **77318565** has been amended as follows:

**ARGUMENT(S)**
**In response to the substantive refusal(s), please note the following:**

As requested by the Examining Attorney, we have again amended the description to further clarify the goods.

In response to the Examining Attorney's continued 2(d) refusal, we would like to note, in addition to the arguments we made previously, that the deadline for filing a section 8 affidavit for Reg. No. 2639556 has passed, and there is no record that such an affidavit has been timely filed. Because the registration is (or will soon be) no longer valid, we again ask that the Examining Attorney to withdraw the refusal. If the Examining Attorney cannot at this time withdraw the refusal, we kindly request that the Examining Attorney consider suspending the examination of our application pending the final disposition of Reg. No. 2639556.

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**
**Applicant proposes to amend the following class of goods/services in the application:**
**Current:** Class 009 for mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices
Original Filing Basis:
**Filing Basis: Section 1(b), Intent to Use:** The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. (15 U.S.C. Section 1051(b)).

**Proposed:** Class 009 for mobile phones; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile phones
**Filing Basis: Section 1(b), Intent to Use:** The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. (15 U.S.C. Section 1051(b)).

**SIGNATURE(S)**
**Declaration Signature**
If the applicant is seeking registration under Section 1(b) and/or Section 44 of the Trademark Act, the applicant had a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the

application. 37 C.F.R. Secs. 2.34(a)(2)(i); 2.34 (a)(3)(i); and 2.34(a)(4)(ii). If the applicant is seeking registration under Section 1(a) of the Trademark Act, the mark was in use in commerce on or in connection with the goods or services listed in the application as of the application filing date. 37 C.F.R. Secs. 2.34(a)(1)(i). The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; that if the original application was submitted unsigned, that all statements in the original application and this submission made of the declaration signer's knowledge are true; and all statements in the original application and this submission made on information and belief are believed to be true.

Signature: /ttt/    Date: 11/20/2008
Signatory's Name: Tu T. Tsao
Signatory's Position: Trademark Counsel

**Request for Reconsideration Signature**
Signature: /ttt/    Date: 11/20/2008
Signatory's Name: Tu T. Tsao
Signatory's Position: Trademark Counsel

The signatory has confirmed that he/she is not represented by either an authorized attorney or Canadian attorney/agent, and that he/she is either (1) the applicant or (2) a person(s) with legal authority to bind the applicant; and if an authorized U.S. attorney or Canadian attorney/agent previously represented him/her in this matter, either he/she has filed a signed revocation of power of attorney with the USPTO or the USPTO has granted the request of his/her prior representative to withdraw.

The applicant is filing a Notice of Appeal in conjunction with this Request for Reconsideration.


Serial Number: 77318565
Internet Transmission Date: Thu Nov 20 20:25:56 EST 2008
TEAS Stamp: USPTO/RFR-65.57.245.11-20081120202556717
742-77318565-43094e1d4f7a428d59f82613f14
196fdc-N/A-N/A-20081120195637689134

Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov

ESTTA Tracking number: **ESTTA250394**

Filing date: **11/20/2008**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Application Serial No. | 77318565 |
|---|---|
| Applicant | Google Inc. |

## Notice of Appeal

Notice is hereby given that Google Inc. appeals to the Trademark Trial and Appeal Board the refusal to register the mark depicted in Application Serial No. 77318565.

Applicant has filed a request for reconsideration of the refusal to register, and requests suspension of the appeal pending consideration of the request by the Examining Attorney.

The refusal to register has been appealed as to the following class of goods/services:

- Class 009.
  All goods and services in the class are appealed, namely: mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices

Respectfully submitted,
/ttt/
11/20/2008
**GOOGLE INC.**

**GOOGLE INC.**

**1600 AMPHITHEATRE PKWY**

**MOUNTAIN VIEW, CA 94043-1351**

**UNITED STATES**

**trademarks@google.com**

**650-253-0000**

Plaintiff's
Exhibit
"H"

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

| | |
|---|---|
| MAILED: November 21, 2008 | |
| IN RE: Google Inc. | |
| SERIAL NO. 77318555 | |
| APPEAL RECEIVED: 11/20/2008 | |
| BRIEF DUE: **n/a** | |

**GOOGLE INC.**
**GOOGLE INC.**
**1600 AMPHITHEATRE PKWY**
**MOUNTAIN VIEW  CA  94043-1351**

TC.TTRQ58594

The appeal and appeal fee in the above-entitled

application were received on the date indicated above.

Applicant indicated that it has filed or is filing today a

request for reconsideration of the final refusal to

register.[1]

---

[1] A timely request for reconsideration <u>must</u> be filed with the
Trademark Examining Operation, and may be filed via TEAS, using
the Response to Office Action form.  (To maintain their status,
TEAS Plus applicants must use TEAS for filing a request for
reconsideration.)  Applicant should notify the Board immediately
if it has not filed a timely request for reconsideration and does
not intend to do so.

Accordingly, the appeal is hereby instituted, but action on the appeal is suspended pending the Examining Attorney's consideration of the request for reconsideration.

In the event the refusal of registration is maintained, proceedings will be resumed and applicant will be allowed time in which to file a brief on its appeal.


### New Developments at the Trademark Trial and Appeal Board

TTAB forms for electronic filing of extensions of time to oppose, notices of opposition, petition for cancellation, notice of ex parte appeal, and inter partes filings are now available at http://estta.uspto.gov. Images of TTAB proceeding files can be viewed using TTABVue at http://ttabvue.uspto.gov.

Parties should also be aware of changes in the rules affecting trademark matters, including rules of practice before the TTAB. *See* Rules of Practice for Trademark-Related Filings Under the Madrid Protocol Implementation Act, 68 Fed. R. 55,748 (September 26, 2003) (effective November 2, 2003) Reorganization of Correspondence and Other Provisions, 68 Fed. Reg. 48,286 (August 13, 2003) (effective September 12, 2003). Notices concerning the rules changes are available at www.uspto.gov.

| | |
|---|---|
| **To:** | Google Inc. (trademarks@google.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77318565 - ANDROID - N/A |
| **Sent:** | 11/24/2008 5:06:20 PM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**   77/318565

**MARK:** ANDROID

**\*77318565\***

**CORRESPONDENT ADDRESS:**
GOOGLE INC.
GOOGLE INC.
1600 AMPHITHEATRE PKWY
MOUNTAIN VIEW, CA 94043-1351

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**   Google Inc.

**CORRESPONDENT'S**
**REFERENCE/DOCKET NO:**
N/A
**CORRESPONDENT E-MAIL ADDRESS:**
trademarks@google.com

### NOTICE OF SUSPENSION

**ISSUE/MAILING DATE:** 11/24/2008

This letter responds to the applicant's communication filed on November 20, 2008. The applicant (1) argued against the Section 2(d) refusal and requested that this mark be placed in suspension pending the determination of whether the cited registration will be canceled or expire and (2) amended the identification of goods.

The following requirement has been satisfied: (1) Identification of Goods. TMEP §§713.02, 714.04.

The following refusal is maintained: (1) Section 2(d) – Likelihood of Confusion Refusal.

**SUSPENSION PROCEDURE:** This suspension notice serves to suspend action on the application for

the reason specified below. No response is needed. However, if you wish to respond to this notice, you should use the "Response to Letter of Suspension" form found at http://teasroa.uspto.gov/rsi/rsi. The Office will conduct periodic status checks to determine if suspension remains appropriate.

Registration has been refused under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d), based on the cited registration. However, registration maintenance documents are due to be filed for the cited registration. If these registration maintenance documents are not timely filed, the cited registration will be canceled under §8 or expire under §9 and will no longer present a bar to registration under Section 2(d). 15 U.S.C. §§1058, 1059. Therefore, action on this application is suspended for 6 months until the examining attorney can determine whether the cited registration will be canceled under §8 or expire under §9. 37 C.F.R §2.67; TMEP §716.02(e).

/Seth A. Rappaport/
Seth A. Rappaport
Trademark Examining Attorney
Law Office 103
Phone: (571) 270-1508
Fax: (571) 270-2508

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

| | |
|---|---|
| **To:** | Google Inc. (trademarks@google.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77318565 - ANDROID - N/A |
| **Sent:** | 11/24/2008 5:06:22 PM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE
## USPTO OFFICE ACTION HAS ISSUED ON 11/24/2008 FOR APPLICATION SERIAL NO. 77318565

Please follow the instructions below to continue the prosecution of your application:

**VIEW OFFICE ACTION:** Click on this link http://tmportal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77318565&doc_type=SU1& (or copy and paste this URL into the address field of your browser), or visit http://tmportal.uspto.gov/external/portal/tow and enter the application serial number to access the Office action.

**PLEASE NOTE:** The Office action may not be immediately available but will be viewable within 24 hours of this notification.

**RESPONSE MAY BE REQUIRED:** You should carefully review the Office action to determine (1) if a response is required; (2) how to respond; and (3) the applicable response time period. Your response deadline will be calculated from 11/24/2008.

**Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System response form at http://www.uspto.gov/teas/eTEASpageD.htm.**

**HELP:** For *technical* assistance in accessing the Office action, please e-mail TDR@uspto.gov. Please contact the assigned examining attorney with questions about the Office action.

# WARNING
## 1. The USPTO will NOT send a separate e-mail with the Office action attached.

## 2. Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.

This Exhibit "J"

Home  |  **Alliance**  |  Android  |  Developers  |  Press  |  Contact

Overview  |  **Members**  |  FAQ

## Members

**Mobile Operators**                              **Handset Manufacturers**

Plaintiff's
Exhibit
K



**China Mobile Communications Corporation**
www.chinamobile.com/en



**KDDI CORPORATION**
www.kddi.com
KDDI is a telecommunication operator that provides wide-ranging services from mobile to fixed in Japan.



**NTT DoCoMo, Inc.**
www.nttdocomo.com
NTT DoCoMo is the world's leading mobile communications operator, with 53 million customers, of which 40 million use the 3G/ FOMA service based on W-CDMA technology.



**SOFTBANK MOBILE Corp.**
mb.softbank.jp/mb/en
SOFTBANK MOBILE Corp. is a leading mobile operator in Japan with over 19 million customers and a member of the SOFTBANK Group. (as of 31 October 2008)



**Sprint Nextel**
www2.sprint.com/mr/aboutsprint.do
Sprint Nextel offers a comprehensive range of wireless and wireline communications services including the fastest and largest national mobile broadband network, a broad portfolio of devices and an wide array of applications, which enable customers to do the things that matter the most to them instantly and on the go – at SprintSpeed™.



**T-Mobile**
www.t-mobile.net
Serving more than 112 million mobile customers in Europe and the U.S., T-Mobile is one of the world's leading companies in mobile communications, and the mobile telecommunications subsidiary of Deutsche Telekom AG (NYSE: DT)



**Telecom Italia**
www.telecomitalia.it
Supplying 34.3 mobile lines, around 23 million landlines and 7.3 million broadband clients, Telecom Italia is a Italy's leading ICT enterprise with a significant international presence in Europe and South America. The Group trades through pre-eminent brands Telecom Italia, Alice, TIM, La7, MTV Italia, APCom and Olivetti in fixed-line and mobile telecommunications, Internet and media, office & system solutions.



**ASUSTeK Computer Inc.**
www.asus.com
ASUS is a leading company in the new digital era for IT and communication products. The company's turnover for 2007 was 6.9 billion U.S. dollars.



**Garmin International, Inc.**
www.garmin.com
Garmin is the global leader in satellite navigation and has built millions of products that serve the automotive, wireless, OEM, fitness, aviation and marine markets.



**HTC Corporation**
www.htc.com
HTC Corporation focuses on driving cutting-edge innovation into a wide variety of mobile devices to create the perfect match for individuals. The company is listed on the Taiwan Stock Exchange under ticker 2498.



**Huawei Technologies**
www.huawei.com
Huawei Technologies is a leader in providing next generation telecommunications network solutions for operators around the world.



**LG Electronics, Inc.**
www.lge.com
LG, the brand that is Delightfully Smart, is a global leader and technology innovator in consumer electronics, home appliances and mobile communications. LG's vision is to supply top-of-the-range innovative digital products and services and ensure customer satisfaction.



**Motorola, Inc.**
www.motorola.com
Motorola is known around the world for innovation and leadership in wireless and broadband communications.



**Samsung Electronics**
www.samsung.com
A leading innovator and provider of mobile phones and telecom systems.



**Sony Ericsson**
www.sonyericsson.com
Sony Ericsson is a top global mobile phone manufacturer with sales of over 100 million phones in 2007. With operations in over 80 countries, Sony Ericsson was established as a 50:50 joint venture by Sony and Ericsson in October 2001. For more information about Sony Ericsson, please visit www.sonyericsson.com.



**Telefónica**
www.telefonica.es
Telefónica is one of the largest
telecommunication companies in the world,
providing communication, information and
entertainment solutions, with presence in
Europe, Africa and Latin America and with more
than 212 million clients of fixed and mobile
services.



**Vodafone**
www.vodafone.com
Vodafone is the world's leading international
mobile communications group with
approximately 280 million proportionate
customers as of 30 September 2008. Vodafone
currently has equity interests in 27 countries
across five continents and over 40 partner
networks worldwide. For more information,
please visit www.vodafone.com.

**Semiconductor Companies**

**TOSHIBA**

**Toshiba Corporation**
www.toshiba.com
Toshiba is a world leader and innovator in
pioneering high technology, a diversified
manufacturer and marketer of advanced
electronic and electrical products spanning
information & communications equipment and
systems.

**Software Companies**

**AKM**

**AKM Semiconductor Inc**
www.akm.com
AKM Semiconductor is a leading supplier of
mixed-signal ICs for consumer and
communications applications. Devices for
mobile phones include audio products and
electronic compass ICs.

**Audience**
www.audience.com
Audience is a voice processor company that
enables clear communications anywhere with
noise suppression technology based on the
intelligence of the human hearing system.

**ARM**

**ARM**
www.arm.com
ARM designs the technology that lies at the
heart of advanced digital products, from
wireless, networking and consumer
entertainment solutions to imaging, automotive
and storage devices.

**Atheros Communications**
www.atheros.com
Atheros Communications is a leading developer
of wireless system solutions for
communications products. The company's
technology is used by leading PC, networking
equipment and CE device manufacturers.

**Broadcom Corporation**
www.broadcom.com
Broadcom Corporation is a major technology
innovator and global leader in semiconductors
for wired and wireless communications,
providing products that enable the delivery of
voice, video, data and multimedia to and
throughout the home, the office and the mobile
environment.

**ERICSSON**
TAKING YOU FORWARD

**Ericsson**
www.ericsson.com
Ericsson's mobile platforms division is a world
leading platform technology supplier for
GSM/GPRS, EDGE, WCDMA, HSPA, and LTE
platforms, which are used in mobile handsets,
PC cards, and other mobile devices.

**Intel Corporation**
www.intel.com/products/mid
Intel, the world leader in silicon innovation,
develops technologies, products and initiatives
to continually advance how people work and
live.



**Ascender Corp.**
www.ascendercorp.com/oha.html
Ascender Corp. is a leading provider of
advanced font products and innovative
applications for mobile devices.

**eBay Inc.**
www.ebay.com

**Google Inc.**
www.google.com
Our mission is to organize all the world's
information and make it universally accessible
and useful.

**LivingImage LTD.**
www.livingimage.jp
A unique company that consists of renowned
engineering, marketing and creative experts in
the audio visual arena.

**Myriad**
www.myriadgroup.com
Myriad is a leading provider of multi-media
solutions and end-to-end integration services
that accelerate time-to-market and reduce
operational costs for OEMs and Operators.

**Nuance Communications, Inc.**
www.nuance.com
Nuance Communications (NASDAQ: NUAN) is
a leading provider of speech and imaging
solutions for businesses and consumers
around the world.

**OMRON SOFTWARE Co, Ltd.**
www.omronsoft.co.jp
OMRON SOFTWARE, a leading embedded
device software company, provides innovative /
universal language and image processing
technologies for mobile devices.

**PacketVideo (PV)**
www.pv.com
PacketVideo (PV) is a nine-year-old multimedia
software company whose software powers the
world's leading mobile entertainment services,
including Verizon Wireless' VCAST music and
video services, NTT DoCoMo's 3-G FOMA
service and Orange World by Orange.

**SkyPop**
www.skypop.com
Next generation services for mobile devices.



### Marvell Semiconductor, Inc.
Privacy Policy
www.marvell.com

Marvell is a leader in development of storage, communications, and consumer silicon solutions with a diverse product portfolio that powers the entire communications infrastructure from enterprise solutions to mobile consumer devices.



### NVIDIA Corporation
www.nvidia.com/page/handheld

NVIDIA is the worldwide leader in visual computing technologies. Its Tegra family of computers-on-a-chip deliver rich multimedia features including 3D graphics and high definition video for next generation mobile devices including smartphones and personal media players.

### Qualcomm Inc.
www.qualcomm.com

Qualcomm Incorporated is a leader in developing and delivering innovative digital wireless communications products for advanced devices around the world.



### SiRF Technology Holdings, Inc.
www.sirf.com

SiRF is the leading provider of GPS enabled location platforms for mainstream markets with focus on wireless, automotive, consumer electronic and mobile compute devices.

### Synaptics, Inc.

www.synaptics.com

Synaptics, Inc., providing easy-to-use interface solutions for mobile phones, personal media players, notebooks and PC peripherals, supplies a variety of user input solutions for mobile devices that make accessing digital content easy and fun.

### Texas Instruments Incorporated

www.ti.com/wirelessresources

TI is a leading manufacturer of wireless semiconductors, delivering the heart of today's wireless technology and building solutions for tomorrow.



### SONiVOX
www.sonivoxrocks.com

SONiVOX is a premier developer of audio technologies and solutions that empower consumers to create Sound That Rocks.

## Commercialization Companies



### Aplix Corporation
www.aplixcorp.com

Aplix Corporation enables mobile handset manufacturers to have a faster, lower development cost and lower risk route to deploy wireless Java solutions



### Borqs
www.borqs.com

Borqs provides best-in-class operator-centric mobile handset operating system (OS) software products and mobile internet service platforms and solutions.



### Noser Engineering Inc.
www.noser.com/oha

Noser Engineering Inc. - core contributor of the Android Platform is your integrator and customization partner.

### TAT - The Astonishing Tribe AB
www.tat.se

TAT - The Astonishing Tribe - a specialist in mobile user interfaces, recognized for its design capabilities and for its software solutions that enable richer user experiences on any platform, to date embedded in more than 140 million devices.

### Teleca AB
www.teleca.com

Teleca is a global supplier of innovative software and solutions to mobile communications companies. Teleca has about 2,000 employees in Asia, Europe and North America.

### Wind River
www.windriver.com/oha

Wind River enables companies to develop, run, and manage device software faster, better, at lower cost and more reliably.