1

```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


   ERICH SPECHT, et al.,        )
                                )
             Plaintiffs,        )
                                )
        vs.                     )  No. 09 C 2572
                                )
   GOOGLE, INC., et al.,        )  Chicago, Illinois
                                )  June 4, 2009
             Defendants.        )  9:00 o'clock a.m.


          TRANSCRIPT OF PROCEEDINGS - STATUS AND MOTION
            BEFORE THE HONORABLE HARRY D. LEINENWEBER

APPEARANCES:


  For the Plaintiffs:        LAW OFFICE OF MARTIN J. MURPHY
                             MR. MARTIN J. MURPHY
                             2811 RFD
                             Long Grove, Illinois 60047
                             847-540-8899



  For the Defendant,         GREENBERG TRAURIG, LLP
  Google, Inc.:              MR. HERBERT H. FINN
                             MR. RICHARD D. HARRIS
                             77 West Wacker Drive
                             Chicago, Illinois 60601
                             312-456-8400



  For the Defendant,         LOEB & LOEB
  T-Mobile:                  MR. ROBERT M. ANDALMAN
                             MS. EMILY R. HAUS
                             321 North Clark Street
                             Chicago, Illinois 60610
                             312-464-3100
```

| | | |
|---|---|---|
| 1 | Court Reporter: | FEDERAL OFFICIAL COURT REPORTER |
| 2 | | MS. KRISTA BURGESON |
| | | 219 South Dearborn Street |
| 3 | | Chicago, Illinois 60604 |
| | | 312-435-5567 |
| 4 | | Krista_Burgeson@ilnd.uscourts.gov |

| | |
|---|---|
| 1 | THE CLERK: 09 C 2572, Specht versus Google. |
| 2 | MR. MURPHY: Good morning, your Honor. Martin Murphy |
| 3 | on behalf of the plaintiffs. |
| 4 | MR. HARRIS: Good morning, your Honor. Richard |
| 5 | Harris and Herb Finn on behalf of Google. |
| 6 | MR. FINN: Good morning. |
| 7 | MR. ANDALMAN: Good morning, your Honor. Robert |
| 8 | Andalman and Emily Haus for T-Mobile. |
| 9 | MS. HAUS: Good morning. |
| 10 | THE COURT: Status today? |
| 11 | MR. MURPHY: Your Honor, at this point the |
| 12 | plaintiffs have decided to withdraw their motion for the |
| 13 | preliminary injunction at this time and rather get all the |
| 14 | pleadings in order, get everybody in, and perhaps proceed at |
| 15 | that point. |
| 16 | THE COURT: So, the motion for the preliminary -- |
| 17 | for the TRO and the preliminary injunction are withdrawn? |
| 18 | MR. MURPHY: Yes. |
| 19 | MR. HARRIS: They are done. That is correct, your |
| 20 | Honor. |
| 21 | THE COURT: Okay. |
| 22 | MR. HARRIS: Before addressing plaintiff's motion to |
| 23 | amend the complaint under plaintiff's interpretation of Rule |
| 24 | 15, Judge, I did want to mention that after the Court opened |
| 25 | up the opportunity to take some discovery, and we put together |

1  a schedule, we identified 4 witnesses that we were going to be
2  taking here and in California, came in with briefing dates and
3  things like that, and right after that -- oh, and we started
4  exchanging some documents as well, and right after that, the
5  motion was withdrawn.
6      Here we are now, and instead of subtracting
7  defendants from the complaint, apparently we are going to be
8  adding some new defendants to the amended complaint.
9      THE COURT:  Let me see.
10     Who have you got in here?  Is AT&T in here?
11     MR. MURPHY:  No, AT&T is not.
12     THE COURT:  Okay.
13     MR. MURPHY:  I have added 5 defendants, your Honor,
14  4 of them are employees of Google, and one is Android Inc.,
15  which is a subsidiary of Google, and Android Inc. was actually
16  incorporated by the 4 employees of Google.  They purchased
17  Android Inc. from these individuals.
18     MR. HARRIS:  Unfortunately, your Honor, we not only
19  don't have a copy of the proposed amended complaint, again,
20  because of what is happening under Rule 15, according to
21  plaintiff, we have no basis whatsoever for the addition now
22  of individual employees of Google, as well as a wholly-owned
23  sub.
24     MR. MURPHY:  None of the defendants have answered.
25  None of the defendants' answers are due until at least the

1  29th, because I originally served everybody with notice and
2  request for waivers.
3              So, there are no answers in the file yet.  No one has
4  filed.  No one's answers are due for another 25 days, at the
5  earliest.
6              THE COURT:  When are you going to file the amended
7  complaint?
8              MR. MURPHY:  Today.  I have to file it
9  electronically, so I will go back to my office, once I have
10 leave, and file it today.
11             THE COURT:  And incidentally, what is the Astonishing
12 Tribe?
13             MR. MURPHY:  The Astonishing Tribe, Inc.?
14             THE COURT:  AB.
15             MR. MURPHY:  Yes.
16             THE COURT:  What is it?
17             MR. MURPHY:  It is a corporation.  It is one of the
18 -- there are 47 members of the open handset alliance, and the
19 open handset alliance together with Google are the -- the
20 manufacturers or makers of this Android software.
21             So, these are all members of this open handset
22 alliance.
23             MR. HARRIS:  Your Honor, there are 48 or 49 --
24 actually, there will be 52 or 53 co-defendants now.  The vast
25 majority of those co-defendants have been sued because they

1  belong to a trade association.  There has been no pleading,
2  much less any kind of showing, that they have actually used
3  the mark, much less used that mark in commerce, but because
4  they belong to this handset association, they have been sued.
5      That is where this case is going.
6      THE COURT:  Well, I am taking counsel on his word
7  that there is Rule 11.
8      Will you be representing many of them?
9      MR. HARRIS:  We expect to, your Honor.  Some of them
10 have not been served yet.
11     THE COURT:  We will not end up with 47 lawyers?
12     MR. MURPHY:  So far we have 6, and only 2 defendants
13 represented.
14     MR. HARRIS:  You have the room for it but I don't
15 think that will happen, Judge.  That won't be the case.
16     Frankly, by the time the response period comes into
17 play in terms of responding to the allegations in the
18 complaint, I think it will come down in size considerably.
19     THE COURT:  Okay.
20     Well, I will grant the motion to file the first
21 amended complaint.
22     That is adding parties, right?
23     MR. MURPHY:  It is adding parties.  It is correcting
24 typos, because some of the names -- I took all the names off
25 their web site, I was rushing to get this in, some names were

7

1  abbreviated, and I had to go back and do some research to find
2  their legal names.
3         It was pointed out by some of the attorneys for some
4  of the various defendants that the actual member of the open
5  handset alliance is not the company name, but another company,
6  and so I needed to correct some of the defendants' names, put
7  in the jurisdiction, their residency, and some of the counts
8  were --
9         THE COURT:  But AT&T is not a member of the alliance;
10 is that correct?
11        MR. MURPHY:  They are not.
12        THE COURT:  Okay.
13        MR. HARRIS:  We don't represent the alliance, your
14 Honor, so I don't know.
15        I can tell the Court though that in view of the fact
16 that we have already started producing documents, and we had a
17 mini schedule for accommodating the now withdrawn motion for
18 preliminary injunction, that it is really, really important in
19 this case that we start addressing discovery, and we wanted to
20 request in stanter the Court's approval for us to exchange
21 discovery immediately to that purpose.
22        I think it is going to be very, very important in
23 this case to start addressing the facts behind these
24 accusations.
25        MR. MURPHY:  Your Honor, with respect to the

1  documents they produced, all they produced so far, is Google's
2  10-K's and 10-Q's, quarterly filings with the SEC, which are
3  not even relevant to this case.
4           I would like to get everybody in and get everybody's
5  pleadings so we can at least form what the case is about,
6  figure out exactly what the issues are, and what positions
7  everybody is taking.
8           Counsel wants to proceed with discovery, yet he has
9  never filed a responsive pleading to my motion, my memorandum,
10 or has ever produced any answer to the complaint.
11          So, I would like to know what exactly -- what are
12 the -- what is the dispute.
13          THE COURT:  You have sent out requests to waive
14 service; is that correct?
15          MR. MURPHY:  Correct.
16          THE COURT:  And do you anticipate that all the
17 parties that you will be representing will waive service?  Do
18 you anticipate them to waive service?
19          MR. HARRIS:  We expect a lot will, and a good number
20 will not.  We don't know right now for sure.
21          I can tell you, Judge, that this is now the third
22 appearance for the motion for preliminary injunction that has
23 now been withdrawn.
24          There was a sense for urgency, and now all of a
25 sudden, the brakes are put on.

1 We want to get to the facts of this case. We need to
2 at least exchange discovery to that purpose, Judge, instead of
3 waiting 60 or 90 days to find out what this case is about.
4 MR. MURPHY: Your Honor, the purpose of the temporary
5 restraining order was to block the developer's conference
6 which took place on May 27th and May 28th, that was the
7 purpose of the TRO, to stop that.
8 When that didn't happen, we were going into the
9 preliminary injunction, and it seemed fruitless to have one
10 defendant preliminarily enjoined as opposed to all the
11 defendants that are actually infringing on the trademark.
12 So, I thought it best, rather than wasting the
13 Court's time and all the attorneys' time, coming in here one
14 at a time seeking preliminary injunctions, to have everybody
15 in here, frame the issues, and then proceed.
16 So, I think it is best that we get answers on file
17 and proceed in the normal fashion.
18 THE COURT: Who is before the Court now, Google?
19 MR. HARRIS: That is correct, your Honor.
20 THE COURT: Who else?
21 MR. ANDALMAN: Your Honor, we filed an appearance on
22 behalf of T-Mobile. There are some service issues that we
23 need to talk to Mr. Murphy about. We received a waiver of
24 service request this week, I am not sure it is the right
25 entity, so we are not technically served, and we haven't

1  waived service at this point, but we have filed an
2  appearance.
3      MR. HARRIS:  Your Honor, we were told at the last
4  hearing on the 21st that the preliminary injunction action was
5  not being targeted toward anybody else other than Google.
6      We have just been told now that the purpose, the
7  intent, behind the preliminary injunction was to stop
8  everybody.  We are getting frustrated with the little
9  misdirection here.
10     The Court certainly may recall the fact that Google
11 was the target for the preliminary injunction.  Now that has
12 been withdrawn.  Google would like to know the basis for this
13 complaint.
14     And we are well aware of this Court's position on not
15 only the formal discovery, but the informal exchange of
16 discovery, and anything we can do to get things going as soon
17 as possible to find out if there is, in fact, any basis for
18 this complaint, would sincerely be appreciated.
19     THE COURT:  When would you anticipate --
20     I mean, are you going to file an answer or a motion
21 or --
22     MR. FINN:  Yes.
23     MR. HARRIS:  We are going to be answering, or
24 otherwise responding, probably otherwise responding, certainly
25 well within the period that the waiver request addressed.

1    THE COURT: Which is what?
2    MR. HARRIS: The deadline I think is the 29th of
3 June.
4    MR. FINN: 29th or 30th, based on the current
5 complaint, your Honor.
6    THE COURT: What exactly --
7    Well, what discovery do you want at this point?
8    MR. HARRIS: We want to go into, as this Court knows,
9 the crucial issue of abandonment. We want to simply find out
10 what business this individual did between 2001 and 2009 when,
11 on the day before its trademark was going to go abandoned, it
12 all of a sudden resurrected all of its companies, started
13 filing, doing all sorts of things, and within a day or two
14 after, filed suit.
15    We want to simply find out, take a look, at what
16 business he has been doing, because we --
17    THE COURT: The problem is if you depose -- do you
18 want to depose someone, or is this just written discovery?
19    MR. HARRIS: I'm sorry?
20    THE COURT: Do you want to depose someone or is it
21 written discovery?
22    The problem I see as far as depositions are
23 concerned, you know, we have got a bunch of defendants who
24 aren't in the case, and aren't participating, which would mean
25 duplicating it, and that is why it makes some sense to delay

1 it.

2 I don't have a problem with some written discovery
3 targeted for a specific purpose.

4 MR. HARRIS: Your Honor, for now, the written
5 discovery would be the limits of what we are looking at.

6 We would like to be able to get some Answers to
7 Interrogatories. We want to see documents, that is what we
8 want to see.

9 We realize we are not in a situation where we need
10 depositions for a preliminary injunction hearing, because
11 conveniently, that has now been withdrawn.

12 MR. MURPHY: Your Honor, every time we have come in
13 here they want to answer, they want to respond, and then every
14 time I try to get a response out of them, they want to do
15 discovery.

16 Counsel has stated that we have got tons of documents
17 that establish abandonment, yet they have never pled
18 abandonment except in here to argue that -- I mean,
19 abandonment is their affirmative defense, or they file a cross
20 complaint for cancellation.

21 They haven't sought to cancel my client's trademark
22 registration ever. They used it. They knew about it since
23 February of 2008 that my client had the registered mark,
24 Android Data, but they took no action. They waited for us to
25 come in on the assumption that we will lose it.

1  THE COURT: Well, I will permit Google, as soon as
2  you file a responsive pleading, to send out written discovery
3  limited to the issue of abandonment.
4  That is what you want; is that correct?
5  MR. HARRIS: Yes, your Honor.
6  MR. MURPHY: And then would I also be allowed
7  discovery with regard to their search, their trademark search,
8  and investigations?
9  THE COURT: Written discovery.
10  You want it as to what, now?
11  MR. MURPHY: Well, what steps they took before using
12  the name Android did they take to ensure that they weren't
13  infringing on my client's trademark.
14  I believe one of the defendants, Android Inc.,
15  actually began the infringement in 2003, one year after my
16  client registered his trademark.
17  So, that is why I am adding Android Inc., which was
18  then purchased by Google, for the purposes of issuing this
19  Android software.
20  THE COURT: You want written discovery on --
21  MR. MURPHY: With respect to the trademark research,
22  as to Google and Android Inc., as to the research they did
23  with respect to the trademark, Android, that they tried to
24  register.
25  MR. HARRIS: Your Honor, that would be discovery on

1 the issue of willfulness. I don't know if that is a crucial
2 substantive issue right now.
3     MR. MURPHY: Well, abandonment -- you are going to
4 allege that we abandoned it at some point in time, and if you
5 started using it before any abandonment, and you have
6 infringed before any abandonment, if there was such a thing of
7 abandonment, which we of course dispute, then certainly there
8 is this timeframe here that we would like to know about.
9     We would like to know when did they start their
10 infringing activities, what was the -- they had a web site,
11 Android Inc., they had -- I'm sorry, a web site, Android.com,
12 they had the corporation, Android Inc., which was registered
13 in California, registered in California and Delaware, and we
14 have these 4 individuals that were --
15     MR. HARRIS: Your Honor, apparently we are going to
16 have some new trademark law that will be generated in this
17 case where, under plaintiff's claim, if someone started using
18 a mark illicitly or unlawfully before it was abandonment, then
19 abandonment is somehow told or stayed along the way, which is
20 --
21     THE COURT: I suppose if it hadn't been abandoned,
22 there would be a period of time prior to abandonment where
23 there might be damages. That is possible.
24     MR. HARRIS: That would be a big if, your Honor, but
25 I don't believe that is the case.

1     We are looking at 7 years of nonuse in this case. We
2  want to see -- we want to see that which was promised to us
3  before the motion was withdrawn.
4     MR. MURPHY: Every time we come in the number
5  changes, 3 years, 4 years, 5 years, and now it is 7 years.
6  This is why I need a response, your Honor. Their information
7  changes.
8     THE COURT: You will get an answer or other pleading
9  at some point.
10    MR. MURPHY: Yes, then we will take it from there, I
11 guess.
12    THE COURT: Right.
13    So, you can take paper discovery limited to the issue
14 of the efforts made to research -- what is it?
15    MR. MURPHY: To investigate the trademark.
16    THE COURT: To investigate the trademark, yes.
17    MR. MURPHY: Also, counsel said he has loads of
18 documents showing their investigation, and I would like to see
19 those documents.
20    THE COURT: I will let you retain those.
21    So, we will have a status in July then, because your
22 answer or other pleading will be in then, or if have you a
23 motion, you will probably come in on it.
24    MR. HARRIS: Very well.
25    THE COURT: All right.

1     Give them a date in July.
2     THE CLERK:  July 22 at 9:00.
3     MR. MURPHY:  Thank you, your Honor.
4     MR. HARRIS:  Thank you.
5     MR. FINN:  And your Honor, just so we are clear, the preliminary injunction hearing date of July 8th is gone?
7     THE COURT:  It is vacated on the basis of the withdrawal of the motion for both TRO and the preliminary injunction.
10    MR. FINN:  Thank you.
11    MR. HARRIS:  Thank you, your Honor.
12    MR. MURPHY:  Thank you.
13    MR. ANDALMAN:  Thank you.
14    (Proceedings concluded.)

## C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/Krista Burgeson, CSR, RMR, CRR      June 4, 2009
Federal Official Court Reporter        Date