UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERICH SPECHT, et al., | ) | |
| | ) | Civil Action No. 09-cv-2572 |
| Plaintiffs, | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| GOOGLE, INC., et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**STIPULATED MOTION TO STAY DEADLINES FOR RESPONSIVE PLEADINGS**

Defendants HTC CORPORATION; SAMSUNG ELECTRONICS AMERICA, INC; SYNAPTICS, INC.; QUALCOMM INC.; AKM SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; ASCENDER CORP.; INTEL CORP.; MARVELL SEMICONDUCTOR, INC.; GARMIN INTERNATIONAL, INC.; AUDIENCE, INC.; and BROADCOM CORP. (collectively the "Moving Defendants"), by and through their undersigned attorneys, hereby move this Court for an order staying the deadline for all Defendants other than GOOGLE INC. ("Google") or the Google Affiliates[1] to answer or otherwise respond to the Plaintiffs' First Amended Complaint (Dkt. No. 38), until after the Court has ruled on the Motion to Dismiss being contemporaneously filed by Google and the Google Affiliates. Counsel for the Plaintiffs has advised the undersigned that Plaintiffs stipulate to the requested stay. In support of this Motion to Stay, the Moving Defendants state that:

1. On April 28, 2009, Plaintiffs filed their initial Complaint (Dkt. No. 1) naming a total of forty-eight (48) defendants. On or about April 29, 2009, Plaintiffs mailed requests for waiver of service under Fed. R. Civ. P. 4(d) to many of the named defendants, including each of

---

[1] The "Google Affiliates" refers to Google's wholly-owned subsidiary Android, Inc. and its current or former employees Andrew Rubin, Nickolas Sears, Richard Miner and Christopher White, all of whom were named as defendants in Plaintiffs' First Amended Complaint.

the Moving Defendants. Each of the Moving Defendants returned Plaintiffs' request for waiver of service, as a result of which responsive pleadings are due to be filed by either June 29th or 30th -- depending upon when waiver was requested.

2. Plaintiffs subsequently filed a First Amended Complaint on June 4, 2009 (Dkt. No. 38). Pursuant to Fed. R. Civ. P. 15(a)(3), the Moving Defendants' pleading in response to the First Amended Complaint is likewise due to be filed by either June 29th or 30th -- again depending upon when waiver was requested.

3. Contemporaneously with this Motion to Stay, Defendants Google and the Google Affiliates are filing a Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss"), on the following bases: (i) under Fed. R. Civ. P. 12(b)(6), for Plaintiffs' failure to state any claim for relief in compliance with the pleading requirements of Fed. R. Civ. P. 8(a); (ii) under Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction over the Google Affiliates; (iii) under Fed. R. Civ. P. 12(b)(3), for improper venue; and (iv) under Fed. R. Civ. P. 12(b)(1), for lack of standing on the part of Plaintiffs Erich Specht and Android Data Corporation.

4. Many of the issues raised in the Motion to Dismiss filed by Google and the Google Affiliates apply equally to the Moving Defendants and many, if not all, of the other named co-defendants.[2] Specifically, as noted in the Memorandum of Law accompanying the Motion to Dismiss, Plaintiffs' First Amended Complaint fails to attribute any specific infringing act(s) to any of the more than fifty separate defendants, but rather simply alleges in a general and conclusory fashion that the "Defendants" or the "OHA members" have engaged in various unspecified acts that purportedly constitute infringement of Plaintiffs' purported trademark rights. Those pleading deficiencies apply not only to Google and the Google Affiliates, but also

---

[2] The undersigned counsel has been or will likely be retained by many of the other named co-defendants. The undersigned counsel will accordingly be appearing on behalf of many of those co-defendants, as appropriate.

2

to the Moving Defendants, and all other co-defendants who may not have yet appeared before this Court.

5. Similarly, the defenses raised by Google and the Google Affiliates with respect to improper venue and lack of standing are likewise applicable to the Moving Defendants and all other co-defendants.

6. In view of the fact that the defenses of failure to state a claim and improper venue likewise apply to both the Moving Defendants and all other co-defendants, this Court's decision on the Motion to Dismiss will likely have a significant effect towards streamlining both the claims and the parties presently before the Court.

7. Additionally, the undersigned counsel anticipates that many of the other co-defendants will be raising additional defenses based on lack of personal jurisdiction and/or improper service of process.[3] As things presently stand, each of the Moving Defendants and the other co-defendants who have been served with process will be required to file its own Rule 12 motion raising many of the same defenses already before the Court, along with other defenses which are specific to those Defendants.

8. Thus, the interest of judicial economy and efficiency would be best served by staying the deadlines for the Moving Defendants, and all other co-defendants, to answer or otherwise respond to the First Amended Complaint, until after the Court has ruled on the pending Motion to Dismiss and the issues and parties before the Court have been streamlined. Staying the responsive pleading deadline will obviate the need for the Moving Defendants, and the other co-defendants, to bring separate, and largely duplicative, motions to dismiss -- until after the Court has addressed the defenses raised in the Motion to Dismiss. Further, should the Court

---

[3] By bringing this Motion, the undersigned, the Moving Defendants and/or the other co-Defendants do not in any way imply that service has been accomplished or is proper upon any other Defendant than those that have waived service under Rule 4(d). In fact, Plaintiffs' efforts to serve non-US Defendants, to date, have been improper.

grant the Motion to Dismiss, no further motion practice or responsive pleading from any of the Defendants will be required.

9. Counsel for Plaintiffs has advised the undersigned that Plaintiffs stipulate to this Motion to Stay the responsive pleading deadlines for all Defendants other than Google and the Google Affiliates.

WHEREFORE, the Moving Defendants respectfully request that this Court stay the deadlines for all Defendants other than Google and the Google Affiliates to answer or otherwise respond to the Plaintiffs' First Amended Complaint, until at least after the Court has ruled on the Motion to Dismiss being filed by Google and the Google Affiliates, if ever.

Respectfully submitted,

Dated: June 22, 2009

/s Herbert H. Finn
Herbert H. Finn (ARDC #6205685)
Richard D. Harris (ARDC #1137913)
Jeffrey P. Dunning (ARDC #6273364)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
(312) 456-8400

COUNSEL FOR THE MOVING DEFENDANTS