**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICH SPECHT, et al., | ) | |
| | ) | Civil Action No. 09-cv-2572 |
| Plaintiffs, | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| GOOGLE, INC., et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY GOOGLE INC., ANDROID, INC., ANDREW RUBIN, NICKOLAS SEARS, RICHARD MINER AND CHRISTOPHER WHITE TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Herbert H. Finn (ARDC #6205685)
Richard D. Harris (ARDC #1137913)
Jeffrey P. Dunning (ARDC #6273364)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL  60601
(312) 456-8400

COUNSEL   FOR   GOOGLE   INC.,
ANDROID,  INC.,  ANDREW  RUBIN,
NICKOLAS  SEARS,  RICHARD  MINER
AND CHRISTOPHER WHITE

1

Dockets.Justia.com

# TABLE OF CONTENTS

I.  PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE ANY VALID
CLAIM AGAINST GOOGLE AND THE GOOGLE AFFILIATES ........................................... 2

   A.  Pleading Requirements Under Rule 8(a) ........................................................... 2

   B.  Plaintiffs' Causes of Action ............................................................................... 3

   C.  Plaintiffs Fail to Plead Factual Allegations Sufficient to State Any Valid Claim Against
the Google Affiliates ............................................................................................. 4

      1.  "Naked Assertions" and Legal Conclusions Should be Disregarded ............................ 5

      2.  Plaintiffs' General Allegations of Wrongdoing by Unspecified "Defendants" Fail to
State a Claim Against Any Defendant ................................................................. 6

      3.  Plaintiffs' Allegations Relating to Press Releases, Advertising and  Promotional
Materials Fail to State a Claim Against Any Defendant ......................................... 7

      4.  Plaintiffs' Specific Factual Allegations Against the Google Affiliates Fail to State a
Claim Upon Which Relief May Be Granted ......................................................... 8

   D.  Plaintiffs Fail to State a Claim for Counterfeiting Under 15 U.S.C. § 1114 ...................... 9

   E.  Plaintiffs Fail to State A Claim under the DTPA ............................................................ 10

II.  NO PERSONAL JURISDICTION EXISTS OVER THE GOOGLE AFFILIATES ........... 11

III.  VENUE IS NOT PROPER IN THIS DISTRICT ............................................................. 12

IV.  PLAINTIFFS SPECHT AND ADC LACK STANDING TO ASSERT ANY CLAIMS
AGAINST ANY OF THE DEFENDANTS ............................................................... 13

V.  ALTERNATIVELY, PLAINTIFFS SHOULD PROVIDE A MORE DEFINITE
STATEMENT .................................................................................................. 15

VI.  CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

## Federal Cases

*AGA Shareholders, LLC v. CSK Auto, Inc.*,
   467 F.Supp.2d 834 (N.D.Ill. 2006) ....................................................................... 12

*Andrews v. Heinold Commodities, Inc.*,
   771 F.2d 184 (7th Cir. 1985) .............................................................................. 13

*Ashcroft v. Iqbal*,
   556 U.S. ___ (2009) ........................................................................................ 1, 5

*Broughel v. Battery Conservancy*,
   2009 WL 928280 (S.D.N.Y. Mar. 30, 2009) ........................................................ 7

*Central Mfg. Co. v. Pure Fishing Inc.*,
   392 F.Supp.2d 1046 (N.D.Ill. 2005) .................................................................. 13

*Colgate-Palmolive Co. v. J.M.D. All-Star Import and Export, Inc.*,
   486 F.Supp.2d 286 (S.D.N.Y. 2007)..................................................................... 9

*Dell, Inc. v. This Old Store, Inc.*, 2007 WL 1958609 (S.D.Tex. July 2, 2007) ............................ 6

*Dong v. Garcia*,
   553 F.Supp.2d 962 (N.D.Ill. 2008) ............................................................... 12, 13

*Dovenmuehle v. Gilldorn Mortgage Midwest Corp.*,
   871 F.2d 697 (7th Cir. 1989) .............................................................................. 14

*Drink Group, Inc. v. Gulfstream Commc'n, Inc.*,
   7 F.Supp.2d 1009 (N.D.Ill. 1998) ..................................................................... 8, 9

*DSW, Inc. v. Zappos.com, Inc.*,
   2008 WL 4762767 (S.D.Ohio Oct. 24, 2008)........................................................ 7

*Full House Prods., Inc. v. Showcase Prods., Inc.*,
   2005 WL 3237729 (N.D.Ill. Nov. 30, 2005) ........................................................ 4

*Gen'l Elec. Co. v. Good Guys, Inc.*,
   2006 WL 2927603 (N.D.Ill. Oct. 6, 2006)..................................................... 10, 11

*Giddens v. Steak and Ale of Illinois, Inc.*,
   994 F.Supp. 942 (N.D.Ill. 1998) ........................................................................ 11

*Gruen Mktg. Corp. v. Benrus Watch Co., Inc.*,
   955 F.Supp. 979 (N.D.Ill. 1997) ........................................................................ 14

*Heller Fin., Inc. v. Shop-A-Lot, Inc.*,
   680 F.Supp. 292 (N.D.Ill. 1988) ........................................................................ 13

*In re Nat'l Data Corp.*,
   753 F.2d 1056 (Fed. Cir. 1985)........................................................................... 10

*In re Sears Roebuck & Co. Tools Marketing and Sales Practices Litigation*,
2005 WL 3077606 (N.D.Ill. Nov. 14, 2005) ..................................................... 10, 11

*Jackman Financial Corp. v. Humana Ins. Co.*,
2009 WL 723107 (N.D. Ill. Mar. 12, 2009) ......................................................... 15

*Lifeway Foods, Inc. v. Fresh Made, Inc.*,
940 F.Supp. 1316 (N.D.Ill. 1996) ................................................................. 11, 12

*Lyons Savings & Loan Assoc. v. Westside Bancorporation, Inc.*,
636 F.Supp. 576 (N.D.Ill. 1986) ......................................................................... 13

*Momentum Luggage & Leisure Bags v. Jansport, Inc.*, 2001 WL 135702 (S.D.N.Y. Feb. 16,
2001) ....................................................................................................................... 10

*Morningside Group Ltd. v. Morningside Capital Group, L.L.C.*., 182 F.3d 133, 138 (2nd Cir.
1999) ......................................................................................................................... 7

*Nasious v. Two Unknown B.I.C.E. Agents*,
492 F.3d 1158 (10th Cir. 2007) ........................................................................... 6

*Northern Trust Co. v. Peters*,
69 F.3d 123 (7th Cir. 1995) ................................................................................. 3

*Packman v. Chicago Tribune Co.*,
267 F.3d 628 (7th Cir. 2001) ............................................................................... 4

*Papa John's Int'l, Inc. v. Rezko*,
446 F.Supp.2d 801 (N.D.Ill. 2006) ....................................................................... 8

*Peaceable Planet, Inc. v. Ty, Inc.*,
185 F.Supp.2d 893 (N.D.Ill. 2002) ....................................................................... 9

*Schneider Saddlery Co., Inc. v. Best Shot Pet Products Int'l, LLC*,
2009 WL 864072 (N.D.Ohio Mar. 31, 2009) .................................................... 9, 10

*Spex, Inc. v. The Joy of Spex, Inc.*,
847 F.Supp. 567 (N.D.Ill. 1994) ........................................................................... 4

*Storck USA, L.P. v. Levy*,
1991 WL 60562 (N.D.Ill. Apr. 15, 1991) ............................................................ 14

*Super Wash, Inc. v. Sterling*,
2006 WL 533362 (N.D.Ill. Mar. 2, 2006) ........................................................... 10

*T.A.B. Sys. v. Pactel Teletrac*,
77 F.3d 1372 (Fed. Cir. 1996) ............................................................................. 8

*Too, Inc. v. TJX Cos*., 229 F. Supp. 2d 825, 837 (S.D. Ohio 2002) ............................................ 9

*Zamecnik v. Indian Prairie School District, #204 Board of Educ.*, 2009 WL 805654 (N.D.Ill.
Mar. 24, 2009) ........................................................................................................ 15

## State Cases

*Avery v. State Farm Mut. Ins. Co.*,
  835 N.E.2d 801 (Ill. 2005) ................................................................................. 10

## Federal Statutes

15 U.S.C. §1114 ............................................................................................. 2, 4, 14

15 U.S.C. §1117(c)(2) ............................................................................................ 10

15 U.S.C. §1125(a) ....................................................................................... 2, 4, 5, 14

15 U.S.C. §1127 ................................................................................................... 4, 9

28 U.S.C. § 1927 ..................................................................................................... 1

28 U.S.C. §1391(b) ................................................................................................ 13

## State Statutes

735 ILCS 5/2-209 ............................................................................................. 11, 12

815 ILCS 510/2 ............................................................................................ 2, 3, 4, 5

## Federal Rules

Fed.R.Civ.P 8(a) ...................................................................................................... 1

Fed.R.Civ.P. 11 ....................................................................................................... 1

Fed.R.Civ.P. 4(k) ................................................................................................... 11

Contrary to the fundamental pleading requirements of Fed.R.Civ.P 8(a) ("Rule 8(a)"), Plaintiffs' First Amended Complaint ("FAC") (Dkt. No. 38) is nothing more than a conglomeration of conclusory, general allegations and unspecified purported wrongdoings, stating no valid claims against the Defendants. Plaintiffs' FAC is the epitome of frivolous pleading, filed for the sole purpose of leveraging a monetary settlement from Defendants despite lacking any legitimate basis in fact.[1] Plaintiffs conceded in their original Complaint that the only use, if any, of the ANDROID mark by most of the named Defendants was in press releases relating to their membership in the Open Handset Alliance ("OHA"), a trade group.[2] Simply put, Plaintiffs have failed to allege, and cannot allege, that any of those specific Defendants advertised or offered actual infringing products or services in commerce. In other words, Plaintiffs named those Defendants solely because of their status as OHA members, irrespective of whether any of them *ever once used* the accused ANDROID mark to identify actual offerings in commerce. (FAC, ¶¶ 3, 29 and 48). In a transparent attempt to obfuscate these glaring omissions, Plaintiffs treat the fifty-two Defendants as a collective whole, without ascribing to any of them specific violations of the Lanham Act.

The causes of action against Google and the Google Affiliates[3] are subject to dismissal on multiple grounds: (i) Plaintiffs' conclusory allegations of wrongdoing do not satisfy the pleading requirements of Rule 8(a), as explained in *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009); (ii) Plaintiffs' claims of purported trademark counterfeiting and violation of the Illinois Deceptive Trade Practices Act ("DTPA") fail to state any valid claim for relief; (iii) personal

---

[1] Google advised Plaintiffs' counsel that no basis exists for Plaintiffs' claims, to no avail. Google and the other Defendants will, as appropriate, address Plaintiffs' conduct under Fed.R.Civ.P. 11 and/or 28 U.S.C. § 1927.

[2] The OHA is not a legal entity, but a name for a group formed by Google that promotes innovation in the field of mobile technology and that is administered from Mountain View, California. The OHA does not maintain offices in Illinois and has no separate governance. (Rubin Decl., ¶17).

[3] "Google Affiliates" refers, collectively, to Google's wholly-owned subsidiary Android, Inc., and its current or former employees Rubin, Sears, Miner and White. These parties are waiving formal service and appearing for the purpose of contesting the sufficiency of Plaintiffs' claims and the Court's jurisdiction over them.

jurisdiction should not be exercised over the Google Affiliates; (iv) venue is not proper in this District; and (v) Plaintiffs Specht and ADC have not established standing to bring the asserted claims.

Plaintiffs originally brought this action against Google and forty-seven (47) members of the OHA. The original Complaint (Dkt. No. 1) alleged that all forty-eight (48) Defendants collectively infringed Plaintiffs' rights in the ANDROID DATA mark under 15 U.S.C. §1114 – but lacked any allegations that any individual Defendant actually made use of the accused mark in United States commerce. Plaintiffs then filed a Motion for TRO/Preliminary Injunction (Dkt. No. 12). After the Court permitted party discovery on issues relevant to that motion, and apparently wishing to avoid discovery into Plaintiffs' abandonment of the ANDROID DATA mark, Plaintiffs withdrew their Motion (Dkt. No. 37) and filed the FAC.

The FAC alleges in a very general and conclusory fashion that the Defendants, again as a single collective, infringe the ANDROID DATA mark under 15 U.S.C. §1114 – without identifying instances where any individual Defendant actually engaged in any act of infringement. Plaintiffs also added new claims – purported violations of 15 U.S.C. §1125(a) (Unfair Competition) and 815 ILCS 510/2 (Illinois Deceptive Trade Practice Act). As addressed below, Plaintiffs' general and conclusory allegations directed against the "Defendants" do not meet the standard for pleadings required by Rule 8(a), even in a notice pleading regime.

## I. PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE ANY VALID CLAIM AGAINST GOOGLE AND THE GOOGLE AFFILIATES

### A. Pleading Requirements Under Rule 8(a)

Rule 8(a) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Ashcroft*, the Supreme Court specified that:

> [T]he pleading standard [of] Rule 8 … **demands more than an unadorned, the-defendant-unlawfully-harmed me accusation**. A pleading that offers … "a

formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

… **Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"**

*Id.* at 1949 (emphasis added, citations omitted); *see also Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995) (noting that conclusory, legal statements and their unwarranted inferences are insufficient to defeat a motion to dismiss under Rule 12(b)(6)).

Although the Court is required to accept all well pleaded **facts** in a complaint as true, this tenet does not extend to bare legal conclusions. *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim in accordance with Rule 8(a)(2). *Id.* In other words, Rule 8 requires more than what Plaintiffs offer in the FAC, namely to "plead the bare elements of [their] cause of action, affix the label 'general allegation,' and expect [their] complaint to survive a motion to dismiss." *Id.* at 1954.

*Ashcroft* also establishes a framework for assessing whether a complaint states a valid claim under Rule 8(a)(2), holding that "[w]hile legal conclusions can provide the framework of a complaint, **they must be supported by factual allegations**." *Id.* at 1950 (emphasis added). Even where a complaint contains well-pleaded facts giving rise to a plausible inference of wrongdoing, that inference alone does **not** entitle Plaintiffs to relief. *Id.* at 1952. A plaintiff must also plead **specific facts** amounting to "more than a sheer possibility that **a defendant** has acted unlawfully" in order to survive a motion to dismiss. *Id.* at 1949 (emphasis added).

### B. Plaintiffs' Causes of Action

Per *Ashcroft*, this Court's analysis under Rule 12(b)(6) begins by first identifying the elements Plaintiffs must plead in order to state a claim under their legal theories. Plaintiffs allege three causes of action against all of the Defendants: (1) trademark infringement under 15

U.S.C. §1114 (Count I), (2) unfair competition under 15 U.S.C. §1125(a) (Count II), and violation of the Illinois DTPA, 815 ILCS 510/2 (Count III). The heart of each of those claims is that each named Defendant used Plaintiffs' mark in commerce in association with its respective goods or services so as to create a likelihood of confusion.

To prevail under §§32 and 43(a) of the Lanham Act, a plaintiff must establish that (1) its mark is protectable, and (2) the defendant's use of the mark is likely to cause confusion among consumers. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001). Illinois courts resolve DTPA claims arising out of the alleged infringement of a mark under the same standard. *Full House Prods., Inc. v. Showcase Prods., Inc.*, 2005 WL 3237729, *2 (N.D.Ill. Nov. 30, 2005); *Spex, Inc. v. The Joy of Spex, Inc.*, 847 F.Supp. 567, 579 (N.D.Ill. 1994). The requisite "use" of the plaintiff's mark establishing "use in commerce" requires a showing that the defendant has used the objectionable mark as an identifier of actual goods or services sold in commerce. 15 U.S.C. §1127. Therefore, to plead an actionable claim of infringement, Rule 8(a) requires Plaintiffs to allege that each of the Defendants violated the Plaintiffs' mark by making actual use of the objectionable mark in commerce, in connection with actual goods or services. General allegations that a Defendant "used" Plaintiffs' mark, ***without*** specific allegations stating how the use occurred in commerce ***and*** in connection with goods or services, are insufficient.

### C. Plaintiffs Fail to Plead Factual Allegations Sufficient to State Any Valid Claim Against the Google Affiliates

Disregarding the FAC's purely conclusory allegations of wrongdoing and considering only Plaintiffs' well-pleaded factual allegations, it is clear that Plaintiffs have not stated any valid claims against the Google Affiliates, thus warranting dismissal of the FAC.

### 1. "Naked Assertions" and Legal Conclusions Should be Disregarded

Allegations that "are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*, 129 S.Ct. at 1950. Plaintiffs' FAC is replete with conclusory allegations that must be disregarded when assessing whether Plaintiffs have stated valid claims. For example:

- "[N]either Google nor any of the defendants have taken any action to curtail **their infringing activities**" (FAC ¶ 41);

- "**Defendants have provided goods or services** necessary to the commission of the violation described above, with the intent that the recipient of the goods or services would put the goods or services to use in committing the violation" (FAC ¶ 81);

- "**Defendant's [sic] use of the Android mark** to promote, market, or sell products or services constitutes Unfair Competition pursuant to 15 U.S.C. §1125(a). Defendants [sic] use of the Android mark is likely to cause confusion, mistake, and deception among consumers. **Defendants [sic] unfair competition** has caused and will continue to cause damage to Plaintiffs, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law." (FAC ¶ 83); and

- "**Defendants [sic] use of the Android mark** to promote, market, or sell products or services constitutes Deceptive Practices pursuant to 815 ILCS 510/2. **Defendants [sic] use of the Android mark** in the course of their business or occupation is likely to cause confusion or misunderstanding as to affiliation, connection, or association with Plaintiff's Android Data mark." (FAC ¶ 84.)

The above allegations, along with many of the other allegations in the FAC (*e.g.* ¶¶61, 77 and 78) are merely "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949. They do not identify any specific act(s) by any particular Defendant that might support an infringement claim. For example, there is no indication of: (1) when the ANDROID mark was used by a Defendant; (2) where the ANDROID mark was used by a Defendant; (3) how the ANDROID mark was used by a Defendant; or (4) a "line of products and/or services" on which the ANDROID mark was used in commerce by a Defendant.

### 2. Plaintiffs' General Allegations of Wrongdoing by Unspecified "Defendants" Fail to State a Claim Against Any Defendant

Allegations generally directed against the "defendants" or "the OHA members" insufficiently state a claim because they fail to place any Defendant on notice as to what "wrongful" conduct it individually is alleged to have engaged in. "[T]o state a claim in federal court, a complaint must explain what **each defendant** did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). General allegations that "the defendants" committed a certain act simply are not "well pleaded facts" for purposes of a motion to dismiss – particularly in a case with over fifty defendants. (*Cf.* FAC, ¶¶ 20, 36, 41-43, 45-46, 49-50, 53-54, and 57-66 (nakedly asserting, without any factual support, that "the defendants" or "the OHA members" carried out various acts)).

In *Dell, Inc. v. This Old Store, Inc.*, 2007 WL 1958609 (S.D.Tex. July 2, 2007), the court held that general allegations against the "defendants," coupled with conclusory recitations of plaintiff's causes of action, did not properly state a claim against any of those defendants:

> After identifying the parties and making generalized jurisdictional and venue allegations ... few paragraphs make any distinction among the thirty-four Defendants. The paragraphs in the section include only general allegations "on information and belief" **with no factual specifics**. For example, Plaintiffs allege that "Defendants made prominent and repeated use of Dell's name, marks and graphics in their advertisements and on their web site in a manner which suggested falsely that defendants were Dell, or were licensed, authorized, or sponsored by Dell." **The allegation does not distinguish among the numerous various Defendants and does not identify any advertisements or other factual basis for the conclusory allegation**.

> Plaintiffs' federal trademark infringement claim includes nothing more than the "realleges and incorporates" language, the statement that "Defendants' unauthorized use, advertising, marketing and sale of products under the DELL Marks, as alleged herein, is likely to deceive, mislead, and confuse the relevant public" and a statement that "Dell has suffered and will continue to suffer great

damage to its business, goodwill, reputation, and profits, while Defendants profit at Dell's expense." These "labels and conclusions" and formulaic recitations of the elements of a cause of action in a complex commercial case are inadequate under *Twombly*. *Id.* at \*2 (internal citations omitted).

Plaintiffs' allegations suffer from the same deficiencies as those at issue in *Dell*. Simply put, Plaintiffs "must allege factual information of some specificity as to each Defendant" in order to satisfy Rule 8. *Id.* at \*3.[4] "It is necessary that Plaintiffs distinguish among the various Defendants and otherwise satisfy the pleading requirements of Rules 8 and 9" in order to state a valid claim. *Id.* The bald allegations that "Defendants" or "OHA members" took some action fail to place any single Defendant on notice as to its specific acts alleged to constitute infringement, making dismissal of Plaintiffs' claims appropriate.

### 3. Plaintiffs' Allegations Relating to Press Releases, Advertising and Promotional Materials Fail to State a Claim Against Any Defendant

To the extent not already disregarded by the Court as "naked assertions," Plaintiffs' allegations relating to the purported use of the ANDROID mark in press releases and promotional materials (FAC ¶¶ 29, 34, 42, 49, 61 and 63) fail to identify the alleged press releases or advertisements, or describe how any of those materials constitute unlawful use of the ANDROID mark in commerce in the United Sates. Press releases, advertisements and the like do not comprise a "use in commerce," as such materials do not evidence use of a trademark in connection with any goods or "documents associated with the goods or their sale." *See Morningside Group Ltd. v. Morningside Capital Group, L.L.C.*, 182 F.3d 133, 138 (2nd Cir. 1999) ("Mere advertising and promotion of a mark in this country are not enough to constitute

---

[4] *See also DSW, Inc. v. Zappos.com, Inc.*, 2008 WL 4762767, \*2-\*3 (S.D.Ohio Oct. 24, 2008) (complaint which referred to "defendants" jointly failed to include specific allegations as to specific defendants and was insufficient); *Broughel v. Battery Conservancy*, 2009 WL 928280, \*4 (S.D.N.Y. Mar. 30, 2009) (As "plaintiff fails to allege any specific infringing acts committed by defendants other than the Conservancy, plaintiff has not complied with the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Her claims against defendants other than the Conservancy must be dismissed on that basis alone.").

'use' of the mark 'in commerce,' so as to bring the activity within the scope of the Lanham Act."); *T.A.B. Sys. v. Pactel Teletrac*, 77 F.3d 1372, 1375-76 (Fed. Cir. 1996) (noting that press releases and promotional materials bearing the mark do not qualify as "use in commerce").

### 4. Plaintiffs' Specific Factual Allegations Against the Google Affiliates Fail to State a Claim Upon Which Relief May Be Granted

Plaintiffs' factual allegations directed specifically at the Google Affiliates are contained in four paragraphs – FAC ¶¶ 20-21 and 23-24. The only acts the Google Affiliates are accused of are: (1) that Messrs. Rubin, Miner, Sears and White incorporated Android, Inc. in 2003; (2) that they worked for Google after it acquired Android, Inc.;[5] and (3) that Android, Inc. is presently a subsidiary of Google and a corporation in good standing. Such minimal allegations do not even remotely state a claim against the Google Affiliates, because Plaintiffs have not alleged that any of the Google Affiliates ever used the ANDROID mark, much less in commerce in connection with any goods or services.

A corporate officer is not personally liable absent a "special showing" that the officer acted "willfully and knowingly," such as by "personally participat[ing] in the manufacture or sale of the infringing article (acts other than as an officer), or [using] the corporation as an instrument to carry out his own willful and deliberate infringements." *Drink Group, Inc. v. Gulfstream Commc'n, Inc.*, 7 F.Supp.2d 1009, 1010 (N.D.Ill. 1998) (citations omitted). Such a "special showing" requires evidence of the officer's personal involvement in the infringement. *Papa John's Int'l, Inc. v. Rezko*, 446 F.Supp.2d 801, 805 (N.D.Ill. 2006). The mere fact that individuals formed a corporation alleged to have infringed a trademark is "innocuous in the absence of allegations that, at the time of incorporation, they were motivated by some improper purpose or acting outside the scope of their corporate duties." *Id.* at 1011; *see also Peaceable*

---

[5] Defendant White left Google's employ in October 2006. (White Decl., Ex. 4, ¶2.)

*Planet, Inc. v. Ty, Inc.*, 185 F.Supp.2d 893 (N.D.Ill. 2002) (no liability attaches to an individual that works within the scope of his duties, when the corporation was not organized to profit from infringement).

Even if Plaintiffs had adequately pled that Android, Inc. had used the ANDROID mark in commerce (which they have not done), the FAC lacks even a single allegation that Defendants Rubin, Miner, Sears and White "were motivated by some improper purpose or acting outside the scope of their corporate duties," as required to state individual claims of infringement against them, thus warranting dismissal of those individuals. *See Drink Group*, 7 F.Supp.2d at 1011.

### D. Plaintiffs Fail to State a Claim for Counterfeiting Under 15 U.S.C. § 1114

A "counterfeit" is defined as "a spurious mark which **is identical with, or substantially indistinguishable** from, a registered mark." 15 U.S.C. §1127. Counterfeiting is "the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark." *Too, Inc. v. TJX Cos*., 229 F. Supp. 2d 825, 837 (S.D. Ohio 2002) (citation omitted). It is not the intent of the counterfeiting provision "to treat as counterfeiting what would formerly have been arguable, but not clear-cut, cases of trademark infringement." *Colgate-Palmolive Co. v. J.M.D. All-Star Import and Export, Inc.*, 486 F.Supp.2d 286, 289 (S.D.N.Y. 2007).[6] Even slight differences between the marks, so long as they are apparent to the consumer upon minimal inspection, will defeat the allegation that a mark is counterfeit. *Schneider Saddlery Co., Inc. v. Best Shot Pet Products Int'l, LLC*, 2009 WL 864072, *4 (N.D.Ohio Mar. 31, 2009). Indeed, marks that differ from the registered mark by two or more letters are not likely to be considered counterfeit. *Colgate,* 486 F.Supp.2d at 291.

---

[6] *See also Schneider Saddlery Co., Inc. v. Best Shot Pet Prods. Int'l, LLC*, 2009 WL 864072, *15 (N.D.Ohio Mar. 31, 2009) (noting that courts "have been reluctant to label a mark counterfeit, *at least in the word mark context*, when defendant's mark is not a fairly clear copy of the registered trademark").

There are no allegations supporting a finding that either Google or the Google Affiliates intended to sell knock-offs of Plaintiffs' offerings. In fact, Plaintiffs actually assert the converse, namely that Plaintiffs' goods, assuming there are any, will be confused with Google's products (*i.e.* reverse confusion). Moreover, the ANDROID mark, as a matter of law, is not "identical with, or substantially indistinguishable from" Plaintiffs' purported ANDROID DATA mark.[7] *See Schneider Saddlery*, 2009 WL 864072 at *15 (holding as a matter of law that "Ultra Wash," "Ultra Plenish" and "Ultra Vitalizing Mist" are not counterfeits of "Ultra" because the accused marks "include an entire word that the [registered marks] do not"). Accordingly, the counterfeiting claims should be dismissed, as should Plaintiffs' request for statutory damages under 15 U.S.C. §1117(c)(2) (FAC Prayer for Relief, ¶3).[8]

E.      **Plaintiffs Fail to State A Claim under the DTPA**

DTPA claims can be asserted ***only*** if "the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *In re Sears Roebuck & Co. Tools Marketing and Sales Practices Litigation*, 2005 WL 3077606, *2 (N.D.Ill. Nov. 14, 2005). The DTPA does not apply to allegedly wrongful conduct that takes place outside of Illinois. *Gen'l Elec. Co. v. Good Guys, Inc.*, 2006 WL 2927603, *6 (N.D.Ill. Oct. 6, 2006). After *Avery v. State Farm Mut. Ins. Co.*, 835 N.E.2d 801 (Ill. 2005), "it seems unlikely [that] Illinois courts would recognize a claim under the IDTPA based on a party's use of another's trademark outside of Illinois." *Super Wash, Inc. v. Sterling*, 2006 WL 533362, *2 n.10 (N.D.Ill. Mar. 2, 2006).

The FAC contains no allegation that Google, the Google Affiliates or any other Defendant ever used the ANDROID mark in Illinois, or engaged in any other "circumstances

---

[7] Plaintiffs' suggestion to ignore the term "data" in comparing the marks (see FAC ¶¶ 19 and 74) is contrary to law. It is well-settled that "likelihood of confusion cannot be predicated on dissection of a mark, that is, on only part of a mark." *In re Nat'l Data Corp.*, 753 F.2d 1056, 1058 (Fed. Cir. 1985). *See also McCarthy on Trademarks*, §23:41 (4th ed. 2008). Thus, Plaintiffs' suggestion that the Court simply ignore the term "data" is entirely without merit.
[8] *See Momentum Luggage & Leisure Bags v. Jansport, Inc.*, 2001 WL 135702 (S.D.N.Y. Feb. 16, 2001).

relating to the disputed transaction" occurring "primarily and substantially in Illinois," thereby failing to state a claim under the DTPA. *See Gen'l Elec.*, 2006 WL 2927603 at *6; *In re Sears*, 2005 WL 3077606 at *2 (dismissing DTPA claim where complaint lacked allegations of wrongful conduct in Illinois).

## II.     NO PERSONAL JURISDICTION EXISTS OVER THE GOOGLE AFFILIATES

Plaintiffs bear the burden of demonstrating that jurisdiction before this Court is proper. *Giddens v. Steak and Ale of Illinois, Inc.*, 994 F.Supp. 942, 943 (N.D.Ill. 1998). To exercise personal jurisdiction over the Google Affiliates, it must be established that (1) bringing the Google Affiliates into the Court accords with Fifth Amendment due process principles; and (2) the Google Affiliates are amenable to process from the Court. *Lifeway Foods, Inc. v. Fresh Made, Inc.*, 940 F.Supp. 1316, 1318 (N.D.Ill. 1996). The Google Affiliates are amenable to process under Fed.R.Civ.P. 4(k) only if a federal statute authorizes service of process on them or if they "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." *Giddens*, 994 F.Supp. at 943.

Because the Lanham Act does not authorize nationwide service of process, the Illinois long-arm statute determines the propriety of the Court's jurisdiction over the Google Affiliates. *Lifeway Foods*, 940 F.Supp. at 1319. Under the Illinois long-arm statute, 735 ILCS 5/2-209, jurisdiction over the Google Affiliates is appropriate only: (1) if they committed a tortious act(s) within the state and the cause of action arises from the act(s); (2) Android, Inc. is "doing business" in Illinois; or (3) under the "catch-all" clause, on any other basis permitted by the United States and Illinois Constitution. *Id.*

There are no allegations in the FAC that any of the Google Affiliates committed tortious acts in Illinois, rendering the first clause of the Illinois long-arm statute inapplicable. Nor do Plaintiffs allege that Android, Inc. is "doing business" in Illinois, thus subjecting it to jurisdiction

under the "doing business" prong of the Illinois long-arm statute.[9]  Moreover, in order to invoke

the "catch-all" jurisdictional provision, the Court must find that the Google Affiliates are subject

to general jurisdiction in Illinois.  *Id.*  General jurisdiction requires evidence of continuous and

systematic general business contacts by the defendant in the forum. *Id.*

Android, Inc. is not incorporated or licensed to do business in Illinois, does not transact

any business in Illinois (or elsewhere), does not own or lease any real property located in Illinois,

and has not engaged in commerce ***anywhere*** since it was acquired by Google in 2005 (Rubin

Decl., Ex. 1, ¶¶4-12).  Android, Inc. has never had any customers, offices, employees, mailing

addresses, telephone numbers, business records, or bank accounts in Illinois (Id.).  With regard to

the individual Defendants, Messrs. Rubin, Sears, Miner, and White all reside outside of Illinois,

and have never resided in Illinois (Rubin Decl., Ex. 1, ¶¶13-15; Sears, Miner and White Decls.,

Exs. 2-4, ¶¶4-6).  Likewise, none of them own or lease any real property in Illinois or have any

mailing addresses or bank accounts in Illinois (Id.).  Because none of the Google Affiliates have

any contacts with Illinois, much less "continuous and systematic" contacts with the State, they

are not subject to personal jurisdiction under the "catch-all" provision.  Accordingly, the Google

Affiliates should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## III.    VENUE IS NOT PROPER IN THIS DISTRICT

While the Court takes all allegations in the FAC as true when analyzing venue, unless

contradicted by affidavit, Plaintiffs still bear the burden of establishing that venue is proper.

*Dong v. Garcia*, 553 F.Supp.2d 962 (N.D.Ill. 2008).  The Court may also consider facts outside

the FAC in order to determine whether venue is proper.  *AGA Shareholders, LLC v. CSK Auto,*

*Inc.*, 467 F.Supp.2d 834 (N.D.Ill. 2006).

---

[9] A corporation does business in Illinois only if it regularly conducts activities in the state and operates with a "fair measure of permanence and continuity."  *Lifeway Foods*, 940 F.Supp. at 1320.

Plaintiffs allege that venue is proper under 28 U.S.C. §1391(b). Clearly, however, §1391(b)(1) is inapplicable because the fifty-two Defendants are resident throughout the United States and the world. Venue can lie in this Court under §1391(b)(2) only if "a substantial part of the events or omissions giving rise to the claim occurred" in this District.[10] To qualify as substantial, the events in Illinois must be "part of the historical predicate for the instant suit." *Dong*, 553 F.Supp.2d at 965. The fact that Plaintiffs may have suffered an injury in Illinois does not establish that venue is proper. *Id.*

Plaintiffs do not allege that any of the acts giving rise to their claims occurred in Illinois or this District. *Cf. Dong*, 553 F.Supp.2d at 965; *Lyons Savings & Loan Assoc. v. Westside Bancorporation, Inc.*, 636 F.Supp. 576, 583 (N.D.Ill. 1986) (venue improper where the plaintiff's claims "involve the actions of Westside's officers and agents, and all these actions occurred in or around Seattle"). Simply asserting that each of the fifty-two Defendants are subject to personal jurisdiction in Illinois (which they are not) does not, without more, establish that venue is proper in this District. *Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 187 (7th Cir. 1985); *Heller Fin., Inc. v. Shop-A-Lot, Inc.*, 680 F.Supp. 292, 294 (N.D.Ill. 1988) ("Although defendants submitted to the jurisdiction of Illinois courts, it does not necessarily follow that venue properly exists in Illinois.").

## IV. PLAINTIFFS SPECHT AND ADC LACK STANDING TO ASSERT ANY CLAIMS AGAINST ANY OF THE DEFENDANTS

Standing is a jurisdictional issue, and accordingly facts outside of the FAC may be considered. *Central Mfg. Co. v. Pure Fishing Inc.*, 392 F.Supp.2d 1046, 1047 (N.D.Ill. 2005). The trademark registration attached as Exhibit B to the FAC confirms that the registration for the ANDROID DATA mark was registered to Android Data Corporation ("ADC"). Specht declared

---

[10] Plaintiffs cannot invoke §1391(b)(3), because there is another district, namely the Northern District of California, where venue would likely be proper.

in the trademark application, under penalty of perjury, that ADC alone was the owner of the ANDROID DATA mark. (FAC Ex. A, at 2.) An assignment transferring all rights in the ANDROID DATA mark from ADC to ADI (Ex. 5) has been recorded with the U.S. Patent and Trademark Office ("Assignment") .

Therefore, assuming that the Assignment is valid, ADI has exclusively owned the purported ANDROID DATA mark since April 28, 2004. Neither Specht nor ADC have had any rights in the purported mark since that date. Thus, ADI is the only party with standing to bring a claim for trademark infringement under 15 U.S.C. §1114. *Gruen Mktg. Corp. v. Benrus Watch Co., Inc.*, 955 F.Supp. 979, 982 (N.D.Ill. 1997).

The same is true of Plaintiffs' claims under 15 U.S.C. §1125(a) and the Illinois DTPA. Plaintiffs do not plead that Specht or ADC have a "reasonable interest to be protected" against activities that violate 15 U.S.C. §1125(a), *see Dovenmuehle v. Gilldorn Mortgage Midwest Corp.*, 871 F.2d 697, 700 (7th Cir. 1989), or that Specht or ADC are "likely to be damaged by another's deceptive trade practice," *see Storck USA, L.P. v. Levy*, 1991 WL 60562, *3 (N.D.Ill. Apr. 15, 1991), so as to have standing under the DTPA. Indeed, Plaintiffs fail to plead any facts showing that Specht or ADC have been or will be injured by the alleged conduct.

Rather, Plaintiffs' factual allegations regarding standing suffer from the same deficiencies as their allegations of wrongdoing against the collective Defendants. Plaintiffs refer indiscriminately to "Plaintiff," "Plaintiffs," "Plaintiffs'" and "Plaintiff's" as having rights in the purported ANDROID DATA mark -- sometimes even in the same allegation. For example, Plaintiffs allege that:

- Fully aware of ***Plaintiffs [sic] rights to the Android mark***, defendants have and are intentionally, openly, notoriously, and without ***Plaintiff's*** authority exercising full rights and privileges to the use of ***Plaintiffs'*** Android mark (FAC ¶60);

- Notwithstanding ***Plaintiff's statutory right to use its mark***; defendants [sic] notice of ***Plaintiff's federal registration rights***; and ***without authorization by Plaintiffs***, defendants have in the past and are continuing to hold conventions, advertise, manufacture, distribute, and offer to sell an ever increasing line of products and services bearing the infringing Android mark (FAC ¶77); and

- ***Plaintiff*** is and has been further developing the original Android Data software suite product as well as preparing to release additional products in the near future under the Android Data product mark (FAC ¶17).

Just as Rule 8(a)(2) requires allegations specific enough to put each Defendant on notice of wrongful conduct, it also requires Plaintiffs to plead specific facts establishing that each of them has standing to bring suit. *See Zamecnik v. Indian Prairie School District #204 Board of Educ.*, 2009 WL 805659, *1 (N.D.Ill. Mar. 24, 2009) (plaintiff bears the burden of supporting the allegations necessary for standing with "competent proof"). Specht and ADC have failed to demonstrate standing to assert any claims against any of the defendants, and therefore should be dismissed from this case.

## V. ALTERNATIVELY, PLAINTIFFS SHOULD PROVIDE A MORE DEFINITE STATEMENT

If a complaint survives a motion to dismiss, a more definite statement under Rule 12(e) may still be appropriate.[11] If the Court for some reason decides against dismissing the FAC in its entirety, Google and the Google Affiliates request that Court order Plaintiffs to amend the FAC to provide a more definite statement which complies with Rule 8(a)(2).

## VI. CONCLUSION

In view of the foregoing, Google and the Google Affiliates respectfully request that the Court dismiss Plaintiffs' First Amended Complaint, in its entirety, with prejudice.

---

[11] *See, e.g., Jackman Financial Corp. v. Humana Ins. Co.*, 2009 WL 723107, *4 (N.D. Ill. Mar. 12, 2009) ("Although we ruled against Humana on the motion to dismiss, the Court cannot determine, given the uncertainties of the complaint, whether Humana can answer the amended complaint in its current form. To assist the parties, the Court shall require Jackman to file a more definite statement.").

Respectfully submitted,

Dated:  June 22, 2009

/s Herbert H. Finn
Herbert H. Finn (ARDC #6205685)
Richard D. Harris (ARDC #1137913)
Jeffrey P. Dunning (ARDC #6273364)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL  60601
(312) 456-8400

COUNSEL FOR GOOGLE INC., ANDROID,
INC., ANDREW RUBIN, NICKOLAS SEARS,
RICHARD MINER AND CHRISTOPHER WHITE