## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ERICH SPECHT, et al | ) | |
|     Plaintiffs | ) | |
| | ) | NO.  09 CV 2572 |
|     v. | ) | |
| | ) | JUDGE LEINENWEBER |
| GOOGLE INC., et al | ) | |
| | ) | MAGISTRATE JUDGE COLE |
|     Defendants | ) | |
| | ) | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' "STIPULATED" MOTION
TO STAY DEADLINES FOR RESPONSIVE PLEADINGS and
"UNOPPOSED" MOTION TO STAY DEADLINES FOR
RESPONSIVE PLEADINGS**

NOW COME your plaintiffs, Erich Specht, Android Data Corporation and the Android's Dungeon incorporated and for their response to defendants, HTC Corporation; Samsung Electronics America, Inc; Synaptics, Inc.; Qualcomm Inc.; AKM Semiconductor, Inc.; Atheros Communications, Inc.; Ascender Corp.; Intel Corp; Marvell Semiconductor, Inc.; Garmin International, Inc.; Audience, Inc.; and Broadcom Corp.("Moving Defendants"), alleged "Stipulated" motion to stay deadlines for responsive pleadings and "Unopposed" motion to stay deadlines for responsive pleadings, state..

1. On June 18, 2009 plaintiffs counsel, Martin Murphy ("Murphy"), received a call from Herbert Finn ("Finn"), attorney for the Moving Defendants advising Murphy that Finn would be filing a motion to dismiss Google, the individual defendants and Android, Inc.. Finn said he was calling regarding two points: 1) Whether plaintiffs

-1-

would object to Google and it's affiliated defendants[1] filing a brief in excess of 15 pages; and 2) whether plaintiffs would agree to continuing the answer dates for the other defendants while this motion was pending.

2. In the spirit of cooperation, Murphy agreed to the request.

3. On June 22, 2009, Finn filed two identical documents titled differently: 1) a Stipulated Motion...[Doc 72] and; 2) an Unopposed Motion...[Doc 74] (collectively referred to as "the motions").

4. Finn never provided Murphy with a copy of the motions prior to filing them with the Court to see if they would in fact be stipulated to or unopposed.

5. Paragraphs 4 through 8 of the motions allege facts and legal conclusions which are inconsistent with plaintiffs position and are neither stipulated to or unopposed.

6. In support of their motion to stay, the Moving Defendants allege that: 1) "many of the issues raised ... apply equally to the Moving Defendants and many, if not all, of the other named co-defendants." [ Par 4]; and 2) the defenses raised ... with respect to improper venue and lack of standing are likewise applicable to the Moving Defendants and all other co-defendants." [Par 5].

7. In footnote 2, of the motions, Finn represents that he has been or will likely be retained by the many of the other named co-defendants.

8. Some of the defendants, such as T-Mobile, Motorola, and Nvidia, are represented by other counsel and apparently have not joined in the motion to stay or dismiss. Nonetheless, the motion is being brought on behalf of all of the co-defendants not

---

[1] Android, Inc., Andy Rubin, Rich Miner, Nick Sears, and Chris White

only the ones represented by moving counsel.

9. In it's conclusion the Moving Defendants allege that judicial economy would be served by staying the deadlines of the Moving Defendants and all other co-defendants.

10. Given the representations that most of the defendants will be represented by the same counsel and raise the same defenses, perhaps judicial economy would be better served if moving counsel file its motion on behalf of all the defendants it represents rather than just some.

11. Accordingly, defendants' "Stipulated" and "Unopposed" motions are neither stipulated to or unopposed by plaintiffs.

WHEREFORE, the motions to stay deadlines should be denied.

RESPECTFULLY SUBMITTED,

Dated June 23, 2009 /s Martin J. Murphy
Attorney for Plaintiffs
Martin J Murphy
2811 RFD
Long Grove, IL 60047
312-933-3200
email: martym@villageinvestments.com