1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICH SPECHT, et al., ) | |
| Plaintiffs, ) | |
| vs. ) | No. 09 C 2572 |
| GOOGLE, INC., et al., ) | Chicago, Illinois |
| ) | June 30, 2009 |
| Defendants. ) | 9:30 o'clock a.m. |

TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE HARRY D. LEINENWEBER

APPEARANCES:

For the Plaintiffs:        LAW OFFICE OF MARTIN J. MURPHY
                           MR. MARTIN J. MURPHY
                           2811 RFD
                           Long Grove, Illinois 60047
                           847-540-8899


For the Defendant,         GREENBERG TRAURIG, LLP
Google, Inc.:              MR. HERBERT H. FINN
                           MR. RICHARD D. HARRIS
                           77 West Wacker Drive
                           Chicago, Illinois 60601
                           312-456-8400


For the Defendant,         LOEB & LOEB
T-Mobile:                  MR. ROBERT M. ANDALMAN
                           MS. EMILY R. HAUS
                           321 North Clark Street
                           Chicago, Illinois 60610
                           312-464-3100

2
 1  Court Reporter:            FEDERAL OFFICIAL COURT REPORTER
                               MS. KRISTA BURGESON
 2                             219 South Dearborn Street
                               Chicago, Illinois 60604
 3                             312-435-5567
                               Krista_Burgeson@ilnd.uscourts.gov
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

| | |
|---|---|
| 1 | THE CLERK: 09 C 2572, Specht versus Google. |
| 2 | MR. MURPHY: Good morning, your Honor. Martin Murphy |
| 3 | on behalf of the plaintiffs. |
| 4 | MR. FINN: Good morning, your Honor. Herbert Finn |
| 5 | and Jeffrey Dunning on behalf of defendants Google, Android |
| 6 | Inc., Andrew Rubin, Nicholas Sears, Richard Miner, Christopher |
| 7 | White, HTC Corporation, Samsung Electronics America, |
| 8 | Synaptics, Inc., Qualcomm Corporation, AKM Semiconductor, |
| 9 | Intel Corporation, Marvell Semiconductor, Garmin |
| 10 | International, Audience, Inc., Broadcom Corporation, Wind |
| 11 | River Systems Inc., Texas Instruments Inc., and Atheros |
| 12 | Communications. |
| 13 | MR. DUNNING: Good morning. |
| 14 | MR. CYRLUK: Good morning, Judge. John Cyrluk on |
| 15 | behalf of Motorola, Inc., and Nvidia Corporation. |
| 16 | I have also been contacted to represent Sprint Nextel |
| 17 | Corporation and SiRF Technology, Inc., but I haven't entered |
| 18 | an appearance yet on behalf of those latter two entities. |
| 19 | THE COURT: Is that everybody now, just about? |
| 20 | MR. FINN: Well, your Honor, no. |
| 21 | There are a number of defendants that I am also |
| 22 | talking to on behalf of potential representation, as well as a |
| 23 | number of defendants that just haven't been served yet. |
| 24 | THE COURT: Okay. |
| 25 | There is a motion to dismiss, and there is a motion |

1 to --
2     MR. FINN: (Continuing) -- to stay responsive
3 pleading dates for the other defendants.
4     THE COURT: Until that is ruled on.
5     MR. FINN: Correct.
6     MR. MURPHY: With regard to the motion to dismiss, I
7 would ask for 14 days to respond to that, unless they are
8 going to be filing additional motions with respect to the
9 other defendants.
10     THE COURT: I think they want to see what happens to
11 them.
12     MR. FINN: We are trying to make it as efficient as
13 possible, your Honor.
14     THE COURT: Any problem with that?
15     MR. MURPHY: Your Honor, they filed 2 documents, one
16 entitled a stipulated motion and one entitled an unobjected
17 motion. I believe the unobjected motion was noticed up. The
18 stipulated motion wasn't. I don't know if it was a mistake or
19 if it was entered incorrectly, but it was a docket 72 and a
20 docket 74.
21     72 listed the Android defendants as the movants and
22 then --
23     THE COURT: Okay, yes.
24     There is wind River's motion, which is not indicated
25 as stipulated, and HTC's motion, etc., is unopposed.

5

1  MR. FINN: That is correct, your Honor.

2  The stipulated motion was a docketing error filed on
3  behalf of incorrect parties in the electronic filing system
4  that --

5  THE COURT: Is there any objection to staying the
6  deadlines for responsive pleadings by these defendants?

7  MR. MURPHY: Not if it is going to be responsive
8  pleadings, but they did state in their motion that they had
9  the same objection to the complaint.

10  If they are going to file a motion to dismiss, I
11  would rather they join in, if that is what they are planning
12  on doing. If they are planning on filing a responsive
13  pleading, I don't object, because I have given other
14  defendants additional time to file their responses.

15  MR. FINN: Well, your Honor, a motion to dismiss is a
16  responsive pleading.

17  That said, some of these defendants who are looking
18  to stay have additional defenses that haven't been brought.
19  We are just trying to avoid having 46 different motions in
20  front of this Court while the Court determines whether the
21  main motions to dismiss are appropriate or not.

22  THE COURT: All right.

23  I will grant the motions then staying the responsive
24  pleadings by all defendants other than Google's, Android's,
25  Rubin's, Sears' -- Nicholas Sears', Miner's, and White's

1 motion, which will be briefed.  Plaintiff given 14 days to
2 respond.  7 days to reply.
3      THE CLERK:  July 14th, and then July 21st for the
4 reply.
5      THE COURT:  And I will give you a ruling date in late
6 August, it probably will be by mail, but I will give you a
7 date.
8      THE CLERK:  August 27th at 9:00.
9      THE COURT:  Okay.
10      MR. MURPHY:  One other item, your Honor.
11      At the last hearing on June 4th, the Court granted
12 Google's request for some limited discovery after they filed a
13 responsive pleading.
14      I don't believe that this is a responsive pleading.
15 It is a motion to dismiss.  They have, however, sent me some
16 interrogatories and requests to produce.
17      I don't believe it is proper at this time.  I think
18 that that was the Court's intent, that once they filed their
19 answer, then at that point we would get into discovery issues.
20      MR. FINN:  No, your Honor.
21      The Court was very clear that after a responsive
22 pleading was filed we would be able to conduct some limited
23 written discovery on whether the plaintiffs had abandoned the
24 mark or not.
25      In fact, the Court questioned whether we would be

1  answering or filing on otherwise motion to dismiss or other
2  pleading, and we confirmed with the Court that we intended
3  most likely to file a motion to dismiss or some other
4  responsive pleading.
5      THE COURT: Well, this is a 12(b)6 motion?
6      MR. FINN: That is -- well, amongst other bases.
7  There is a 12(b)6, 12(b)2, 12(b)3, and 12(b)1, failure to
8  state a claim, personal jurisdiction, venue, and standing as
9  to two of the plaintiffs.
10     THE COURT: Well, you would be entitled to discovery
11 on 12(b)1, but 12(b)6 is strictly on the pleadings.
12     I will allow the limited discovery to go forward.
13     MR. MURPHY: For both sides, your Honor, then?
14     THE COURT: Yes.
15     MR. MURPHY: Okay.
16     MR. CYRLUK: And your Honor, the stay of the
17 responsive pleading, that applies to my clients as well?
18     THE COURT: Right.
19     MR. CYRLUK: Thank you, your Honor.
20     THE COURT: All defendants other than the moving
21 defendants.
22     MR. CYRLUK: Okay.
23     THE COURT: Thank you.
24     (Proceedings concluded.)
25

1 **<u>C E R T I F I C A T E</u>**

3    I certify that the foregoing is a correct transcript
4 from the record of proceedings in the above-entitled matter.

6 <u>/s/Krista Burgeson, CSR, RMR, CRR</u>    <u>June 30, 2009</u>
   Federal Official Court Reporter          Date