**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICH SPECHT, et al., | ) | |
| | ) | Civil Action No. 09-cv-2572 |
| Plaintiffs, | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| GOOGLE, INC., et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION BY GOOGLE INC., ANDROID, INC., ANDREW RUBIN, NICKOLAS SEARS, RICHARD MINER AND CHRISTOPHER WHITE TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs' Response to the Motion to Dismiss ("Response," Dkt. No. 104) misses the mark. In it, Plaintiffs serve up more of the same bald assertions and legal conclusions that are the hallmark of Plaintiffs' First Amended Complaint ("FAC," Dkt. No. 38). They ignore the controlling law, they mischaracterize the arguments made by Defendants, they make insufficient factual assertions nowhere referenced in the FAC (or in the record), and they cite to wholly irrelevant evidence. This Court should grant the Motion to Dismiss (Dkt. No. 73).

## I.     PLAINTIFFS FAIL TO STATE ANY VALID CLAIM AGAINST THE GOOGLE AFFILIATES

In their opening papers, the moving Defendants established that the FAC states no valid claim against the Google Affiliates (or, for that matter, any of the other non-Google Defendants)[1] under Fed. R. Civ. P. 8(a), which requires the FAC to "contain sufficient factual matter, accepted as true . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). The

---

[1] The Court can *sua sponte* dismiss Plaintiffs' claims against those other Defendants for failure to state a valid claim against any of them, for the reasons set forth in the Supporting Memo and herein. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) ("*Sua sponte* 12(b)(6) dismissals are permitted, provided that a sufficient basis for the court's action is evident from the plaintiff's pleading.").

Dockets.Justia.com

FAC consists of nothing more than "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement," and should be dismissed.  *Id.*  Not even attempting to explain how their claims against the Google Affiliates satisfy *Twombly* and *Ashcroft*, Plaintiffs instead cite to stale and inapplicable case law.  (Response pp. 3-4).  Plaintiffs' central argument is that because they pled the bare elements of a trademark infringement claim[2] (*i.e.,* that they own rights to the trademark ANDROID DATA and that a likelihood of confusion exists), they necessarily pled claims against all of the named Defendants.

Under *Ashcroft*, this Court must first look to whether there are any well-pled factual allegations in the FAC, and then "determine whether they plausibly give rise to an entitlement to relief" against the named Defendant(s).  *Id.* at 1950.  Plaintiffs' Response identifies only one factual allegation that even arguably describes a use of the ANDROID mark by a named Defendant in commerce and in association with goods and services -- namely, that "Google through it's [sic] OHA partnership"[3] released source code for its ANDROID software to developers in October 2008 (Response, p. 6, citing FAC ¶35).  Even if this single allegation arguably supports a cause of action against Google, it does not support Plaintiff's claims against the Google Affiliates or any of the other Defendants simply because it incants "OHA" (a group of which the Google Affiliates are not members).

---

[2] Trademark infringement claims under 15 U.S.C. §1114, 15 U.S.C. §1125(a) and the Illinois DTPA are all resolved under the same "likelihood of confusion" standard, which requires the defendant to have used the plaintiff's mark in commerce and in association with goods or services (see Supporting Memo, p. 4).

[3] Although Plaintiffs also argue that "the OHA maintains headquarters in Schaumburg, Illinois" (Response, p. 10), the record establishes that the OHA is not a separate entity, does not have its own offices and is administered by Google at its headquarters in Mountain View, California. (Decl. of Rubin, Dkt. No. 75-2, ¶17).

The majority of the so-called other "uses" of the ANDROID mark described in Plaintiffs' Response are not alleged in the FAC[4]. Even if they had been, those allegations do not describe any use of a trademark in commerce by any specific Defendant. Contrary to Plaintiffs' position, none of the following acts comprise an actionable use of a trademark in commerce:

- Incorporating and filing corporate reports for Android, Inc. *See, e.g., Enea Embedded Technology, Inc. v. Eneas Corp.*, 2009 WL 648891, *5-7, 90 USPQ2d 1927 (D.Ariz. Mar. 11, 2009) (Defendant's registration of corporate names did not constitute a "commercial use" under §§1114 and 1125(a)); *Aycock Engineering, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1360-61 (Fed. Cir. 2009) (formation of a corporate entity did not constitute "use in commerce" of a trademark).

- Registering the <android.com> domain name. *See, e.g., HQM, Ltd. v. Hatfield*, 71 F.Supp.2d 500, 504-05 (D.Md. 1999) (infringement claim based on alleged registration of a domain name fails to state a valid claim); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1051 (9th Cir. 1999) (registration of a domain name does not constitute use of a trademark).

- Selling Android, Inc. and transferring its assets to Google. *See, e.g., Gaffrig Performance Industries, Inc. v. Livorsi Marine, Inc.*, 2003 WL 23144859, * 11 (N.D.Ill. Dec. 22, 2003) (noting distinction between sale of business assets and use of a trademark).[5]

Nor do Plaintiffs' generalized allegations that (i) Defendants "created Android ... and the infringing products that flowed from it," (ii) "Google and the 46 other OHA members[6] formed a partnership to further develop the Android software and product line," (iii) "developers were given the ability and encouraged by the OHA to create infringing products," and (iv) "the OHA members have sold over $600 million dollars worth of infringing products," (Response, pp. 5-6),

---

[4] Plaintiffs cannot amend the FAC by making factual allegations in their Response that do not appear in the FAC. *See Harrell v. U.S.*, 13 F.3d 232, 236 (7th Cir. 1993) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint."); *U.S. v. Nat'l Training and Information Center, Inc.*, 532 F.Supp.2d 946, 951 (N.D.Ill. 2007) (noting that a plaintiff "cannot attempt to amend its complaint by its response to a motion to dismiss").

[5] The other unpled facts referenced in Plaintiffs' Response include claims that the Google Affiliates "encouraged Google and others to infringe upon Plaintiffs' mark," "personally profited from the sale of the Android assets and subsequent employment they were given," "develop[ed] Android software," "form[ed] alliances with OHA members," and "encourag[ed] the infringement of Plaintiffs' mark" (Response, pp. 6-7).

[6] Notably, none of the Google Affiliates are "OHA members" (see FAC Ex. K), and allegations of acts by "the OHA members" cannot form any part of the factual basis for Plaintiffs' claims against the Google Affiliates.

state an actionable infringement claim against any one of the more than fifty named Defendants. *See Dell, Inc. v. This Old Store, Inc.*, 2007 WL 1958609, *3 (S.D.Tex. July 2, 2007) (finding that generalized factual allegations which did not distinguish among thirty-four named defendants failed to state a claim against any of them). Plaintiffs "must allege factual information of some specificity as to each Defendant" in order to satisfy Rule 8. *Id.* at *3.

Plaintiffs also improperly introduce entirely new claims for contributory infringement and vicarious infringement that were <u>not</u> pled in the FAC. Even if they had been pled, allegations that: (i) any of the Defendants "intentionally induced another to infringe Plaintiffs' mark or continued to produce or distribute Android products knowing that the recipient is engaging in trademark infringement" (Response, p. 7); or (ii) "there is an apparent partnership between Google and the direct infringers giving Google the authority to bind the other or exercise control over the product at issue" (Response, p. 8), are nothing more than "formulaic recitations" of the elements needed to establish contributory and vicarious trademark infringement. In other words, they too fail to state a claim satisfying *Ashcroft*, 129 S.Ct. at 1949. *See also Goes Lithography Co. v. Banta Corp.*, 26 F.Supp.2d 1042, 1047 (N.D.Ill. 1998) (dismissing vicarious liability claim for failure to allege facts showing that the defendants had actual or apparent partnership, or could exercise joint control over the infringing product).

## II. PLAINTIFFS FAIL TO STATE A COUNTERFEITING CLAIM

Plaintiffs' discussion regarding "reverse confusion" illustrates why Plaintiffs have made no counterfeiting claim. They argue that use of the ANDROID mark caused "reverse confusion" in the marketplace (see, e.g., FAC ¶78). Under their theory, the public would recognize Google and the other Defendants (i.e., the alleged junior users) as the only *bona fide* users of the mark. The public would also either disregard or be unaware of the existence of the Plaintiff (i.e., the alleged senior users), or incorrectly assume them to be infringers.

However, counterfeiting is limited only to cases of "forward confusion," i.e., cases which involve the "passing off" by the junior user of the registered mark of the senior user. *Schneider Saddlery Co., Inc. v. Best Shot Pet Products Int'l, LLC*, 2009 WL 864072, *4 (N.D.Ohio Mar. 31, 2009) (citing *Unique Concepts v. Manuel*, 1986 U.S. Dist. LEXIS 22765, *49 (N.D.Ill. July 15, 1986)).  As a "reverse confusion" case, Plaintiffs have not alleged that any of the Defendants attempted to "pass off" Google's ANDROID software as Plaintiffs' own product, and they expressly concede that any confusion claimed in this case must be "reverse confusion."  There simply is no basis for a counterfeit claim here, warranting dismissal of that claim.

## III.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE ILLINOIS DTPA

The "facts" pled in the FAC are insufficient to find that "the circumstances that relate to the disputed transaction occur[red] primarily and substantially in Illinois," as required under the Illinois DTPA.  *In re Sears Roebuck Litigation*, 2005 WL 3077606, *2 (N.D.Ill. Nov. 14, 2005) (citing *Avery v. State Farm Mut. Ins. Co.*, 835 N.E.2d 801, 854 (Ill. 2005)).  Plaintiffs' baldly assert for the first time in their Response that "[a] large number of the Defendants have offices and retail stores within the state, sell goods from others [sic] retail stores within the state, advertise in print and on local television stations, and operate websites which are targeted to Illinois residents," and that "Defendants collectively control over fifteen percent of American commerce" (Response, p. 9).  Plaintiffs never specifically name any particular Defendant, nor any particular store, nor any particular advertisement, nor any particular website through which the accused products were sold or offered for sale in Illinois, as would be required to properly allege that "the circumstances that relate to the disputed transaction occur[red] primarily and substantially in Illinois."  Plaintiffs' DTPA claim accordingly fails. *See Gen'l Elec. Co. v. Good Guys, Inc.*, 2006 WL 2927603, *6 (N.D.Ill. Oct. 6, 2006).

## IV.  THE GOOGLE AFFILIATES ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT

Plaintiffs' argument that "the Defendants" are generally subject to jurisdiction in Illinois, based on purported "minimum contacts with the state," (Response, p. 10) is misplaced.   The issue before the Court is only whether the <u>Google Affiliates</u> are subject to personal jurisdiction. Plaintiffs' comments regarding any other Defendants' alleged activities in Illinois are irrelevant.

Plaintiffs also argue that personal jurisdiction exists under the Illinois long-arm statute because "the Defendants have committed a tort, trademark infringement, within this state and because they violated the Illinois [DTPA]" (Response, p. 10).  As Plaintiffs have failed to plead facts showing that any of the Google Affiliates committed trademark infringement or violated the DTPA, there exist no well-pled allegations that any of the Google Affiliates committed a tortious act within Illinois.  Quite simply, the Illinois long-arm statute does not apply here.

As for Plaintiffs' argument that the Google Affiliates are subject to personal jurisdiction under Fed.R.Civ.P. 4(k)(2), by its plan language, the Rule is <u>only</u> applicable to defendants who are "not subject to jurisdiction in any state's courts of general jurisdiction."  *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001) (Rule 4(k)(2) covers persons who do not reside in the United States).  Each of the Google Affiliates is a resident of a state within the United States, making Rule 4(k)(2) inapplicable.

## V.  PLAINTIFFS FAIL TO DEMONSTRATE THAT VENUE IS PROPER

Plaintiffs' argument that venue is proper because "most of the Defendants conduct business in Illinois and Illinois is centrally located" (Response, p. 11) is not the law.  Plaintiffs'

Lanham Act claims arise under federal law, meaning that venue is determined under 28 U.S.C. §1391(b),[7] which is not satisfied here.

First, §1391(b)(1) is inapplicable because the fifty-two (52) named Defendants do not all reside in Illinois. Second, for venue to lie under §1391(b)(2), "a substantial part of the events or omissions giving rise to the claim[s]" would have to have occurred in this District. *Dong v. Garcia*, 553 F.Supp.2d 962, 965 (N.D.Ill. 2008). Plaintiffs do not allege any events or omissions by Defendants occurring in this District, meaning that §1391(b)(2) also cannot apply. Finally, §1391(b)(3) does not apply since Google is headquartered in Mountain View, California, from which it administers the activities of the OHA (Decl. of Rubin, Dkt. No. 75-2, ¶17). California is undoubtedly the place where "a substantial part of the events" giving rise to Plaintiffs' claims, to the extent any exist, necessarily occurred. Because none of the subsections of §1391(b) are applicable, venue is not proper in this District.

## VI. PLAINTIFFS FAIL TO DEMONSTRATE THAT EITHER SPECHT OR ANDROID DATA CORPORATION HAVE STANDING

The record establishes that ADI, and not Specht or ADC, is the sole owner of rights to the ANDROID DATA trademark, to the extent that any such rights exist. (see Supporting Memo, Ex. 5). While Plaintiffs suggest that the corporate veils of ADC and ADI are nothing more than fabrication, Specht's status as the sole owner of ADI does not confer standing on Specht individually, as Specht and ADI are separate legal entities. *See Wachovia Securities, LLC v. Jalhelka,* 586 F.Supp.2d 972, 990 (N.D.Ill. 2008) (noting that "[a] corporation is a legal entity that exists separately and distinctly from its shareholders, officers, and directors"). ADI is thus

---

[7] The other venue provisions referenced in Plaintiffs' Response are inapplicable here: §1391(a) applies to cases where jurisdiction is "founded only on diversity of citizenship;" §1391(c) merely defines where a corporation is deemed to reside for purposes of the venue statute; and §1391(d) does not apply where, as here, there are both alien and non-alien defendants. *See Flag Co. v. Maynard*, 376 F.Supp.2d 849, 857 (N.D.Ill. 2005) (where aliens and non-aliens are joined as defendants, venue for the entire action is proper only in a district where it is correct as to the non-alien defendants).

the only party with standing to assert a claim under 15 U.S.C. §1114. *Gruen Marketing Corp. v. Benrus Watch Co., Inc.*, 955 F.Supp. 979, 982 (N.D.Ill. 1997). Any prior rights held by ADC were extinguished when it assigned its rights to ADI, and there is no claim that ADC reserved any rights permitting it to bring this action. ADC's standing basis for the §1114 count, under the present record and pleadings, is a mystery.

As for the other counts, neither Specht nor ADC have shown themselves to have any "reasonable interest to be protected" under 15 U.S.C. §1125(a) *See Dovenmuehle v. Gilldorn Mortgage Midwest Corp.*, 871 F.2d 697, 700 (7th Cir. 1989) (affirming dismissal of plaintiffs' §1125(a) claims for lack of standing where plaintiffs had no rights in the trade name alleged to have been wrongfully appropriated) or that they are "likely to be damaged by another's deceptive trade practice" as required for standing under the DTPA. *Storck USA, L.P. v. Levy*, 1991 WL 60562, *3 (N.D.Ill. Apr. 15, 1991).

## VII. THE REQUEST IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT WAS TIMELY

Fed.R.Civ.P. 12(g)(1) establishes that "[a] motion under this rule <u>may be joined with any other motion</u> allowed by this [R]ule" 12. (emphasis added). Accordingly, Google's request in the alternative for a more definite statement was timely.

## VIII.  CONCLUSION

For the reasons set forth in their opening papers and hereinabove, Google and the Google

Affiliates respectfully request that the Court grant the relief requested in their Motion to Dismiss.

Respectfully submitted,


Dated:  July 21, 2009

/s Herbert H. Finn
Herbert H. Finn (ARDC #6205685)
Richard D. Harris (ARDC #1137913)
Jeffrey P. Dunning (ARDC #6273364)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL  60601
(312) 456-8400

COUNSEL FOR GOOGLE INC.,
ANDROID, INC., ANDREW RUBIN,
NICKOLAS SEARS, RICHARD MINER
and CHRISTOPHER WHITE


## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing
REPLY MEMORANDUM IN SUPPORT OF MOTION BY GOOGLE INC., ANDROID, INC.,
ANDREW RUBIN, NICKOLAS SEARS, RICHARD MINER AND CHRISTOPHER WHITE
TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT with the Clerk of Court using
the CM/ECF system, which will send notification of such filings to all counsel of record.


Dated:  July 21, 2009

/s Herbert H. Finn