**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ERICH SPECHT**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **GOOGLE, INC.**, *et al.*, <br><br> Defendants. | Case No. 09 C 2572 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

On June 4, 2009, Plaintiffs Erich Specht (hereinafter, "Specht"), Android Data Corporation (hereinafter, "ADC"), and The Android's Dungeon Inc. (hereinafter, "ADI") filed their First Amended Complaint (the "FAC") against Defendants Google, Inc. (hereinafter, "Google"); Google's wholly-owned subsidiary, Android, Inc.; Andy Rubin, Nick Sears, Rich Miner, and Chris White, all of whom are current or former Google employees (hereinafter, the "Individual Defendants"); the Open Handset Alliance ("the OHA"); and 46 other Corporate Defendants (the "Corporate Defendants"). On June 22, 2009, Defendants Google, Android, Inc., and the Individual Defendants (hereinafter, collectively, the "Google Defendants") filed a Motion to Dismiss all claims in the FAC. For the reasons discussed

herein, Defendants' Motion to Dismiss is **granted in part** and **denied in part**.

## I. BACKGROUND

Specht is a computer software developer and internet application service provider. FAC ¶ 12. In 1999, Specht began using the mark "ANDROID DATA" to describe certain software and hardware products and services. *Id.* at ¶¶ 13-15. Specht continues to use and develop the ANDROID DATA line of products. *Id.* at ¶ 17. In June 2000, Specht, through his wholly-owned corporation, ADC, filed an application to register ANDROID DATA with the United States Patent and Trademark Office (the "PTO"). *Id.* at ¶ 18. On October 22, 2002, the PTO granted ADC the trademark for "computer e-commerce software to allow users to perform electronic business transactions via a global computer network." FAC Ex. B.

In July 2005, Google hired the Individual Defendants and acquired Android, Inc., a company formed in 2003 by the Individual Defendants for the purpose of developing computer software for mobile phone devices. FAC ¶¶ 20-21. Plaintiffs allege that, as part of this acquisition, Google purchased assets that it is now using for its infringing Android products, including the trademark, software source code, goodwill, and domain name. *Id.* at ¶ 22.

On October 31, 2007, Google applied with the PTO for the "ANDROID" mark for use in commerce or in connection with software or hardware products or services. *Id.* at ¶ 25. The PTO initially denied this application in February 2008, and, after Google appealed the decision, affirmed the denial in a final decision dated August 20, 2008. *Id.* at ¶¶ 30, 33. The PTO explained that Google's use of ANDROID encompasses a broad range of goods and/or services, including "providing e-commerce software" that can be used on mobile devices, computers, computer networks, and global communication networks. FAC Ex. F. In denying Google's registration, the PTO cited likelihood of confusion with Plaintiffs' ANDROID DATA mark, determining that the marks are similar in "sound, appearance, and commercial impression" and share the dominant term, ANDROID, and "the applicant's [Google] goods are closely related to the registrant's [Plaintiffs] goods and commonly emanate from the same source as the registrant's goods." *Id.*

On November 5, 2007, Google and the OHA, "a partnership or business alliance of 47 firms," including the Corporate Defendants, launched a software product called "Android." FAC ¶ 26. In April 2008, the OHA presented Android at an international conference. *Id.* at ¶ 31. In October 2008, Google and the OHA released portions of the source code for the

Android software, which, according to Plaintiffs, encouraged and gave developers the ability to use the infringing Android operating system to create infringing Android applications for use with Defendants' infringing products. *Id.* at ¶¶ 35-36. Since November 2007, Google, OHA, and OHA members "have been and are continuing to use Plaintiffs' Android mark in advertising, promotional materials, and press releases" without Plaintiffs' permission. *Id.* at ¶ 49; *see also id.* at ¶¶ 42-43, 59-61. Additionally, Defendants have sold equipment bearing the ANDROID mark and have released several versions of Android software. *Id.* at ¶¶ 34, 43-47.

Based on these factual allegations, Plaintiffs filed the FAC, alleging two claims under the Lanham Act, trademark infringement (15 U.S.C. § 1114, Count I) and unfair competition (15 U.S.C. § 1125(a), Count II), and a violation of the Illinois Deceptive Trade Practices Act (the "DTPA") (815 ILCS 510/2, Count III).

The Google Defendants now bring a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). Defendants first argue that, by lumping the 52 Defendants together and failing to distinguish each Defendant's wrongful conduct, Plaintiffs failed to plead facts supporting any of their legal claims.

Second, Defendants contend that Plaintiffs did not demonstrate that this Court has personal jurisdiction over Android, Inc. and the Individual Defendants. Third, Defendants argue that venue is not proper in this District. Fourth, Defendants argue that Plaintiffs Specht and ADC have failed to establish that they have standing to bring this suit. Finally, if the Court determines that dismissal is inappropriate, Defendants urge the Court to require Plaintiffs to amend the FAC to provide a more definite statement of their claims.

## II. **ANALYSIS**

### A. **Failure to State a Claim**

#### *1. Standard of Review*

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1940. A complaint need not set forth all of the relevant facts, however, it must describe the claim with sufficient detail so as to provide the

defendants with fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007); FED. R. CIV. P. 8(a). The Court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences in a light favorable to the plaintiff. *Bell Atlantic*, 550 U.S. at 556. However, the Court need not accept as true legal conclusions, and "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct. at 1940.

### *2. Lanham Act Claims*

Count I of the FAC alleges trademark infringement under the Lanham Act, which prohibits in relevant part the:

> use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

15 U.S.C. § 1114. In Count II, Plaintiffs allege unfair competition under the Lanham Act, which imposes liability against a party for any "false designation of origin . . . likely to cause confusion . . . as to the origin . . . of his goods." 15 U.S.C. § 1125(a)(1)(A). These two sections of the Lanham Act thereby create legal claims by "a trademark holder

[when he] can demonstrate that the use of its trademark by another is likely to confuse consumers as to the source of the product." *Super Wash, Inc. v. Sterling,* No. 04 C 4618, 2006 WL 533362, *3 (N.D.Ill., Mar. 2, 2006) (internal citations omitted).

### a. *Claims against Defendant OHA*

As a preliminary matter, the Google Defendants contend that the OHA does not exist as a legal entity and is only a name for an industry group that promotes innovation in the field of mobile technology and is administered by Google from its headquarters in California. Rubin Aff. ¶ 17. Based on the affidavits submitted by Google, the Court finds that the OHA is not a proper defendant in this action and should be dismissed. The Court will interpret all factual allegations against "the OHA" as attributable to Google.

### b. *Claims against Defendant Google*

In order to state a claim under either section of the Lanham Act, Plaintiffs must plead that (1) their mark is protectable, and (2) Defendants' use of the mark is likely to cause confusion among consumers. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir., 2001); *Echo Travel, Inc. v. Travel Associates, Inc.*, 870 F.2d 1264, 1266 (7th Cir., 1989).

Setting aside for the moment the issue of standing, *see infra* Section II (c), it is clear that the first prong of the *Packman* test has been satisfied. The FAC establishes that at least one Plaintiff has a protectable interest in the ANDROID DATA mark. The mark was registered to ADC, a corporation solely owned by Specht, in October 2002 and remains in force. FAC Ex. L. Defendants assert, however, that Plaintiffs have failed to allege the second prong - that Defendants "use" the mark "in commerce." According to Defendants, Plaintiffs have not alleged that Defendants advertised or offered actual infringing products or services.

The Lanham Act defines "use in commerce" as "use of a mark in the ordinary course of trade" either (1) on goods by placing the mark on the goods or (2) on services when the mark is used or displayed in the sale or advertising of services and the services are rendered in commerce. 15 U.S.C. § 1127. "Mere advertising," in the absence of an actual good or service in commerce, is insufficient to establish use. *See Central Mfg., Inc. v. Brett*, 492 F.3d 876, 882 (7th Cir., 2007); *Miyano Machinery USA, Inc. v. MiyanoHitec Machinery, Inc.*, 576 F.Supp.2d 868, 881 (N.D.Ill., 2008) ("Neither residual nor token use nor mere promotional use of goods in a different course of trade constitute proper 'use' under the Lanham

Act."); *MB Financial Bank, N.A. v. MB Real Estate Services, L.L.C.,* No. 02 C 5925, 2003 WL 21462501, *7 n. 2 (N.D.Ill., June 23, 2003) ("[T]he single use of a mark in an advertisement without any services offered under that mark does not constitute 'use in commerce' under the Lanham Act.").

The Court finds that Plaintiffs have sufficiently put Google on notice of their Lanham Act claims and have provided the factual allegations supporting their claims that Google "used" the Android mark in commerce as required to survive a motion to dismiss. Plaintiffs listed the trademark that Google allegedly infringed ("ANDROID DATA"), noted the time frame (since November 2007), indicated the similar mark ("ANDROID"), and described the type of infringing activities. *See Papa John's Intern., Inc. v. Rezko*, 446 F.Supp.2d 801, 807 (N.D.Ill., 2006). In addition to factual allegations relating to Google's promotional campaign for its Android products, the FAC alleges that Google released to developers part of the source code for its Android line, unveiled several versions of this product, and sold related equipment. The actual existence and scope of Google's use are questions of fact to be decided after discovery has closed. At the motion to dismiss stage, "Plaintiffs need not prove either defendants' use or likelihood of confusion . . . – both are questions of fact to be

determined at a later stage." *Id.* at 807-08. Here, Plaintiffs have sufficiently alleged that Google used Plaintiffs' mark in a manner that may confuse the public.

      *c. Claims against the Individual Defendants*

Plaintiffs have failed, however, to state a claim against the Individual Defendants. The sole allegations in the FAC relating to the Individual Defendants are that they incorporated Android, Inc., sold the company to Google, and became employed by Google.

As a general rule, corporate officers are not held personally liable for infringement by their corporation when they are acting within the scope of their duties. *See Dangler v. Imperial Mach. Co.,* 11 F.2d 945, 947 (7th Cir., 1926); *Panther Pumps & Equipment Co. v. Hydrocraft, Inc.*, 468 F.2d 225, 233 (7th Cir., 1972). A plaintiff seeking to hold an officer personally liable must make a "special showing" that the officer acted "willfully and knowingly," such as by "personally participat[ing] in the manufacture or sale of the infringing article (acts other than as an officer)" or by "[using] the corporation as an instrument to carry out his own willful and deliberate infringements." *Drink Group, Inc. v. Gulfstream Communications, Inc.*, 7 F.Supp.2d 1009, 1010

(N.D.Ill., 1998) (citing *Dangler*, 11 F.2d at 947); *see also Papa John's,* 446 F.Supp.2d at 805.

Here, Plaintiffs have failed to allege any facts that would demonstrate wrongdoing by any of the Individual Defendants. The mere facts that the Individual Defendants incorporated Android, Inc. and sold the company to Google are "innocuous in the absence of allegations that, at the time of incorporation, they were motivated by some improper purpose or acting outside the scope of their corporate duties." *Drink Group*, 7 F.Supp.2d at 1011. Plaintiffs' conclusory statements that the Individual Defendants are liable, standing alone, fall short of the "special showing" and run afoul of their duty to adumbrate a claim with supporting facts. *Id.*; Iqbal, 129 S. Ct. at 1949-50. For these reasons, the Court dismisses all claims against Defendants Andy Rubin, Nick Sears, Rich Miner, and Chris White.

*d. Claims against Android, Inc. and the Corporate Defendants*

Additionally, with the exception of Defendant Google, Plaintiffs have not stated a claim against the Corporate Defendants or Android, Inc. The FAC makes general allegations that "Defendants," based on their status as OHA members, *see* FAC ¶¶ 28-29, 48, infringed on Plaintiffs' trademark by using the mark in promotional materials in order to sell "goods or

services." FAC ¶¶ 49, 61, 63, 80-81, 83-84. The FAC fails to make any distinction among the 48 Corporate Defendants; rather, it consists of vague allegations "on information and belief" with no factual specifics. Plaintiffs treat the numerous Defendants (other than Google) as a collective whole and do not identify any specific act of infringement by any single Defendant or any service rendered or product provided by any single Defendant.

Plaintiffs' conclusory legal claims against unspecified Defendants fall short of the requirement that a complaint cite supporting facts in order to survive a motion to dismiss. *See Iqbal*, 129 S.Ct. at 1949, 1954 (Rule 8 "demands more than an unadorned, the defendant-unlawfully harmed me accusation. Naked assertions [absent] further factual enhancement" are insufficient.). The FAC, thus, fails to place each Defendant on notice as to its alleged wrongful conduct. *See Concentra Health,* 496 F.3d at 776; *see also Dell, Inc. v. This Old Store, Inc.*, No. H-07-0561, 2007 WL 1958609, *2 (S.D.Tex., July 2, 2007). For these reasons, the Court dismisses all claims against Android, Inc. and the Corporate Defendants. Nonetheless, based on the preference in federal courts for deciding cases on the merits rather than on the sufficiency of the pleadings and in the interest of justice, *see Barry*

*Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir., 2004), the Court will give Plaintiffs an opportunity to file an Second Amended Complaint. In this new pleading, Plaintiffs must distinguish between Defendants and allege supporting factual information of some specificity as to each Defendant. *See Dell,* 2007 WL 1958609, at *3.

 *e. Other Miscellaneous Claims under the Lanham Act*

 Finally, Plaintiffs argue that they adequately pled claims for contributory infringement, vicarious infringement, and counterfeiting under the Lanham Act.

 With regards to the contributory and vicarious infringement, the FAC fails to mention either of these legal claims, much less plead each with supporting facts. Plaintiffs, therefore, have not satisfied the burden of pleading these claims under Rule 8. FED. R. CIV. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

 With respect to the counterfeiting claim, Plaintiffs include a skeletal legal claim in their prayer for relief. *See* FAC § VI, ¶¶ 3-4. A mark is only counterfeit if it is "identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. "Counterfeiting is the act of producing or selling a product with a sham trademark

that is an intentional and calculated reproduction of the genuine trademark." *Schneider Saddlery Co. v. Best Shot Pet Prods. Intern., LLC*, No. 06-CV-02602, 2009 WL 864072, *4 (N.D.Ohio, Mar. 31, 2009). Thus, "[c]ounterfeiting is a subset of trademark infringement. [Although] all counterfeits infringe, . . . not all infringements are counterfeit." 2-5 Gilson on Trademarks § 5.19 (2008). Here, the FAC alleges that Defendants used the term "ANDROID" but not allege that any Defendant used the protected term "ANDROID DATA." Plaintiffs do not provide any other facts supporting a counterfeiting claim, thus such claim must be dismissed summarily. *Iqbal*, 129 S. Ct. at 1940.

### *3. Illinois Deceptive Trade Practice Act Claim*

In Count III, Plaintiffs allege a claim under the DTPA, namely that Defendants' use of "ANDROID" to promote, market, or sell products or services constitutes deceptive practices in violation of 815 ILCS 510/2. Illinois courts resolve DTPA claims arising out of an alleged infringement of a mark under the same standard as the Lanham Act. *See MJ & Partners Restaurant Ltd. Partnership v. Zadicof,* 10 F.Supp.2d 922, 929 (N.D.Ill., 1998); *Spex, Inc. v. The Joy of Spex, Inc.*, 847 F.Supp. 567, 579 (N.D.Ill., 1994). Thus, for the reasons

stated above, the DTPA claim against Defendants other than Google are dismissed.

Defendants also argue that the DTPA claim should be dismissed because the alleged infringement did not occur "primarily and substantially in Illinois." *See Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853-54 (Ill., 2005); *In re Sears Roebuck & Co. Tools Marketing and Sales Practices Litigation*, No. MDL-1703, 2005 WL 3077606, *1-2 (N.D.Ill., Nov. 14, 2005). Courts consider several factors to determine whether a transaction occurred "primarily and substantially" in Illinois, bringing a claim under the ambit of the DTPA, including: (1) the plaintiff's residence, (2) where the misrepresentation was made, (3) where the damage to the plaintiff occurred, and (4) whether the plaintiff communicated with the defendant in Illinois. *Avery*, 835 N.E.2d at 853-54.

In this case, Plaintiffs have established a factual nexus with Illinois as required to state a claim under the DTPA. Specht resides and runs his businesses in Illinois, and ADC and ADI are both Illinois corporations. Plaintiffs, therefore, suffered any damage from the alleged infringement in Illinois. Google is a foreign corporation registered to do business in Illinois. The alleged infringement took place on the Internet and was international in scope, presumably occurring in

Illinois. Thus, the Court finds that, based on the factual allegations discussed above, the FAC has stated a DTPA claim against Google.

## B. Venue

Next, Defendants contend that venue is not proper in the Northern District of Illinois. Plaintiffs bear the burden of establishing that venue is proper. *Hanyuan Dong v. Garcia*, 553 F.Supp.2d 962, 964 (N.D.Ill., 2008). Here, Plaintiffs allege venue pursuant to 28 U.S.C. § 1391(b) and (c).

Venue can lie in this Court if "a substantial part of the events or omissions giving rise to the claim occurred" in Illinois. 28 U.S.C. § 1391(b)(2). "To be substantial, it is enough to establish that the events that took place in Illinois were part of the historical predicate for the instant suit." *Dong*, 553 F.Supp.2d at 965. Determining where a claim arose and where venue is proper is "at best an imprecise task." *Beveridge v. Mid-West Management, Inc.*, 78 F.Supp.2d 739, 746 (N.D.Ill., 1999). "District courts have a substantial amount of discretion in determining venue, which is an inquiry focused on fairness and convenience of the parties as opposed to constitutional considerations." *Id.* With respect to Lanham Act claims, courts commonly consider the location of the events giving rise to the claim, where the alleged infringement

occurs. *Id.* Venue is only proper, however, where the infringer has had "significant activities," more than mere "minuscule contact." *Id*.

Here, the FAC alleges that Specht, an Illinois resident, and ADC and ADI, Illinois corporations, presently suffer from injuries in Illinois. The alleged infringement took place on an international scale, including in Illinois. Taking these factors into consideration, the Court concludes that Illinois is not an improper venue for this case.

### C. Standing

Next, Defendants argue that Plaintiffs Specht and ADC should be dismissed for lack of standing because neither has rights in the ANDROID DATA trademark or will be damaged by the alleged infringement.

The Lanham Act grants standing to assert a claim for trademark infringement only to the "registrant" of a trademark. *Gruen Marketing Corp. v. Benrus Watch Co.*, 955 F.Supp. 979, 982, 984 (N.D.Ill., 1997); 15 U.S.C. § 1114(1)(providing that a person who violates § 1114(1) "shall be liable in a civil action by the registrant"). Under the Act, the term "registrant" includes the registrant and its "legal representatives, predecessors, successors and assigns." *Gruen*, 955 F.Supp. at 982 (citing 15 U.S.C. § 1127).

By contrast, the Lanham Act provides for broader standing to assert unfair competition claims. Under 15 U.S.C. § 1125(a), "any person who believes that he or she is likely to be damaged" by a prohibited act can bring a suit. *Id.* at 983. "A plaintiff need not be the owner of a registered trademark in order to have standing to sue." *Id.*; *see also Dovenmuehle v. Gilldorn Mort. Midwest Corp.*, 871 F.2d 697, 700 (7th Cir., 1989). Courts, however, have interpreted 15 U.S.C. § 1125(a) to limit standing to persons who show "proof of ownership of a proprietary right" or "a reasonable interest to protect." *Gruen*, 955 F.Supp. at 984.

Similarly, the Illinois DTPA broadly confers standing "to any injured party." *Storck USA, L.P. v. Levy*, No. 90 C 5382, 1991 WL 60552, *2-3 (N.D.Ill., Apr. 15, 1991); *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 904 F.Supp. 818, 822 (N.D.Ill., 1995). A person "likely to be damaged" by a defendant's deceptive trade practice can bring suit, and proof of monetary damage or loss of profits is not required. 815 ILCS 510/3.

The ANDROID DATA trademark was registered to ADC in 2002. FAC Ex. B. All rights to this mark were transferred by assignment to ADI on April 28, 2004. Defs. Ex. 5. Both ADC and ADI are companies wholly-owned by Specht and, presumably,

use the "ANDROID DATA" mark in conducting their business. FAC ¶¶ 10-11. Because the Lanham Act limits standing to bring trademark infringement cases to the "registrant" of the mark, 15 U.S.C. § 1114(1), only ADI, the current owner of the "ANDROID DATA" mark has standing to bring this claim. Based on the factual allegations in the FAC, all Plaintiffs, however, have standing bring the unfair competition claim and the Illinois DTPA claim. Therefore, the claims for trademark infringement by appellants are dismissed.

**D. Request for a More Definite Statement**

Finally, Defendants request that the Court order Plaintiffs to amend the FAC to provide a more definite statement of their claims. The Court finds that the FAC provides adequate factual allegations and legal claims against the remaining defendant, Google. Requiring Plaintiffs to amend their pleadings would be unduly burdensome and is unnecessary. Furthermore, by the terms of this order, Plaintiffs are granted leave to file a more-detailed Second Amended Complaint with specific factual information and claims relating to each individual defendant.

## V. CONCLUSION

For the reasons stated herein, this Court **grants in part** and **denies in part** Defendants' Motions to Dismiss.

- 19 -

Plaintiffs' claims against all Defendants, other than Google, are dismissed without prejudice. The trademark infringement claim (Count I) brought by Plaintiffs Specht and ADC is dismissed with prejudice for lack of standing. Plaintiffs are granted leave to file a Second Amended Complaint that provides supporting factual information of some specificity as to each individual defendant.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 8/3/2009