**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED, | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| v. | ) | Civil Action No. 09-cv-2572 |
| | ) | |
| GOOGLE INC., | ) | Judge Harry D. Leinenweber |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | Magistrate Judge Jeffrey Cole |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION TO STRIKE AND DISMISS COUNTERCLAIMS**

Plaintiffs Erich Specht ("Specht"), Android Data Corporation ("ADC") and The Android's Dungeon Incorporated ("ADI") (collectively, "Plaintiffs"), by and through their attorneys, Novack and Macey LLP and Martin Murphy, hereby submit this memorandum in support of their Motion To Strike and Dismiss Counterclaims.

**ARGUMENT**

Google's Counterclaim purports to allege eight separate counts against Plaintiffs: Count I, for declaratory judgment that Plaintiffs abandoned trademark rights; Count II, for declaratory judgment that Plaintiffs fraudulently procured United States Trademark Registration No. 2,639,556 (the "'556 Registration"); Count III, for declaratory judgment that Google has not infringed Plaintiffs rights; Count IV, for cancellation of the '556 Registration; Count V, for fraudulent procurement of the '556 Registration; Count VI, for defamation; Count VII, for conspiracy to defraud the United States Patent & Trademark Office ("USPTO"); and Count VIII, for conspiracy to defraud Google. As explained below, Count III is redundant and should be

stricken under Fed. R. Civ. P. 12(f), and Counts II and VI through VIII fail to state a claim and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## I.      COUNT III IS REDUNDANT MATTER AND SHOULD BE STRICKEN UNDER RULE 12(f)

Count III, which seeks a declaratory judgment that Google has not infringed Plaintiffs' trademark rights, pointlessly asks the Court to decide the identical question presented by Plaintiffs in this case, but to the opposite effect.  Rule 12(f) gives the Court discretion to strike redundant matter in the pleadings.  In <u>Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.,</u> 362 F. Supp. 78 (N.D. Ill. 1973), this Court, applying Rule 12(f), dismissed a redundant counterclaim like Google's.  As explained in that case:

> The plaintiff's complaint seeks declaratory relief as to the contractual rights of the parties, namely a declaration as to whether the plaintiff is liable to defendants for commissions on sales after January 1, 1971.  The defendants in Counts I and III of the counterclaim request this Court to determine the identical issue from the defendants' perspective.  It is clear to this court that counts I and III of the counterclaim merely restate an issue already before this court.  That issue will be determined by the litigation of the instant complaint.  It is well settled that such repetitious and unnecessary pleadings should be stricken.

<u>Id.</u> at 82 (citations omitted).  The same is true here.  Plaintiffs ask the Court to find that Google's use of the Android mark infringes and violates Plaintiffs' rights in the Android Data mark.  (2nd Am. Compl. ¶¶102-17.)   Count III of Google's Counterclaim asks the Court to decide the identical issue, but in favor of Google.  (CCl. ¶¶53-61.)   Accordingly, Count III serves no purpose, and it should be stricken.  <u>See</u> <u>Green Bay</u>, 362 F. Supp. at 82; <u>see also</u> <u>Rayman v. Peoples Savs. Corp.</u>, 735 F. Supp. 842, 852-53 (N.D. Ill. 1990) (a counterclaim that merely duplicates a defense can be dismissed as redundant); <u>Lincoln Nat'l Corp. v. Steadfast Ins. Co.</u>, No. 06-cv-0058, 2006 WL 1660591, *4 (N.D. Ind. June 9, 2006) (same).

## II.   COUNTS II, IV AND V FAIL TO STATE A CLAIM
##        THAT PLAINTIFFS COMMITTED FRAUD ON THE USPTO

Counts II, IV and V of the Counterclaim each assert the same claim, alleging ADI committed fraud on the USPTO by submitting a knowingly false "[Section] 8 Declaration." (E.g., CCl. ¶¶51, 66, 74.)  Only the remedies they seek are different:  Count II seeks declaratory judgment that plaintiffs' mark is invalid and unenforceable; Count IV seeks cancelation of the '556 Registration under 15 U.S.C. §1064; and Count V seeks damages under 15 U.S.C. §1120.[1]

All three Counts fail because Google has not alleged the first essential element of fraud: a false representation of a material fact.  See Nw. Corp. v. Gabriel Mfg. Co., No. 95 C 2004, 1996 WL 251433, *7 (N.D. Ill. May 8, 1996).  Google's fraud claims in Counts II, IV and V are all based on a single alleged false representation -- i.e., that on April 21, 2009, ADI filed a Section 8 Declaration with the USPTO for the '556 Registration stating that the Android Data mark was "in use in commerce on or in connection with all goods or services listed in the existing registration." (E.g., CCl. ¶¶31, 51, 66, 74.)  Google alleges that this statement by ADI in the Section 8 Declaration

> was false, because as of April 21, 2009, neither ADI nor any
> related company or licensee of ADI was using the ANDROID
> DATA mark in commerce with any of the goods listed in the
> registration.

(Id. ¶33.)  Yet, in the paragraph that immediately follows, Google concedes that, on April 20 -- the day before ADI told the USPTO it was using the Android Data mark in commerce --

---

[1]      Count IV also seeks cancelation of the '556 Registration based on abandonment. (CCl. ¶¶70-71.)  The Court should exercise its discretion under Rule 12(f) and order Google to file one consolidated claim that combines these allegations with Google's redundant claim in Count I, which seeks a declaratory judgment that Plaintiffs abandoned the '556 Registration.

> Specht registered the domain name <android-data.com>, <u>and</u>
> <u>activated</u> <u>a</u> <u>new</u> <u>website</u> that had previously been located at the
> URL www.android-data.com.

(<u>Id.</u> ¶34 (emphasis added).)

Because Google has alleged that the android-data.com website was up and running as of April 20, 2009, ADI's <u>factually</u> <u>accurate</u> representation on April 21 that the Android Data mark was "in use in commerce" cannot form the basis of an actionable fraud claim.  <u>See</u> <u>Cain v.</u> <u>Osman</u>, No. 07-4003, 2008 WL 2647286, *2 (7th Cir. July 7, 2008) (applying Illinois law) (to support an action for fraud, the alleged misrepresentation must be one of <u>fact</u>).  Moreover, to the extent Google's Counterclaim can be reasonably understood as alleging fraud based on an erroneous <u>legal</u> <u>conclusion</u> regarding what constitutes "use in commerce" under the Lanham Act, that too would fail to state a claim because ADI's opinion on a legal issue cannot be the basis for a fraud claim  <u>Id.</u>  This principle was explained by the Seventh Circuit in <u>Cain v. Osman</u>, as follows:

> Cain contends that his complaint alleges a statement of fact that is materially false:  Osman's representation that he did not believe Cain had a "viable action under the False Claims Act."  This statement, however, is a legal opinion, not a representation of fact. It cannot support a fraud claim because, "in an action for fraud, the alleged misrepresentation must be one of fact and not an expression of opinion."

<u>Id.</u>  Likewise, here, Google cannot state a claim for fraud based on any alleged opinion as to whether, on April 21, 2009, Plaintiffs' mark Android Data was in "use in commerce" under the Lanham Act.  For this reason, Counts II, IV and V should be dismissed.

## III.   COUNT VI FAILS TO STATE A CLAIM FOR DEFAMATION

In Count VI, Google purports to state a claim for defamation against Plaintiffs based on their attorney Martin Murphy's alleged statements to Forbes magazine that Google's Android mark is "[b]asically . . . a stolen name" and "[i]t's our trademark, and Google is using it as if it's

theirs." (CCl. ¶78.) This claim fails for two reasons: <u>first</u>, the alleged statement is subject to a reasonable innocent interpretation and, thus, not defamatory *per se*; and <u>second</u>, the statement is a constitutionally privileged expression of opinion. Either reason is sufficient to dismiss Count VI.

### A.   The Forbes Article

It is not surprising that Google chose not to attach to its Counterclaim the Forbes.com article about which it complains in Count VI. The article, published April 30, 2009, and entitled "Google's Android Angst," reveals Murphy's alleged defamatory statements, in context, to be nothing more than counsel's presentation of his client's view of the claims of record in this case, which is not actionable defamation under Illinois law. Google cannot run from the article, however, because it is central to Google's claim in Count VI and, therefore, considered to be part of the pleadings. See <u>Venture Assocs. Corp. v. Zenith Data Sys. Corp.</u>, 987 F.2d 429, 431 (7th Cir. 1993). A copy of the article is attached hereto as Exhibit A.

The Forbes.com article concerns one subject -- this lawsuit. The article begins with the bolded subtitle: "A software developer has sued the Internet giant over the trademarked term Android." The third paragraph of the article -- which contains the alleged defamatory statements -- states in full:

> Specht, who runs a small, Palatine, Ill.-based firm called Android Data Corp., is seeking an injunction on Android-branded products and up to $94 million in damages for infringing his trademark. "Basically, it's a stolen name," says Specht's attorney, Martin Murphy. "It's our trademark, and Google is using it as if it's theirs."

The next sentence of the article quotes a Google spokesperson as saying that Google "believes the claims are without merit and 'will defend vigorously against them.'"

The paragraphs that follow summarize some of the alleged factual bases for Plaintiffs'

claims against Google, including that the USPTO registered Plaintiffs' "Android Data" mark,

and denied Google's application for registration of "Android" due to its similarity to "Android

Data":

> Specht's complaint hinges on filings with the U.S. Patent and
> Trademark Office (PTO) that go back nearly a decade.  The
> developer first incorporated his firm in 1998, specializing in
> software that would help Web sites transfer data securely and
> efficiently.  Enamored by the word Android and its geeky
> connotations, he tried to trademark "Android Data," related to
> computer e-commerce software, in 2000.  The PTO granted his
> request in 2002.

*      *      *

> Google applied for its Android trademark in October 2007, just
> days before it publicly unveiled its Android plans.  The PTO
> rejected the application in February 2008, citing similarity to
> Specht's mark. (Emphasis added.)

Immediately following this summary of allegations, the article quotes Murphy as saying

"[S]pecht put a lot of thought into that name Android . . . He felt, 'Google is taking this away

from me.'" (Emphasis added.)

**B.      Count VI Is Barred By The Innocent Construction Rule**

Because the alleged defamatory statement is subject to a reasonable innocent

construction, Count VI fails to state a claim.  The Illinois Supreme Court has described Illinois'

"innocent construction rule" as follows:

> a written or oral statement is to be considered in context, with the
> words and the implications therefrom given their natural and
> obvious meaning; if, as so construed, the statement may reasonably
> be innocently interpreted . . . it cannot be actionable *per se.*

Owen v. Carr, 113 Ill. 2d 273, 279 (1986).  Where, as in this case, no special damages are

alleged, a statement that is not defamatory *per se* cannot support a cause of action for

defamation.   See id. at 277-78.   Whether a statement is subject to a reasonable innocent construction is "a question of law to be resolved by the court in the first instance[.]"   Id. at 279.

Murphy's alleged statement, when considered in context, may reasonably be innocently interpreted as his presentation of Plaintiffs' view of their alleged claims against Google.   It is clear to a reader that the words "basically stolen" are rhetorical hyperbole, and Murphy is not purporting to state a fact that Google committed a criminal act of theft.   Neither his words (as quoted by Forbes) nor the surrounding context suggest that he is addressing anything but the trademark allegations that are the subject of article.   Rather, the only reasonable way to read the statement is as an expression of his clients' view, as alleged in the lawsuit, that Google's use of the name "Android" infringes Plaintiffs' trademark rights.   This interpretation is further supported by the subsequent quote, also attributed to Murphy, that "[S]pecht put a lot of thought into that name Android . . . He felt, 'Google is taking this away from me.'"

In Owen v. Carr, the Supreme Court of Illinois affirmed the dismissal of a defamation claim based on a very similar set of allegations.   That case arose out of a lawsuit filed by St. Clair County Judge William B. Starnes against the plaintiff, Owen, seeking damages for "false and defamatory" letters that Owen sent to the Illinois Judicial Inquiry Board accusing Judge Starnes of misconduct.   113 Ill. 2d at 276.   Judge Starnes was represented in the lawsuit by the defendant, Carr.   Id.   Owen then filed a defamation action against Carr over statements that Carr made about Owen to a reporter whose article concerning Judge Starnes' lawsuit was published in the National Law Journal ("NLJ").   Id.   Owen's claim focused on the following statement that the NLJ article attributed to Carr:

> Judicial inquiries are privileged, but the defendants wrongfully
> abused that privilege and should be held liable, Mr. Carr claimed.
> Mr. Owen did not file his complaint in the interest of justice, but
> instead was trying deliberately to intimidate Judge Starnes and

7

other judges in future cases involving [Owen's client] International
Harvester, he said.

Id. at 276.  Like Google, Owen did not allege any special damages and so his right to recover
depended on the alleged statement being defamatory *per se*.  Id. at 277.

The appellate court found Owen's defamation claim was subject to a reasonable innocent
construction, and dismissed the complaint accordingly.  The Supreme Court agreed and affirmed
on the grounds that the statement, when considered in context could "reasonably be construed as
an attorney's biased presentation of his client's view of a pending cause of action."  Id. at 280.
As in this case, the critical context that permitted an innocent construction was the
acknowledgement of the lawsuit, which made it clear that the statement in question was simply a
reference to an allegation to be proved at the trial:

> The article, however, does not state that Owen, by corresponding
> with the Judicial Inquiry Board, actually intended to intimidate the
> judge.  Rather the article presents Carr's statement only as an
> allegation to be proved at the trial of the complaint he filed against
> Owen.

Id. at 279.  The Owen case compels the same result here.  The statement that Google "stole" the
name Android and used it "as if it [was] theirs," in context, is nothing more than Plaintiffs' view
that Google is infringing their trademark as alleged in the lawsuit.

Accordingly, Count VI fails to state a claim.

### C.     The Alleged Statement Is A Privileged Expression Of Opinion

In Owen, the Supreme Court observed that plaintiff failed to state a claim for the
additional reason that Defendant's statement was an expression of opinion regarding his client's
lawsuit, which is constitutionally privileged under Illinois law.  Id. at 280-81.  Whether a
statement is one of fact or opinion is a question of law that is determined by reviewing the
statement in context.  Id. at 280.  Google's claim in Count VI fails on these same grounds

because Murphy's alleged defamatory statement expresses an opinion regarding the merits of the infringement allegations against Google. See id. at 280-81; see also Wilkow v. Forbes, Inc., No. 99-C-3477, 2000 WL 631344, *15 (N.D. Ill. May 15, 2000) (holding that Forbes' statement that real estate developer used bankruptcy laws to "rob" creditors was not actionable, because "even the most careless reader would have understood that the word ["robbed"] was 'no more than rhetorical hyperbole, a vigorous epithet used by those who considered [the developer's] negotiating position extremely unreasonable'").

*        *        *

For all of the foregoing reasons, Count VI fails to state a claim for defamation and should be dismissed.

## IV.    COUNTS VII AND VIII FAIL TO STATE A CLAIM FOR CONSPIRACY

Counts VII and VIII allege that Specht, ADC and ADI engaged in conspiracies to commit fraud. Count VII alleges conspiracy to defraud the USPTO, and Count VIII alleges conspiracy to defraud Google. Here, Counts VII and VIII fail to state a claim because Google has not alleged actionable underlying fraud and, in all events, both Counts fail to state a claim against Specht, who, as an agent of ADC and ADI, is incapable of conspiring with either.

### A.    Google Has Not Alleged Actionable Fraud Against The USPTO

To allege a claim for conspiracy to commit fraud, a claimant must plead the underlying tort of fraud. Hawthorne Partners v. AT&T Techs., Inc., No. 91-C-7167, 1992 WL 53684, *5 (N.D. Ill. Mar. 11, 1992). Google purports to base Count VII on the same "underlying tort" that it alleges in Counts II, IV and V -- namely, its claim that Plaintiffs defrauded the USPTO by conspiring to "unlawfully prevent the cancellation of the '556 Registration . . . due to Specht's, ADC's and/or ADI's non-use of the ANDROID DATA trademark in commerce." (CCI. ¶83.) However, as more fully discussed in Section II above, this does not state a fraud claim because

9

the allegation that Plaintiffs forfeited trademark rights due to "non-use" of their trademarks does not allege a <u>fact</u> that could have been known and, thus, misrepresented by Plaintiffs, but rather a <u>legal issue</u> to be determined ultimately by the Court and/or a jury in this case. Because Google has not alleged an actionable underlying fraud claim, its conspiracy claim in Count VII fails.

B.     <u>Count VIII Fails To Allege Actionable Fraud Against Google</u>

Count VIII alleges two underlying fraudulent acts, neither of which is sufficient to support a claim that Plaintiffs defrauded Google. First, Google alleges that Plaintiffs "filed this lawsuit against Google, with the expectation that they would share in any monetary recovery or settlement proceeds." (CCI. ¶90.) This allegation does not come close to pleading fraud; rather, it describes any ordinary civil suit. Indeed, far from being fraudulent, Plaintiffs' lawsuit states viable claims against Google, as the Court already determined when it denied Google's motion to dismiss. Second, Google alleges that Plaintiffs "made untrue and defamatory statements to the media, with the intention of creating negative publicity for Google in the hopes of leveraging such negative publicity into a favorable settlement." (<u>Id.</u> ¶91.) As explained in Section III above, Google has not stated an actionable defamation claim. Accordingly, Count VIII also fails for lack of an actionable underlying tort, and it should be dismissed. <u>Hawthorne Partners</u>, 1992 WL 53684, at *5.

C.     <u>In All Events, Both Counts Must Be Dismissed As Against Specht</u>

At the very least, Counts VII and VIII fail to state actionable claims against Specht for the simple reason that he is an agent of ADC and ADI, incapable of conspiring with either. A conspiracy must involve two or more parties and, thus, cannot exist between a principal and an agent. <u>Krieger v. Adler, Kaplan & Begy</u>, No. 94-C-7809, 1996 WL 6540, *17 (N.D. Ill. Jan. 5, 1996). Accordingly, a corporation cannot conspire with its own officers or employees. <u>Bankcard Am., Inc. v. Peach Tree Bancard Corp.</u>, 89-C-1246, 1991 WL 1170, *3-4 (N.D. Ill.

Jan. 2, 1991).  At all relevant times, Specht has been an officer of ADC and ADI and, therefore, incapable of conspiring with either entity.  (2d Am. Compl. ¶¶7, 8.)  For this reason, Counts VII and VIII should be dismissed as against Specht.

## **CONCLUSION**

For the foregoing reasons, Count III of the Counterclaim should be stricken, and Counts II and IV through VIII of the Counterclaim should be dismissed.

Respectfully submitted,

ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED

By:_____/s/ John F. Shonkwiler_____
        One of Their Attorneys

P. Andrew Fleming
John F. Shonkwiler
John B. Haarlow, Jr.
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Doc. #314568

Martin Murphy
2811 RFD
Long Grove, IL 60047
(312) 933-3200

## CERTIFICATE OF SERVICE

John F. Shonkwiler, an attorney, certifies that he caused copies of the foregoing to be served by electronically filing the document with the Clerk of Court using the ECF system this 6th day of October, 2009.

_____/s/ John F. Shonkwiler_____