# EXHIBIT F

| | |
|---|---|
| **To:** | Google Inc. (trademarks@google.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77318565 - ANDROID - N/A |
| **Sent:** | 8/20/2008 5:35:12 PM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/318565

**MARK:** ANDROID

**CORRESPONDENT ADDRESS:**
  GOOGLE INC.
  GOOGLE INC.
  1600 AMPHITHEATRE PKWY
  MOUNTAIN VIEW, CA 94043-1351

# *77318565*

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**    Google Inc.

**CORRESPONDENT'S
REFERENCE/DOCKET NO:**
  N/A
**CORRESPONDENT E-MAIL ADDRESS:**
  trademarks@google.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS
OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE:** 8/20/2008

**THIS IS A FINAL ACTION.**

This letter responds to the applicant's communication filed on August 14, 2008. The applicant (1)
argued against the refusal to register the mark under Section 2(d), (2) amended the identification of
goods, and (3) stated that the term ANDROID has no meaning other than as a trademark.

The following requirement has been satisfied: (1) Significance of the Mark.  TMEP §§713.02, 714.04.

The following requirement has been satisfied: (1) Significance of the Mark. TMEP §§713.02, 714.04.

For the reasons set forth below, the refusal under Trademark Act Section 2(d) is now made **FINAL** with respect to U.S. Registration No. 2639556. *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.64(a). In addition, the following requirement is now made **FINAL**: (1) Identification of Goods. *See* 37 C.F.R. §2.64(a).

## Refusal: Section 2(d) – Likelihood of Confusion Refusal

Registration was refused under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the mark for which registration is sought so resembles the mark shown in U.S. Registration No. 2639556 as to be likely, when used in connection with the identified goods, to cause confusion, or to cause mistake, or to deceive.

The examining attorney has considered the applicant's arguments carefully but has found them unpersuasive. For the reasons below, the refusal under Section 2(d) is maintained and is now made **FINAL**.

The applicant applied to register the mark ANDROID in standard character form for "mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices." The registered mark is ANDROID DATA in typed form for "computer e-commerce software to allow users to perform electronic business transactions via a global computer network."

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. The marks are compared for similarities in their appearance, sound, connotation and commercial impression. TMEP §§1207.01, 1207.01(b). The goods and/or services are compared to determine whether they are similar or commercially related or travel in the same trade channels. *See Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002); *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336, 57 USPQ2d 1557, 1559 (Fed. Cir. 2001); TMEP §§1207.01, 1207.01(a)(vi).

## Comparison of the Marks

Regarding the first prong of the test, although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. Disclaimed matter is typically less significant or less dominant when comparing marks. *See In re Dixie Rests. Inc.*, 105 F.3d 1405, 1407, 41 USPQ2d 1531, 1533-34 (Fed. Cir. 1997); *In re Nat'l Data Corp.*, 753 F.2d 1056, 1060, 224 USPQ 749, 752 (Fed. Cir. 1985); TMEP §1207.01(b)(viii), (c)(ii). Here, the registrant has disclaimed the wording DATA. Therefore, the examining attorney must closely examine the dominant portion of the registrant's mark against the applicant's mark.

The dominant portion of the registrant's mark and the applicant's mark are the identical term

ANDROID. Thus, the dominant portion of the registrant's mark and the applicant's mark are identical with respect to sound, appearance, and commercial impression. Marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark. *See Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd sub nom. Canadian Imperial Bank of Commerce v. Wells Fargo Bank, Nat'l Ass'n*, 811 F.2d 1490, 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized));*In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.*, 189 USPQ 424 (TTAB 1975) (LUTEXAL and LUTEX); TMEP §1207.01(b)(ii)-(iii).

The question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 201, 175 USPQ 558, 558-59 (C.C.P.A. 1972); TMEP §1207.01(b). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *See Recot, Inc. v. M.C. Becton*, 214 F.2d 1322, 1329-30, 54 USPQ2d 1894, 1899 (Fed. Cir. 2000); *Visual Info. Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179, 189 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537, 540-41 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106, 108 (TTAB 1975); TMEP §1207.01(b).

Considering the above, the marks are sufficiently similar to cause a likelihood of confusion under Trademark Act Section 2(d).

## Comparison of the Goods

Turning to the second prong of the test, the goods of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i). Rather, they need only be related in some manner, or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods come from a common source. *In re Total Quality Group, Inc.*, 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984).

The registrant is providing e-commerce software. This software can be used on the applicant's mobile device hardware and peripherals. Furthermore, the registrant's software may be executed by the applicant's "software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks." Thus, the goods are related and conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods come from a common source.

Furthermore, the applicant's "computer software for use in transmitting and receiving data over computer networks and global communication networks" is broad enough to include the applicant's e-commerce software. Likelihood of confusion is determined on the basis of the goods and/or services as they are identified in the application and registration. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 1267-68, 62 USPQ2d 1001, 1004-05 (Fed. Cir. 2002); *In re Shell Oil Co.*, 992 F.2d 1204, 1207 n.4, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); TMEP §1207.01(a)(iii). In this case, applicant's goods are identified broadly. Therefore, it is presumed that the application encompasses all goods of the type described, including those in the registrant's more specific identification, that they move in all normal channels of trade, and that they are available to all potential customers. *See* TMEP §1207.01(a)(iii); *see, e.g., In re Americor Health Servs.*, 1 USPQ2d 1670, 1670-71 (TTAB 1986); *In re Equitable Bancorporation*, 229 USPQ 709, 710 (TTAB 1986).

Finally, the Trademark Trial and Appeal Board has held that computer hardware products are related to computer software products, such that their marketing under the same or similar marks may be likely to cause source confusion. *See In re Emulex Corp.*, 6 USPQ2d 1312 (TTAB 1987) (holding JAVELIN for computer peripheral software storage unit likely to be confused with JAVELIN for "prerecorded computer programs in machine readable form"); *In re TIE/Commc'ns, Inc.*, 5 USPQ2d 1457 (TTAB 1987) (holding DATA STAR likely to cause confusion when used in connection with both registrant's "computer programs recorded on magnetic media" and applicant's "voice/data communications terminals and parts thereof"); *In re Digital Research Inc.*, 4 USPQ2d 1242 (TTAB 1987) (holding CONCURRENT PC-DOS likely to be confused with CONCURRENT TECHNOLOGIES CORPORATION for "printed electronic circuit boards"); *In re Epic Sys. Corp.*, 228 USPQ 213 (TTAB 1985) (holding EPIC for computer software for use in health care facilities likely to be confused with EPIC DATA for "electronic data collection terminals and electronic data collection units"); *In re Teradata Corp.*, 223 USPQ 361 (TTAB 1984) (holding Y NET for computer hardware likely to be confused with XYNET for computer software); *In re Compagnie Internationale Pour L'Informatique-Cii Honeywell Bull*, 223 USPQ 363 (TTAB 1984) (holding QUESTAR for computer hardware likely to be confused with QUESTAN for computer programs); *In re Graphics Tech. Corp.*, 222 USPQ 179 (TTAB 1984) (holding AGILE for computer programs likely to be confused with AGILE for computer data terminals); *Alpha Indus., Inc. v. Alpha Microsystems*, 220 USPQ 67 (TTAB 1983) (holding ALPHA MICRO for digital computer equipment and programs likely to be confused with ALPHA MICROWAVE for microwave components and sub assemblies); *see also Octocom Sys. Inc. v. Houston Computer Servs., Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990) (affirming TTAB decision on summary judgment that found computer modems and computer programs highly related); *cf. In re Quadram Corp.*, 228 USPQ 863 (TTAB 1985).

## Applicant's Arguments

The applicant argues that no likelihood of confusion exists because the registrant is no longer using the mark as evidenced by their lack of presence currently on the Internet. Furthermore, the applicant has provided documents showing that the registrant's corporate entity was involuntarily dissolved in May, 2004.

However, while these statements may be true, a trademark or service mark registration on the Principal Register is prima facie evidence of the validity of the registration and the registrant's exclusive right to use the mark in commerce in connection with the specified goods and/or services. *See* 15 U.S.C. §1057(b); TMEP §1207.01(d)(iv). Evidence that constitutes a collateral attack on a cited registration, such as statements about a registrant's nonuse of its mark, is not relevant to a likelihood of confusion

determination in ex parte examination. *See In re Dixie Rests.*, 105 F.3d 1405, 1408, 41 USPQ2d 1531, 1534-35 (Fed. Cir. 1997); *In re Peebles Inc.*, 23 USPQ2d 1795, 1797 n.5 (TTAB 1992); TMEP §1207.01(d)(iv). Such evidence may, however, be pertinent to a formal proceeding before the Trademark Trial and Appeal Board to cancel the cited registration.

<u>**Conclusion**</u>

The applicant's mark must be refused registration under Trademark Act Section 2(d). The applicant's mark is highly similar to the registrant's mark with respect to sound, appearance, and commercial impression. Both marks share the dominant term ANDROID. Furthermore, the applicant's goods are closely related to the registrant's goods and commonly emanate from the same source as the registrant's goods. As such, the refusal is maintained and is now made **FINAL**.

<u>**Requirement: Identification of Goods**</u>

The examining attorney informed the applicant that the identification of goods was indefinite and must be clarified because it was too broad. It was noted that applicant may adopt the following identification, if accurate:

**International Class 009:** *Computer* hardware; *Computer* software *for {specify the function of the programs, e.g., use in database management, use as a spreadsheet, word processing, etc. and, if software is content- or field-specific, the content or field of use}*.

The applicant responded and amended the identification to the following:

**International Class 009:** Mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices.

However, the identification of goods remains indefinite because portions of the identification are too broad. Applicant may adopt the following identification of goods, if accurate:

**International Class 009:** Mobile device hardware and peripherals, *namely, {state the specific hardware and peripherals, i.e. devices for hands-free use of mobile phones, mobile phones, etc.}*; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices, *namely mobile phones.*

Identifications of goods can be amended only to clarify or limit the goods; adding to or broadening the scope of the goods is not permitted. 37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*, 1402.07. Therefore, applicant may not amend the identification to include goods that are not within the scope of the goods set forth in the present identification.

For assistance with identifying and classifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identifications of Goods and Services* at

http://tess2.uspto.gov/netahtml/tidm.html. *See* TMEP §1402.04.

Since the applicant failed to provide an acceptable identification of goods, this requirement is maintained and is now made **FINAL**.

## Response Guidelines

If applicant does not respond within six months of the mailing date of this final Office action, the application will be abandoned. 15 U.S.C. §1062(b); 37 C.F.R. §2.65(a). Applicant may respond to this final Office action by:

> (1)    Submitting a response that fully satisfies all outstanding requirements, if feasible; and/or

> (2)    Filing an appeal to the Trademark Trial and Appeal Board, with an appeal fee of $100 per class.

37 C.F.R. §§2.6(a)(18), 2.64(a); TBMP ch. 1200; TMEP §714.04.

In certain rare circumstances, a petition to the Director may be filed pursuant to 37 C.F.R. §2.63(b)(2) to review a final Office action that is limited to procedural issues. 37 C.F.R. §2.64(a); TMEP §714.04; *see* 37 C.F.R. §2.146(b); TBMP §1201.05; TMEP §1704 (explaining petitionable matters). The petition fee is $100. 37 C.F.R. §2.6(a)(15).

If applicant has questions about its application, please telephone the assigned trademark examining attorney directly at the number below.

> /Seth A. Rappaport/
> Seth A. Rappaport
> Trademark Examining Attorney
> Law Office 103
> Phone: (571) 270-1508
> Fax: (571) 270-2508

**RESPOND TO THIS ACTION:** Applicant should file a response to this Office action online using the form at http://www.uspto.gov/teas/eTEASpageD.htm, waiting 48-72 hours if applicant received notification of the Office action via e-mail. For *technical* assistance with the form, please e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned examining attorney. **Do not respond to this Office action by e-mail; the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

| To: | Google Inc. (trademarks@google.com) |
| Subject: | TRADEMARK APPLICATION NO. 77318565 - ANDROID - N/A |
| Sent: | 8/20/2008 5:35:14 PM |
| Sent As: | ECOM103@USPTO.GOV |
| Attachments: | |

# IMPORTANT NOTICE
## USPTO OFFICE ACTION HAS ISSUED ON 8/20/2008 FOR APPLICATION SERIAL NO. 77318565

Please follow the instructions below to continue the prosecution of your application:

**VIEW OFFICE ACTION:** Click on this link http://tmportal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77318565&doc_type=OOA& (or copy and paste this URL into the address field of your browser), or visit http://tmportal.uspto.gov/external/portal/tow and enter the application serial number to access the Office action.

**PLEASE NOTE:** The Office action may not be immediately available but will be viewable within 24 hours of this notification.

**RESPONSE MAY BE REQUIRED:** You should carefully review the Office action to determine (1) if a response is required; (2) how to respond; and (3) the applicable response time period. Your response deadline will be calculated from 8/20/2008.

**Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System response form at http://www.uspto.gov/teas/eTEASpageD.htm.**

**HELP:** For *technical* assistance in accessing the Office action, please e-mail TDR@uspto.gov. Please contact the assigned examining attorney with questions about the Office action.

# WARNING
**1. The USPTO will NOT send a separate e-mail with the Office action attached.**

**2. Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.**

# EXHIBIT G

# Request for Reconsideration after Final Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77318565 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 103 |

**MARK SECTION (no change)**

**ARGUMENT(S)**

As requested by the Examining Attorney, we have again amended the description to further clarify the goods.

In response to the Examining Attorney's continued 2(d) refusal, we would like to note, in addition to the arguments we made previously, that the deadline for filing a section 8 affidavit for Reg. No. 2639556 has passed, and there is no record that such an affidavit has been timely filed. Because the registration is (or will soon be) no longer valid, we again ask that the Examining Attorney to withdraw the refusal. If the Examining Attorney cannot at this time withdraw the refusal, we kindly request that the Examining Attorney consider suspending the examination of our application pending the final disposition of Reg. No. 2639556.

**GOODS AND/OR SERVICES SECTION (current)**

| | |
|---|---|
| **INTERNATIONAL CLASS** | 009 |

**DESCRIPTION**

mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices

| | |
|---|---|
| **FILING BASIS** | Section 1(b) |

**GOODS AND/OR SERVICES SECTION (proposed)**

| | |
|---|---|
| **INTERNATIONAL CLASS** | 009 |

**DESCRIPTION**

mobile phones; operating system software; software for use in developing, executing, and running other

software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile phones

| FILING BASIS | Section 1(b) |
|---|---|

## SIGNATURE SECTION

| DECLARATION SIGNATURE | /ttt/ |
|---|---|
| SIGNATORY'S NAME | Tu T. Tsao |
| SIGNATORY'S POSITION | Trademark Counsel |
| DATE SIGNED | 11/20/2008 |
| RESPONSE SIGNATURE | /ttt/ |
| SIGNATORY'S NAME | Tu T. Tsao |
| SIGNATORY'S POSITION | Trademark Counsel |
| DATE SIGNED | 11/20/2008 |
| AUTHORIZED SIGNATORY | YES |
| CONCURRENT APPEAL NOTICE FILED | YES |

## FILING INFORMATION SECTION

| SUBMIT DATE | Thu Nov 20 20:25:56 EST 2008 |
|---|---|
| TEAS STAMP | USPTO/RFR-65.57.245.11-20 081120202556717742-773185 65-43094e1d4f7a428d59f826 13f14196fdc-N/A-N/A-20081 120195637689134 |

## Request for Reconsideration after Final Action
## To the Commissioner for Trademarks:

Application serial no. **77318565** has been amended as follows:

**ARGUMENT(S)**
**In response to the substantive refusal(s), please note the following:**

As requested by the Examining Attorney, we have again amended the description to further clarify the goods.

In response to the Examining Attorney's continued 2(d) refusal, we would like to note, in addition to the arguments we made previously, that the deadline for filing a section 8 affidavit for Reg. No. 2639556 has passed, and there is no record that such an affidavit has been timely filed. Because the registration is (or will soon be) no longer valid, we again ask that the Examining Attorney to withdraw the refusal. If the Examining Attorney cannot at this time withdraw the refusal, we kindly request that the Examining Attorney consider suspending the examination of our application pending the final disposition of Reg. No. 2639556.

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**
**Applicant proposes to amend the following class of goods/services in the application:**
**Current:** Class 009 for mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices
Original Filing Basis:
**Filing Basis: Section 1(b), Intent to Use:** The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. (15 U.S.C. Section 1051(b)).

**Proposed:** Class 009 for mobile phones; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile phones
**Filing Basis: Section 1(b), Intent to Use:** The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. (15 U.S.C. Section 1051(b)).

**SIGNATURE(S)**
**Declaration Signature**
If the applicant is seeking registration under Section 1(b) and/or Section 44 of the Trademark Act, the applicant had a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the

application. 37 C.F.R. Secs. 2.34(a)(2)(i); 2.34 (a)(3)(i); and 2.34(a)(4)(ii). If the applicant is seeking registration under Section 1(a) of the Trademark Act, the mark was in use in commerce on or in connection with the goods or services listed in the application as of the application filing date. 37 C.F.R. Secs. 2.34(a)(1)(i). The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; that if the original application was submitted unsigned, that all statements in the original application and this submission made of the declaration signer's knowledge are true; and all statements in the original application and this submission made on information and belief are believed to be true.

Signature: /ttt/    Date: 11/20/2008
Signatory's Name: Tu T. Tsao
Signatory's Position: Trademark Counsel

**Request for Reconsideration Signature**
Signature: /ttt/    Date: 11/20/2008
Signatory's Name: Tu T. Tsao
Signatory's Position: Trademark Counsel

The signatory has confirmed that he/she is not represented by either an authorized attorney or Canadian attorney/agent, and that he/she is either (1) the applicant or (2) a person(s) with legal authority to bind the applicant; and if an authorized U.S. attorney or Canadian attorney/agent previously represented him/her in this matter, either he/she has filed a signed revocation of power of attorney with the USPTO or the USPTO has granted the request of his/her prior representative to withdraw.

The applicant is filing a Notice of Appeal in conjunction with this Request for Reconsideration.


Serial Number: 77318565
Internet Transmission Date: Thu Nov 20 20:25:56 EST 2008
TEAS Stamp: USPTO/RFR-65.57.245.11-20081120202556717
742-77318565-43094e1d4f7a428d59f82613f14
196fdc-N/A-N/A-20081120195637689134

# EXHIBIT H

Trademark Trial and Appeal Board Electronic Filing System. *http://estta.uspto.gov*

ESTTA Tracking number:   **ESTTA250394**

Filing date:   **11/20/2008**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Application Serial No. | 77318565 |
|---|---|
| Applicant | Google Inc. |

## Notice of Appeal

Notice is hereby given that Google Inc. appeals to the Trademark Trial and Appeal Board the refusal to register the mark depicted in Application Serial No. 77318565.

Applicant has filed a request for reconsideration of the refusal to register, and requests suspension of the appeal pending consideration of the request by the Examining Attorney.

The refusal to register has been appealed as to the following class of goods/services:

- Class 009.
  All goods and services in the class are appealed, namely: mobile device hardware and peripherals; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile devices

Respectfully submitted,
/ttt/
11/20/2008
**GOOGLE INC.**

**GOOGLE INC.**

**1600 AMPHITHEATRE PKWY**

**MOUNTAIN VIEW, CA 94043-1351**

**UNITED STATES**

**trademarks@google.com**

**650-253-0000**

# EXHIBIT I

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

| | |
|---|---|
| MAILED: November 21, 2008 | |
| IN RE:<br>Google Inc. | |
| SERIAL NO.  77318555 | |
| APPEAL RECEIVED:  11/20/2008 | |
| BRIEF DUE:  n/a | |

GOOGLE INC.
GOOGLE INC.
1600 AMPHITHEATRE PKWY
MOUNTAIN VIEW  CA  94043-1351

    The appeal and appeal fee in the above-entitled

application were received on the date indicated above.

Applicant indicated that it has filed or is filing today a

request for reconsideration of the final refusal to

register.[1]

---

[1] A timely request for reconsideration must be filed with the
Trademark Examining Operation, and may be filed via TEAS, using
the Response to Office Action form.  (To maintain their status,
TEAS Plus applicants must use TEAS for filing a request for
reconsideration.)  Applicant should notify the Board immediately
if it has not filed a timely request for reconsideration and does
not intend to do so.

Accordingly, the appeal is hereby instituted, but action on the appeal is suspended pending the Examining Attorney's consideration of the request for reconsideration.

In the event the refusal of registration is maintained, proceedings will be resumed and applicant will be allowed time in which to file a brief on its appeal.

## New Developments at the Trademark Trial and Appeal Board

TTAB forms for electronic filing of extensions of time to oppose, notices of opposition, petition for cancellation, notice of ex parte appeal, and inter partes filings are now available at http://estta.uspto.gov. Images of TTAB proceeding files can be viewed using TTABVue at http://ttabvue.uspto.gov.

Parties should also be aware of changes in the rules affecting trademark matters, including rules of practice before the TTAB. See Rules of Practice for Trademark-Related Filings Under the Madrid Protocol Implementation Act, 68 Fed. R. 55,748 (September 26, 2003) (effective November 2, 2003) Reorganization of Correspondence and Other Provisions, 68 Fed. Reg. 48,286 (August 13, 2003) (effective September 12, 2003). Notices concerning the rules changes are available at www.uspto.gov.

# EXHIBIT J

| To: | Google Inc. (trademarks@google.com) |
|---|---|
| **Subject:** | TRADEMARK APPLICATION NO. 77318565 - ANDROID - N/A |
| **Sent:** | 11/24/2008 5:06:20 PM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO:    77/318565

MARK: ANDROID

# *77318565*

CORRESPONDENT ADDRESS:
  GOOGLE INC.
  GOOGLE INC.
  1600 AMPHITHEATRE PKWY
  MOUNTAIN VIEW, CA 94043-1351

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

APPLICANT:    Google Inc.

CORRESPONDENT'S
REFERENCE/DOCKET NO:
  N/A
CORRESPONDENT E-MAIL ADDRESS:
  trademarks@google.com

### NOTICE OF SUSPENSION

ISSUE/MAILING DATE: 11/24/2008

This letter responds to the applicant's communication filed on November 20, 2008. The applicant (1) argued against the Section 2(d) refusal and requested that this mark be placed in suspension pending the determination of whether the cited registration will be canceled or expire and (2) amended the identification of goods.

The following requirement has been satisfied: (1) Identification of Goods. TMEP §§713.02, 714.04.

The following refusal is maintained: (1) Section 2(d) – Likelihood of Confusion Refusal.

**SUSPENSION PROCEDURE**: This suspension notice serves to suspend action on the application for

the reason specified below. No response is needed. However, if you wish to respond to this notice, you should use the "Response to Letter of Suspension" form found at http://teasroa.uspto.gov/rsi/rsi. The Office will conduct periodic status checks to determine if suspension remains appropriate.

Registration has been refused under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d), based on the cited registration. However, registration maintenance documents are due to be filed for the cited registration. If these registration maintenance documents are not timely filed, the cited registration will be canceled under §8 or expire under §9 and will no longer present a bar to registration under Section 2(d). 15 U.S.C. §§1058, 1059. Therefore, action on this application is suspended for 6 months until the examining attorney can determine whether the cited registration will be canceled under §8 or expire under §9. 37 C.F.R §2.67; TMEP §716.02(e).

/Seth A. Rappaport/
Seth A. Rappaport
Trademark Examining Attorney
Law Office 103
Phone: (571) 270-1508
Fax: (571) 270-2508

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

# EXHIBIT K

Side - 1

|  | **NOTICE OF ACCEPTANCE OF §8 DECLARATION** **MAILING DATE: Apr 29, 2009** |
|---|---|

The declaration filed in connection with the registration identified below meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058. The declaration is accepted and the registration remains in force. For further information about this notice, visit our website at: http://www.uspto.gov. To review information regarding the referenced registration, go to http://tarr.uspto.gov.

**REG NUMBER:** 2639556

**MARK:** ANDROID DATA

**OWNER:** Android Data Corporation

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA 22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

ERICH SPECHT
ANDROID DATA CORPORATION
114 N ASHLAND AVE
PALATINE, IL 60067