**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED, ) ) ) ) Plaintiffs/Counter-Defendants, ) ) v. ) ) GOOGLE INC., ) ) Defendant/Counter-Plaintiff. ) | Civil Action No. 09-cv-2572 Judge Harry D. Leinenweber Magistrate Judge Jeffrey Cole |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO STRIKE AND DISMISS COUNTERCLAIMS**

Plaintiffs Erich Specht ("Specht"), an individual and doing business as Android Data Corporation ("ADC") and The Android's Dungeon Incorporated ("ADI") (collectively, "Plaintiffs"), by and through their attorneys, Novack and Macey LLP and Martin J. Murphy, hereby submit this Memorandum in support of their Motion To Strike And Dismiss Counterclaims.

**ARGUMENT**

Google's Counterclaim purports to allege seven separate counts against Plaintiffs: Count I, for cancellation of the United States Trademark Registration No. 2,639,556 (the "'556 Registration"); Count II, for fraudulent procurement of the '556 Registration; Count III, for declaratory judgment that Plaintiffs abandoned trademark rights; Count IV, for declaratory judgment that Plaintiffs fraudulently procured the '556 Registration; Count V, for declaratory judgment that Google has not infringed Plaintiffs' rights; Count VI, for unfair competition under the Lanham Act; and Count VII, for unfair competition under common law. As explained below,

Count V is redundant and should be stricken under Fed. R. Civ. P. 12(f), and Counts I, II, IV, VI and VII fail to state a claim and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## I. COUNT V IS REDUNDANT MATTER AND SHOULD BE STRICKEN UNDER RULE 12(f)

Count V, which seeks a declaratory judgment that Google has not infringed Plaintiffs' trademark rights, pointlessly asks the Court to decide the identical question presented by Plaintiffs in this case, but to the opposite effect. Rule 12(f) gives the Court discretion to strike redundant matter in the pleadings. In Green Bay Packaging, Inc. v. Hoganson & Associates, Inc., 362 F. Supp. 78 (N.D. Ill. 1973), this Court, applying Rule 12(f), dismissed a redundant counterclaim like Google's. As explained in that case:

> The plaintiff's complaint seeks declaratory relief as to the contractual rights of the parties, namely a declaration as to whether the plaintiff is liable to defendants for commissions on sales after January 1, 1971. The defendants in Counts I and III of the counterclaim request this Court to determine the identical issue from the defendants' perspective. It is clear to this court that Counts I and III of the counterclaim merely restate an issue already before this Court. That issue will be determined by the litigation of the instant complaint. It is well settled that such repetitious and unnecessary pleadings should be stricken.

Id. at 82 (citations omitted). The same is true here. Plaintiffs ask the Court to find that Google's use of the Android mark infringes and violates Plaintiffs' rights in the Android Data mark. (2nd Am. Compl. ¶¶97-110.) Count V of Google's Counterclaim asks the Court to decide the identical issue, but in favor of Google. (CCl. ¶¶83-91.) Accordingly, Count V serves no purpose, and it should be stricken. See Green Bay, 362 F. Supp. at 82; see also Rayman v. Peoples Savs. Corp., 735 F. Supp. 842, 852-53 (N.D. Ill. 1990) (a counterclaim that merely duplicates a defense can be dismissed as redundant); Lincoln Nat'l Corp. v. Steadfast Ins. Co., No. 1:06-CV-00058, 2006 WL 1660591, at *4 (N.D. Ind. June 9, 2006) (same).

## II. COUNTS I, II AND IV FAIL TO STATE A CLAIM THAT PLAINTIFFS COMMITTED FRAUD ON THE USPTO

Counts I, II and IV of the Counterclaim each assert the same fraud claim -- i.e., that ADI defrauded the USPTO by submitting a knowingly false "[Section] 8 Declaration." (E.g., CCl. ¶¶54, 64, 77.) Only the remedies they seek are different: Count I seeks cancellation of the '556 Registration under 15 U.S.C. §1064 and §1058; Count II seeks damages under 15 U.S.C. §1120; and Count IV seeks a declaratory judgment that plaintiffs' mark is invalid and unenforceable.[1]

All three Counts fail to state a claim for fraud because Google has not alleged the first essential element: a false representation of a material fact. See Nw. Corp. v. Gabriel Mfg. Co., No. 95 C 2004, 1996 WL 251433, at *7-*8 (N.D. Ill. May 8, 1996). Google's fraud claims in Counts I, II and IV are all based on a single alleged false representation -- i.e., that on April 21, 2009, ADI filed a Section 8 Declaration with the USPTO for the '556 Registration stating that the Android Data mark was "in use in commerce on or in connection with all goods or services listed in the existing registration." (E.g., CCl. ¶¶40, 54, 64, 77.) Google alleges that this statement by ADI in the Section 8 Declaration

> was false, because as of April 21, 2009 [sic] neither ADI nor any related company or licensee of ADI was using the ANDROID DATA mark in commerce on or in connection with any, let alone all, of the goods listed in the registration.

(Id. ¶42.) Yet, Google concedes that, on or about April 20 -- the day before ADI told the USPTO it was using the Android Data mark in commerce --

---

[1] Count I also seeks cancellation of the '556 Registration based on abandonment. (CCl. ¶¶60-61.) The Court should exercise its discretion under Rule 12(f) to strike this allegation or, alternatively, order Google to file one consolidated claim that combines these allegations with Google's redundant claim in Count III, which seeks a declaratory judgment that Plaintiffs abandoned the '556 Registration.

> Specht registered the domain name <android-data.com>, and posted a new website . . . that had previously been located at the URL www.androiddata.com.

(Id. ¶33 (emphasis added).)

Because Google has alleged that the android-data.com website was up and running as of April 20, 2009, ADI's factually accurate representation on April 21 that the Android Data mark was "in use in commerce" cannot form the basis of an actionable fraud claim. See Cain v. Osman, No. 07-4003, 2008 WL 2647286, at *2 (7th Cir. July 7, 2008) (applying Illinois law) (to support an action for fraud, the alleged misrepresentation must be one of fact).

Google tries to avoid the consequence of that concession by claiming Plaintiffs "knew" that the alleged new website did not constitute a "bona fide use" of the Android Data mark "in commerce." (E.g., CCl. ¶¶33-34.) Yet, these allegations purport to allege fraud based on an erroneous legal conclusion regarding what constitutes "bona fide use in commerce" under the Lanham Act. ADI's opinion on a legal issue cannot be the basis for a fraud claim. Cain, 2008 WL 2647286, at *2. This principle was explained by the Seventh Circuit in Cain v. Osman as follows:

> Cain contends that his complaint alleges a statement of fact that is materially false: Osman's representation that he did not believe Cain had a "viable action under the False Claims Act." This statement, however, is a legal opinion, not a representation of fact. It cannot support a fraud claim because, in "an action for fraud, the alleged misrepresentation must be one of fact and not an expression of opinion."

Id. Likewise, here, Google cannot state a claim for fraud based on Plaintiffs' opinion as to whether, on April 21, 2009, they were making bona fide use of the Android Data mark in commerce under the Lanham Act. The same is true for Google's allegations that Plaintiffs "knew" they had "no rights" in the Android Data mark. (CCl. ¶¶27, 32.) Whether and to what extent a party has rights is a legal opinion, it is not something that can be "known" and, thus,

4

misrepresented for fraud purposes. For these reasons, Counts I, II, and IV fail to state a claim that Plaintiffs fraudulently procured the '556 Registration.

### III.  COUNT I FAILS TO STATE A CLAIM FOR CANCELLATION BASED ON AN "INVALID ASSIGNMENT"

Hidden among Count I's fraud allegations is Google's claim that the trademark assignment from ADC to ADI was invalid because: (i) it was an assignment in gross; and (ii) it was unaccompanied by consideration. (CCl. ¶58.) Google ties these allegations to its claim for cancellation in Count I by arguing that, if the assignment was invalid, then ADI was not the "owner" of the Android Data mark, which would render ADI's Section 8 Declaration ineffective and result in cancellation of the '556 Registration. (See id. ¶59.) Google's entire "invalidity" claim fails, however, because Google has not adequately alleged grounds to invalidate the assignment.

#### A.  Google's "Assignment In Gross" Allegation

Google alleges the bare legal conclusion that the assignment was "unaccompanied by any assets or goodwill associated with the Android Data mark," but fails to allege any factual support for this conclusion. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Indeed, the Court cannot accept Google's conclusion here, because it is contradicted by the plain terms of the Software Ownership Transfer Agreement between ADC and ADI dated December 26, 2002 (the "Assignment"), which states that it "transfer[s] the ownership of the software product known as 'Android Data Software,'" and further states:

> With this contract, complete ownership to the source code, setup distributions, marketing materials, documentation and artwork related to this software product as well as the trademark on "ANDROID DATA", the internet domain name "androiddata.com", and the files which make up the web site

> known as 'androiddata.com' shall become the exclusive property
> of The Android's Dungeon Incorporated (Acquirer).

A copy of the Assignment is attached hereto as Exhibit A. Although the Assignment is not Google's friend, Google cannot run from it because it is central to Google's claim and, therefore, considered to be part of the pleadings. See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431-32 (7th Cir. 1993).[2] Thus, the assignment itself, which Google admits ADI filed with the PTO (CCl. ¶48), defeats Google's "assignment in gross" allegation.

### B.    Google's "No Consideration" Allegation Fails

Google's allegation that the assignment was invalid because it lacked consideration is (again) an unsupported legal conclusion and, worse yet, an erroneous legal conclusion. This is because the law does not require a valid assignment of a trademark to be supported by consideration. See Shima Am. Corp. v. S.M. Arnold, Inc., No. 88 C 10064, 1989 WL 65014, at *2 (N.D. Ill. June 7, 1989) ("a signed written assignment is irrevocable and therefore enforceable even if unsupported by consideration"); La Preferida, Inc. v. Cerveceria Modelo, S.A. De C.V., Nos. 86 C 2647 & 87 C 4081, 1989 WL 51062, at *2 (N.D. Ill. May 8, 1989) ("[W]hether parties intended to assign a trademark depends not on their recitations or the amount of consideration, but on the legal effect of their written agreement."). Thus, even if Google were correct that the assignment from ADC to ADI was made without consideration, the assignment would still be valid and enforceable.

For the foregoing reasons, Google's "assignment in gross" and "no consideration" allegations fail to state a claim that the assignment from ADC to ADI was invalid.

---

[2] For this reason, Plaintiffs' attachment of the Assignment does not convert this Rule 12(b)(6) motion into a Rule 56 motion. Venture, 987 F.2d at 431-32.

## IV. COUNT VI FAILS TO STATE A CLAIM FOR UNFAIR COMPETITION UNDER LANHAM ACT

Count VI alleges unfair competition under Section 43(a) of the Lanham Act, which prohibits the use of any false or misleading statement of fact that is likely to cause confusion among consumers. 15 U.S.C. § 1125(a). Google alleges that Plaintiffs violated Section 43(a) by "falsely" representing that they "enjoy exclusive trademark rights in the ANDROID DATA mark" and that "Google's and others' use of the ANDROID mark . . . constitutes [trademark] infringement." (CCl. ¶93.) These representations, Google contends, are false because Plaintiffs "have no such rights as a consequence of their abandonment of the ANDROID DATA mark." (Id.) Count VI fails for the simple reason that ADI -- to this day -- holds a registered trademark for "Android Data" and, with it, holds enforceable rights under the Lanham Act. Plaintiffs' assertion of those rights cannot be actionable under the Lanham Act.

The law is clear that a party cannot incur Lanham Act unfair competition liability for a good faith assertion of its intellectual property rights. E.g., Serio-US Indus., Inc. v. Plastic Recovery Tech. Corp., 459 F.3d 1311, 1321 (Fed. Cir. 2006); Landscape Forms, Inc. v. Columbia Cascade Co., 117 F. Supp. 2d 360, 371 (S.D.N.Y. 2000); Informix Software, Inc. v. Oracle Corp. 927 F. Supp. 1283, 1287 (N.D. Cal. 1996). Informix best illustrates the point. In that case, plaintiff alleged that defendant violated Section 43(a) of the Lanham Act by asserting its rights as the exclusive licensee of a registered trademark. 927 F. Supp. at 1287. The court found this argument "ridiculous." As the court explained,

> A federally registered trademark is presumed to be valid and enforceable. 15 U.S.C. § 1057(b). If the actions Oracle is alleged to have taken were actionable, no owner of a registered trademark could publicly state that it has an enforceable trademark, or attempt to enforce its rights in that trademark. Asserting rights enforceable by statue is not actionable as unfair competition.

7

Id. (emphasis added); see also Serio-US Indus., 459 F.3d at 1321 (affirming dismissal of unfair competition claim because a patent holder's statements to the marketplace regarding its patent rights is not actionable if made in good faith).

The same reasoning applies to defeat Google's claim here. ADI owns the '556 Registration, and the registration is presumed to be valid. See Informix, 927 F. Supp. at 1287. Thus, Plaintiffs' alleged representations, consistent therewith, that they "enjoy exclusive trademark rights" are good faith, non-actionable assertions of existing rights that are enforceable under the Lanham Act. See id. Because Plaintiffs' rights are enforceable by statute, Google does not -- and cannot -- allege that the alleged assertion of those rights was in "bad faith." Instead, Google relies entirely on its allegation that Plaintiffs' "knew" they had abandoned the Android Data mark. (CCl. ¶¶27, 32, 93.) Yet, as explained above, that is not a fact that can be "known" and, thus, "misrepresented" in the manner that Google alleges in Count VI.

Similarly, to the extent Google alleges its unfair competition claim based on Plaintiffs' filing or prosecution of this suit, the claim fails because a good faith attempt to enforce intellectual property rights is not actionable. See, e.g., Landscape Forms, 117 F. Supp. 2d at 371 ("It is hornbook law that commencement of a law suit in a good faith effort to enforce alleged intellectual property rights -- or any legal rights for that matter -- is not unfair competition, even if it is later proven that the party bringing suit was not entitled to such protection.").

For all of these reasons, Count VI fails to state a claim.

## V. COUNT VII FAILS TO STATE A CLAIM

For its Count VII, Google brings a "common law" unfair competition claim, without specifying what common law applies (i.e., federal, Illinois or California). To the extent that the common law from any of these jurisdictions recognizes an independent tort referred to as "unfair competition," the elements of said offense are the same under the common law as under the

8

Lanham Act.  See, e.g., Schreiber Foods, Inc. v. Beatrice Cheese, Inc., No. 97-C-11, 1997 WL 34618437, at *6 (E.D. Wis. Nov. 26, 1997) ("The only basis for a federal unfair competition claim is Section 43(a) of the Lanham Act."); Art Line, Inc. v. Universal Design Collections, Inc., 966 F. Supp. 737, 743-44 (N.D. Ill. 1997) (analyzing unfair competition claim under Illinois law the same as under the Lanham Act); Informix, 927 F. Supp. at 1286-87 (same under California common law).  So, for the reasons discussed in Section IV above, Count VII fails to state a claim for unfair competition.

In all events, at a minimum, Count VII should be dismissed without prejudice because Google fails to identify the source of the supposed common law, thereby depriving Plaintiffs of fair notice of the claim against them.  See Publ'ns Int'l, Ltd. v. Leapfrog Enters., Inc., No. 01 C 3876, 2002 WL 31426651, at *6-*7 (N.D. Ill. Oct. 29, 2002).

## CONCLUSION

For the foregoing reasons, Count V of the Counterclaim should be stricken, and Counts I, II, IV, VI and VII of the Counterclaim should be dismissed.

    Respectfully submitted,

    ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED


    By:_____/s/ John F. Shonkwiler_____
          One of Their Attorneys

P. Andrew Fleming  
John F. Shonkwiler  
John Haarlow, Jr.  
Devra R. Hirshfeld  
NOVACK AND MACEY LLP  
100 North Riverside Plaza  
Chicago, IL 60606  
(312) 419-6900  
Doc. #321787

Martin J. Murphy  
2811 RFD  
Long Grove, IL 60047  
(312) 933-3200

## **CERTIFICATE OF SERVICE**

John Haarlow, Jr., an attorney, certifies that he caused copies of the foregoing to be served by electronically filing the document with the Clerk of Court using the ECF system this 20th day of November, 2009.

                    /s/ John Haarlow, Jr.