**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERICH SPECHT, et al. ) | |
| ) | C.A. No. 09-cv-2572 |
| Plaintiffs, ) | |
| ) | Judge Leinenweber |
| v. ) | |
| ) | Magistrate Judge Cole |
| GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

**GOOGLE INC.'S MOTION TO COMPEL PLAINTIFFS TO PROVIDE COMPLETE
RESPONSES TO INTERROGATORIES AND MEMORANDUM IN SUPPORT**

Defendant Google Inc. ("Google"), by and through its undersigned attorneys, respectfully moves this Court, pursuant to Fed. R. Civ. P. 37(a), to compel Plaintiffs ERICH SPECHT ("Specht"), ANDROID DATA CORPORATION ("ADC") and THE ANDROID'S DUNGEON INCORPORATED ("ADI") (collectively "Plaintiffs") to provide complete responses to Google's First Set of Interrogatories ("Interrogatories").

Early on in this case Google advised the Court that Plaintiffs' abandonment of any trademark rights they may have had in the ANDROID DATA mark would be a central issue. To that end, the Court permitted Google to conduct early written discovery directed to Plaintiffs' abandonment. Google's First Set of Interrogatories, served June 22, 2009, seek particularity as to when, where and how Plaintiffs have used the asserted marks. Since that time, Plaintiffs have avoided responding as to precisely when and how the asserted marks were used—because to do so would merely confirm that Plaintiffs have not used the asserted marks in commerce since at least 2004. Despite specific Interrogatories requesting such identification, there is not a single response from Plaintiffs tying a specific offer to a specific customer on a specific date—let alone

an actual sale or license occurring on any given date. Nor is there any response that identifies a specific advertisement or marketing effort that was conducted on any specific date or even a range of dates.

After Plaintiffs served responses that were grossly deficient and notably incomplete, Google waited over three months while Plaintiffs' new counsel "got up to speed." On November 19, 2009, Plaintiffs finally served purported Supplemental Responses, which provide nothing more than additional boilerplate objections (which are untimely at this late date), vague references to purported information found in "documents [Plaintiffs] have produced in discovery and **all forthcoming production of documents by Plaintiffs,**" and circular references to earlier deficient responses. Curiously, after directing Google to purported documentation for the answers, Plaintiffs have also taken the position in their responses that records evidencing use of the mark with customers do not exist. The utter lack of substance in Plaintiffs' Supplemental Responses only serves to underscore the obvious, namely, that this lawsuit is not an attempt to protect any valid trademark rights, but rather is merely an attempt to shake down Google for a sizable settlement.

**I.     PLAINTIFFS HAVE FAILED TO PROVIDE COMPLETE RESPONSES TO GOOGLE'S INTERROGATORIES**

On June 22, 2009, Google served its First Set of Interrogatories on Plaintiffs ("Interrogatories," Ex. 1). Plaintiffs' responses to Google's Interrogatories were due by no later than July 27, 2009. On July 23, 2009, Plaintiffs, through their original trial counsel, served a document entitled "Plaintiffs' Objections to Google's First Set of Interrogatories" on Google (Ex. 2), which set forth objections but did not include any factual information responsive to any of Google's Interrogatories. Shortly thereafter, on July 31, 2009, Plaintiffs served Google with purportedly substantive Responses to its Interrogatories ("Responses," Ex. 3).

Upon reviewing Plaintiffs' Responses, Google noted that (as discussed further below), while many of them made general references to various purported customers of Plaintiffs' ANDROID DATA software or recipients of business solicitations from Plaintiffs, they were uniformly devoid of dates or timeframes during which such sales or solicitations were made by Plaintiffs. Moreover, while Plaintiffs' Responses repeatedly referred to responsive information purportedly found in "documents produced" by Plaintiffs, they failed to specifically identify any such documents.

Because the abandonment issue at the crux of this case requires a determination of when Plaintiffs ceased using their ANDROID DATA mark, Google advised Plaintiffs of these deficiencies in writing on August 3, 2009, and requested that Plaintiffs supplement their Responses to include the missing information (Ex. 4). However, Google's request for supplementation was met by nothing more than silence from Plaintiffs.

Shortly after new counsel appeared for Plaintiffs on September 1, 2009 and requested additional time to respond to Google's counterclaims (see Dkt. Nos. 119-122), Google brought the deficiencies in Plaintiffs' Responses to their attention (Ex. 5). However, Google continued to be met by silence for more than six weeks. Finally, on October 28, 2009, Plaintiffs agreed to supplement their Responses by November 13 (Ex. 6).

On November 19, Plaintiffs finally served Google with a document entitled "Plaintiffs' Supplemental Answers to First Set of Interrogatories Propounded by Google, Inc." ("Supplemental Responses," Ex. 7). However, Plaintiffs' Supplemental Responses consisted almost exclusively of boilerplate and conclusory objections (which are clearly untimely, as addressed in Sec. IV, *infra*) and the following non-responsive, boilerplate reference to documents (which was repeated in each and every one of the Supplemental Responses):

> Plaintiffs further state that additional detail concerning this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' business records, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiffs as it is for Google. Plaintiffs refer Google to the documents they have produced in discovery and all forthcoming production of documents by Plaintiffs to derive or ascertain the answer and state that identification of specific documents would be equally as burdensome for Plaintiffs as it would be for Google.

Because Plaintiffs have refused to appropriately supplement their Responses to Google's Interrogatories in any meaningful way, Google regrettably has been forced to seek assistance from this Court in requiring Plaintiffs to comply with their discovery obligations.

## II. PLAINTIFFS' RESPONSES TO GOOGLE'S INTERROGATORIES REMAIN INCOMPLETE AND MUST BE SUPPLEMENTED

Plaintiffs are fully aware that the documents produced to date show that they have not made any *bona fide* use of the ANDROID DATA mark in commerce since at least 2004, and have abandoned any rights they may have once had in that mark. For that reason, Plaintiffs have simply refused to identify any relevant dates or time periods in their Responses to Google's Interrogatories. Accordingly, Google requests this Court's intervention in obtaining complete substantive responses to Google's Interrogatories -- responses which <u>identify with particularity when and how</u> Plaintiffs have used their alleged ANDROID DATA mark. Google addresses each deficient interrogatory response in numerical order below.

### A.     Interrogatory No. 1

Google's Interrogatory No. 1 requests Plaintiffs to identify the complete factual basis for the allegation in their First Amended Complaint that Plaintiff(s) "has/have continuously used Android Data in interstate commerce" (Ex. 1, p. 5). In their initial response to Interrogatory No. 1, Plaintiffs identified a litany of purported "uses" of the ANDROID DATA trademark, but omitted key facts, causing their response to be incomplete (Ex. 3, pp. 2-21). Moreover, the non-answer provided in Plaintiffs' Supplemental Responses fails to provide any additional

4

information. Accordingly, Plaintiffs should be required to supplement their response to Interrogatory No. 1, as set forth below.

First, Plaintiffs' original response stated that the ANDROID DATA trademark "appeared on business listings along with contact information on zibb.com, manta, yellowpages.com and the like" (Ex. 3, p. 3). However, as raised in Google's August 3 letter, that response is incomplete in that it (i) fails to identify when such purported business listings appeared on any of those websites and (ii) suggests that such listings appeared on other websites ("and the like") without identifying those website(s) (Ex. 4). Plaintiffs further stated that "[t]he [ANDROID DATA] mark and a link to Plaintiffs' AndroidData.com and Android-Data.com web sites appeared on other clients [sic] web sites" (Ex. 3, p. 3), but again failed to identify any such web sites by name. Plaintiffs also identified a list of entities as "current and former clients" (Ex. 3, p. 4-6), but fails to identify (i) which of those entities are "current" clients and which are "former" clients, or (ii) the dates during which any of those entities were clients of any of the Plaintiffs. Likewise, Plaintiffs identified a list of persons and entities as "Respondents to Advertisements," but once again failed to identify when any of the Plaintiffs attempted to solicit business from those entities or when any of them responded to Plaintiffs.

Such information is necessary in order for Plaintiffs to provide a complete response to this Interrogatory, as it directly bears on the key issue before this Court, which is when the Plaintiffs ceased using the ANDROID DATA mark. Plaintiffs' supplemental non-answer fails to provide any of that information, and is entirely nonresponsive (Ex. 7, pp. 3-4). Accordingly, Plaintiffs should be required to provide a fully responsive answer to this Interrogatory.

**B. Interrogatory No. 2**

Google's Interrogatory No. 2 requests Plaintiffs to identify the complete factual basis for the allegation in their First Amended Complaint that Plaintiff(s) "have expended considerable

5

resources marketing, advertising and promoting goods under its [sic] Android Data mark" (Ex. 1, p. 5). Plaintiffs' original response identified three purported brochures created in 2000, 2002 and 2007, which Plaintiffs claim were "distributed to clients and prospective clients during meetings and via direct mailings" or "sent via direct mailings to potential clients or investors/purchasers" (Ex. 3, p. 22). Notably, however, Plaintiffs' response was silent with regard to (i) the identity of the "clients and prospective clients" and "investors/purchasers" that received any of the identified brochures and when. Again, Plaintiffs' supplemental non-answer fails to provide any of that information, and is entirely nonresponsive (Ex. 7, pp. 4-5).

Plaintiffs' omission of any information regarding the identity of persons or entities who received Plaintiffs' marketing brochures and when renders this response incomplete, inasmuch as Google has no means of verifying Plaintiffs' representations through third-party discovery or otherwise. Moreover, it is unclear whether Plaintiffs have even produced copies of the purported brochures referenced in their response, as they have not identified where in their document production any such copies may be found. Such information is necessary for Google to test the veracity of Plaintiffs' bald claims of having disseminated brochures bearing the ANDROID DATA mark on at least three separate occasions, the most recent of which is alleged to have occurred in 2007. Accordingly, Plaintiffs should be required to supplement their response and identify the requested information by entity and date or confirm that Plaintiffs have no records that corroborate their claims.

    **C.**    **Interrogatory No. 3**

Google's Interrogatory No. 3 required Plaintiffs to identify every product or service that any of the Plaintiffs have sold or offered for sale in association with the ANDROID DATA trademark and, for each such product or service, identify each completed sale, license, or distribution including the date and customer (Ex. 1, p. 5). Such information is critical to the

issue of whether Plaintiffs have abandoned their rights in the ANDROID DATA trademark. To date, Plaintiffs have not produced evidence of any *bona fide* sales of any product or service in association with the ANDROID DATA trademark since at least 2004.

Plaintiffs' original response merely provided a list of products and services purportedly provided by Plaintiffs under the ANDROID DATA trademark, but failed entirely to identify even a single sale tied to any such products or services (Ex. 3, p. 23). Rather, Plaintiffs simply made a vague reference to "answers to the other Interrogatories, documents produced and the invoices provided" (Id**.).**

Plaintiffs' supplemental non-answer fails to provide any additional substantive information, and is entirely non-responsive (Ex. 7, p. 5). Instead, Plaintiffs attempt to rely upon Rule 33(d). Ignoring whether Plaintiff has complied with the requirements to permit such reliance, **despite producing other records, Plaintiffs have failed to produce any documentation demonstrating sales of any products or services for at least 2005, 2006, 2007 and 2008**[1]. Further, Plaintiffs admit that records for some other alleged sales or distributions do not exist. Accordingly, Plaintiffs must identify all such sales.

**D.     Interrogatory No. 4**

Google's Interrogatory No. 4 required Plaintiffs to identify how they have marketed, advertised or promoted any goods or services sold or offered for sale in association with the ANDROID DATA trademark, including the dates and locations thereof (Ex. 1, p. 6). Again, such information is crucial to the determination of whether Plaintiffs have abandoned their rights in the ANDROID DATA trademark, inasmuch as it will likely further demonstrate that Plaintiffs have not engaged in any *bona fide* use of that mark in commerce since at least 2004.

---

[1] In responding to Google's Requests for Admission, Plaintiffs have asserted that they generated invoices for the years 2005, 2006, 2007 and 2008. Despite that position, Plaintiffs are now apparently withholding those documents.

7

Plaintiffs' original response identified a brochure which was created in 2000, and made other vague references to "direct mailings," "online advertisements," "sending promotional materials & proposals," "giving presentations," "online marketing materials on web site," "Thawte Reseller Program," and "[o]nline listing such as Zibb.com, Manta, YellowPages.com, and the like" (Ex. 3, p. 24).  Google's August 3, 2009 letter requested that Plaintiffs provide dates and locations regarding these alleged uses of the ANDROID DATA mark (Ex. 4), which is necessary to enable Google to determine whether Plaintiffs have made any *bona fide* use of the ANDROID DATA mark in commerce since at least 2004.

Plaintiffs' Supplemental Responses did not address the deficiencies raised.  Rather, the Supplemental Responses added other vague methods of advertising such as "seeking referrals from customers," "Plaintiffs' web sites," "web sites containing links to Plaintiffs' web sites," "brochure mailings," "classified advertisements in the New York Times and Chicago Tribune" and "email solicitations"  (Ex. 7, pp. 6-7).  However, Plaintiffs once again fail to identify any particulars as to which customers, which websites, which brochures, which advertisements, and, more importantly *when* any of these items were disseminated.  Accordingly, Plaintiffs must provide more specific information regarding the vague descriptions in their responses to date, including notably identifying information and the date(s) when each of the referenced promotional efforts were undertaken, or else confirm that they have no records of such information.

### E.     Interrogatory No. 5

Google's Interrogatory No. 5 required Plaintiffs to identify, **by month and year**, the total dollar amount of goods and/or services sold, licensed and/or distributed by any of the Plaintiffs in association with the ANDROID DATA trademark (Ex. 1, p. 6).  Again, such information will

demonstrate that Plaintiffs have not engaged in any *bona fide* use of that mark in commerce since at least 2004.

Plaintiffs' original response stated simply that "Total Sales were in excess of $600,000," without providing a breakdown even by year (Ex. 3, pp. 24-25). Plaintiffs' supplemental non-answer fails to provide any additional information. Instead, Plaintiffs appear to be backing away from the prior $600,000 figure by stating the dollars received "will not reflect the fair market value of goods and/or services sold, licensed and/or distributed by Plaintiffs…" because Plaintiffs apparently gave away product and/or services and that no documents exist relative to those transactions (Ex. 7, pp. 7-8). Regardless, of whether Plaintiffs' representations are true, Google is entitled to a substantive response regarding the sales and distribution of products by Plaintiffs—no matter what the figures are. Accordingly, Plaintiffs must provide the requested breakdown of their sales by month and year.

F.  **Interrogatory No. 9**

Google's Interrogatory No. 9 required Plaintiffs to identify **by year** all customers and suppliers of any products or services sold or provided by any of the Plaintiffs in association with the ANDROID DATA trademark (Ex. 1, p. 7). Such information is once again probative of when Plaintiffs ceased any *bona fide* use of the ANDROID DATA mark, which will be demonstrated by an identification of Plaintiffs' customers by year.

Plaintiffs' original response simply incorporated Plaintiffs' responses to prior Interrogatories, none of which identified the requested information, and vaguely referred to "Documents produced" (Ex. 3, p. 28). Google called this issue to Plaintiffs' attention in the August 3, 2009 letter (Ex. 4). In their supplemental non-answer, Plaintiffs ignored this issue and failed to provide any substantive information—instead pointing to an equally deficient response

to Interrogatory No. 1 (Ex. 7, pp. 8-9). However, Plaintiffs have never identified or associated a single customer with any particular year.

Plaintiffs must once again provide the requested identification **by year** of its customers and suppliers of any product or service sold or provided by any of the Plaintiffs in association with the ANDROID DATA trademark.

### III. PLAINTIFFS' VAGUE REFERENCES TO DOCUMENTS DO NOT COMPLY WITH RULE 33(d) AND ARE ENTIRELY NON-RESPONSIVE

Plaintiffs' boilerplate recitals in their Supplemental Responses, that "Plaintiffs refer Google to the documents they have produced in discovery and all forthcoming production of documents by Plaintiffs to derive or ascertain the answer and state that identification of specific documents would be equally as burdensome for Plaintiffs as it would be for Google," without any substantive response, fail to even remotely approach a proper application of Fed.R.Civ.P. 33(d), and are therefore non-responsive to Google's Interrogatories.

Pursuant to Rule 33(d), a party who relies on business records in responding to an interrogatory must specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Transcap Assoc., Inc. v. Euler Hermes American Credit Indemnity Co.*, 2009 WL 1543857, *3 (N.D.Ill. June 3, 2009). Specifically, a party that seeks to rely on Rule 33(d) has the duty to specify "by category and location, the records from which answers to interrogatories can be derived." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 366 (quoting the 1980 Advisory Committee Note to Rule 33(c), now 33(d)).

In the *Transcap* case, the Court found that where a party merely asserted in its responses to interrogatories that "the information sought . . . may be derived or ascertained from the business documents [it] produced," without identifying the specific documents that it relied on,

its response was inadequate, and an order compelling a more complete response, including sufficient detail to enable the requesting party to identify the records relied on, was justified. *Transcap*, 2009 WL 1543857 at *3. *See also Ropak Corp. v. Plastican, Inc.*, 2006 WL 1005406, *5 (N.D.Ill. Apr. 17, 2006) (finding responses to interrogatories under Rule 33(d) inadequate where those responses failed to identify the responsive documents); *Dunkin Donuts Inc. v. N.A.S.T., Inc.*, 428 F.Supp.2d 761, 770 (N.D.Ill. 2005) (noting that interrogatory response which simply referred to "documents produced in this case" did "not even begin to meet the requirements of" Rule 33(d)); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 366 (simply referring requesting party to unspecified documents for the answers to interrogatories is "an abuse of the [Rule 33(d)] option").

In addition, a party invoking Rule 33(d) has the obligation of showing that "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Simply reciting the language of the Rule, as Plaintiffs have done, does not meet that burden. *See Ropak Corp.*, 2006 WL 1005406 at *5 (simply stating that other parties "can determine the answers themselves by reviewing the documents" is insufficient to meet that burden). Simply inviting an opposing party to "go fish" among one's documents is hardly a proper response under Rule 33(d), particularly where the opposing party has no familiarity with the responding party's business records. *See id.* (noting that defendant "is a business entity that, one would assume, knows its records better than anyone else"); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 366 (noting that "the effort involved is not as great for the producing parties as it is for the plaintiffs, since the former are more familiar with the documents that the plaintiffs").

11

Here, Plaintiffs have not identified a single document responsive to any Interrogatory, but rather simply repeat their boilerplate language, as a substitute for a substantive response, indicating that the requested information is out there somewhere among the universe of documents that Plaintiffs have produced <u>or may produce someday</u>, if they feel like it. Nor have Plaintiffs met their burden of demonstrating that the use of Rule 33(d) is appropriate in responding to any of Google's Interrogatories. Thus, Plaintiffs' boilerplate hardly comprises a good faith attempt to comply with Rule 33(d) or to provide responsive answers to Plaintiffs' Interrogatories.

Accordingly, this Court should require Plaintiffs to supplement their Responses by either (i) providing the requested information which has not been identified to date, without reference to Rule 33(d), or (ii) where Plaintiff intends to rely on Rule 33(d), specifically identifying, by production number, those documents which Plaintiffs believe contain information which is responsive.

## IV. PLAINTIFFS' NEW OBJECTIONS ARE UNTIMELY AND THEREFORE WAIVED

Fed. R. Civ. P. 33(b)(4) provides that:

The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Thus, objections to interrogatories are waived unless they are specifically identified prior to the deadline for responding to the interrogatories. *See In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 351, 365-66 (N.D.Ill. 2005) (noting that unstated or untimely grounds for objection ordinarily are waived).

Plaintiffs' responses to Google's Interrogatories were due by July 27, 2009. On July 23, 2009, Plaintiffs served a set of timely objections to Google's Interrogatories (Ex. 2). Plaintiffs

neither sought nor obtained any extension of time in which to lodge further objections or otherwise respond to Google's Interrogatories. Accordingly, the entirety of the new objections which Plaintiffs have listed in their Supplemental Responses are untimely (by nearly four months), and therefore all such objections have been waived. *See Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 671-72 (C.D.Cal. 1998) (finding that interrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely supplemental response, absent a showing of good cause). Google therefore seeks a finding from this Court that the objections listed in Plaintiffs' Supplemental Responses are untimely, waived, and of no effect whatsoever, and that Plaintiffs must supplement their responses, without reference to or recitation of any objections which Plaintiffs failed to raise in their original Responses.

### V.  GOOGLE HAS ATTEMPTED TO CONFER WITH PLAINTIFFS TO RESOLVE THESE ISSUES, AS REQUIRED UNDER FED. R. CIV. P. 37(a)(1) AND LR 37.2

In accordance with Local Rule 37.2, the undersigned counsel for Google confirms that after consultation by telephone and in writing and good faith attempts to resolve differences, Google was unable to reach an accord with Plaintiffs with regard to the requested supplementation of Plaintiffs' Responses. As noted above, the undersigned sent a letter to prior trial counsel for Plaintiffs on August 3, 2009, outlining the deficiencies in Plaintiffs' Responses (Ex. 4). On October 28, 2009, the undersigned held a telephone conference with Plaintiffs' current trial counsel, John Shonkwiler, Andrew Fleming and John Haarlow of the Novack & Macey firm, in which the undersigned raised the issues set forth in the August 3 letter.

Plaintiffs have now served their Supplemental Responses which, as discussed above, provide nothing more than untimely objections, boilerplate recitals, and virtually no factual information, and notably do not provide any of the missing information identified in Google's

August 3, 2009 letter.  Accordingly, Google has made a good faith effort to obtain the requested supplementation without Court action, to no avail.

## VI.   CONCLUSION

For the reasons set forth above, Google respectfully requests that this Court enter an Order compelling Plaintiffs to fully and completely respond to Google's Interrogatories, including but not limited to correcting the deficiencies described hereinabove, within seven (7) days.

Respectfully submitted,

Dated:  November 30, 2009	/s Herbert H. Finn	
	Herbert H. Finn
	Richard D. Harris
	Jeffrey P. Dunning
	GREENBERG TRAURIG, LLP
	77 W. Wacker Drive, Suite 3100
	Chicago, IL  60601
	(312) 456-8400

	Counsel for Google Inc.