# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERICH SPECHT, et al. | ) | |
| | ) | NO 09 CV 2572 |
| Plaintiffs, | ) | |
| | ) | Judge Leinenweber |
| v. | ) | |
| | ) | Magistrate Judge Cole |
| GOOGLE, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OBJECTIONS TO
GOOGLE'S FIRST SET OF INTERROGATORIES**

Plaintiffs by and through their attorney, Martin J. Murphy, hereby

submit their objections to Google's First Set of Interrogatories to Plaintiffs

("Interrogatories") issued on June 22, 2009. Each interrogatory is restated

below, along with any applicable objections. Notwithstanding these

objections, Plaintiffs will, in accordance with the Court's order of June 4,

2009, commence their responses to the Interrogatories to the extent possible.

Such responses shall not constitute a waiver of any applicable objection or

privilege.

## GENERAL OBJECTIONS

1.      Plaintiffs object to the interrogatories to the extent that they seek information that may be protected by the attorney-client privilege, the work-product doctrine and any other privilege.

2.      Plaintiffs object to the Interrogatories to the extent that they seek to impose obligations broader than those required by or authorized by the Court's order of June 4, 2009.

3.      Plaintiffs object to the Interrogatories to the extent that they may not reasonably be expected to yield information relevant to the allegations of the complaint, to the proposed relief or defenses of any party.

4.      Plaintiffs object to the Interrogatories to the extent that they are unduly burdensome or require unreasonable efforts or expense on behalf of Plaintiffs.

5.      Plaintiffs object to Interrogatories to the extent they require Plaintiffs to answer the Interrogatories on behalf of third parties in this case.

6.     Plaintiffs object on the basis that the number of Interrogatories exceeds twenty-five (25) when including all discrete subparts in violation of the FRCP.

7.     Plaintiffs' answers to Interrogatories are given without prejudice to Plaintiffs' right to produce evidence of any subsequently discovered facts. Plaintiffs reserve the right to amend their responses if it appears from additional research that omissions or errors have been made or if further or more accurate information becomes available. The failure of Plaintiffs to object to any specific interrogatory on a particular ground may not be construed as a waiver of their right to object on any additional ground(s).

These General Objections shall apply to each interrogatory herein and shall be incorporated by reference as though set forth fully in each of the responses to follow.

## **RESPONSES**

INTERROGATORY NO. 1

Identify the complete factual basis for Plaintiffs' allegation, in ¶52 of their First Amended Complaint, that Plaintiff(s) "has/have continuously used

Android Data in interstate commerce," including all persons having relevant knowledge.

RESPONSE:          Plaintiffs object to this Interrogatory to the extent that it seeks to impose obligations broader than those required by or authorized by the Court's order of June 4, 2009, it is unduly burdensome, it is over-broad to the extent that it is not sufficiently limited in duration, and it may require Plaintiffs to answer the Interrogatories on behalf of third parties in that it asks for "all persons" having relevant knowledge case.  Nonetheless, Plaintiffs will attempt to answer this interrogatory to the best of their ability.

INTERROGATORY NO.2.

Identify the complete factual basis for Plaintiffs' allegation, in ¶75 of their First Amended Complaint, that "Plaintiffs have expended considerable resources marketing, advertising and promoting goods under its Android Data mark," including all persons having relevant knowledge.

RESPONSE:          Plaintiffs object to this Interrogatory to the extent that it seeks to impose obligations broader than those required by or authorized by the Court's order of June 4, 2009, it is unduly burdensome, it is over-broad to the extent that it is not sufficiently limited in duration, and it may require Plaintiffs to answer the Interrogatories on behalf of third parties in this case.

Nonetheless, Plaintiffs will attempt to answer this interrogatory to the best of their ability.

INTERROGATORY NO.3

Identify each and **every product or service that** any of the Plaintiffs have offered for sale, sold, licensed or distributed in association with the ANDROID DATA trademark, at any time, and for each product or service, further identify each and every consummated sale, license or distribution of such product or service, including:

a)      the method and date of the sale, license or distribution;

b)      the identity of the person who purchased, licensed or received the product or service;

c)      the amount of revenue received by any of the Plaintiffs in association with that sale, license or distribution; and

d)      all persons having relevant knowledge of those sales, licenses or distribution.

RESPONSE:        Plaintiffs object to this Interrogatory to the extent that it seeks to impose obligations broader than those required by or authorized by the Court's order of June 4, 2009, it is unduly burdensome, it is over-broad to the extent that it is not sufficiently limited in duration, and it may require

Plaintiffs to answer the Interrogatories on behalf of third parties in this case.

Nonetheless, Plaintiffs will attempt to answer this interrogatory to the best of

their ability.

## INTERROGATORY NO.4

Identify each and every way in which Plaintiffs have marketed, advertised

and/or promoted any goods or services offered for sale, sold, licensed or

distributed in association with the ANDROID DATA trademark, including

the dates and locations (such as by dissemination through newspapers,

magazines, direct mailings, advertising circulars, periodicals, broadcast

median, billboards and websites), of such marketing, advertising and/or

promotion.

RESPONSE:      Plaintiffs object to this Interrogatory to the extent that it

seeks to impose obligations broader than those required by or authorized by

the Court's order of June 4, 2009, it is unduly burdensome, it is over-broad

to the extent that it is not sufficiently limited in duration, and it may require

Plaintiffs to answer the Interrogatories on behalf of third parties in this case.

Nonetheless, Plaintiffs will attempt to answer this interrogatory to the best of

their ability.

INTERROGATORY NO. 5

Identify, by month and year, the total dollar amount of goods and/or services sold, licensed and/or distributed by each respective Plaintiff in association with the ANDROID DATA trademark.

RESPONSE:       Plaintiffs object to this Interrogatory to the extent that it seeks to impose obligations broader than those required by or authorized by the Court's order of June 4, 2009, it is unduly burdensome, it is over-broad to the extent that it is not sufficiently limited in duration. Nonetheless, Plaintiffs will attempt to answer this interrogatory to the best of their ability.

INTERROGATORY NO. 6

Identify the annual gross revenue, net revenue, gross profit and net profit realized by each respective Plaintiff, for each year from 1999 to the present.

RESPONSE:       Plaintiffs object to this Interrogatory to the extent that the terms gross revenue, gross profit, net revenue, and net profit are not properly defined; it seeks to impose obligations broader than those required by or authorized by the Court's order of June 4, 2009; it is unduly burdensome; it is over-broad to the extent that it is not sufficiently limited in duration; it cannot reasonably be expected to yield information relevant to the allegations of the complaint, to the proposed relief or defenses of any party.

Nonetheless, Plaintiffs will attempt to answer this interrogatory as it relates to Android Data to the best of their ability

## INTERROGATORY NO. 7

Identify by Plaintiff all domain names utilized by each Plaintiff in connection with the offer for sale, sale, license, distribution and/or promotion of any goods or services in association with the ANDROID DATA trademark, including for each such domain name the period of time during which the respective Plaintiff or 'any person associated with Plaintiff was the registrant of record for that domain name, the dates that products or services in association with the ANDROID DATA trademark were present on the website and all persons having relevant knowledge.

RESPONSE:        Plaintiffs object to this Interrogatory to the extent it seeks to impose obligations broader than those required by or authorized by the Court's order of June 4, 2009, it is unduly burdensome, it is over-broad to the extent that it is not sufficiently limited in duration, Nonetheless, Plaintiffs will attempt to answer this interrogatory to the best of their ability

## INTERROGATORY NO. 8

Identify, by year, all employees, shareholders, officers and/or directors of

each Plaintiff from 1998 to date who have knowledge of the use of the ANDROID DATA mark by each Plaintiff.

RESPONSE: Plaintiffs object to this Interrogatory to the extent that it seeks to impose obligations broader than those required by or authorized by the Court's order of June 4, 2009. Nonetheless, Plaintiffs will answer this interrogatory to the extent it relates to the ADC & ADI.

INTERROGATORY NO. 9

Identify, by year, all customers for, vendors of and/or suppliers for any product or service offered, sold, licensed or distributed by each Plaintiff in association with the ANDROID DATA trademark.

RESPONSE: Plaintiffs object to this Interrogatory to the extent that the terms vendors and suppliers are not defined; it seeks to impose obligations broader than those required by or authorized by the Court's order of June 4, 2009; it is unduly burdensome; it is over-broad to the extent that it is not sufficiently limited in duration or scope; it cannot reasonably be expected to yield information relevant to the allegations of the complaint, to the proposed relief or defenses of any party. Nonetheless, Plaintiffs will attempt to answer this interrogatory to the best of their ability

## INTERROGATORY NO.10

Identify all persons, including counsel, if any, involved with the preparation and/or filing of the "Declaration of Use of Mark in Commerce under Section 8" for U.S. Trademark Registration No. *2,639,556,* which was submitted to the U.S. Patent and Trademark Office by ADI on or about April 21, 2009.

RESPONSE: Plaintiffs will answer this interrogatory.

## INTERROGATORY NO.11

Identify all persons, including counsel, if any, involved with the preparation and/or filing of an "Application for Reinstatement — Domestic/Foreign Corporations" for ADC, which was filed with the Illinois Secretary of State's Office on or about April 24, 2009.

RESPONSE: Plaintiffs object to this Interrogatory to the extent that it seeks information that may be protected by the attorney-client privilege, the work-product doctrine and any other privilege. Notwithstanding or waiving any objection, Plaintiffs will answer this interrogatory.

## INTERROGATORY NO.12

Identify all persons expected to testify on behalf of Plaintiffs at trial or otherwise regarding each Plaintiffs' use of the ANDROID DATA trademark and/or the issue of Plaintiffs' alleged abandonment of the ANDROID DATA

trademark.

RESPONSE:        Plaintiffs object to this interrogatory to the extent that it

seeks information regarding trial strategy; information that may be protected

by the attorney-client privilege, the work-product doctrine and any other

privilege. Plaintiffs will answer this interrogatory.


Dated July 23, 2009                    Respectfully submitted,

                                       /s/ Martin J, Murphy

                                       Martin J. Murphy
                                       Attorney for Plaintiffs
                                       2811 RFD
                                       Long Grove, IL 60047
                                       (312) 933-3200
                                       martym@villageinvestments.com