# EXHIBIT 4



Herbert H. Finn
Tel 312.456.8427
Fax 312.456.8435
FinnH@gtlaw.com

August 3, 2009

**VIA EMAIL and FIRST-CLASS MAIL**

Martin J. Murphy, Esq.
2811 RFD
Long Grove, IL 60047

    Re:    **Specht, et al. v. Google Inc., et al.**
           **N.D. Ill. Civil Action No. 09-cv-2572**
           **Our File No. 073794.010900**

Dear Marty:

    This is in furtherance of your July 31st email and your voicemail of later that day, where you indicated that you left a package at the security desk in the lobby of our building. At the outset, we request that when serving documents upon us, you actually serve our office -- not the building's lobby. Packages delivered to the building's lobby are not tracked and we have no method of knowing that they are there or were delivered. Accordingly, unless prior arrangements are made to the contrary, please serve the documents and other materials upon our receptionist on the 31st floor.

    Furthermore, Plaintiffs' self-grant of extensions of time to respond to discovery without even discussing an extension with us, let alone getting our agreement, is simply unacceptable. Plaintiffs' responses and documents were due on July 27th. We repeatedly attempted to work with you to arrange the production of documents. (Finn emails of July 14th and 22nd). Plaintiffs never replied to those efforts. Instead, rather than work with us, you "announce" that Plaintiffs will not be meeting the July 27th due date, but will be responding and producing documents on July 29th. (Murphy email of July 23rd). In a spirit of co-operation, we relented to the unilateral extension on the condition that document production was complete on July 29th -- not merely beginning. (Finn email of July 23rd). The agreed upon date passed with no substantive interrogatory responses served, no responsive documents produced and no communication of any kind being received from Plaintiffs -- forcing us to again track down Plaintiffs. (Finn email of July 30th). Plaintiffs, on July 31st, finally provided substantive responses to interrogatories and produced "invoices." However, contrary to the prior understanding, the responses and production were incomplete -- with Plaintiffs again taking a unilateral extension to an unspecified date. (Murphy email of July 31st).

Martin J. Murphy, Esq.
August 3, 2009
Page 2

While we certainly understand Plaintiffs' reluctance to comply with their obligations and complete document production, as complete production will no doubt demonstrate that Plaintiffs, long ago, abandoned any rights they may have had in the ANDROID DATA mark, Google will not tolerate Plaintiffs' further delay. Indeed, the documents that Plaintiffs did actually produce should have been the most difficult to obtain, as they comprise invoices from 2002 and before. Current invoices and other more recent documentation, i.e. the documentation that should have been readily accessible to any ongoing business such as Plaintiffs claim to be running, is curiously lacking. For example, Plaintiffs were able to produce one lone "invoice" after 2002 -- a deposit for services to be rendered which was issued on May 19, 2009, long after the lawsuit was initiated. Accordingly, Google demands that Plaintiffs complete their production by Thursday, August 6th.

With respect to Plaintiffs' Responses to Interrogatories, they are incomplete and, at times, non-responsive. Initially, many of the Responses refer to "documents produced," or "documents produced and the invoices provided" (e.g. Responses 2, 3, 4, 5, 6, 9 and 12) -- when no documents, other than invoices from before 2002, were produced. Plaintiffs' must complete and supplement the following interrogatory responses:

Interrogatory No. 1

Plaintiffs' response indicates some documents may reside on a "Toshiba notebook that was damaged around 2006." Please advise the circumstances of the damage to the notebook, where the notebook currently resides and please produce the notebook for our review. We would also like to take a forensic copy of each of Plaintiffs' current computers.

Please identify when Plaintiffs' mark appeared on business listings in zibb.com, manta, yellowpages.com and any other site that constitutes "and the like." Similarly, please identify all client sites upon which Plaintiffs' "mark and a link" were placed.

Plaintiffs' response also identifies purported "current and former clients." Please supplement the response appropriately identifying which clients are current and which are former including all dates at which the entities were clients of Plaintiffs. Please provide telephone numbers where available.

Similarly, please identify when the identified entities responded to the advertisements, when the proposals were presented and when Plaintiffs attempted to solicit business from the entities indentified in the response.

With respect to when a particular act may have occurred, the most specific information available to Plaintiffs is being requested.

Martin J. Murphy, Esq.
August 3, 2009
Page 3

Interrogatory No. 2

Please identify all potential clients that received any brochures referred to in the response, including the date of such mailings. Similarly, identify all investors/purchasers that received any brochures referred to in the response, including the date of such mailings.

Interrogatory No. 3

Plaintiffs' responses is entirely incomplete. Plaintiffs have not identified any of the requested information. If it is Plaintiffs position that the only sales are those reflected in the invoices produced to us to date, then please confirm that position. Otherwise, please supplement immediately with the requested information including the dates of sales and customers.

Interrogatory No. 4

Plaintiffs' response is incomplete as not providing dates and locations for all of the identified efforts.

Interrogatory No. 5

Plaintiffs' response appears to rely solely on the documents produced. If it is Plaintiffs' position that the invoices produced to us provide a complete response to the interrogatory, please confirm that position. Otherwise, Plaintiffs, as requested, must identify by month and year, the sales and distribution of product under the ANDROID DATA mark.

Interrogatory No. 9

As Plaintiffs have not identified customers, vendors and/or suppliers for its ANDROID DATA software by year anywhere else in their Responses, this specific responses requires supplementation.

If we do not receive the complete production of documentation together with Plaintiffs' supplementation of their interrogatory responses by Thursday, August 6th, we will approach the Court under Rule 37 to address Plaintiffs' failure to comply with their discovery obligations.

Very truly yours,

GREENBERG TRAURIG, LLP

Herbert H. Finn

HHF/