# EXHIBIT 6

## Fassl, Sheri (Secy-Chi-IP/Tech)

**From:** John B. Haarlow [JHaarlow@novackmacey.com]
**Sent:** Thursday, October 29, 2009 3:47 PM
**To:** Finn, Herbert (Shld-Chi-IP/Tech); Dunning, Jeffrey (Assoc-Chi-IP/Tech)
**Cc:** P. Andrew Fleming; John Shonkwiler; martym@villageinvestments.com
**Subject:** Specht, et al. v. Google -- Discovery Conference

Herb - This email recaps our conversation regarding discovery held yesterday.

1. We agreed to produce all documents responsive to the Eide subpoena by November 5 subject to the reservation of our relevance objections in order to avoid a dispute regarding the issue. To the extent we propose to withhold any documents responsive to the subpoena, we will let you know as soon as possible. Otherwise, you can assume that we will be producing all responsive documents.

2. With regard to the Wendy Murphy privilege log, we explained that Mrs. Murphy assisted Marty Murphy (e.g., in a secretary/paralegal capacity) in connection with this case. We agreed to provide you with any additional necessary proof of these facts by November 5.

3. We agreed to supplement our response to your interrogatories by November 13.

4. You agreed to state your position regarding the following issues related to Google Inc.'s Responses to Plaintiffs' First Set of Requests for Documents and Things by November 13:
    a. Whether you will agree to produce documents responsive to the requests for the time period January 1, 2003 to the present.
    b. Whether you will stand by your objection to the defined term "Android Mark" and, if so, whether you intend to withhold from production documents that: (1) relate or refer to any use of the mark by a <u>third party</u>, including Android, Inc.; or (2) relate or refer to use of a mark that uses the word "android" together with any other word or combination of words
    c. Google states, nearly every time it states that it will produce documents, that such production is "subject" to its litany of objections. Does this mean that Google is withholding responsive documents because of its objections, or producing all responsive documents despite its objections?
    d. Whenever Google states that it will produce documents, it states that it will produce only "relevant, non-privileged, non-immune documents located after reasonable search." This is insufficient. If Google intends to withhold any <u>responsive</u> documents from production on the grounds that they are not <u>relevant</u>, you must explain how you propose to narrow the scope of such request(s) on relevance grounds. Also, we do not know what you mean by "non-immune." Unless you intend to identify all "immune" documents in a privilege log, we ask that you remove this objection.
    e. Request Nos. 15-16 seek Android, Inc. financials. In response, Google states that it will produce its public SEC filings, which obviously do not reflect Android, Inc.'s financial information. State whether Google will be producing documents concerning Android Inc.'s financial information both before and after the acquisition of Android Inc. by Google.
    f. Request Nos. 15-16 and 40-43 seek financial information for Google and Android, Inc. The responses state that Google will produce only publicly available SEC filings. SEC filings alone do not contain a satisfactory or reasonable level of detail. Moreover, SEC filings may not provide <u>any</u> information for Android, Inc. State whether you will be producing more detailed financial

information.

g. Request No. 22 seeks samples of all products bearing Android Marks. Google objects to this request as seeking documents outside its custody or control. Please confirm that Google will produce a copy of the Android OS, which is obviously in its custody and/or control, and a sample of any other product offered by any third parties that is in Google's possession, custody or control. We understand that such production would not extend to cell phones belonging to employees of Google.

h. You also stated that you stand by your responses to Request Nos. 18 and 44, which are that no responsive documents exist. With respect to No. 18, we understand that there were meetings and/or negotiations between Android, Inc. and various third parties, such as Richard Perlman and/or Clearwire concerning, among other things, venture capital for Android, Inc. Any documents reflecting such meetings and/or negotiations would be responsive to Request No. 18 and should be produced.

In addition, we understand that you will be producing a response and/or documents responsive to the Investigative Networks subpoena tomorrow.

Finally, we agreed to use best efforts to substantially complete our document production by October 30. However, we do not expect to make that date, despite those efforts. We will let you know when we have a better handle on the new date. As for your refusal to commit to a date earlier than November 13 for responding to points 4.A to 4.H above, we are concerned that Google cannot substantially complete its document production to Plaintiffs with these issues unresolved. Please consider whether you can respond to these points sooner, and also please advise us as to the status of Google's document production.

Regards,

John


John Haarlow, Jr.

jhaarlow@novackmacey.com

312.419.6900 T
312.419.6928 F



\>\> click here for our website

Download V-Card >>    Location >>    Bio >>        100 North Riverside Plaza • Chicago, IL 60606-1501

CONFIDENTIAL The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone at 312.419.6900 and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.