# EXHIBIT 7

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ERICH SPECHT, an individual, and doing business as ANDROID DATA CORPORATION and THE ANDROID'S DUNGEON INCORPORATED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 09-cv-2572 |
| v. | ) ) | Judge Harry D. Leinenweber |
| GOOGLE INC., | ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) ) | |

### PLAINTIFFS' SUPPLEMENTAL ANSWERS TO FIRST SET
### OF INTERROGATORIES PROPOUNDED BY GOOGLE, INC.

Plaintiffs Erich Specht ("Specht"), Android Data Corporation ("ADC") and The Android's Dungeon Incorporated ("ADI") (collectively, "Plaintiffs"), by their attorneys, Novack and Macey LLP and Martin J. Murphy, hereby submit their Supplemental Answers to First Set of Interrogatories Propounded by Google, Inc. (the "Interrogatories"), in response to the August 2, 2009 letter sent by counsel for Google to counsel for Plaintiffs (the "Requested Supplement") as follows.

### GENERAL OBJECTIONS

1.      Plaintiffs object to the Interrogatories and the Requested Supplement to the extent that they purport to impose duties and/or obligations in excess of, or inconsistent with, those imposed by the Federal Rules of Civil Procedure or the local rules or standing order of this Court.  In this regard, Plaintiffs object to, without limitation, Definition and Instruction A, Definition and Instruction C and Definition and Instruction D.

2.      Plaintiffs object to the Interrogatories and the Requested Supplement to the extent they seek documents outside Plaintiffs' possession, custody or control.

3.     Plaintiffs object to the Interrogatories and the Requested Supplement to the extent that they call for the disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, any other applicable privilege, or otherwise protected from disclosure.

4.     Plaintiffs object to the Interrogatories and the Requested Supplement to the extent that they are overbroad, unduly burdensome and/or seek documents that are and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Plaintiffs object to the Interrogatories and the Requested Supplement to the extent that they are vague, ambiguous or contain undefined terms.

6.     Plaintiffs object to providing narrative answers to the Interrogatories and the Requested Supplement where such answers may be determined by examining, auditing, compiling, abstracting or summarizing Plaintiffs' business records as contemplated by Federal Rule of Civil Procedure 33(d).

7.     Plaintiffs object to the Interrogatories and the Requested Supplement because, including subparts, they exceed the number of permissible interrogatories under Federal Rule of Civil Procedure 33(a)(1).

8.     By responding to the Interrogatories, Plaintiffs do not admit the relevancy or admissibility of any fact, or waive any objection based thereon.

9.     Plaintiffs' investigation is ongoing and Plaintiffs reserve the right to supplement and/or amend their answers at any appropriate time.

2

## SUPPLEMENTAL ANSWERS

Each Supplemental Answer incorporates, and is subject to, the General Objections set forth above and the general and specific objections set forth in Plaintiffs' Objections to Google's First Set of Interrogatories dated July 23, 2009, which are not waived.

## INTERROGATORY NO. 1:

Identify the complete factual basis for Plaintiffs' allegation, in ¶52 of their First Amended Complaint, that Plaintiff(s) "has/have continuously used Android Data in interstate commerce," including all persons having relevant knowledge.

## SUPPLEMENTAL ANSWER:

Plaintiffs object to this Interrogatory as overbroad and unduly burdensome, as the "complete factual basis" for Plaintiffs' use of the ANDROID DATA mark in commerce contemplates a response that references every document, communication, meeting, sale, license, contract, proposal, invoice, agreement, telephone call, check, deposit, expense and every other fact relating to Plaintiffs' business in connection with the ANDROID DATA mark over greater than a ten year period, as well as identifying every person with knowledge of these facts. Plaintiffs object to this Interrogatory as seeking information outside their possession, custody or control. Plaintiffs object to this Interrogatory as seeking information that is protected by the attorney-client privilege, the attorney work-product doctrine, any other applicable privilege, or otherwise protected from disclosure. Plaintiffs object to the Requested Supplement as seeking information outside the scope of the Interrogatory and posing additional interrogatories. Subject to the foregoing General Objections and specific objections, Plaintiffs refer Google to the twenty page response previously provided to this Interrogatory. Plaintiffs further state that additional detail concerning this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' business records, and the burden of deriving or

3

322705

ascertaining the answer will be substantially the same for Plaintiffs as it is for Google.  Plaintiffs

refer Google to the documents they have produced in discovery and all forthcoming production

of documents by Plaintiffs to derive or ascertain the answer and state that identification of

specific documents would be equally as burdensome for Plaintiffs as it would be for Google.

## INTERROGATORY NO. 2:

Identify the complete factual basis for Plaintiffs' allegation, in ¶75 of their First Amended
Complaint, that "Plaintiffs have expended considerable resources marketing, advertising and
promoting goods under its Android Data mark," including all persons having relevant
knowledge.

## SUPPLEMENTAL ANSWER:

Plaintiffs object to this Interrogatory as overbroad and unduly burdensome, as stating the

"complete factual basis" for Plaintiffs' marketing, advertising and promotion efforts related to

the ANDROID DATA mark in commerce contemplates a response that references every

document, communication, meeting, sale, license, contract, proposal, invoice, agreement,

telephone call, check, deposit, expense and every other fact relating to Plaintiffs' marketing,

advertising and promotion efforts in connection with the ANDROID DATA mark over greater

than a ten year period, as well as identifying every person with knowledge of these facts.

Plaintiffs object to this Interrogatory as seeking information outside their possession, custody or

control.  Plaintiffs object to the Requested Supplement as seeking information outside the scope

of the Interrogatory and posing additional interrogatories.  Subject to the foregoing General

Objections and specific objections, Plaintiffs refer Google to the twenty page response

previously provided to Interrogatory No. 1.  Plaintiffs further state that additional detail

concerning this Interrogatory may be determined by examining, auditing, compiling, abstracting,

or summarizing Plaintiffs' business records, and the burden of deriving or ascertaining the

answer will be substantially the same for Plaintiffs as it is for Google.  Plaintiffs refer Google to

4

the documents they have produced in discovery and all forthcoming production of documents by

Plaintiffs to derive or ascertain the answer and state that identification of specific documents

would be equally as burdensome for Plaintiffs as it would be for Google.

## INTERROGATORY NO. 3:

Identify each and every product or service that any of the Plaintiffs have offered for sale, sold, licensed or distributed in association with the ANDROID DATA trademark, at any time, and for each product or service, further identify each and every consummated sale, license or distribution of such product or service, including:
  a)      the method and date of the sale, license or distribution;
  b)      the identity of the person who purchased, licensed or received the product or service;
  c)      the amount of revenue received by any of the Plaintiffs in association with that sale, license or distribution; and
  d)      all persons having relevant knowledge of those sales, licenses or distribution.

## SUPPLEMENTAL ANSWER:

Plaintiffs object to this Interrogatory as overbroad and unduly burdensome, as it

contemplates a response that identifies "each and every consummated sale, license or distribution

of such product or service" related to the ANDROID DATA mark over greater than a ten year

period, as well as identifying every person with knowledge of these facts. Plaintiffs object to this

Interrogatory as seeking information outside their possession, custody or control. Subject to the

foregoing General Objections and specific objections, Plaintiffs refer Google to the twenty page

response previously provided to Interrogatory No. 1. Plaintiffs further state that additional detail

concerning this Interrogatory may be determined by examining, auditing, compiling, abstracting,

or summarizing Plaintiffs' business records, and the burden of deriving or ascertaining the

answer will be substantially the same for Plaintiffs as it is for Google. Plaintiffs refer Google to

the documents they have produced in discovery and all forthcoming production of documents by

Plaintiffs to derive or ascertain the answer and state that identification of specific documents

would be equally as burdensome for Plaintiffs as it would be for Google.

322705

**INTERROGATORY NO. 4:**

Identify each and every way in which Plaintiffs have marketed, advertised and/or promoted any goods or services offered for sale, licensed or distributed in association with the ANDROID DATA trademark, including the dates and locations (such as by dissemination through newspapers, magazines, direct mailings, advertising circulars, periodicals, broadcast median [sic], billboards and websites), of such marketing advertising, and/or promotion.

**SUPPLEMENTAL ANSWER:**

Plaintiffs object to this Interrogatory as overbroad and unduly burdensome, as the identification of "each and every way in which Plaintiffs have marketed, advertised and/or promoted any goods or services offered for sale, licensed or distributed in association with the ANDROID DATA trademark" contemplates a response that references every document, communication, meeting, sale, license, contract, proposal, invoice, agreement, telephone call, check, deposit, expense and every other fact relating to Plaintiffs' marketing, advertising and promotion efforts in connection with the ANDROID DATA mark over greater than a ten year period, including the precise dates and locations of such efforts.   Plaintiffs object to this Interrogatory as seeking information outside their possession, custody or control.  Subject to the foregoing General Objections and specific objections, Plaintiffs refer Google to the twenty page response previously provided to Interrogatory No. 1.  Plaintiffs further state that additional detail concerning this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' business records, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiffs as it is for Google.  Plaintiffs refer Google to the documents they have produced in discovery and all forthcoming production of documents by Plaintiffs to derive or ascertain the answer and state that identification of specific documents would be equally as burdensome for Plaintiffs as it would be for Google.

6

Notwithstanding the foregoing, Plaintiffs state that, from 1999 to 2009, Plaintiffs' marketing efforts included, among other things:   (1) seeking referrals from customers; (2) Plaintiffs' web sites; (3) web sites containing links to Plaintiffs' web site; (4) brochure mailings in or around 2002 and 2007; (5) classified advertisements in the New York Times and Chicago Tribune; and (6) email solicitations.

**INTERROGATORY NO. 5:**

Identify, by month and year, the total dollar amount of goods and/or services sold, licensed and/or distributed by each respective Plaintiff in association with the ANDROID DATA trademark.

**SUPPLEMENTAL ANSWER:**

Plaintiffs object to the Requested Supplement as seeking information outside the scope of the Interrogatory and posing additional interrogatories.  Subject to the foregoing General Objections and specific objection, Plaintiffs refer Google to the response previously provided to Interrogatory No. 6.  Plaintiffs further state that additional detail concerning this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' business records, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiffs as it is for Google.  Plaintiffs refer Google to the documents they have produced in discovery and all forthcoming production of documents by Plaintiffs to derive or ascertain the answer and state that identification of specific documents would be equally as burdensome for Plaintiffs as it would be for Google.

Notwithstanding the foregoing, Plaintiffs state that the total dollar amount of goods and/or services sold, licensed and/or distributed by Plaintiffs reflected in the documents produced by Plaintiffs will not reflect the fair market value of goods and/or services sold, licensed and/or distributed by Plaintiffs in at least the following ways:  (1) certain clients

7

received discounted or free services based upon an ongoing personal or business relationship with Plaintiffs, and therefore no invoices were generated; (2) certain clients were not billed for services where it appeared that they could not afford to pay, and therefore no invoices were generated; and (3) consultations with certain clients were often not billed in the hope of receiving future business and no time sheets or other records of these consultations were kept.

**INTERROGATORY NO. 9:**

Identify, by year, all customers for, vendors of and/or suppliers for any product or service offered, sold, licensed or distributed by each Plaintiff in association with the ANDROID DATA trademark.

**SUPPLEMENTAL ANSWER:**

Plaintiffs object to this Interrogatory as overbroad and unduly burdensome, as the identification of "by year, all customers for, vendors of and/or suppliers for any product or service offered, sold, licensed or distributed by each Plaintiff in association with the ANDROID DATA trademark" contemplates a response identifying at least hundreds of individuals and entities who bought, used, sold or contributed, directly or indirectly, to the production of goods and/or services in connection with the ANDROID DATA mark over greater than a ten year period. Plaintiffs object to this Interrogatory as seeking information outside their possession, custody or control. Plaintiffs object to this Interrogatory as seeking information that is protected by the attorney-client privilege, the attorney work-product doctrine, any other applicable privilege, or otherwise protected from disclosure. Subject to the foregoing General Objections and specific objections, Plaintiffs refer Google to the twenty page response previously provided to Interrogatory No. 1. Plaintiffs further state that additional detail concerning this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' business records, and the burden of deriving or ascertaining the answer will be substantially the

8

same for Plaintiffs as it is for Google.   Plaintiffs refer Google to the documents they have

produced in discovery and all forthcoming production of documents by Plaintiffs to derive or

ascertain the answer and state that identification of specific documents would be equally as

burdensome for Plaintiffs as it would be for Google.

                                         ERICH SPECHT, ANDROID DATA
                                         CORPORATION and THE ANDROID'S
                                         DUNGEON INCORPORATED


                                         By: _R . Andrew Fleming_____
                                               One of Their Attorneys


P. Andrew Fleming
John F. Shonkwiler
John B. Haarlow, Jr.
Andrew P. Shelby
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Doc. #310994

Martin Murphy
2811 RFD
Long Grove, IL 60047
(312) 933-3200


9

322705

## VERIFICATION OF ERICH SPECHT

I, Erich Specht, state that I have answered the foregoing Plaintiffs' Supplemental Answers to First Set of Interrogatories Propounded by Google, Inc. on behalf of myself individually and as the authorized agent of Android Data Corporation and The Android's Dungeon, Inc., and I declare under penalty of perjury that the foregoing is true and correct.

_____
Erich Specht

_11/15/09_____
Date

## CERTIFICATE OF SERVICE

John Haarlow, Jr., an attorney, certifies that he caused copies of the foregoing Plaintiffs'
Supplemental Answers to First Set of Interrogatories Propounded by Google, Inc. to be served by
electronic mail and U.S. Mail, proper postage prepaid, to:

> Herbert H. Finn
> Jeffrey P. Dunning
> GREENBERG TRAURIG, LLP
> 77 West Wacker Drive, Suite 3100
> Chicago, IL  60660

this 19th day of November, 2009.

John Haarlow, Jr.