IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED, <br><br> Plaintiffs/Counter-Defendants, <br> v. <br><br> GOOGLE INC., <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 09-cv-2572 <br><br> Judge Harry D. Leinenweber <br><br> Magistrate Judge Jeffrey Cole |

**PLAINTIFFS' RESPONSE TO GOOGLE, INC.'S
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiffs Erich Specht, an individual and doing business as Android Data Corporation and The Android's Dungeon Incorporated (collectively, "Plaintiffs"), by and through their attorneys, Novack and Macey LLP and Martin J. Murphy, hereby respond to Google, Inc.'s Motion for Entry of a Protective Order (the "Motion") as follows.

**INTRODUCTION**

Plaintiffs are willing to stipulate to the entry of an appropriate protective order in this case, but the protective order proposed by Google (the "Proposed Order") is unlawfully broad, unjustified and certain to result in inefficiency and undue burden on the parties and the Court. The Proposed Order contains three "tiers" of protection: <u>first</u>, no discovery materials may be used outside the litigation; <u>second</u>, materials designated CONFIDENTIAL may be reviewed only by counsel and up to two individuals on behalf of each party and may not be filed except under seal (the "Confidential Designation"); and <u>third</u>, materials designated HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY may be reviewed by outside counsel only and also must be sealed if filed (the "AEO Designation"). (Motion Ex. 1 at ¶¶2-4, 19.) Plaintiffs

have no objection to an order restricting use of discovery materials for this litigation only. Indeed, Plaintiffs left this provision intact in their markup of the Proposed Order. (Id. at Ex. 10 ¶2.) Thus, Google's repeated suggestion that its documents will become publicly available if its AEO Designation is not entered is unfounded. (Id. at 1, 7, 8, 10.) However, neither Google's Confidential Designation nor its AEO Designation are proper. In fact, as shown below, they are unnecessarily burdensome and in direct contravention of Seventh Circuit precedent.

Moreover, Google fails to properly frame the dispute. At the outset of this case, in order to facilitate the exchange of discovery while Plaintiffs' motion for injunctive relief was pending, the parties agreed to treat all discovery as "attorney's eyes only." But as the adage goes -- no good deed goes unpunished. Google argues that such agreement indicates that Plaintiffs conceded that an AEO Designation was necessary in this case, and that Plaintiffs' opposition of an AEO Designation now is a "newly announced position." (Id. at 5.) Plaintiffs have never agreed -- let alone conceded -- that an AEO Designation is necessary in this case. Indeed, even Google's own exhibits confirm that, Plaintiffs have always taken the position that, at most, a Confidential Designation was warranted in this case. (Id. at Ex. 4.)

Plaintiffs have attached hereto an alternative proposed Protective Order that: (1) precludes the parties from using discovery materials outside the litigation; and (2) provides additional protection for a reasonably defined category of confidential information. Plaintiffs' proposed Order conforms to Seventh Circuit precedent and very closely tracks the default protective order that this Court uses in patent cases (the "Patent Order").[1] For the reasons

---

[1] A copy of the Patent Order is attached hereto as Exhibit A.

explained more fully below, the Court should deny Google's Motion and enter a protective order consistent with Plaintiffs' proposed Order attached hereto as Exhibit B.[2]

## ARGUMENT

### I. GOOGLE FAILS TO ESTABLISH GOOD CAUSE FOR THE CONFIDENTIAL DESIGNATION

As Google acknowledges, a protective order may be entered only upon showing of good cause. (Motion at 7.) To do so, the moving party must show that disclosure of the information for which protection is sought "will result in a clearly defined and very serious injury." Hollinger Int'l Inc. v. Hollinger Inc., No. 04 C 698, 2005 WL 3177880, at *2 (N.D. Ill. Jan. 19, 2005); Andrew Corp. v. Rossi, 180 F.R.D. 338, 341 (N.D. Ill. 1998). This standard is not satisfied by generalizations. Rather, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Hollinger, 2005 WL 3177880, at *2.

The Motion fails to meet this standard on its face. As Google's own authority holds, "the *ipse dixit* of counsel will not suffice" to make a showing of good cause. The "[C]ourt may not grant [a] protective order in the absence of affidavits or other evidence" supporting the movant's contentions concerning the need for such protection. Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc., 235 F.R.D. 435, 440 (N.D. Ill. 2006). Google has failed to provide such affidavits or other factual support for its proposed Confidential Designation. Instead, Google offers only its conclusions that, as a general matter, protective orders are "de riguer" or are "regularly recognized" by this Court. Moreover, Google makes the unfounded and inaccurate assumption that Plaintiffs accept its proposed Confidential Designation and only

---

[2] Plaintiffs have filed herewith a Cross Motion For Entry Of A Protective Order that requests entry of the attached proposed Order.

attempts to justify its AEO Designation. (Motion at 7-11.) But, Plaintiffs do not accept Google's wildly overbroad Confidential Designation (indeed, it was entirely stricken in Plaintiffs' markup of the Proposed Order) (see id. at Ex. 10 at ¶3), and Google falls far short of the "particular and specific demonstration of fact" required to meet its burden to justify the proposed Confidential Designation.[3]

Furthermore, the Seventh Circuit has sent a clear message that protective orders are not to be entered into lightly. Indeed, a case on which Google relies in its Motion (at p. 8), Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943 (7th Cir. 1999), illustrates the rigorous standard protective orders must meet in this Circuit. In that case, one of the parties to the appeal sought permission to file an appendix under seal, citing a protective order entered in the case by the District Court. Id. at 944. The protective order "authorize[d] either party to designate as confidential, and thus keep out of the public record of the litigation, any document 'believed to contain trade secrets or other confidential or governmental information, including information held in a fiduciary capacity." Id. (emphasis added). The Seventh Circuit remanded the case to the District Court for the limited purpose of deciding whether good cause existed for filing the appendix under seal, as no good cause finding was made when the protective order was entered. Id. The Seventh Circuit criticized the parties and the District Court for preparing and entering an "absurdly overbroad" protective order that required far too many documents to be filed under seal, including documents "believed" to contain trade secrets and all "other . . . confidential information." The overbroad language in the

---

[3] Google may try to correct the infirmities in its Motion by attaching affidavits to its reply brief. However, as the Autotech court further explained, "'[a] reply brief is for replying' not for raising essentially new matter that could have been advanced in the opening brief." Autotech, 235 F.R.D. at 437. Any such untimely effort by Google to remedy this defect with its Motion through a reply brief should be disregarded.

parties' order granted "virtual carte blanche to either party to seal whatever portions of the record the party wanted to seal." Id. at 944-45. This was particularly troubling to the Seventh Circuit because the "order was not limited to pretrial discovery; it seal[ed] the documents covered by it even after they [were] introduced at trial." Id. at 945.

Google's Confidential Designation is strikingly similar in several respects to the improper order in Citizens and, accordingly, is invalid for the very reasons discussed therein. First, Google defines "Confidential Information" as information that "is non-public and constitutes information that the designating party in good faith believes to be of a non-public business or technical nature that is not readily available to competitors, potential competitors, and/or third parties." (Motion Ex. 1 at ¶3 (emphasis added).) Yet, this definition is even broader than the definition that the Seventh Circuit rejected in Citizens, which purportedly protected any "trade secrets" or "other confidential" information. Citizens, 178 F.3d at 944. Thus, Google's proposed Confidential Designation, which requires only that information be "non-public" and "not readily available" to third parties, is far too broad and must be rejected for this reason alone. Second, just like the language found invalid in Citizens, Google's proposed Confidential Designation would protect information merely "believe[d]" to be non-public, and would thereby impermissibly grant the parties "virtual carte blanche" to seal any part of the record. See id. at 945. Third, the problems with Google's Confidential Designation are compounded, as in Citizens, by the fact that the Proposed Order is not limited in scope to pretrial discovery, but proposes to seal any documents covered thereunder even after they are introduced at trial. (See Motion Ex. 1 at ¶¶1, 19, 23.)

Finally, Google's proposed Confidential Designation, if adopted by the Court, would result in undue burden, waste and inefficiency. Under Google's approach -- which allows a

party to designate as CONFIDENTIAL any document that has not been made public -- the parties could expect to be compelled to seal virtually every filing that attached discovery materials produced by Google. Clearly, this approach is inefficient and unduly burdensome on the parties and the Court. Moreover, as explained in Section III below, Google's proposal would inequitably cause the burden of challenging improper CONFIDENTIAL designations made under Google's Proposed Order to fall principally on Plaintiffs. For this reason, too, Google has not -- and cannot -- establish good cause for its overbroad Confidential Designation.

## II.  GOOGLE FAILS TO ESTABLISH GOOD CAUSE FOR THE AEO DESIGNATION

Google's AEO Designation fares no better. The good cause standard for an AEO Designation is even more stringent than the standard for an ordinary "confidential" designation. Protective orders with AEO Designations "contemplate that the more restrictive category will only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures." Team Play, Inc. v. Boyer, No. 03 C 7240, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005). Thus, the "movant must make a particularized showing that the information sought is confidential and come forth with specific examples of competitive harm." Arvco Container Corp. v. Weyerhaeuser Co., No. 1:08-cv-548, 2009 WL 311125, at *5 (W.D. Mich. Feb. 9, 2009) (emphasis added). Google fails to meet this burden for several reasons.

### A.  No Factual Support

At the outset, the Motion is again insufficient on its face because Google has not attached any affidavit or other factual support for its proposed AEO Designation. Because the "[C]ourt may not grant [a] protective order in the absence of affidavits or other evidence that might

provide support for [the movant's] conclusory assertion[s]," <u>Autotech</u>, 235 F.R.D. at 440, the Motion must be denied.

  **B.**  <u>**Google's Argument That The Parties "Compete" Is Insufficient**</u>

  Moreover, even assuming counsel's unsupported contentions in the Motion were true, Google fails to carry its burden to show a threat of competitive injury. Google's justification for the AEO Designation is that Plaintiffs "compete in the same marketplace as Google" and therefore should not be allowed access to "Google's sensitive, proprietary information." (Motion at 2.) While it is true that Google and Plaintiffs both create software products that are "marketed by all parties in commercial settings and over the internet," (<u>id.</u> at 4), this alone does not carry Google's burden to demonstrate a "genuine threat of competitive or other injury." <u>See</u> <u>Team Play</u>, 2005 WL 256476, at *1. Google describes its product as "an open source software platform for mobile devices" and describes its competitors as other companies that develop "operating software" in the "mobile device marketplace." (Motion at 3, 9.)

  As noted in Plaintiffs' trademark registration (No. 2,639,556), Plaintiffs develop "computer e-commerce software to allow users to perform electronic business transactions via a global computer network." (2d Am. Compl. Ex. B.) While "[Google's] goods are closely related to the [Plaintiffs'] goods and commonly emanate from the same source as the registrant's goods," which -- as explained by the United States Patent and Trademark Office -- is sufficient to create a likelihood of confusion and establish trademark infringement, (<u>see</u> <u>id.</u> ¶40), this alone does not establish that Google faces "any genuine threat of competitive or other injury" or any "specific examples of competitive harm" as is required to establish the necessity of the AEO Designation. <u>Team Play</u>, 2005 WL 256476, at *1; <u>Arvco</u>, 2009 WL 311125, at *5.

  The cases cited by Google do not warrant a different result. In those cases, either the parties agreed or there was a specific showing that the disclosure of the information at issue

without an AEO Designation could harm the parties' competitive positions. See Nat'l Council on Compensation Ins., Inc. v. Amer. Int'l Group, Inc., No. 07 C 2898, 2007 WL 4365372, at *3 (N.D. Ill. Dec. 11, 2007) (parties agreed to an AEO designation); Fieldturf Int'l, Inc. v. Triexe Mgmt. Group, Inc., No. 03 C 3512, 2004 WL 866494, at *3 (N.D. Ill. April 16, 2004) (same); see also Autotech, 235 F.R.D. at 444 (sufficient showing that one party's customer list warranted AEO designation).[4]

### C. Google's Vaguely Described Categories Of Documents Do Not Warrant Attorneys' Eyes Only Protection

Moreover, Google does not justify the proposed AEO Designation because it fails to explain how disclosure of any particular category of information will cause competitive injury. See Arvco, 2009 WL 311125, at *5; Team Play, 2005 WL 256476, at *1. For example, Google makes the conclusory statement that its documents are "of an extraordinarily sensitive nature." (Motion at 8.) Yet, this statement alone does not constitute good cause (Hollinger, 2005 WL 3177880, at *2 (good cause not satisfied by "stereotyped and conclusory statements"); Andrew Corp., 180 F.R.D. at 341 (same)), and Google does not explain how Plaintiffs would gain a competitive advantage from Google's "employee rosters," "employee wages and financial information" or "organizational structure and non-public financial information." (Motion at 6 (categories 2, 3 and 8).) To the contrary, given the differences in size and business models between Plaintiffs and Google, the Court can reasonably infer that such information would be irrelevant to Plaintiffs' business.

---

[4] Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc., 237 F.R.D. 405 (N.D. Ill. 2006), also cited by Google, is a later opinion in the same case concerning whether in house counsel should have access to AEO documents. Obviously, the facts remain the same between the two opinions and the later opinion is as inapplicable here as the first.

Similarly, Google contends that its proposed AEO Designation is appropriate to protect "financial plans" and "business or marketing plans." (Id. (categories 4 and 5).) Yet, any document that relates to marketing or financial plans could fall under these broad categories. The cases on which Google relies provide no support for the protection of these categories of documents under an AEO Designation. Three of Google's cases concern customer lists and/or supplier lists. Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc., 242 F.R.D. 552, 556 (C.D. Cal. 2007) (customer and supplier lists and financial documents connected to particular customers or suppliers); Autotech, 235 F.R.D. at 436 (customer list); Surface Shields, Inc. v. Poly-Tak Protection Sys., Inc., No. 02 C 7228, 2003 WL 21800424, at *1 (N.D. Ill. July 30, 2003) ("lists of customers and potential customers").[5] However, customer lists and supplier lists are even not among the documents Google proposes to protect under the AEO Designation. Another case concerns disclosure of financial information, but only where disclosure of such information would cause competitive harm -- a showing Google has failed to make. See Fieldturf, 2004 WL 866494, at *3. The only case Google cites that concerns multiple categories of AEO information involved a demonstration of potential competitive harm, unlike here, and this Court actually narrowed the proposed categories to ensure that only information that could cause competitive harm was covered. Nat'l Council on Compensation Ins., 2007 WL 4365372, at *3-*4.

D. **The Patent Order Does Not Support Google's Motion**

Google's comparisons of its Proposed Order to the Patent Order are not well taken. Google Contends that its proposed AEO Designation is "significantly more tailored" than the definition of highly confidential information in the default Patent Order. (Motion at 9 n.3.)

---

[5] Google incorrectly identifies the documents at issue in Surface Shields as "customer lists and business proposals," (Motion at 10), which was the parties' characterization but this Court held that the subject documents appeared to be "lists of customers and potential customers." Surface Shields,, 2003 WL 21800424, at *1.

However, a review of the Patent Order reveals that "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information is limited to "trade secrets or other confidential research, development, or commercial information" under Rule 26(c)(1)(G), with the latter category further requiring harm to a party's competitive position if disclosed. (Ex. B at ¶¶2(b), 2(c).) In other words, unlike Google's overbroad Proposed Order, the Patent Order is firmly based on the Rules of Civil Procedure and this Court's precedent for protecting information that poses a "genuine threat of competitive or other injury." See Team Play, 2005 WL 256476, at *1.

### E. The Court Should Decline Google's Invitations To Shift The Burden

Google repeatedly argues that it is Plaintiffs' obligation to show why Erich Specht should be allowed access to Google's discovery materials. (E.g., Motion at 2, 6, 7, 10, 11.) This argument turns the appropriate legal standard on its head. Parties are presumed to have access to all discovery materials absent a protective order, which requires a showing of good cause. Citizens, 178 F.3d at 944. Even Google's authority recognizes this rule. E.g. Nutratech, 242 F.R.D. at 556. Because Google has moved for a protective order with an AEO Designation, it is Google that has the burden to show cause for such a designation. As explained above, it has failed to do so.

In any event, counsel for Plaintiffs have compelling reasons to want to share documents received from Google with their clients. Erich Specht will be a key witness, and the only representative of Plaintiffs at trial. It will be exceedingly difficult for Plaintiffs' counsel to properly prepare Mr. Specht for trial or deposition, or otherwise advise Mr. Specht concerning the merits of Plaintiffs' claims if Mr. Specht is unable to view a substantial body of materials produced by Google. As explained by the court in Arvco Container Corp. v. Weyerhaeuser Co.:

> It is clear to this court that the indiscriminate use of "attorney's eyes only" protective orders does pose a significant handicap on

> the restricted litigant. Discovery, trial preparation, and trial are made more difficult and expensive if an attorney cannot make complete disclosure of the facts to the litigant. Further, courts cannot ignore the fact that ninety-eight percent of cases are not tried, but are resolved in mediation and other settlement methods. It is difficult, and perhaps impossible, for an attorney to counsel a client to compromise or even abandon a case on the basis of information kept secret from the client. A litigant who is not in possession of all relevant facts, furthermore, is in a poor position to assess its obligation to evaluate its ongoing obligation to maintain only arguably meritorious actions at every stage of the case.

2009 WL 311125, at *5. Such a burden, totally unjustified by Google, should not be countenanced by the Court. Accordingly, for this additional reason, the Motion should be denied.

### III. GOOGLE WILL ABUSE THE PROPOSED ORDER

As shown above, Google has failed to demonstrate good cause for either its Confidential Designation or its AEO Designation. In addition, the Proposed Order encourages abuse by Google -- which has already abused the parties' attorney's eyes only agreement -- further indicating that the Motion should be denied.

The Proposed Order actually incentivizes over-designation of documents by placing the burden on Plaintiffs to file a motion to redesignate documents. In other words, there is no consequence for Google if it over-designates documents because it is Plaintiffs who must file a motion challenging the over-designation. (Motion Ex. 1 at ¶18.) This approach defies common sense because it is the designating party that must show good cause for its designations. Not surprisingly, it is also contrary to this Court's practice. In particular, the Patent Order provides that: (a) the challenging party must notify the producing party of the basis for its challenge; (b) the parties must meet and confer concerning the challenge; and (c) if the parties cannot agree, the challenging party's new designation is automatically applied unless the producing party files a motion to maintain the producing party's designation within fourteen days. (Patent Order at 4.)

So far, Google has already shown its willingness to abuse the attorney's eyes only agreement between the parties by marking <u>publicly</u> <u>available</u> <u>documents</u> "Attorney's Eyes Only Subject to Agreement Between the Parties." Among the publicly available documents that Google has marked in this manner are portions of Google's website (a copy of this document as it appears on Google's website is attached hereto as Exhibit C) and publicly available documents from the Delaware Secretary of State. This conduct is patently improper. <u>E.g.</u> <u>THK Am. Inc. v. NSK Co.</u>, 157 F.R.D. 637, 646 (N.D. Ill. 1993) ("every public document designated as 'Attorney's Eyes Only' constitutes a flagrant violation of the Protective Order"). Google's Proposed Order, if adopted, would likely provoke even more over-designating by Google and would unreasonably place the burden of correcting such unfounded designation on the Plaintiffs.

## **CONCLUSION**

For all of these reasons, the Motion should be denied, and the Court should enter an Order:

A. Granting Plaintiffs' contemporaneously filed Cross Motion For Entry Of A Protective Order;

B. Entering Plaintiffs' alternate proposed Protective Order attached hereto as Exhibit B; and

C. Granting such other and further relief as is necessary under the circumstances.

                                Respectfully submitted,

                                ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED

                                By: /s/ John Haarlow, Jr.
                                        One of Their Attorneys

P. Andrew Fleming
John F. Shonkwiler
John Haarlow, Jr.
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Doc. #326135

Martin J. Murphy
2811 RFD
Long Grove, IL 60047
(312) 933-3200

## **CERTIFICATE OF SERVICE**

John Haarlow, Jr., an attorney, certifies that he caused copies of the foregoing to be served by electronically filing the document with the Clerk of Court using the ECF system this 10th day of December, 2009.

/s/ John Haarlow, Jr.