**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 09-cv-2572 <br><br> Judge Harry D. Leinenweber <br><br> Magistrate Judge Jeffrey Cole |

## PROTECTIVE ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. <u>Findings</u>. The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. Definitions.

    a) "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

    b) "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the

disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

  c) Information is not Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential if a person lawfully obtained it independently of this litigation.

  3. <u>Designation of information as Confidential</u>:

  a) A person's designation of information as Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

  b) A person designates information in a document or thing as Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL." A producer may make documents or things containing Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential before providing them to the recipient.

  c) A Person designates information in deposition testimony as Confidential by stating on the record at the deposition that the information is Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential.

  d) A person's failure to designate a document, thing, or testimony as Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

e) A person who has designated information as Confidential may withdraw the designation by written notification to all parties in the case.

f) If a party disputes a producer's designation of information as Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential. The information shall remain subject to the producer's Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential is not an admission that the information was properly designated as such.

4. Use and disclosure of Confidential information:

a) All information produced or received information via the discovery process in this case, including Confidential information, may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

b) Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required

to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(c) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

    c)     A party may not disclose Confidential information to an expert or consultant pursuant to paragraph 4(b) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential information may not be disclosed to the expert or consultant without the Court's approval.

    d)     Notwithstanding paragraph 4(a), a party may disclose Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

    e)     A party who wishes to disclose Confidential information to a person not authorized under paragraph 4(b) must first make a reasonable attempt to obtain the producer's

permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

5. <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

6. <u>Filing with the Court</u>:

a) If a party wishes to file in the public record a document that another producer has designated as Confidential, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal.

b) Pursuant to Local Rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

7. <u>Document Disposal</u>: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential information, and must destroy all notes, memoranda, or other materials derived from on in any way revealing confidential or highly confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential information. The party returning and/or destroying the producer's Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may

retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

    8.    <u>Survival of obligations</u>:   This order's obligations regarding Confidential information survive the conclusion of this case.

**SO ORDERED**, on _____.

                                              BY THE COURT:

                                              _____
                                              United States District Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED, ) ) ) ) | |
| Plaintiffs/Counter-Defendants, ) | |
| v. ) | Civil Action No. 09-cv-2572 |
| ) | |
| GOOGLE INC., ) | Judge Harry D. Leinenweber |
| ) | |
| Defendant/Counter-Plaintiff. ) | Magistrate Judge Jeffrey Cole |

**UNDERTAKING**

I, _____, being first duly sworn on oath, depose and say:

1. I have read and understand the contents of the PROTECTIVE ORDER dated \_\_\_\_ _____ and filed in the above-captioned litigation.

2. This Undertaking is signed pursuant to ¶4(c) of the PROTECTIVE ORDER, and I am executing this Undertaking and agreeing to observe the conditions provided in the PROTECTIVE ORDER prior to any disclosure to me of documents, things and/or any other information designated as containing, in whole or in part, Confidential information.

3. I expressly agree that:

(a) I have read and shall be fully bound by the terms of the PROTECTIVE ORDER;

(b) All documents, things and information which are disclosed to me pursuant to the PROTECTIVE ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the PROTECTIVE ORDER;

(c)   I shall not use or refer to any of the documents, things and/or any information so designated other than in connection with litigation between the parties and as prescribed in the PROTECTIVE ORDER;

(d)   I shall, upon notification that this litigation has terminated, return any and all originals and/or copies of the documents and things to counsel for _____ at such counsel's expense, and I shall destroy any notes or memoranda I have which in any way concern the substance embraced by such documents, things and/or information.

4.   I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the PROTECTIVE ORDER.

5.   I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____         _____
                                                            Signature