**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICH SPECHT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 09-cv-2572 |
| | ) | |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| GOOGLE INC., | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTOROLA, INC.'s MOTION TO QUASH NON-PARTY SUBPOENA**

Motorola, Inc. ("Motorola"), by its attorneys, respectfully submits the following memorandum in support of its motion to quash the subpoena *duces tecum* (the "Subpoena") served upon Motorola by Plaintiffs.[1]

**INTRODUCTION**

On November 19, 2009, Plaintiffs served the Subpoena on Motorola, a copy of which is attached hereto as Exhibit 1.[2] Through the Subpoena, Plaintiffs request Motorola to produce documents responsive to eighteen (18) broad categories that have virtually no relevance to Plaintiffs' claims against the sole defendant in this case, Google Inc. ("Google"). Instead, Plaintiffs seek to burden Motorola to produce documents relating to, amongst other things, Motorola's contracts with persons and entities *other than Google*, payments made by *Motorola* to persons and entities *other than Google*, *Motorola's* financial documents relating to the sale of

---

[1] Motorola reserves the right to object to the individual requests set forth in the Subpoena should the Court not quash the Subpoena in its entirety.

[2] The response date for the Subpoena initially was December 8, 2009. By agreement between Motorola and Plaintiffs, the response date was extended to December 18, 2009.

*Motorola's* goods, *Motorola's* expected profits from the sales of its products that "bear or are associated with any Android Mark and/or the Droid Mark," and *Motorola's* expenses related to products that "bear or are associated with any Android Mark and/or the Droid Mark."

As explained below, the Court should quash the Subpoena for at least three reasons. *First*, before Motorola, or any non-party, is burdened with responding to the Subpoena, Plaintiffs should put forth *prima facie* evidence that they did not abandon their rights in the ANDROID DATA and other asserted marks prior to Google's alleged use of the marks.

*Second*, Plaintiffs' requests to Motorola are irrelevant to the issues between Plaintiffs and Google. Rather, the Subpoena is nothing more than a fishing expedition designed to gather evidence in hopes of bringing an action against Motorola in the future.

*Finally*, Plaintiffs have not shown that they cannot obtain directly from Google any documents that may be argued to be relevant.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Motorola and Others Were Dismissed by this Court.

On April 28, 2009, Plaintiffs filed suit against Google and 51 other individuals and entities, including Motorola, ("non-Google defendants"), alleging that all 52 of the then-named defendants infringed on Plaintiffs' rights in the ANDROID DATA mark under 15 U.S.C. §1114. (Dkt. 1.) At that time, Plaintiffs also moved for a temporary restraining order and preliminary injunction attempting to prevent Google and the other 51 then-named defendants, including Motorola, from using the ANDROID DATA mark. At the initial hearing on Plaintiffs' TRO motion, Google persuasively argued that Plaintiffs had virtually no chance of success on the merits, because Plaintiffs had abandoned any rights they may have had in the ANDROID DATA mark long before filing suit preventing Plaintiffs from maintaining a claim for trademark

infringement. Faced with this argument, Plaintiffs withdrew their motions for injunctive relief and have since resisted Google's discovery concerning Plaintiffs' abandonment of the ANDROID DATA and other asserted marks.

On June 22, 2009, certain of the non-Google defendants filed a motion to dismiss the Plaintiffs' First Amended Complaint because Plaintiffs' general and conclusory allegations against the non-Google defendants failed to state a claim for trademark infringement or any of the other claims asserted by Plaintiffs.[3] On August 3, 2009, the Court granted the non-Google defendants' motion to dismiss and dismissed all non-Google defendants, including Motorola, from the case. (Dkt. 112.) However, the Court did grant Plaintiffs the opportunity file a further complaint that properly and particularly alleged claims against any or all of the non-Google defendants. Thereafter, on October 6, 2009, Plaintiffs filed a Second Amended Complaint in which they affirmatively chose not to re-plead any claims against any of the non-Google defendants, including Motorola. (Dkt. 134.)

**II. Plaintiffs Have Resisted Google's Discovery Concerning Abandonment.**

On June 22, 2009, Google served written discovery on Plaintiffs seeking documents and information directed to Plaintiffs' abandonment of the ANDROID DATA mark. Not surprisingly, Plaintiffs have resisted Google's attempts to squarely address the issue by delaying the production of critical documents and providing incomplete answers to interrogatories. As a result, on November 30, 2009, Google filed a motion to compel Plaintiffs to provide complete answers to interrogatories. (Dkt. 145.) At the initial hearing on Google's motion, the Court ordered Plaintiffs to further supplement their interrogatory responses to provide specific information as to dates on which Plaintiffs used or advertised the ANDROID DATA mark in

[3] Motorola did not file a responsive pleading because its responsive pleading was not yet due.

association with particular customers. Plaintiffs are to supplement the responses by no later than December 24, 2009. In light of the supplementation, the Court continued further hearing on the motion to compel until January 7, 2010. (Dkt. 148.)

**III. Plaintiffs Seek Irrelevant Documents from Motorola.**

Notwithstanding Plaintiffs' own failure to comply with discovery, on November 19, 2009, Plaintiffs served non-party Motorola with the Subpoena. Through the Subpoena, Motorola seeks eighteen (18) categories of documents, none of which relate to the threshold issue of whether Plaintiffs abandoned the ANDROID DATA mark. Moreover, an overwhelming number of requests are not relevant to any claim or defense presented by the Second Amended Complaint. Indeed, Plaintiffs seek documents relating to:

- Motorola's agreements with third parties *other than Google* relating to the Android Mark (Ex. 1, Req. Nos. 1 and 2);
- the Droid mark (a trademark that is owned by Lucas Films and is not claimed to be owned by Plaintiffs) (Ex. 2, Req. No. 4);
- license agreements between Motorola and others, *not including Google* (Ex. 2, Req. No. 6);
- payment made by Motorola to LucasFilm concerning the Droid Mark (Ex. 2, Req. No. 7);
- Motorola's actual and projected gross revenues concerning products "that bear or are associated with the Android Mark and/or the Droid Mark" (Ex. 2, Req. Nos. 8 and 9);
- Motorola's finances (Ex. 2, Req. Nos. 10 and 11);
- Motorola's contribution to the development of the Android platforms (Ex. 2, Req. Nos. 16 and 17); and
- the Open Handset Alliance (Ex. 2, Req. No. 18.)

As set forth below, Motorola should not be required to respond to the Subpoena because it is designed to harass Motorola, is unduly burdensome and/or seeks documents that are irrelevant to Plaintiffs' lawsuit against Google.

## ARGUMENT

### I. The Court Should Quash the Subpoena Until Plaintiffs Present *Prima Facie* Evidence that They Did Not Abandon the Asserted Marks.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), the Court "must quash or modify a subpoena that . . . (iv) subjects a person to undue burden." The question of whether a subpoena imposes an undue burden is a case-specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request . . .and the burden imposed." *The Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Ctr. of Haverstraw, Inc*., 211 F.R.D. 658, 662 (D. Kansas 2003). The needs of the discovery requested must be balanced against the burden imposed on the person ordered to produce the documents. The non-party status of the person from whom documents are sought is a factor that weighs against requiring disclosure. *Id.* Further, the burden of demonstrating relevance lies on the party seeking discovery. *Id.*

The purpose of Rule 45 is to protect non-parties to the litigation from incurring the time and expense in responding to burdensome subpoenas. *See Ohio Bureau of Worker's Compensation v. MDL Active Duration Fund, Ltd.*, No. 2:05-cv-0673, 2006 WL 3311514, 4 (S.D. Ohio, Nov. 13, 2006) ("Fed. R. Civ. P. 45 [is] designed to protect the interest of non-parties . . . having undue burdens imposed upon them when they have no stake in the outcome of the case"); *see also Northwestern Memorial Hospital v. Ashcroft*, 362 F.2d 923, 927 (7th Cir.

2004) (same) and *Ultimate Timing, L.L.C v. Simms,* No. 3:09-mc-6-RLY-WGH, 2009 WL 1148056, 2 (S.D. Ind. April 28, 2009) (same). If the burden on the non-party is greater than the issuing party's need for the documents, courts should quash the subpoena. *Northwestern Memorial Hospital,* 362 F.2d at 927 (subpoena to non-party quashed where the balance of the harms resulting from disclosure and undue burden severely outweighed the loss to subpoenaing party by non-disclosure). To that end, parties seeking discovery from non-parties are required to minimize the burden on the non-party, including the exhaustion of traditional discovery methods from parties to the action. *See* Fed. R. Civ. P. 45(c)(1).

The Court should quash the Subpoena until Plaintiffs make a *prima facie* showing that they did not abandon any rights they may have had in the ANDROID DATA mark. Google has raised more than mere speculation that Plaintiffs abandoned the asserted marks and issued discovery concerning this threshold issue. Indeed, the Court granted Google's request to begin written discovery directed solely to the abandonment issue before the commencement of general discovery. For the last six months, perhaps knowing that their case is in peril, Plaintiffs have resisted Google's discovery requests that are pointedly designed to demonstrate that Plaintiffs did not use the ANDROID DATA and asserted marks in commerce and that Plaintiffs did not have any *bona fide* intent to resume use of such marks. Plaintiffs apparently have yet to produce any documents showing that they used the asserted marks in commerce for at least three years prior to Google's adoption of its ANDROID mark, which is *prima facie* evidence that Plaintiffs abandoned the marks. As such, the Court should not require any non-party, like Motorola, to respond to a subpoena that has nothing to do with these threshold issues. At a minimum, the Court should hold the Subpoena in abeyance until Plaintiff provides *prima facie* evidence that

they did not abandon the ANDROID DATA and other asserted marks and that those marks were in actual use in commerce. By doing so, the Court will relieve the burden on Motorola in unnecessarily responding to a Subpoena issued in connection with a lawsuit that appears to be without merit. Postponing Motorola's response will not prejudice Plaintiffs because no discovery schedule has been set in this case and, as discussed below, Plaintiffs have not exhausted their discovery opportunities with Google.

## II. The Document Requests Are Nothing More Than a Fishing Expedition and, Therefore, the Subpoena Should be Quashed.

The Court also should quash the Subpoena because the requests do not appear calculated to lead to the discovery of relevant evidence related to the claims or defenses of Plaintiffs and Google. Courts routinely quash subpoenas that do not seek documents germane to the pending case, but instead are "fishing expeditions." *See e.g., Ultimate Timing, LLC* , 2009 WL 1148056, at * 2 (non-parties' motion to quash granted where breadth of the subpoena issued prevented the court from drawing a line between which, if any, of the requests were relevant to the underlying litigation and "that which may be a fishing expedition . . . ."). Indeed, as Judge Posner explained, while pre-trial discovery may be a fishing expedition, Fed. R. Civ. P. 45(c) allows the fish to object and the subpoena to be quashed when the fisherman fails to come up with valid reasons for such non-party discovery. *Northwestern Memorial Hospital,* 362 F.2d at 931; *see also Vike v. Coopman*, No. 08-CV-468, 2009 WL 33210108, *1 (W.D. Wisc. Oct. 14, 2009) (subpoena quashed where court found it would be an undue burden to require witness to testify about documents related to irrelevant information); *Angelico v. Lehigh Valley Hospital, Inc*., No. 01-2585, 2004 WL 75383, 2 (3d Cir. Jan. 12, 2004) (district court's order quashing subpoena

reasonable where discovery request was unrelated to the remaining issue before the court); and *Flatow v. Islamic Republic of Iran*, 201 F.R.D. 5, 9 (D.D.C. 2001) (non-party subpoena quashed where information sought was irrelevant or unnecessary to plaintiff's remaining claims).

In this case, with rare exception, Plaintiffs' Subpoena does not seek documents relevant to Plaintiffs' dispute with Google, but instead is designed to discover evidence that Plaintiffs may later use in a future lawsuit against Motorola. In particular, Plaintiffs' requests for Motorola's confidential financial information concerning *its* sales, *its* expected sales, *its* profits, *its* expected profits and *its* expenses relating to *its* own products have no relevance to a case between Plaintiffs and Google. *See* Ex. 1, Req. Nos. 8-11. Likewise, Plaintiffs' requests relating to Motorola's agreements and communications with persons and entities *other than Google* have no relevance to Plaintiffs' claims against Google. Motorola already has been dismissed from this case and Plaintiffs' attempt to seek documents related to Motorola's business with entities other than Google is improper and constitutes unwarranted harassment of Motorola. The proper remedy under these circumstances is for the Court to quash the entire Subpoena. *See Ultimate Timing, LLC,* 2009 WL 1148056, at *2; *see also United States v. Daly*, 481 F.2d 28, 30 (8th Cir. 1973) (subpoena directed to third party properly quashed where unreasonable, oppressive, and lacked relevance).

## III. The Court Should Quash the Subpoena Because Plaintiffs Have Not Exhausted Their Attempts to Seek this Information from Google.

Finally, the Court should quash the Subpoena because Plaintiffs should seek many of the requested documents from Google. As noted above, before burdening a non-party with extensive document requests, Plaintiffs should first be required to demonstrate that they

complied with their obligation to take reasonable steps to avoid imposing an undue burden on a non-party and by first confirming that they are unable to obtain the documents they seek from Google. *See* Fed. R. Civ. 45(c)(1); *see also The Goodyear Tire & Rubber Co.*, 211 F.R.D. at 663 ("status of a person as a non-party is a factor that weighs against disclosure"). Here, while only a few document requests actually relate to Plaintiffs' case against Google, Plaintiffs have not shown that they cannot obtain the documents directly from Google. For example, Plaintiffs seek documents relating to: (i) all communications with Google concerning the Android Mark (Req. Nos. 1, 14, 17); (ii) actual and contemplated payments made by Motorola to Google concerning the Android Mark (Req. No. 3); (iii) agreements between *Google* and third parties (Req. No. 5); and (iv) documents concerning the Open Handset Alliance (Req. No. 18.). If not otherwise objectionable, Plaintiffs first should seek each of these categories of documents from Google before burdening Motorola with the time-consuming and expensive chore of searching for and producing documents that may or may not exist.

*Remainder of Page Intentionally Left Blank*

**CONCLUSION**

Based on the foregoing, the Court should quash the Subpoena and grant such other relief as it deems just and proper.

Date: December 18, 2009

Respectfully submitted,

MOTOROLA, INC.

By: /s/ Jonathan M. Cyrluk
One of Its Attorneys

Jonathan M. Cyrluk
*cyrlukj@stetleranddufy.com*
Mariah E. Moran
*mmoran@stetleranddufy.com*
Henry M. Baskerville
hbaskerville@stetleranddufy.com
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
Tel.: 312.338.0200
Fax: 312.338.0070