IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED,       ) ) ) ) | |
| Plaintiffs/Counter-Defendants,       ) | |
| v.       ) | Civil Action No. 09-cv-2572 |
|       ) | |
| GOOGLE INC.,       ) | Judge Harry D. Leinenweber |
|       ) | |
| Defendant/Counter-Plaintiff.       ) | Magistrate Judge Jeffrey Cole |

**PLAINTIFFS' RESPONSE TO MOTOROLA, INC'S
MOTION TO QUASH NON-PARTY SUBPOENA**

Plaintiffs Erich Specht, an individual and doing business as Android Data Corporation, and The Android's Dungeon Incorporated (collectively, "Plaintiffs"), by and through their attorneys, Novack and Macey LLP and Martin J. Murphy, hereby respond to Motorola, Inc.'s ("Motorola") Motion to Quash Non-Party Subpoena (the "Motion") as follows:

**INTRODUCTION**

Plaintiffs own a registered trademark for ANDROID DATA. Google has developed an operating platform for mobile phones that it calls "Android." Google chose the Android name despite its knowledge of Plaintiffs' registered trademark and the USPTO's repeated rejection of its trademark application because of a likelihood of confusion with Plaintiffs' registered trademark. Motorola produces the "Droid" mobile device which features Google's Android system; Android is also prominently featured in Droid marketing efforts. The name "Droid" is apparently licensed from Lucasfilm Ltd. and its related companies ("Lucasfilm"), as indicated by Exhibit A to the Subpoena, a page from Motorola's website.

333355

In the Second Amended Complaint, among other things, Plaintiffs assert that Google's use of the name "Android" infringes Plaintiffs' ANDROID DATA trademark. (E.g. 2d Am. Compl. ¶¶97-110.) In addition, Plaintiffs assert that Google is liable for contributory infringement of Plaintiffs' ANDROID DATA mark because it provided Android to others and encouraged them to develop hardware and software for Android which also infringes Plaintiffs' mark. (Id. ¶¶119-21.) In fact, Plaintiffs specifically allege that Google is contributorily liable for Motorola's infringement of Plaintiffs' ANDROID DATA mark. (Id. ¶82.)

On November 19, 2009, Plaintiffs served a subpoena on counsel for Motorola (the "Subpoena"), seeking the following nine categories of documents:

- Documents concerning "Android," including marketing materials, communications and agreements with Google, Lucasfilm or any other third party. (Request No. 1.)

- Agreements, contracts, licensing agreements or indemnification agreements concerning Android or products that use Android with Google, Lucasfilm or any other third party. (Request No. 2.)

- Documents sufficient to identify payments made by Motorola to Google concerning Android or products that use Android. (Request No. 3.)

- Documents concerning Motorola's Droid mobile phone, including communications, marketing materials and agreements with Google, Lucasfilm or any other third party. (Request Nos. 4-5.)

- The licensing agreement(s) concerning Luscasfilm's Droid name and documents sufficient to identify any payments made thereunder. (Request Nos. 6-7.)

- Documents sufficient to identify the actual and projected gross revenue, gross profits, net income, net profits and actual and projected expenses relating to the Droid. (Request Nos. 8-11.)

- Documents concerning Plaintiffs, their products and services and/or this Litigation, including communications, agreements and contracts, including joint defense agreements. (Request Nos. 12-15.)

- Documents concerning the development of Android, including communications and Motorola's contribution thereto. (Request Nos. 16-17.)

- Documents concerning the Open Handset Alliance, including communications and Motorola's contribution thereto. (Request No. 18.)

While Plaintiffs do not believe that the Subpoena is overbroad, unduly burdensome or otherwise objectionable as written, or that the Motion provides any reason to quash or modify the Subpoena, Plaintiffs are willing to accept production of the following three categories of documents in full satisfaction of Motorola's obligation thereunder:

- **Droid Licensing Documents:** The licensing agreement(s) concerning Luscasfilm's Droid name and documents sufficient to identify any payments made thereunder. (Request Nos. 6-7.)

- **Droid Financial Documents:** Documents sufficient to identify the actual and projected gross revenue, gross profits, net income, net profits and actual and projected expenses relating to Motorola's Droid mobile device. (Request Nos. 8-11.)

- **Plaintiff-Related Documents:** Documents concerning Plaintiffs, their products and services and/or this Litigation, including communications, agreements and contracts, including joint defense contracts. (Request Nos. 12-15.)[1]

---

[1] Plaintiffs' counsel made this offer to Motorola's counsel on January 4, 2010, but it was rejected. Motorola's position is simple. It will not produce any documents responsive to the Subpoena.

As shown below, Motorola should be ordered to produce, at the very least, the Droid Licensing Documents, the Droid Financial Documents and the Plaintiff-Related Documents. The Droid Licensing Documents and Droid Financial Documents are relevant to the measure of Plaintiffs' damages, and Motorola <u>admits</u> that the Plaintiff-Related Documents are relevant. Moreover, Motorola's other arguments that the Subpoena should be quashed or stayed are unavailing because:

- The Subpoena cannot be quashed in its entirety for seeking some purportedly irrelevant documents;

- Motorola has made no showing of undue burden;

- Discovery should not be stayed pending resolution of the abandonment affirmative defense; and

- There is no requirement that Plaintiffs exhaust efforts to obtain the requested documents from Google before seeking them from Motorola.

## I.   **THE DOCUMENTS ARE RELEVANT AND MUST BE PRODUCED**

### A.   **Applicable Law**

The definition of relevance for discovery purposes is broad. Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u> As Motorola's authority points out, the scope of discovery allowed pursuant to subpoenas is the same as under Rule 26. <u>Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.</u>, 211 F.R.D. 658, 662 (D. Kan. 2003); <u>see also</u> <u>Williams v. Blagojevich</u>, No. 05 C 4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008) (same). Moreover, "[a] request for

discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." Goodyear, 211 F.R.D. at 663 (citation omitted).

Here, it is clear that the Droid Licensing Documents and Droid Financial Documents have significant bearing on Plaintiffs' direct infringement claim against Google and its contributory infringement claim against Google for Motorola's infringing activity. To state a claim for direct trademark infringement, a plaintiff must show that: (a) it has a protectible mark; and (b) there is a likelihood of confusion between plaintiff's mark and defendant's mark. E.g. Days Inns Worldwide, Inc. v. Lincoln Park Hotels, Inc., 500 F. Supp. 2d 770, 774 (N.D. Ill. 2007).

On the other hand, in order to prove contributory infringement, a plaintiff trademark holder must prove that the defendant "intentionally induced a third party to infringe the plaintiff's mark." Monotype Imaging, Inc. v. Bitstream, Inc., No. 03 C 4349, 2005 WL 936882, at *3 (N.D. Ill. April 21, 2005). "Contributory infringement therefore requires proof of direct infringement by a third party, as well as defendants' intent and knowledge of the wrongful activities of its distributors." Id. If the plaintiff succeeds, the defendant is liable for any harm done as a result of the third party's infringement. Days Inns Worldwide, 500 F. Supp. 2d at 778.

### B.  Motorola Admits That The Plaintiff-Related Documents Are Relevant

Motorola does not dispute that the Plaintiff-Related documents are relevant. Indeed, the Motion argues that all of the Requests seek at least some irrelevant information except Request Nos. 12-14 -- the Plaintiff-Related Documents. (See Motion at 4, 8 (arguing that Request Nos. 1-11 and 15-18 seek some irrelevant documents).) Accordingly, Motorola should be required to produce these documents.

### C. The Droid Documents Bear On Plaintiffs' Measure of Damages

Further, given the elements of Plaintiffs' claims, the Droid Financial Documents and Droid Licensing Documents are also clearly relevant. <u>First</u>, Plaintiffs' request for the Droid Financial Documents are appropriately narrow requests for Motorola's financial information related to the sale of the Droid. Indeed, the Requests do not seek every financial document related to the Droid, but rather merely documents sufficient to identify key financial figures. (<u>See</u> Request Nos. 8-11.) Further, these documents are directly relevant to Plaintiffs' contributory infringement claim. The Droid mobile device features Google's "Android" system and, therefore, it is the means by which Motorola is infringing Plaintiffs' ANDROID DATA trademark. (<u>See</u> Subpoena, Ex. A.) If Plaintiffs' claim succeeds, Google may be held liable for damages due to Motorola's infringement. <u>Days Inns Worldwide, Inc.</u>, 500 F. Supp. 2d at 778. Among other things, Plaintiffs may be entitled to damages from Google based on Motorola's profits from the sale of the Droid, 15 U.S.C.A. § 1117, and Plaintiffs' requests for the Droid Financial Documents are a reasonable and appropriate means for Plaintiffs to obtain such information.

<u>Second,</u> the Droid Licensing Documents are relevant to the calculation of Plaintiffs' damages for their direct infringement claim. Specifically, pursuant to the licensing agreement or agreements identified in Exhibit A to the Subpoena rider, Lucasfilm receives consideration for the use of its trademark DROID as the name of the Droid mobile device. The amount of such consideration and the terms of the license agreement(s) are relevant to Plaintiffs' direct infringement claim because they will provide a benchmark for one potential measure of Plaintiffs' damages -- a royalty from Google for the use of Plaintiffs' ANDROID DATA trademark as the name of Google's Android system. <u>See</u> <u>Sands, Taylor & Wood v. Quaker Oats Co.</u>, 978 F. 2d 947, 963 n.19 (7th Cir. 1992) (reasonable royalty rate is a proper measure of

damages in trademark infringement cases). In determining an appropriate royalty rate, courts may look to other similar licensing agreements to establish a percentage baseline -- even when those agreements involve third parties. Glenayre Elecs. Inc. v. Jackson, 443 F.3d 851, 854 (Fed. Cir. 2006) (in determining the reasonable royalty rate in patent infringement case, the district court properly looked to agreements that the plaintiff and defendant had with third parties) (affirming decision by Leinenweber, J.); Snellman v. Ricoh Co., 862 F.2d 283, 289 (Fed. Cir. 1988) (license agreement between plaintiff and third-party could be used for determining reasonable royalty rate in patent infringement).

## II. THE SUBPOENA CANNOT BE QUASHED FOR SEEKING SOME PURPORTEDLY IRRELEVANT DOCUMENTS

Although Motorola admits that the Plaintiff-Related Documents are relevant, it argues that the Subpoena should be quashed in its entirety because it seeks some purportedly irrelevant documents. (Motion at 4, 8.) Motorola is wrong. None of Motorola's cases stand for the proposition that where certain subpoena requests seek irrelevant information, the Court may quash the entire subpoena. Instead, the cited cases merely hold that a subpoena or portions thereof may be quashed if there is no connection between the documents sought and the claims asserted by the parties -- an abstract proposition of law that Plaintiffs do not dispute. However, these cases have no bearing here because the documents Plaintiffs have requested are relevant to their claims.

Moreover, Motorola's cases offer the Court nothing by way of analogy. The factual and legal contexts of these cases -- from tax prosecutions to the constitutionality of abortion laws -- are entirely different, making the contours of relevance entirely different. In short, Motorola's authorities should be disregarded. See Angelico v. Lehigh Valley Hosp., Inc., Nos. 01-2585, 01-2930, 2004 WL 75383, at *1-*2 (3d Cir. Jan. 12, 2004) (post-verdict subpoena in § 1983 and

antitrust case sought documents "unrelated" to issues remaining before trial court); NW Memorial Hosp. v. Ashcroft, 362 F.3d 923, 927-32 (7th Cir. 2004) (government could not offer any reason subpoenaed documents were relevant to suit challenging constitutionality of abortion law); United States v. Daly, 481 F.2d 28, 30 (8th Cir. 1973) (subpoena related to criminal prosecution for failure to file tax returns "clearly [] lacking in particularity and relevance"); Ultimate Timing, L.L.C. v. Simms, No. 3:09-mc-6-RLY-WGH, 2009 WL 1148056, at *2 (S.D. Ind. April 28, 2009) (subpoena proponent failed to provide facts sufficient to show which documents were relevant and which were sought to gain competitor's trade secrets), facts described in 2009 WL 1835943, at *1 (W.D. Wash. June 26, 2009); Vike v. Coopman, No. 08-cv-486-BBC, 2009 WL 3321018, at *1 (W.D. Wisc. Oct. 14, 2009) (subpoena sought documents "irrelevant to any issue" in disability discrimination and due process violation case); Flatow v. Islamic Rupublic of Iran, 201 F.R.D. 5, 8-9 (D.C.D.C. 2001) (narrowing subpoena seeking discovery concerning foreclosed remedy after election under Victims of Trafficking and Violence Protection Act of 2000).

### III. THIRD PARTY DISCOVERY SHOULD NOT BE STAYED

Motorola also argues that any third party discovery would impose an "undue burden" until Plaintiffs make a prima facie case that they did not abandon the ANDROID DATA mark. For this reason, Motorola argues enforcement of the Subpoena -- and all other third party discovery -- should be stayed. Motorola's argument is groundless.

#### A. Motorola Fails To Show Undue Burden

At the outset, this argument never gets off the ground because Motorola offers no evidence whatsoever of undue burden. Indeed, Motorola's own authority makes clear that it is Motorola's burden to prove that the Subpoena is unduly burdensome. Flatow, 201 F.R.D. at 8; see also Williams, 2008 WL 68680, at *3. To meet that burden, the movant "cannot rely on a

mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2463.1 at 507 (3d ed. 2009); see also In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 351, 360-61 (N.D. Ill. 2005) (Meeting undue burden standard requires "affirmative proof in the form of affidavits or record evidence. . . . [T]he ipse dixit of counsel . . . is not sufficient.") (citations omitted) (on plaintiffs' motion to compel, holding that defendants' review of 350 boxes of documents not unduly burdensome).

Here, Motorola offers no support for its position that the Subpoena is unduly burdensome. There are no affidavits or other evidence showing specifically how compliance would be burdensome. Likewise, there are no specific facts detailing the amount of time or expense actually required respond to the Subpoena, and no proof is offered other than the mere assertions of Motorola's counsel. Instead, Motorola blithely states that complying with the subpoena will be a "time-consuming and expensive chore." (Motion at 9.) This conclusory statement is simply insufficient for Motorola to meet its burden and defeats its request for a stay.

### B. Motorola's "Threshold Issue" Argument Fails

Motorola argues that discovery should be stayed until Plaintiffs prove that they have not abandoned the ANDROID DATA mark. However, the cases Motorola cites offer no support for its argument. Indeed, none of the cases holds that third party discovery may be stayed for any reason, let alone that discovery may be stayed while so-called "threshold issues" are determined. Instead, Motorola's cases make clear that there are no such blanket rules -- "[w]hether a subpoena imposes an undue burden upon a witness is a case specific inquiry." Goodyear, 211 F.R.D. at 662. Consistent therewith, Motorola's authorities analyze, on a case-by-case basis, undue burden and other objections raised by third parties against subpoenas. Again, however, these cases are of absolutely no assistance to the Court because they are set in entirely different

factual and legal contexts which have no bearing on the circumstances here. In short, like Motorola's other cases, they should be ignored. See NW Memorial Hosp., 362 F.3d at 927-32 (resolving undue burden objection regarding release of medical records in case challenging constitutionality of Partial Birth Abortion Ban Act); Ultimate Timing, 2009 WL 1148056, at *2 (resolving undue burden objection to subpoena sent to third party direct competitor in breach of contract case), facts described in 2009 WL 1835943, at *1; Ohio Bureau of Workers' Compensation v. MDL Active Duration Fund, Ltd., No. 2:05-cv-0673, 2006 WL 3311514, at *1-*4 (S.D. Ohio Nov. 13, 2006) (resolving grand jury privilege, law enforcement privilege and undue burden objections to subpoena issued in case asserting improper handling of investment funds) facts described in 2005 WL 2373692, at *1-*2 (S.D. Ohio Sep. 27, 2005); Goodyear, 211 F.R.D. at 659-60 (resolving work product, undue burden and relevance objections to subpoena in fire insurance case).

Moreover, Motorola argues that "Google has raised more than mere speculation that Plaintiffs abandoned the [ANDROID DATA mark]," so Plaintiffs should have to demonstrate non-abandonment before discovery may proceed. (Motion at 6.) However, abandonment is one of the ultimate issues in the case to be decided long after all relevant discovery has been collected, not the mere "threshold issue" Motorola makes it out to be. Moreover, abandonment is an affirmative defense and counterclaim asserted by Google. (See Ans. to 2d Am. Cplt., Aff Defs. & Ccl. at 34, 45.) Thus, Google has the burden of proof regarding abandonment, and it is not part of Plaintiffs' prima facie case. Id. Further, Plaintiffs have an active federal trademark registration for ANDROID DATA, which is presumed to be valid and enforceable. 15 U.S.C.A. § 1057; Cobra Capital LLC v. LaSalle Bank Corp., 455 F. Supp. 2d 815, 818-19 (N.D. Ill. 2006).

## IV.  THERE IS NO REQUIREMENT TO EXHAUST DISCOVERY EFFORTS WITH GOOGLE

Motorola's last argument is that Plaintiffs are obligated to exhaust their efforts to obtain documents from Google before they may seek documents from Motorola. Motorola's only arguable authority for its argument is the general obligation to avoid imposing an undue burden on a non-party. See Fed. R. Civ. Pro. 45(c)(1).[2] This dearth of authority makes sense because such a rule would contradict Rule 26(d)(2), which provides that unless the court orders otherwise, methods of discovery may be used in any sequence. No such order has been entered in this case. Indeed, the parties have issued no less than nine subpoenas already. In all events, such a rule would needlessly drag the discovery process out, with third party discovery occurring only after full document discovery between the parties, wasting the Court's and the parties' time.

## CONCLUSION

As demonstrated above, the three arguments raised by Motorola provide no support for its request to quash or stay the Subpoena, and the Motion should be denied in its entirety. At the very least, however, Motorola should be required to produce the Plaintiff-Related Documents, which Motorola admits are relevant, and the Droid Financial Documents and the Droid Licensing Documents which are relevant to the calculation of Plaintiffs' damages.

Respectfully submitted,

ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED

By:      /s/ John Haarlow, Jr.
            One of Their Attorneys

---

[2]  Motorola also cites Goodyear, but this case, as mentioned above, concerns a case-specific analysis of objections to a subpoena, and does not stand for the proposition that Plaintiffs must go elsewhere before obtaining documents from Motorola. 211 F.R.D. at 659-60.

P. Andrew Fleming
John F. Shonkwiler
John B. Haarlow, Jr.
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Doc. #333355

Martin Murphy
2811 RFD
Long Grove, IL 60047
(312) 933-3200

## **CERTIFICATE OF SERVICE**

  John Haarlow, Jr., an attorney, certifies that he caused copies of the foregoing to be served by electronically filing the document with the Clerk of Court using the ECF system this 28th day of January, 2009.

                     /s/ John Haarlow, Jr.