Specht et al v. Google Inc et al                                                                      Doc. 169

Case 1:09-cv-02572   Document 169   Filed 02/19/10   Page 1 of 15
Case 1:09-cv-02572   Document 140-1   Filed 11/16/09   Page 2 of 16



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ERICH SPECHT, et al., | ) |
| | ) Civil Action No. 09-cv-2572 |
| Plaintiffs, | ) |
| v. | ) Judge Leinenweber |
| | ) |
| GOOGLE INC. | ) Magistrate Judge Cole |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

The parties to this litigation desire to hold confidential and limit the disclosure of certain confidential or proprietary research, development, technical, financial, or commercial information which may be produced during discovery, trial, or other proceedings in this action. Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby STIPULATED amongst the parties to the above-captioned litigation through their respective counsel, and ORDERED that the following provisions be entered to give effect to the agreed-upon terms and conditions, as follows:

1.      Scope of Order. This Protective Order shall apply to discovery of the parties and shall apply to all information, documents and/or things owned, controlled and/or produced by any party during discovery, trial, or other proceedings in this action. This Protective Order shall further govern the production of documents and information supplied in this case in any form by a party and designated by that party as embodying "Confidential Information" or "Highly Confidential Information" (including, but not limited to documents and other information voluntarily produced by a party, produced pursuant to stipulation or in response to interrogatories, requests for admissions, and/or document requests, as well as information contained in deposition testimony, pleadings and briefs) for purposes of discovery or otherwise. This Protective Order is further applicable to any non-party from whom discovery may be sought and who desires the protection of this Protective Order. The terms of this Protective Order are binding upon the parties, as well as their parents, subsidiaries, divisions, affiliates, predecessors, and successors-in-interest.

Dockets.Justia.com

2.      Limited Use of Discovery Materials. All documents, things, answers, admissions, and/or information furnished through discovery are provided solely for the legitimate purposes of this litigation may only be used for such legitimate purposes within this litigation, or other litigation arising out of purported violations of this Protective Order, and shall not be used for any other purpose whatsoever.

3.      Confidential Material. Any document, testimony or portion thereof, whether an original or a copy, including any exhibits, answers to interrogatories and/or responses to requests for admission, as well as physical objects, recordings or things that any party deems to contain "Confidential Information", on the basis that such information is non-public and constitutes information that the designating party in good faith believes to be of a non-public business or technical nature that is not readily available to competitors, potential competitors, and/or third parties, shall be labeled on each page of such document considered confidential with the designation "CONFIDENTIAL"; and any such physical objects shall likewise be identified with the "CONFIDENTIAL" designation.

4.      Highly Confidential Material. Any document, testimony or portion thereof, whether an original or a copy, including any exhibits, answers to interrogatories and/or responses to requests for admission, as well as physical objects, recordings or things that any party in good faith deems to contain particularly sensitive business or technical information corresponding to the categories set forth within this paragraph shall be labeled on each page of such document with the designation(s) "HIGHLY CONFIDENTIAL" and/or "CONFIDENTIAL - COUNSEL'S EYES ONLY" (or suitable substitutes such as "CONFIDENTIAL - ATTORNEY'S EYES ONLY"); and any such physical objects shall likewise be identified with the "HIGHLY CONFIDENTIAL" and/or "CONFIDENTIAL - COUNSEL'S EYES ONLY" designation. The "Highly Confidential" category shall be invoked by a party only with respect to trade secret information that is particularly sensitive and which discloses: (1) new, presently unreleased products or services that have not been publicly disclosed or offered for sale; (2) employee rosters; (3) employee wages and financial information; (4) financial plans; (5) business or marketing plans; (6) product or service development information for any products or services not publicly disclosed or offered for sale; (7) the identity of prospective business arrangements, business relationships or business partners or potential changes in business arrangements, partners or relationships and (8) the organizational structure and non-public financial information

2

(such as tax returns and financial statements including supporting schedules) of a party or an individual.

5.      The party designating any information as "Confidential" or "Highly Confidential" shall have the duty and responsibility to designate and mark the material containing such information as such.  All copies of material stamped "Confidential" or "Highly Confidential" shall again be stamped "Confidential" or "Highly Confidential" if the duplicating process by which copies of such material are made does not reproduce the original stamp.  With respect to any information designated as "Confidential" or "Highly Confidential" that is not produced in paper form (such as diskettes, magnetic media, and other material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such material with a cover labeled "Confidential" or "Highly Confidential" and shall inform all counsel in writing of the "Confidential" or "Highly Confidential" designation of such material at the time such material is produced.  For any "Confidential" or "Highly Confidential" material that is produced on diskettes, magnetic or electronic media, and other non-paper methods, only persons falling under ¶7 may create paper versions of the media (by printing or other means) produced by another party.  If any person shall print or otherwise create paper copies of non-paper versions of material of another party that is designated as "Confidential" or "Highly Confidential," such person shall timely mark such documents with the appropriate "Confidential" or "Highly Confidential" stamp prior to distributing such Confidential Material to those qualified to receive such material under the terms of this Protective Order.

6.      Except as otherwise provided below, any document, data, thing, deposition, testimony, response to a request to admit, or interrogatory answer produced, given, or served in this litigation and designated by the producing party as "Confidential" or "Highly Confidential" Material, or any information contained or derived from any such Material, shall be subject to the provisions of this Protective Order until further Order of the Court.  Nothing in this Protective Order shall permit any party to designate documents produced by a non-party as "Confidential" or "Highly Confidential," or otherwise subject those documents to the provisions of this Protective Order, so long as the document in question is not a document originally of the party desiring to designate it, or a summary thereof, or derived therefrom.

7.    Disclosure of Confidential Material. The disclosure of "Confidential Information" will be limited to Qualified Persons as defined in any and all subsections of ¶7 hereof, namely ¶7(a) through ¶7(d). The disclosure of "Highly Confidential Information" will be limited to those Qualified Persons defined in ¶7(a), ¶7(c) and ¶7(d) hereof. "Qualified Person" as used herein means:

(a)    All outside lawyers appearing of record on behalf of a party with respect to this litigation, and other lawyers in their respective law firms, and their staffs to whom it is necessary that material be disclosed for the purposes of this litigation, and in-house counsel of each party to this litigation;

(b)    Up to two officers or employees of a party actively engaged in assisting that party's counsel of record in the conduct of this litigation, to the extent reasonably necessary to enable the counsel for that party to render professional services in the litigation of this action, and who, in advance of disclosure, execute the undertaking of Exhibit A in accordance with ¶9 hereinbelow;

(c)    Persons not employees of any party to this action who are expressly retained for the purpose of assisting counsel in conducting this litigation, including but not limited to consulting and testifying experts, and who have, in advance of disclosure, been proposed by such counsel pursuant to ¶8 hereof and who have executed the undertaking of Exhibit A in accordance with ¶9 hereinbelow, and the employees of such persons; and

(d)    The Court and Court personnel, the trier of fact, as well as any stenographic reporters, outside reproduction, translation, and document management services retained by outside lawyers for any party, certified translators or interpreters necessarily incident to the conducting of discovery, preparation for trial or the trial itself.

Nothing herein shall restrict the producing party from using for any purpose or disclosing in any manner its own "Confidential" or "Highly Confidential" material.

8.    Manner of Designation. Individuals proposed under ¶7(c) shall be proposed, in writing, to the producing party's counsel at least ten (10) business days in advance of any disclosure of information encompassed by this Protective Order to such individual. The party proposing such disclosure to an individual under ¶7(c) shall serve on the designating party (i) a written notice identifying such individual and stating such individual's present occupation, employer and position, and employment history for the past ten (10) years; (ii) an up to date copy

4

of such individual's curriculum vitae or resume, if in existence; and (iii) a copy of the undertaking of Exhibit A executed by such individual. The designating party may object to the disclosure for good cause shown, in writing, to the proposing party's counsel, within ten (10) business days of receipt of written notice. If at the end of the ten (10) day period, no written objection has been received by the party that wishes to disclose the material, then the individual may receive copies of such "Confidential" or "Highly Confidential" material upon compliance with all applicable provisions of this Protective Order. If the designating party objects to the disclosure of its "Confidential" or "Highly Confidential" material to such individual, no such information may be disclosed unless and until the Court rules otherwise, or the parties agree otherwise. Under no circumstances shall any individual referenced in ¶7(c) be allowed to review any "Confidential" or "Highly Confidential" material unless such individual has executed a copy of the form attached hereto as Exhibit A.

9.    Affidavit of Compliance. All persons proposed under ¶7(b) and ¶7(c), but excluding all other persons (e.g. outside copy firms) whose sole functions are to photocopy, deliver, or perform similar passive tasks with respect to "Confidential Information" or "Highly Confidential Information," shall sign the undertaking of Exhibit A in the form attached hereto. A copy of each undertaking shall be submitted by the disclosing party promptly to the designating party's counsel so as to enable good faith objection by such opposing party. No "Confidential Information" or "Highly Confidential Information" shall be disclosed to any persons proposed under ¶7(b) and ¶7(c) unless and until:

(a)    disclosing counsel first informs such recipient that the material to be disclosed is confidential information, is to be held in confidence, is to be used solely for the purposes of preparing and presenting evidence in this litigation, and is required to be kept confidential by Court order;

(b)    prior to the disclosure to him/her of any confidential information, such person reads a copy of this Protective Order and executes a copy of the undertaking attached hereto as Exhibit A, stating that he or she will observe such restrictions, be bound by, and comply with the terms of this Protective Order; and

(c)    the disclosing party remains liable for breach of the undertaking of Exhibit A by said person. Copies of the undertakings executed pursuant to this Paragraph shall be

5

maintained by respective counsel procuring same, together with the names and current addresses of such persons.

10.    Examination of Witnesses

(a)    Any witness testifying under oath who is a current employee, officer or director of a party may be examined with respect to "Confidential Information" or "Highly Confidential Information" of that party.

(b)    Any witness testifying under oath who was previously (i) an employee, officer or director of; (ii) an individual or an employee of any entity which was a consultant, representative, agent, licensee to or licensor of, or (iii) an individual or an employee of any entity which was an assignee to or assignor of the party which produced such "Confidential Information" or "Highly Confidential Information", may be examined only with respect to "Confidential Information" or "Highly Confidential Information" to which such person or entity had actual access at any time during his or her association to the party or which such person participated in preparing.

(c)    Any witness not covered by (a) or (b) of this paragraph may be examined as a witness at hearing/trial or during a deposition concerning any "Confidential Information" or "Highly Confidential Information" which that person had received or generated prior to and apart from this lawsuit.    During examination, any such witness may be shown "Confidential Information" or "Highly Confidential Information" of a producing party which appears on its face or from other documents or testimony to have been received previously by that witness, communicated to that witness or generated by that witness.

(d)    All such witnesses of subparagraphs 10(a) through 10(c) above who are exposed to "Confidential Information" or "Highly Confidential Information" shall be cautioned against the disclosure of such "Confidential Information" or "Highly Confidential Information" to others. However, nothing in subparagraphs 10(a) through 10(c) shall require any portion of any hearing or trial before the Court to be conducted under seal or otherwise closed to the public, or otherwise preclude any party from examining any witness at any hearing or trial.

11.    Scope of Use of Confidential Materials. None of the individuals identified under ¶7 shall disclose or disseminate, directly or indirectly, any "Confidential Information" or "Highly Confidential Information" for any purpose except as may be permitted by this Protective Order or by further Order of the Court. All "Confidential Information" and "Highly Confidential

Information" produced or provided in the course of this litigation shall be used solely for the purposes of preparing for the trial, or the actual trial itself, or other litigation between the parties arising out of purported violations of this Protective Order, subject to the provisions of ¶2 and ¶23 herein, and for no other purpose whatsoever and shall not be disclosed to anyone, except in accordance with the terms of this Protective Order. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his client and, in the course thereof, referring to or relying upon his examination of confidential information; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make any disclosure of "Confidential Information" or "Highly Confidential Information" until and unless said recipient is qualified to review the information.

12.    Timing of Confidential Designation. The designations of confidentiality shall be made and expressly identified on the respective materials by the time a copy of the document or other item is produced for service upon an opposing party. Any document or portion thereof or physical object so labeled, and the information contained in such document or object, will be treated in accordance with the terms of this Protective Order. All "Confidential Information" and "Highly Confidential Information" not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled and not coming within ¶13 hereof, shall be so designated by a party by informing all parties, in writing, at the time of production. Unless identified or marked in accordance with either this paragraph or under ¶13, any confidentiality is waived unless otherwise stipulated or ordered, or unless notice is subsequently provided according to ¶16. Information, documents, or other tangible things to which such notice cannot be affixed may be designated, in writing, in any manner sufficient to give notice thereof. All documents and tangible things produced for inspection shall be deemed as embodying "Highly Confidential Information" during the inspection and at all times prior to transmittal of requested copies thereof to the receiving party. After transmittal of requested documents and other tangible things, only those copies marked with the designations "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL'S EYES ONLY" shall be deemed a document or tangible thing designated as containing confidential information. The documents and tangible things produced for inspection but not requested and/or not transmitted, and the information contained therein, shall be deemed as embodying "Highly Confidential Information" and shall be treated accordingly by the inspecting party.

7

13.   Depositions.   In the case of depositions upon oral examination of any person, including any party pursuant to Fed. R. Civ. P. 30(b)(6), a party's employees or agents, former employees or agents, consultants or experts of the parties, or non-parties, the testimony of the witness shall be deemed "Highly Confidential Information" until the expiration of thirty (30) days after the receipt of the transcript of the deposition by counsel for the parties.   It shall not be necessary for a party to designate specific testimony as "Confidential" or "Highly Confidential" during the course of a deposition.   If counsel for any of the parties believes that a deposition transcript, or portions thereof, constitutes "Confidential Information" or "Highly Confidential Information," counsel shall designate in writing to all opposing counsel within that thirty (30) day period the specific portions constituting such "Confidential Information" or "Highly Confidential Information."   Alternatively, a party may orally designate testimony as "Confidential" or "Highly Confidential" material during the course of the deposition, in which case the court reporter shall transcribe pages so designated in a separate volume marked "Confidential" or "Highly Confidential."   Any portion or separately bound volume of a deposition designated as "Highly Confidential" shall not be filed with the Court, except in accordance with ¶19 of this Protective Order.   Unless so designated, any confidentiality is waived after the expiration of that thirty (30) day period, unless and until otherwise stipulated or ordered, except as permitted under paragraph 16 hereinbelow.   Absent agreement of the parties, only persons designated in ¶7(a), ¶7(b), ¶7(c) or ¶7(d) above will be allowed to attend that portion of any deposition in which "Confidential Information" of a party is used or elicited from the deponent.   Absent agreement of the parties, only persons designated in ¶7(a), ¶7(c) or ¶7(d) above will be allowed to attend that portion of any deposition in which "Highly Confidential Information" of a party is used or elicited from the deponent.   Once a party has used confidential documents or information in examining any witness, regardless of whether by deposition or at hearing or trial, the other parties may use said confidential documents or information in their examination of the same witness without any further action.   During the deposition of an employee of a party, nothing in this Protective Order shall require such employee to sign the undertaking of Exhibit A prior to being shown his or her employer's "Confidential" and/or "Highly Confidential" material.

14.   Disclosure to Others.   If counsel wishes to disclose another party's "Confidential" or "Highly Confidential" material to any person not described in ¶7 above, such counsel must

proceed in the following manner: the name of the person to whom "Confidential" or "Highly Confidential" information is to be disclosed and a description of the material proposed to be disclosed to such person shall be provided in writing to lead counsel for the designating party ten (10) business days in advance of disclosure to afford the designating party an opportunity to object in writing to the proposed disclosure. If at the end of the ten (10) day period, no written objection has been received by the party that wishes to disclose the material, then the individual may receive copies of such "Confidential" or "Highly Confidential" material upon compliance with all applicable provisions of this Protective Order. If the designating party objects to the disclosure of its "Confidential" or "Highly Confidential" material to such individual, no such information may be disclosed unless and until the Court rules otherwise, or the parties agree otherwise. Any person who becomes authorized to receive "Confidential" or "Highly Confidential" information pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the Court's ruling on a motion) shall, prior to the receipt of such material, execute and deliver to counsel the undertaking of Exhibit A. Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order.

15. <u>Consent to Disclosure of Confidential Material</u>. Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as "Confidential Information" or "Highly Confidential Information" expressly consents to such disclosure, or if the Court, after notice and reasonable time to object is given to all parties, orders such disclosure.

16. <u>Failure to Identify Confidential Material</u>. Subject to ¶2 above, no party shall be responsible to any other party for its use of information produced and not identified as "Confidential Information" or "Highly Confidential Information," if the information is disclosed by one party to another party without being designated as "Confidential Information" or "Highly Confidential Information." If, at some time subsequent to production, the receiving party is notified, in writing, of the reclassification of the information, documents, etc., to either "Confidential Information" or "Highly Confidential Information" (accompanied by appropriately marked substitute copies of such information), even if such information has been previously disclosed to persons other than Qualified Persons, at the time of reclassification, such information so designated by the producing party shall be considered as having always been

designated as being "Confidential Information" or "Highly Confidential Information," except to the extent such information may have been previously disclosed to persons not qualified to review same under this Protective Order. The receiving party must return or destroy all unmarked copies containing the designated information. The receiving party may not claim any waiver of a "Confidential Information" or "Highly Confidential Information" designation merely by virtue of such later designation, even if disclosure to persons not qualified to receive information so designated has occurred in the interim.

17.     Privileged Material. Nothing in this Protective Order shall require disclosure of any material which counsel for any of the parties contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

18.     Challenge of Designation. A party shall not be obligated to challenge the propriety of a "Confidential Information" or "Highly Confidential Information" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with a designation by the producing party of "Confidential Information" or "Highly Confidential Information," that party may so notify the designating party in writing and provide a description of the material which the objecting party believes should be freed from the constraints of the "Confidential Information" or "Highly Confidential Information" designation. Such description shall specifically identify each document and the reason that party believes the designation should be changed. The designating party may object to the disclosure for good cause shown, in writing, to the proposing party's counsel, within ten (10) business days of receipt of written notice. If the proposing party disagrees, the proposing party may then file a motion to re-designate such material. The designating party shall bear the burden of justifying confidential treatment of the disputed material under the applicable law. If such a motion is filed, the protection afforded by this Protective Order shall continue until a decision on the motion is made by the Court. If no objection is made by the designating party within the ten-day period, the protection afforded the "Confidential" or "Highly Confidential" material by this Protective Order shall terminate as to the material described in the objecting party's notice given pursuant to this paragraph.

19.     Filing of Confidential or Highly Confidential Material Under Seal with the Court. The Clerk of the Court is directed to maintain under seal all documents, things and transcripts of

deposition testimony filed in the Court in this litigation that have been designated, in whole or in part, as embracing "Confidential Information" or "Highly Confidential Information" by a party to this litigation. All filings designated as embracing "Confidential Information" or "Highly Confidential Information" shall be filed with the Court in compliance with rules and procedures of the Court for submission of all such filings.

20.     Modification of Protective Order. This Protective Order may be modified by further written stipulation signed by the undersigned attorneys, or by further order of the Court. Nothing in this Protective Order shall be deemed to preclude any party from seeking a modification of this Protective Order or an additional protective order.

21.     Fair Use of Confidential Material. This Protective Order shall not be construed to prevent any person, including a Qualified Person, from making use of designated "Confidential Information" or "Highly Confidential Information" which (a) was lawfully in their possession prior to the production by the producing party, (b) appears in any issued patent or printed publication, or is otherwise publicly available, without fault of the receiving party, (c) was or is hereafter obtained from a source or sources having the lawful right to disclose such information, (d) was or is lawfully discovered, independently by the receiving party, through means not under an obligation of secrecy to any other party, or (e) is exempted from the operation of this Protective Order by the express written consent of the party producing such "Confidential Information" or "Highly Confidential Information."

22.     No Admissions. Neither this Protective Order nor the designation or failure to challenge any material as "Confidential Information" or "Highly Confidential Information" shall be construed as any admission that such information, document or other tangible thing is confidential or that such material, or any testimony relating to such material, in a deposition or at trial, would be admissible in evidence in this case or in any other proceeding.

23.     Duration of Protective Order. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this litigation, including, without limitation, any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including any appeals therefrom, all persons having received "Confidential Information" or "Highly Confidential Information" shall, at the option of the receiving party, destroy or return to counsel for the producing party such

information and all copies thereof (including summaries and excerpts). Counsel shall make reasonable efforts so that any Consultants it has retained abide by this provision. Upon request from the producing party, counsel for the receiving party shall provide a certification in writing to counsel for the producing party that all "Confidential Information" or "Highly Confidential Information" in its possession has been destroyed or returned pursuant to this paragraph. Notwithstanding the foregoing, counsel for the receiving party described in ¶7(a) above shall be entitled to retain filed or served court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain confidential discovery material) provided that such counsel, and employees of such counsel, shall not disclose any such discovery material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party. All material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. For the purposes of this Protective Order, the "conclusion of this litigation" shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this litigation; or (iii) the expiration of all time limits under the applicable law for the filing of or an application for all appeals, rehearings, remands, trials or reviews of this litigation, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom "Confidential" or "Highly Confidential" material has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

24. <u>Inadvertent Production</u>. If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party. The inadvertent disclosure of any privileged documents shall not be deemed a waiver of that privilege as to the inadvertently disclosed documents or any other documents, testimony or evidence.

25.   Non-Waiver.   This Protective Order shall not be deemed a waiver of: (i) any party's right to object to discovery requests on any ground; (ii) any party's right to seek an order compelling discovery with respect to any discovery request; (iii) any party's right in any proceeding or action herein to object to the admission of any evidence on any ground; (iv) any party's right to use and disclose its own documents and "Confidential" or "Highly Confidential" material in its sole and complete discretion; and (v) the status of any material as a trade secret.

**APPROVED AS TO FORM:**

PLAINTIFFS ERICH SPECHT                          DEFENDANT GOOGLE INC.
ANDROID DATA CORPORATION and
THE ANDROID'S DUNGEON, INC.


_____                      _____
Martin J. Murphy, Esq.                           Herbert H. Finn, Esq.
2811 RFD                                         Richard D. Harris, Esq.
Long Grove, IL  60047                            Jeffrey P. Dunning, Esq.
                                                 GREENBERG TRAURIG LLP
P. Andrew Fleming, Esq.                          77 West Wacker Drive
John Shonkwiler, Esq.                            Suite 3100
John Haarlow, Jr., Esq.                          Chicago, Illinois 60601
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL  60606-1501


**SO ORDERED**, on ___2/19/2010___

                                        BY THE COURT:

                                        _____
                                        United States District Judge

13

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ERICH SPECHT, et al., | ) | |
| | ) | Civil Action No. 09-cv-2572 |
| Plaintiffs, | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| GOOGLE INC. | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

## UNDERTAKING

I, _____, being first duly sworn on oath, depose and say:

1.     I have read and understand the contents of the STIPULATED PROTECTIVE ORDER dated _____ and filed in the above-captioned litigation.

2.     I am properly classified as a "Qualified Person" identified in ¶7 (___) of the STIPULATED PROTECTIVE ORDER, and I am executing this Affidavit and agreeing to observe the conditions provided in the STIPULATED PROTECTIVE ORDER prior to any disclosure to me of documents, things and/or any other information designated as containing, in whole or in part, "Confidential Information" or "Highly Confidential Information".

3.     I expressly agree that:

(a)     I have read and shall be fully bound by the terms of the STIPULATED PROTECTIVE ORDER;

(b)     All documents, things and information which are disclosed to me pursuant to the STIPULATED PROTECTIVE ORDER shall be maintained in strict confidence, and I

shall not disclose or use the original or any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the STIPULATED PROTECTIVE ORDER;

(c)     I shall not use or refer to any of the documents, things and/or any information so designated other than in connection with litigation between the parties and as prescribed in the STIPULATED PROTECTIVE ORDER;

(d)     I shall, upon notification that this litigation has terminated, return any and all originals and/or copies of the documents and things to counsel for _____ at such counsel's expense, and I shall destroy any notes or memoranda I have which in any way concern the substance embraced by such documents, things and/or information.

4.     I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the STIPULATED PROTECTIVE ORDER.

5.     I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____

                                                      Signature