IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED, | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| v. | ) ) | Civil Action No. 09-cv-2572 |
| GOOGLE INC., | ) ) | Judge Harry D. Leinenweber |
| Defendant/Counter-Plaintiff. | ) | |

## PLAINTIFFS' MOTION TO RECONSIDER

Plaintiffs Erich Specht, an individual and doing business as Android Data Corporation and The Android's Dungeon Incorporated (collectively, "Plaintiffs"), by and through their attorneys, respectfully move this Court to reconsider its ruling regarding the Droid Licensing Documents sought from third party Motorola, Inc. In support hereof, Plaintiffs state as follows:

1.  On February 23, 2010, this Court granted, in part, Motorola's Motion to Quash Non-Party Subpoena. Among other things, this Court ruled that Motorola should not have to produce documents concerning certain licensing agreements with, and payments to, Lucasfilm with regard to its Droid trademark (the "Droid Licensing Documents").

2.  Plaintiffs submit that the basis for the Court's ruling is in conflict with a recent Office Action taken by the U.S. Patent & Trademark Office (the "PTO") in which the PTO rejected Lucasfilm's attempt to expand its registered Droid trademark to cover mobile phones and related computer software because of a likelihood of confusion with Plaintiffs' Android Data mark.[1] Accordingly, while Plaintiffs recognize that motions for reconsideration are disfavored

---

[1] See January 19, 2010 Office Action, attached hereto as Exhibit 1. This Office Action was issued by the PTO just 9 days before Plaintiffs' brief was due in opposition to the

and granted in only very limited circumstances, see Barrett v. Devine, No. 08 C 6124, 2009 WL 1285918, at *2 (May 6, 2009) (Leinenweber, J.) (granting motion to reconsider), here the Motion should be granted to eliminate any conflict between this Court's rulings and the very recent Office Action taken by the PTO.

3. Specifically, in ruling on the Motion to Quash, this Court held that Lucasfilm's Droid mark was not sufficiently related to Plaintiffs' Android mark, as follows:

> As to Plaintiffs' argument that the royalties Motorola pays to Lucasfilm for the Droid mark could be used as a benchmark for calculating Google's damages to Plaintiffs, the Court considers it unlikely that a trademark developed and owned by a highly successful film company is an appropriate benchmark for a mark purportedly used in commerce by Plaintiffs.[2]

4. Conversely, the PTO held that, in the relevant context -- mobile phones -- Lucasfilm's Droid mark and Plaintiffs' Android Data mark are substantially related. On this basis, the PTO rejected Lucasfilm's application to expand its Droid mark into, among other things, "mobile phones, cell phones, hand held devices and personal digital assistants, accessories and parts therefor, and related computer software and wireless telecommunications programs". (Exhibit 1 at 2-3.) The PTO did so because the marks are so closely related in this context that there would be a likelihood of confusion between Lucasfilm's Droid mark and Plaintiffs' Android Data mark. (Id.)[3]

---

Motion to Quash and Plaintiffs' counsel did not consider that the Office Action might be relevant until this Court ruled on the Motion to Quash.

[2] See February 23, 2010 Transcript of Proceedings 6:23-7:4, attached hereto as Exhibit 2.

[3] For this reason, to the extent that the Droid mark is used for mobile phones and related computer software, the PTO's Office Action also collides with this Court's finding that "[i]t is undisputed that the Droid trademark is owned by Lucasfilm, not Google or Specht." (Ex. 2 at 5:21-22.) Indeed, Plaintiffs are disputing Lucasfilm's right to expand its trademark and thus far, the PTO has squarely sided with Plaintiffs.

5. While the Droid mark as it relates to the Star Wars franchise -- i.e., for films, video games, toys and memorabilia -- would have little or no relevance to a calculation of Plaintiffs' damages, the Droid mark as used in connection with mobile phones is relevant to such calculation.

6. And here, Motorola is not using the Droid mark to invoke the Star Wars franchise. Rather, it is using the Droid mark solely as a play on the name of Google's "Android" operating system in connection with mobile phones.

7. For these reasons, Plaintiffs respectfully request that the Court reconsider its ruling to eliminate any conflict with the recent PTO Office Action.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order:

    A.    Amending the February 23, 2010 ruling to require Motorola, Inc. to produce the Droid Licensing Documents; and

    B.    Granting Plaintiffs such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

ERICH SPECHT, an individual and doing business as ANDROID DATA CORPORATION, and THE ANDROID'S DUNGEON INCORPORATED

By:   /s/ P. Andrew Fleming
        One of Their Attorneys

P. Andrew Fleming
John F. Shonkwiler
John B. Haarlow, Jr.
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Doc. #342044

Martin Murphy
2811 RFD
Long Grove, IL 60047
(312) 933-3200

## **CERTIFICATE OF SERVICE**

P. Andrew Fleming, an attorney, certifies that he caused copies of the foregoing to be served by electronically filing the document with the Clerk of Court using the ECF system this 12th day of March, 2010.

                                                      /s/ P. Andrew Fleming