# EXHIBIT 2

```
                                                                    1

 1                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3

 4      ERICH SPECHT, et al.,          )
                                       )
 5                  Plaintiffs,        )
                                       )
 6      vs.                            )   No. 09 C 2572
                                       )
 7      GOOGLE, INC., et al.,          )   Chicago, Illinois
                                       )   February 23, 2010
 8                  Defendants.        )   9:00 o'clock a.m.

 9

10          TRANSCRIPT OF PROCEEDINGS - RULINGS AND MOTIONS
              BEFORE THE HONORABLE HARRY D. LEINENWEBER
11

12      APPEARANCES:

13

14      For the Plaintiff:       NOVACK & MACEY
                                 MR. ANDREW FLEMING
15                               MR. JOHN B. HAARLOW, JR.
                                 100 North Riverside Plaza
16                               Chicago, Illinois 60606
                                 312-419-6900
17

18
        For the Defendant:       GREENBERG TRAURIG, LLP
19                               MR. JEFFREY P. DUNNING
                                 MR. RICHARD D. HARRIS
20                               77 West Wacker Drive
                                 Chicago, Illinois 60601
21                               312-456-8400

22

23      For Motorola:            STETLER & DUFFY, LTD.
                                 MR. JONATHAN M. CYRLUK
24                               11 South LaSalle Street
                                 Chicago, Illinois 60603
25                               312-338-0200
```

1   Court Reporter:          FEDERAL OFFICIAL COURT REPORTER
                             MS. KRISTA FLYNN BURGESON
2                            219 South Dearborn Street
                             Chicago, Illinois 60604
3                            312-435-5567

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1          THE CLERK:  09 C 2572, Specht versus Google.
 2          MR. FLEMING:  Good morning, your Honor.  Andrew
 3  Fleming and John Haarlow appearing on behalf of the
 4  plaintiffs.
 5          MR. HAARLOW:  Good morning.  And Haarlow is
 6  H-a-a-r-l-o-w.
 7          MR. HARRIS:  Good morning, your Honor.  Richard
 8  Harris and Jeff Dunning on behalf of defendant, Google.
 9          MR. DUNNING:  Good morning.
10          MR. CYRLUK:  Good morning, your Honor.  John Cyrluk
11  on behalf of nonparty Motorola, C-y-r-l-u-k.
12          THE COURT:  There is a motion to compel up tomorrow.
13          MR. FLEMING:  That is correct, Judge.
14          THE COURT:  And there is a motion to strike, or in
15  the alternative, file a sur-reply, concerning the outstanding
16  motion to quash the subpoena, which I was going to rule on
17  tomorrow.
18          MR. FLEMING:  That is correct, Judge.
19          THE COURT:  If there is no problem, I will rule
20  today.
21          MR. CYRLUK:  Sure, your Honor.
22          MR. FLEMING:  That is fine.
23          THE COURT:  I have considered it.  I did get your
24  motion.
25
```

4

1  Before the Court are nonparty Motorola's Motion to
2  Quash Subpoena and Plaintiffs' Motion to Strike, or in the
3  alternative, to File a Sur-Reply.
4  Specht and co-plaintiffs are suing Google, alleging
5  trademark infringement regarding the Android trademark for
6  mobile phones. Plaintiffs subpoenaed nonparty Motorola for
7  various documents, and Motorola has moved to quash the
8  subpoena, arguing that it places an undue burden on Motorola.
9  Under Rule 45, the Court may quash or modify a
10 subpoena that subjects a person to an undue burden.
11 Determining whether a subpoena places an undue burden on a
12 party is a case-specific inquiry that turns on such factors as
13 relevance, the need of the party for the documents, the
14 breadth of the document request, the time period covered by
15 it, the particularity with which the documents are described,
16 and the burden imposed. The nonparty status of the person
17 from whom documents are sought is a factor weighing against
18 disclosure. Goodyear versus Kirk's Tire & Auto, 211 Federal
19 Ruling Decisions 658.
20 Motorola argues that Plaintiffs have requested 18
21 broad categories of documents that have virtually no relevance
22 to Plaintiffs' claims against Google, the only Defendant in
23 the case. Motorola complains particularly of Plaintiffs'
24 requests for documents relating to Motorola's relations with
25 entities other than Google. Motorola argues that Plaintiffs'

1  requests amount to a fishing expedition and that, before
2  Motorola submits any documents, Plaintiffs should make a prima
3  facie case that they have not abandoned the contested
4  trademark. Motorola also argues that Plaintiffs should first
5  show that they cannot get any relevant documents from Google.
6       Plaintiffs respond that the subpoena cannot be
7  quashed in its entirety for seeking some purportedly
8  irrelevant documents. Plaintiffs also argue that abandonment
9  is an affirmative defense for which discovery should not be
10 stayed and that there is no authority for requiring Plaintiffs
11 to exhaust their discovery efforts with Google before seeking
12 documents from Motorola.
13      Plaintiffs have offered a compromise solution to
14 Motorola, whereby Motorola would submit 3 categories of
15 documents to Plaintiffs in full satisfaction of Motorola's
16 obligations. The 3 categories include: (1) Droid Licensing
17 Documents - requests 6 and 7; (2) Droid Financial Documents -
18 requests 8 through 11; and (3) Plaintiff-related documents -
19 requests 12 through 15.
20      The relevance of the first two categories is not
21 obvious. It is undisputed that the Droid trademark is owned
22 by Lucasfilm, not Google or Specht. Plaintiffs claim certain
23 Android trademarks, not the Droid trademark. Plaintiffs point
24 out that one of their claims against Google is for
25 contributory infringement; that is, the claim alleges that

Google intentionally induced others to infringe Plaintiffs' Android mark. Plaintiffs argue that since Motorola promotes its Droid mobile phone as featuring the Android Operating System, the Droid phone is the means by which Motorola infringes Plaintiffs' mark. Therefore, if Plaintiffs succeed in their claim, Google would be liable due to Motorola's infringement. See Days Inn versus Lincoln Park Hotels, 500 Fed Supp. 2nd 770. Plaintiffs argue that they may be entitled to damages from Google based on Motorola's profits and that information concerning the royalties paid to Lucasfilm for the Droid trademark could serve as a benchmark in determining damages due to Plaintiffs for infringement of the Android trademark.

Motorola responds that, if Plaintiffs successfully prove Google's liability for Motorola's infringement, the measure of damages would be Google's profits, not Motorola's. Motorola cites to 15 USC 1117(a) of the Lanham Act, which limits a Plaintiff's damages to Defendant's profits, damages sustained by Plaintiffs, and costs. This supports Motorola's contention, and Plaintiffs present no authority that their damages against Google should be based on a third party's profits.

As to Plaintiffs' argument that the royalties Motorola pays to Lucasfilm for the Droid mark could be used as a benchmark for calculating Google's damages to Plaintiffs,

1 the Court considers it unlikely that a trademark developed and
2 owned by a highly successful film company is an appropriate
3 benchmark for a mark purportedly used in commerce by
4 Plaintiffs.
5     Motorola also argues in its reply brief that the
6 requested financial information is highly confidential and
7 would jeopardize Motorola's bargaining position in a
8 competitive marketplace. Plaintiffs' motion to strike argues
9 that Motorola should have made this argument in its opening
10 brief. Plaintiffs are correct. The Court considers
11 Motorola's arguments raised for the first time in its reply
12 brief to be waived. See Narducci versus Moore, 572 Fed. 3rd
13 313.
14     Nevertheless, based on the lack of relevance to the
15 parties' claims or defenses, Plaintiffs' inability to
16 establish a need for the documents, and Motorola's nonparty
17 status, the Court grants Motorola's Motion to Quash as it
18 relates to Droid Licensing and Financial Documents - requests
19 6 through 11.
20     As to Plaintiff-related documents - requests 12
21 through 15, it seems likely that these may contain information
22 that is relevant to the litigation, and so the Motion to Quash
23 is denied regarding these items.
24     Plaintiffs' remaining document requests pertain
25 almost entirely to Motorola's relationships with other

```
 1   nonparties.  Plaintiff have not established that they have any
 2   bearing on claims at issue between Plaintiffs and Google.
 3   Therefore, Motorola's Motion to Quash - requests 1 through 5
 4   and requests 16 through 18, is granted.
 5          For the foregoing receipts, Motorola's Motion to
 6   Quash is granted in part and denied in part.  Motorola is
 7   ordered to respond to Plaintiffs' requests 12 through 15.
 8          Plaintiffs' Motion to Strike, or in the alternative,
 9   to file sur-reply is denied as moot.
10          MR. FLEMING:  Thank you, your Honor.
11          MR. HARRIS:  Thank you, your Honor.
12          THE COURT:  Now you are coming in tomorrow supposedly
13   on a Motion to Compel?
14          MR. HARRIS:  Your Honor, we would be certainly
15   willing to appear tomorrow, but what Google would be moving
16   for is a 21 day briefing schedule in which to respond to that
17   motion, with the Court's permission.
18          If we can --
19          MR. FLEMING:  I have no problem if they want to
20   respond.  I think 21 days would be a little lengthy though.
21          THE COURT:  14 days.
22          MR. HARRIS:  14 days is fine.
23          MR. FLEMING:  And we would like 7 days for a reply.
24          THE COURT:  Okay.
25          THE CLERK:  March 9th and March 16th.
```

| | |
|---|---|
| 1 | THE COURT: And then ruling in April. |
| 2 | THE CLERK: April 14th at 9:00. |
| 3 | MR. HARRIS: There was one other item, your Honor. |
| 4 | At the last hearing, the Court requested the parties |
| 5 | to report on their progress with request to putting together a |
| 6 | case management order, case scheduling order. |
| 7 | THE COURT: Yes. |
| 8 | MR. HARRIS: I think we have made some progress. I |
| 9 | have a copy, which as the Court requested, outlines the |
| 10 | differences between the two. |
| 11 | If I can present it to the Court? |
| 12 | MR. FLEMING: I would object right now, Judge, |
| 13 | because we sent them a draft of this plan, they gave us back |
| 14 | comments last week, we then sent back edits on Friday, asked |
| 15 | if they had any further edits, and yesterday at 4:30 they sent |
| 16 | back their new edits. So we have not had an opportunity to |
| 17 | look at those, Judge. These are points they could have raised |
| 18 | a week or two weeks ago when we first set out on the joint |
| 19 | discovery plan. |
| 20 | Our plan would be to respond to this new issue that |
| 21 | they have raised, and then we will be at a point, a position, |
| 22 | to file the joint -- |
| 23 | THE COURT: What is the new issue? |
| 24 | MR. FLEMING: The new issue is whether the expert |
| 25 | should be permitted to file reply reports. |

1      THE COURT: Why don't we take up what you have got at
2  least?
3      MR. HARRIS: Very well, your Honor.
4      If I can --
5      THE COURT: We will hold that one. That is pretty
6  far down the road.
7      MR. HARRIS: It is actually outlined on the chart as,
8  in dispute, so the Court can --
9      MR. CYRLUK: May I be excused at this point, your
10 Honor?
11     THE COURT: Yes.
12     MR. CYRLUK: Thank you.
13     THE COURT: Fewer voices to be heard, all the better.
14     MR. CYRLUK: Thank you.
15     MR. HARRIS: Your Honor, we have reached agreement on
16 everything except the chart, the comparison chart, at Page 4,
17 which shows the he said/she said versions of where things
18 stand right now, including the dispute on rebuttal.
19     We have got 4 issues that need to be resolved, 4
20 differences, primarily.
21     The first of them is the fact that their particular
22 schedule, by the time you reach the end, is 4 months later
23 than our schedule. We have close of expert discovery on July
24 30, 2010, and they are on November 30, 2010, remembering that
25 this case was filed on April 28th of last year, we are looking

1  at a discovery period as proposed by Google of approximately
2  15 months, and a discovery period as proposed by plaintiffs of
3  19 months.
4        With that, there are 3 other items.
5        The third item down, the deadline to amend pleadings,
6  the plaintiff has proposed -- plaintiffs have proposed July
7  15th. We believe the Court already set the deadline, October
8  6th, 2009, which has now come and gone.
9        The next thing that is in dispute would be item 3 of
10 the 4 items, the simultaneous exchange of reply expert
11 reports, third from the bottom on the chart -- I'm sorry, I
12 did miss one item before that one.
13       On the Rule 26(a) 1 disclosures, the very first item,
14 plaintiffs contend that it is not necessary, defendants have
15 requested that the parties exchange 26(a) initial disclosures.
16 We believe that it would be very helpful to the parties in
17 outlining where the information is, who has the information,
18 and how to proceed.
19       Getting back to the second to the last item, the
20 close of -- excuse me, the simultaneous exchange of reply
21 expert reports. The proposed schedule accommodates both an
22 initial round of expert reports and a rebuttal round and
23 then --
24       MR. FLEMING: This is the issue we have objected to
25 and we would like an opportunity to --

Case 1:09-cv-02572 Document 176-2 Filed 03/12/10 Page 13 of 20

12

| | |
|---|---|
| 1 | THE COURT: Just wait. |
| 2 | MR. HARRIS: They want a third round. |
| 3 | THE COURT: We can hold expert discovery matters off, |
| 4 | but let's just do the oral and the written discovery. |
| 5 | MR. HARRIS: Very well. |
| 6 | MR. FLEMING: Okay, Judge. |
| 7 | Talking about oral discovery, what we requested is |
| 8 | following written discovery, we are on the same page, we both |
| 9 | agree, the end of March, we have requested April, May, June, |
| 10 | and July, we have requested 4 months, your Honor, to conduct |
| 11 | the depositions, we have to go to California for a number of |
| 12 | depositions, we are going to have 7 or 8 depositions that we |
| 13 | are going to take, and they propose 30 days to complete |
| 14 | depositions. |
| 15 | Now, that is completely unreasonable, Judge. We will |
| 16 | have to make several trips to the West Coast to cover the |
| 17 | depositions. |
| 18 | THE COURT: Well, the plaintiff has the burden of |
| 19 | proof, and it seems to me they need a little more time. |
| 20 | MR. HARRIS: We have no problem with a little more |
| 21 | time, however, there is an admission at Paragraph 1 where |
| 22 | plaintiff says, on the first page, Plaintiffs believe that |
| 23 | given the substantial amount of discovery that has been |
| 24 | exchanged to date, initial disclosures are unnecessary. |
| 25 | MR. FLEMING: Well -- |

1         MR. HARRIS: We have no problem accommodating an
2 extra month or so. We are in February right now, and in terms
3 of paper discovery, in terms of oral discovery, that can take
4 place. It is not as if we are locked in step where you can't
5 do depositions. But to have to go to July 30th of 2010,
6 instead of May even?
7         MR. FLEMING: Your Honor --
8         MR. HARRIS: That is not even reasonable.
9         MR. FLEMING: Your Honor, what we have is 6,000,
10 6,000 pages of E-mails from Google. That is it.
11         We have produced well over 100,000.
12         THE COURT: As I understand the issues in the case, I
13 don't think July 30th is totally unreasonable for the close of
14 written discovery.
15         I appreciate your point, counsel, but I will take the
16 July 30th date for close of oral discovery.
17         MR. FLEMING: And we can address the expert later,
18 Judge. Thank you. The only other issue is this deadline to
19 amend pleadings.
20         Your Honor did not set a deadline to amend pleadings
21 or join parties. Your Honor directed us to file an amended
22 complaint, which we did do in October. So there has been no
23 deadline set by the court.
24         And, in fact, the claimed deadline that they say your
25 Honor did set, they amended their counterclaim following that

1 deadline.

2 MR. HARRIS: That was in our answer.

3 MR. FLEMING: So, obviously we are entitled to have
4 an opportunity to review the discovery, to determine whether
5 additional parties should be joined, and so we have proposed
6 what we think is a reasonable timeframe for that, which is
7 July 15th.

8 MR. HARRIS: Your Honor, we have --

9 THE COURT: Didn't we -- I may have this mixed up
10 with another case, but weren't there a lot of defendants
11 initially?

12 MR. HARRIS: This is the case.

13 MR. FLEMING: Yes.

14 MR. HARRIS: A whole bunch and then reduced down to
15 one.

16 THE COURT: As far as bringing in new parties, it
17 seems to me that there is not much of a problem to amend the
18 pleadings, but to bring in new parties, it seems to me after a
19 number of parties were in and then removed, that that is --
20 you know.

21 So, I will allow you to amend the pleadings up to
22 July 15th, but not to join new parties.

23 MR. HARRIS: Thank you, your Honor.

24 MR. FLEMING: Well, what is the deadline for joining
25 new parties, if at all?

1       Presumably that is governed by the Statute of
2 Limitations, Judge, so I am not even sure if it is necessary
3 for the Court to set a deadline as to this.
4       THE COURT: If that is the case, then I am not ruling
5 on that. If that is the case -- and I have allowed you to
6 amend the complaint, but I am not authorizing you at this
7 point to add any new parties.
8       MR. FLEMING: That is fine, Judge.
9       THE COURT: You can file a motion to add new parties
10 if you want though.
11       MR. FLEMING: Thank you, Judge.
12       MR. HARRIS: There is one other item, Judge, that
13 does not necessarily have to wait for expert discovery, not
14 necessarily related to expert discovery, and accordingly, we
15 hope the Court doesn't prefer to defer that.
16       With regard to the last item on the chart, the last
17 item in dispute, the filing of dispositive motions, we have
18 recommended by no later than August 30th. We realize that the
19 Court is now -- has now added some time in view of the close
20 of the -- the July close of oral discovery, but we don't think
21 it is reasonable at all to have a threshold date that imposes
22 a prohibition against filing, for example, a motion for
23 summary judgment, until after the close of oral discovery.
24       Rule 56 has provisions in it, mechanisms in it, for
25 permitting declarations, depositions, and --

16

1         THE COURT: Well, the way I read this, filing of
2 dispositive motions should not occur prior to the close of
3 oral discovery.
4         MR. HARRIS: That is what is being asked.
5         MR. FLEMING: Yes, your Honor, and that makes a lot
6 of sense.
7         MR. HARRIS: In view of the fact that Rule 56 gives
8 mechanisms for adding material -- this case has already gone
9 on a year, it is a year of age, and I am hoping -- I mean, we
10 have dates that are going to extend this out now 3, 4 months
11 beyond what defendant was looking at, and the point is that
12 this case is going to get drawn out and drawn out, dispute
13 after dispute arises, and that is not new to this case.
14         We would hate to see the opportunity for this Court
15 to consider a Rule 56 motion for summary judgment have to be
16 deferred until basically plaintiff is absolutely convinced
17 that all the oral discovery it could ever need is done. That
18 will be a very long time from now.
19         MR. FLEMING: Your Honor --
20         THE COURT: Well, it is July 30th.
21         MR. FLEMING: That is right, it is July 30th. It
22 makes a lot of sense. It certainly will make this case
23 proceed in an orderly fashion for your Honor to conclude the
24 oral discovery then they can file their summary judgment
25 motion.

1         THE COURT: Yes, it seems to me that you can file
2 your motion as of July 30th.
3         I mean, the case is -- it is not -- I appreciate it
4 is not quite a year old, but it is not -- there have been a
5 lot of documents filed already.
6         MR. HARRIS: Your Honor, if we could do one thing:
7         My fear is that we are going to see that date slip,
8 and so if we could have the filing of dispositive motions
9 geared -- if we could etch that one in stone, make it July
10 30th, and if we have to worry about slipping dates, which is
11 what the defendant's big fear it --
12         THE COURT: I will say the deadline is July 30th,
13 unless the defendant has the period for oral discovery
14 extended.
15         If you move to extend the oral discovery, then I
16 would say that it might, but if plaintiff moves to extend, you
17 can file your motion as of July 30th.
18         MR. HARRIS: Thank you, your Honor.
19         MR. FLEMING: Thank you, your Honor.
20         MR. HARRIS: We appreciate that.
21         MR. FLEMING: Thank you, Judge.
22         THE COURT: And you don't need to come in tomorrow.
23         MR. HARRIS: Okay.
24         MR. FLEMING: Thank you, Judge.
25         MR. HARRIS: Was there something up for Thursday?

```
 1          THE CLERK:  There was something, but it was moved to
 2   tomorrow.
 3          THE COURT:  Yes, the motion was to be ruled on later
 4   and I did it today since you were coming in.
 5          MR. HARRIS:  So only once this week, Judge.
 6          THE COURT:  Yes.
 7          MR. HARRIS:  Thank you, your Honor, so much.
 8          MR. DUNNING:  Thank you.
 9          THE COURT:  Once is enough.
10          MR. FLEMING:  Right.
11          Thank you.
12          MR. HAARLOW:  Thank you.
13          THE COURT:  I will see that the case moves along
14   expeditiously.
15          MR. HARRIS:  We know that, Judge, thank you.
16          MR. FLEMING:  Thank you.
17          (Proceedings concluded.)
18
19
20
21
22
23
24
25
```

19

1        C E R T I F I C A T E

2

3        I certify that the foregoing is a correct transcript
4   from the record of proceedings in the above-entitled matter.

5

6   /s/Krista Burgeson, CSR, RMR, CRR        February 23, 2010
    Federal Official Court Reporter         Date
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25