# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ERICH SPECHT, et al. | ) | |
| | ) | C.A. No. 09-cv-2572 |
| Plaintiffs, | ) | |
| | ) | Judge Leinenweber |
| v. | ) | |
| | ) | Magistrate Judge Cole |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

## GOOGLE'S MOTION TO COMPEL AND FOR SANCTIONS RELATING TO THE DEPOSITION OF MARTIN MURPHY

Plaintiff Google Inc. moves to compel deposition testimony from Martin Murphy, and for sanctions resulting from the conduct of Mr. Murphy his counsel, Mr. Fleming, during Mr. Murphy's deposition. In support of its motion, Google states as follows:

1. During Mr. Murphy's deposition, Mr. Fleming and Mr. Murphy abused the attorney-client privilege and work product doctrine to prevent the witness from testifying on clearly non-privileged issues, abused the deposition process through the use of speaking objections and outright coaching, admitted to ignoring and/or destroying relevant documents responsive to a subpoena, and conceded that Plaintiffs have mis-identified relevant fact witnesses.

2. Mr. Fleming's behavior was so inappropriate and so pervasive as to render the current deposition transcript essentially useless (other than as support for this motion).

3. What few substantive answers Mr. Murphy gave are so crowded by Mr. Fleming's filibustering that no effective cross examination could be had.

4. Moreover, Mr. Fleming's countless inappropriate instructions to Mr. Murphy not to answer questions prevented Google's counsel not only from obtaining answers to those questions, but also from asking further follow-up questions to whatever answers Mr. Murphy might have given.

5. Sanctions available pursuant to Rule 37(c).

3. The subject matter areas which Google was prevented from fully exploring include:

    (a) Mr. Murphy's potential bias as a fact witness, including whether he expects to receive money depending on the outcome of this lawsuit, and whether he is currently receiving fees for this lawsuit.

    (b) Mr. Murphy's factual basis for the public statements he made to Elizabeth Woyke at Forbes.com, including any knowledge he had of information contradicting his statements.

    (c) Mr. Murphy's document production and document retention relating to this lawsuit and to the subpoena served upon him, including whether he threw away documents relating to this lawsuit after the lawsuit was filed.

WHEREFORE, Google respectfully requests that this Court

(1) Order that Mr. Murphy be made available for another deposition of no more than seven (7) hours, with all costs, and reasonable attorney's fees to be borne and paid by Plaintiffs. At this deposition:

(a) Google shall be entitled to inquire as to Mr. Murphy's bias, because Plaintiffs have waived any privilege on that issue by putting Mr. Murphy forward as a fact witness.

(b) Google shall be entitled to inquire as to the facts and circumstances surrounding Mr. Murphy's statements to Elizabeth Woyke of Forbes.com, because to the extent there ever was any privilege to begin with Plaintiffs have waived privilege with respect to that subject matter by virtue of the public statements made by Mr. Murphy on Plaintiffs' behalf.

(c) Google shall be entitled to inquire as to the facts and circumstances of Mr. Murphy's pre-filing investigation and preparation of the Complaint, because Google has alleged that Plaintiffs committed fraud in certain acts leading up to the Complaint, and Google has provided substantial evidence that there may be merit to its fraud claims and that Mr. Murphy acted together with Plaintiffs in furthering the fraud.

(2) Order that Mr. Murphy provide a complete production of documents in his possession, custody and control, and a privilege log for all withheld materials dating on or before the date of his conversation with Elizabeth Woyke of Forbes.com, namely April 30, 2009 (documents after this date need not be logged).

(3) Order that the speaking objections made at Mr. Murphy's deposition were grossly inappropriate, imposing a court fine of $1,000 on Plaintiffs' counsel, Mr. Fleming, for making those speaking objections, and imposing a future fine of $500 per inappropriate objection going forward.

                                                Respectfully submitted,

Dated: May 3, 2010                 /s Cameron M. Nelson
                                          Herbert H. Finn
                                          Jeffrey P. Dunning
                                          GREENBERG TRAURIG, LLP
                                          77 W. Wacker Drive, Suite 3100
                                          Chicago, IL 60601
                                          (312) 456-8400

                                          Counsel for Google Inc.