# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERICH SPECHT, et al. ) | |
| ) | C.A. No. 09-cv-2572 |
| Plaintiffs, ) | |
| ) | Judge Leinenweber |
| v. ) | |
| ) | Magistrate Judge Cole |
| GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

## GOOGLE INC.'S MOTION TO COMPEL PLAINTIFFS TO (1) RESPOND TO GOOGLE'S INTERROGATORY NO. 13 AND (2) PRODUCE DOCUMENTS REGARDING PLAINTIFFS' COMMUNICATIONS WITH THIRD PARTIES

Defendant GOOGLE INC. ("Google"), by and through its undersigned attorneys, respectfully moves this Court, pursuant to Fed. R. Civ. P. 37(a), to compel Plaintiffs ERICH SPECHT, ANDROID DATA CORPORATION and THE ANDROID'S DUNGEON INCORPORATED (collectively "Plaintiffs") to comply with discovery requests served on them by Google.

Regrettably, this is not the first time that Google has been required to seek this Court's assistance in securing Plaintiffs' compliance with straightforward, unambiguous discovery requests. Plaintiffs' latest refusals to provide the most basic of discovery requested by Google are nothing more than a continuation of their concerted strategy to obfuscate and impede discovery. As such, this Court should order Plaintiffs to provide the requested discovery immediately. Moreover, the Court should award Google its expenses incurred for bringing this Motion pursuant to the cost shifting procedures of Rule 37.

## I. THE COURT SHOULD COMPEL PLAINTIFFS TO RESPOND TO GOOGLE'S INTERROGATORY NO. 13

On January 14, 2010, Google served its Second Set of Interrogatories on Plaintiffs (Ex. 1). Google's Interrogatory No. 13 requested that Plaintiffs:

> Identify each instance of which Plaintiffs are aware in which any person was confused, mistaken or deceived as to the affiliation, connection or association of Google with any of the Plaintiffs and/or any of the Plaintiffs with Google due to Google's use of the mark ANDROID (Ex. 1, p. 2).

Simply put, Interrogatory No. 13 requests that Plaintiffs identify whether they are (or are not) aware of any actual confusion caused by the infringement alleged by Plaintiffs and, if so, who was allegedly confused -- all towards addressing the core issue of confusion in any trademark case.

On March 1, 2010, Plaintiffs served Google with "Answers and Objections" to Google's Interrogatories (Ex. 2). Plaintiffs refused to answer Interrogatory No. 13 based on a veritable "kitchen sink" of purported objections, including that (i) the phrase "any person who was confused, mistaken or deceived" is vague and ambiguous, (ii) providing an answer would require Plaintiffs to "be 'aware' of other people's subjective feelings toward Google's use of the ANDROID DATA (sic) mark"; (iii) the information sought is irrelevant; and (iv) the interrogatory is premature (Ex. 2, p. 3). On March 11, Google advised Plaintiffs that their objections were meritless, and that Plaintiffs must either identify any instances of confusion of which they are aware, or else confirm that they are not aware of any such instances (Ex. 3, p. 2).

After further discussions between the parties regarding Plaintiffs' responses to Google's Interrogatories, Plaintiffs agreed to substantively answer Interrogatory No. 13 by no later than April 20, 2010. (Ex. 4, p.1) Plaintiffs then served Google with "Supplemental Answers and

2

Objections" to the Interrogatories (Ex. 5),[1] which merely regurgitated Plaintiffs' prior objections (minus the relevance objection, which even Plaintiffs apparently could no longer pose with a straight face) (Ex. 5, pp. 1-2). However, Plaintiffs' objections to Interrogatory No. 13 lack any merit whatsoever. Plaintiffs simply do not want to admit that they have no evidence that anyone has ever been confused by Google's use of the ANDROID mark.

With regard to Plaintiffs' objection that the phrase "any person who was confused, mistaken or deceived" is vague and ambiguous, Plaintiffs cannot seriously mean that they don't understand the core of their own case. Courts routinely use the identical language to describe the legal standard for trademark infringement or unfair competition. *See, e.g., Genderm Corp. v. Biozone Labs.*, 1992 WL 220638, *13 (N.D.Ill. Sep. 3, 1992) (noting that §43(a) of the Lanham Act requires plaintiffs to prove, *inter alia*, that "consumers are likely to be ***confused, mistaken, or deceived*** as a consequence" of false or misleading statements); *Nat'l Van Lines, Inc. v. Dean*, 288 F.2d 5, 9 (7th Cir. 1961) (the ultimate question in cases of trademark infringement and unfair competition is whether consumers "are likely to be ***confused or mistaken or deceived***") (emphases added).

Further, Plaintiffs' objection that Interrogatory No. 13 requires it to be "'aware' of other people's subjective feelings" (Ex. 5, p. 3) is likewise meritless. The Interrogatory does not require Plaintiffs to possess some extrasensory perception regarding other people's beliefs about Google. Plaintiffs are fully capable of knowing whether or not any person has ever expressed to them the mistaken belief that Plaintiffs' "Android Data" product was affiliated with Google, or that Google's "Android" software was affiliated with Plaintiffs. If Plaintiffs are not aware of any such instances, then they simply need say so.

---

[1] It is not clear to Google why Plaintiffs waited until April 20th to serve this paper, considering that Plaintiff Specht verified the Responses under oath on April 15th (Ex. 5, p. 15).

3

Finally, Plaintiffs' objection that this Interrogatory is somehow "premature" is utter nonsense. This is not a contention interrogatory. It does not require "expert" testimony to explain why people are not confused. Rather, it merely requests Plaintiffs knowledge of the facts. Again, if Plaintiffs are not aware of any instances of actual confusion, they still must answer the Interrogatory by stating that. *See, e.g., ACORN v. Fowler*, 1997 WL 781280, *3 (E.D.La. Dec. 17, 1997) (noting that if a party "is aware of no specific facts of the type requested by [an interrogatory] it must say so").

Because Plaintiffs have failed to respond to Interrogatory No. 13, and their objections to that Interrogatory are wholly without merit, Google requests that the Court compel Plaintiffs to provide a complete answer to this Interrogatory.

## II. THE COURT SHOULD COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS RELATING TO THEIR COMMUNICATIONS WITH THIRD PARTIES REGARDING THIS LITIGATION

On September 18, 2009, Google served its Second Set of Requests for Documents and/or Things on Plaintiffs ("Requests," Ex. 6). In those Requests, Google sought the production of:

> Any and all Documents and/or things which record, refer or relate to any communications or discussions **between anyone associated with or acting on behalf of Plaintiffs, including but not limited to Specht and Plaintiffs' counsel, and any third person or entity,** including but not limited to representatives of newspapers, magazines, television, radio, and Internet media, **regarding Google, the ANDROID software platform, the OHA or its members, the ANDROID DATA mark, Plaintiffs and/or this litigation.** (Request, No. 66, Ex. 5, p. 17, emphasis added).

Plaintiffs objected to this Request as being overly broad and seeking irrelevant documents, but indicated that they would produce documents responsive to this Request. (Ex. 6, p. 27).

Google has asserted counterclaims against Plaintiffs for unfair competition under federal and common law arising out of false or deceptive representations made by Plaintiffs and their counsel. (see Counterclaim, Dkt. No. 136, pp. 36-56, at ¶¶ 92–104). Accordingly,

communications between Plaintiffs and/or their counsel and third parties regarding the issues involved in this lawsuit are clearly relevant to Google's unfair competition claims. Such documents may also shed light on the identity of third parties that may have relevant information regarding the claims asserted in this lawsuit, and the lack of merit of Plaintiffs' claims against Google.

Despite, this clear relevance and Plaintiffs' prior indication that they would produce documents, they have to date refused. They initially alleged that the third party communications were with Plaintiffs' counsel and not Plaintiffs, so they need not be produced. (Ex. 7, p.3). Next, they alleged that "Request No. 66 only seeks Plaintiffs' and their counsel's communications with members of the press, and nothing more. To the extent the Request asks for more, it is overbroad and seeks irrelevant documents." (Ex. 7, pp. 1-2). Of course, while such a misreading may be convenient to avoid production of clearly relevant and responsive documents, it eliminates the language of "including but not limited to" used by Google in the Request.

In view of the full scope of the Request, Google is aware of communications between Plaintiffs and numerous third parties relating to Google and/or the issues involved in this lawsuit, and which Plaintiffs still have not produced. For example, Plaintiffs have had numerous communications regarding this litigation with Motorola, Inc.[2] In addition to serving a subpoena on Motorola, Plaintiffs have had communications with Motorola's counsel regarding the subpoena and other issues. While not privy to those communications, Google is aware that Plaintiffs have requested that Motorola enter into a tolling agreement with respect to Plaintiffs'

---

[2] Motorola was originally named as a co-defendant along with Google, but was dismissed in August 2009 for Plaintiffs' failure to state a claim against them (see Dkt. No. 113). While Plaintiffs did not name Motorola as a co-defendant in their Second Amended Complaint, they continue to allege that Motorola has directly infringed Plaintiffs' alleged ANDROID DATA trademark and that Google is contributorily liable for such infringement (see Second Amended Complaint, Dkt. No. 134, at ¶¶ 82, 119-121). Plaintiffs allegations as to Motorola's direct infringement, alone, make the communications relevant to any infringement issues raised by Plaintiffs.

claims against Motorola. Despite having no basis for withholding the documents, none of these communications have been produced.

Further, it appears that Plaintiffs have had communications with various other third parties, which Plaintiffs have likewise refused to produce. For instance, Plaintiffs served document subpoenas on Apple Computer, Inc. and Cisco Systems, Inc., among others[3]. After the return date for those subpoenas had passed, Google inquired as to whether those companies had responded to Plaintiffs' subpoenas, to which Plaintiffs replied that they had "withdrawn" those subpoenas (Ex. 7, p. 7). Google requested that Plaintiffs produce copies of any communications between Plaintiffs or their counsel relating to the subpoenas or their withdrawal. Notably, Plaintiffs did not deny that such communications existed, but took the incredible position that such communications were not even within the scope of Request (Ex. 7, pp. 1-2)[4].

Likewise, on information and belief, Plaintiffs and/or their counsel have communicated with other potential third party witnesses. Plaintiffs have produced none of those communications to date. On May 20th, pursuant to Court Order, Plaintiffs identified those witnesses that they may call at trial, including witnesses not associated with either Plaintiffs or Google. Despite not being associated with Plaintiffs, the contact point for some of these witnesses is Plaintiffs' counsel[5]. How Plaintiffs' counsel be the contact point unless there have

---

[3] Plaintiffs have also served subpoenas on a number of other third parties, including Verizon Wireless Services, LLC; GTE Wireless of the Midwest, Inc.; and Lucasfilm, Ltd., none of whom have produced documents in response to those subpoenas. Presumably, Plaintiffs' counsel has made some effort to communicate with those entities regarding their subpoenas.

[4] While not relevant to the issue before this Court, in its usual "tit for tat" response, Plaintiffs requested that Google produce copies of all correspondence between Google and/or its counsel and any third party subpoena recipients in this case. Google notes that it has produced copies of correspondence between its counsel and various third parties regarding the issues involved in this litigation, including but not limited to Kenneth Robblee and Lucasfilm, Ltd. (Ex. 7, p. 1).

[5] The third parties identified as having Plaintiffs' counsel as the contact point are Warren Crum (Northwest Recovery), Susan Duchek (Picket Fence Realty), Roger and Troy Eide (Eide CPA), Dennis

6

been some communications with these third parties is not explained. Yet, nothing has been produced.

Because communications Plaintiffs and/or their counsel have had with third parties are potentially probative of a number of issues, as discussed above, Plaintiffs simply have no basis for continuing to withhold those communications. Accordingly, Google request that this Court compel Plaintiffs to produce copies of all documents in their possession, custody or control relating to their (or their counsel's) communications with any third parties regarding this litigation -- including, but not limited to Motorola, Apple, Cisco, and Lucasfilm. Such production should include not only copies of actual written communications themselves, but also any other documents that reflect the substance of any such communications, including but not limited to drafts of written communications and transcripts or notes from any oral communications.

### III. GOOGLE HAS CONFERRED WITH PLAINTIFFS IN AN EFFORT TO OBTAIN THE REQUESTED INFORMATION WITHOUT COURT INVOLVEMENT

In accordance with Local Rule 37.2, the undersigned counsel confirms that, after consultation by telephone and electronic mail, as detailed herein, Google and Plaintiffs are unable to reach an accord.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, Google respectfully requests that this Court enter an Order requiring Plaintiffs to (i) fully and completely respond to Google's Interrogatory No. 13 and (ii) produce copies of all documents in their possession, custody or control relating to Plaintiffs' and/or their counsel's communications with any third parties regarding this lawsuit or any of the issues raised therein, within seven (7) days of the Court's Order.

---

Ignacek (O/S Services, MagnaMedia, Summit Recruiting, Surgipath) Erik Martinez, Jordan May (Huetech Resources), Jonathan Sazonoff and Keith Searls.

Further, pursuant to Fed.R.Civ.P. 37(a)(5)(A), Google requests the Court to order Plaintiffs and/or their attorneys to pay Google's reasonable expenses incurred in making this motion, including attorney's fees. In view of Plaintiffs' pattern and practice of failing to provide requested discovery without justification, necessitating the filing of numerous motions to compel by Google, Google respectfully submits that Plaintiffs' failure to provide the requested discovery was not substantially justified, and that no other circumstances make such an award of expenses unjust.

Respectfully submitted,

Dated: May 25, 2010

/s Herbert H. Finn
Herbert H. Finn
Richard D. Harris
Jeffrey P. Dunning
GREENBERG TAURIG, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
(312) 456-8400

Counsel for Google Inc.