**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERICH SPECHT, et al. | ) | |
| | ) | C.A. No. 09-cv-2572 |
| Plaintiffs, | ) | |
| | ) | Judge Leinenweber |
| v. | ) | |
| | ) | Magistrate Judge Cole |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**GOOGLE'S BRIEF REGARDING PLAINTIFFS' REQUEST FOR RECUSAL
(REDACTED)**</u>

On July 20, 2010, the parties appeared before the Court with regard to Plaintiffs' pending Motion for Leave to File their Third Amended Complaint. In addition to adding new trademarks and causes of action, the proposed Third Amended Complaint seeks to add four "new" defendants, including two who had already been dismissed from the case nine months ago. Upon introducing its Motion to the Court, and after the Court noted that the Third Amended Complaint, if accepted, would cause the Court to recuse itself,[1] Plaintiffs orally requested that the Court recuse itself from deciding Plaintiffs' Motion for Leave to File. The Court requested briefing on that issue, and Plaintiffs' resulting brief expands the original request for recusal even further. Plaintiffs now contend that the mere possibility that AT&T might some day have to defend against Plaintiffs' frivolous infringement claims requires this Court to immediately recuse itself in this case -- whether or not AT&T is actually a party in this case.

As set fort below, the Court is not required to recuse itself. Since AT&T is not currently a party, none of the mandatory recusal provisions of 28 U.S.C. §455(b) apply. Nor is recusal

---

[1] The Judge's wife serves on the Board of Directors of AT&T Inc., of which proposed defendant AT&T Mobility, LLC is a wholly-owned subsidiary, and the Judge owns shares of AT&T, Inc.'s stock.

under the "catchall" provision of 28 U.S.C. §455(a) appropriate given Plaintiffs' substantial delay and apparent bad faith in raising this issue.

### A.      Background

Plaintiffs seek leave to file a Third Amended Complaint, which attempts to add four defendants: T-Mobile, Sprint, Verizon and AT&T Mobility.  The Third Amended Complaint also contains new substantive allegations, such as a new allegedly infringed trademark -- despite the fact that written discovery closed months ago on March 31st and oral discovery is just days from the closing on July 30th.  This is Plaintiffs' fourth attempt to bring defendants other than Google into this lawsuit.  Two of the four "new" defendants that Plaintiffs are now attempting to add were long ago dismissed from this case.  Apparently realizing the frailty of their attempts to add parties at this extremely late date, Plaintiffs claim that they intend to file a separate lawsuit against these potential defendants if the Court denies their Motion for Leave. (July 20, 2010 Transcript, Ex. A, p. 5.)  Accordingly, if this Court does not permit these defendants to be added to *this* case, Plaintiffs may still assert their new claims in a separate case.

The procedural context of Plaintiffs' Motion is telling.  Google asserts not only that Plaintiffs abandoned their asserted trademarks years ago, around the end of 2002, but also that Plaintiffs knowingly committed fraud in renewing their trademark registration just prior to filing this lawsuit.  Google also contends that Plaintiffs' repeated, meritless attempts to add defendants to this lawsuit are merely part of a strategy to secure "nuisance value" settlements, rather than being based on any legitimate legal theories.  Indeed, at one point Plaintiffs even lodged meritless allegations of "counterfeiting" and "incontestability."  (First Amended Compl., Dkt. No. 38.)  Noting the long list of defendants in the initial and First Amended Complaints, the Court apprised the parties of a potential conflict with AT&T at least a year ago. (Dkt. No. 46, June 4, 2009 Transcript, Ex. B, pp. 4-7; Finn Decl., Ex. C.)  Since then, Plaintiffs have made no

suggestion that AT&T might be a potential defendant or that rulings in this case might affect the Judge's or his spouse's interest in AT&T. Despite Plaintiffs concession that AT&T Mobility has been publicly selling phones with Google's Android operating system for several months (Dkt No. 216, Proposed Third Amended Complaint, ¶¶ 76-77), Plaintiffs have never raised any issues with the Court when that public announcement was made.

Google has diligently sought discovery from Plaintiffs and has been forced to file a number of motions to compel due to Plaintiffs' unwillingness to provide even the most basic of answers to interrogatories. (Dkt. Nos. 145, 148, 186, 191, 192, 199, 205, 214, 215, 219, 225.) One such motion involved sanctionable, obstructive behavior by Plaintiffs' counsels at a deposition. (Dkt. No. 215.) Plaintiffs, on the other hand, have been engaged in a campaign of motions designed to avoid Google's impending summary judgment motions. In early June, 2010, Plaintiffs moved to extend discovery beyond the current July 30th close, but failed to offer any support for their motion and were ordered to supplement their motion later. (Dkt. Nos. 206, 213.) Failing that, Plaintiffs then attempted to unilaterally cancel all remaining depositions once they had completed their depositions of Google's corporate witnesses. (Dkt. Nos. 219, 225.) After that delay tactic failed, Plaintiffs expanded their prior oral request for recusal so as to now seek the Court to recuse itself not just from hearing Plaintiffs' pending Motion for Leave, but instead seeking a complete recusal..

Plaintiffs' attempt to add these "new" defendants together with their Motion for recusal is just more of a calculated strategy to delay the case and attempt to obtain a more favorable Judge. Though Plaintiffs now argue that any ruling in this case will "affect" AT&T, and thereby affect the Judge's financial interests, Plaintiffs made no such argument in March, April, May, or June of this year -- when the admit they knew AT&T was selling accused products. Plaintiffs only

named AT&T as a potential defendant on the eve of dispositive motions -- and only **after** they were sanctioned for deposition conduct, their attempts to extend discovery failed, and their plan to unilaterally cancel depositions was rejected.[2]  **[REDACTED]**

       **[REDACTED]**

       **[REDACTED]**[3]

       **B.       Recusal Must Not Be Done Needlessly.**

    "Judges have an obligation to litigants and their colleagues not to remove themselves needlessly." *Stewart v. GNP Commodities, Inc.*, 1992 WL 121545, *3 (N.D.Ill. May 26, 1992) (citing *In re Nat'l Union Fire Ins. Co. of Pittsburgh*, 839 F.2d 1226, 1229 (7th Cir. 1988)). Recusal "benefits . . . the litigant who sought this outcome, but it may injure the judge who must take over the case and the litigant aggrieved by the substitution." *New York City Housing Development Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986).  A district judge is "obligated ***not*** to recuse himself without reason just as he is obligated to recuse himself when there is reason." *Id.*; *Nat'l Rifle Ass'n of America, Inc. v. City of Evanston*, 2008 WL 3978293, *1 (N.D.Ill. Aug. 22, 2008) (emphasis added).  *See also U.S. v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981) ("a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do").  The statute governing recusal, 28 U.S.C. §455, "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice," nor is it "intended to 'bestow veto power over judges or to be used as a judge shopping device.'"  *Eppley v. Iacovelli*, 2009 WL 1033391, *3 (S.D.Ind. Apr. 16, 2009) (citation omitted).

---

[2] To the extent that Plaintiffs may argue that they waited to add these new defendants until after Google's Rule 30(b)(6) depositions, that argument is unavailing.  Indeed, the deposition testimony reflects that the only carrier provider with which Google did **not** have a relationship at the time of Plaintiffs' Motion to Leave was AT&T Mobility. (Flannery Dep. pp. 64-65, Ex. D).
[3] [REDACTED]

There are two provisions of 28 U.S.C. §455[4] which could potentially apply -- §455(a) and §455(b).  The relevant sections of §455 are as follows:

> (a)  Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b)  He shall also disqualify himself in the following circumstances:

> . . . (4) He . . . or his spouse . . . has a financial interest in the subject matter in controversy *or in a party to the proceeding*, or any other interest that could be substantially affected by the outcome of the proceeding . . .

> (5)  He or his spouse . . . is a party to the proceeding, or an officer, director, or trustee of a party.

Section 455(b) provides specific instances where recusal is mandatory, while §455(a) serves as a "catchall" provision.  *Schmude v. Sheahan*, 312 F.Supp.2d 1047, 1062 (N.D.Ill. 2004).  Neither of these sections require the Court to recuse itself from ruling on Plaintiffs' Motion.  Google first addresses § 455(b) below, and then addresses the "catchall" provision of §455(a).

**C.**     **§ 455(b) Does Not Apply Because AT&T Mobility is Not Currently a Party to This Lawsuit**

The relevant portion of Section 455(b)(4) requires disqualification where a judge or his spouse "has a financial interest *in a party* to the proceeding" (emphasis added).  Similarly, §455(b)(5) requires disqualification where a judge or his spouse is "an officer, director, or trustee *of a party*" (emphasis added).  These provisions are to be interpreted strictly; the legislative history for §455 notes that the purpose of enacting the section was to "set[ ] specific standards [and] eliminate the uncertainty and ambiguity arising from the language in the existing statute."

---

[4] While 28 U.S.C. §144 governs disqualification of a judge for actual bias or prejudice, that section applies only where a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," and is clearly not applicable here since no party has filed such an affidavit.

H.R. REP. 93-1453 (1974), 93rd Cong., 2nd Sess., *reprinted in* 1974 U.S.C.C.A.N. 6351, 6355. By their plain language, §§455(b)(4) and (5) apply only to **actual parties** to a case.

Thus, while it is clear that recusal would be mandatory *if* AT&T were a party to this case, § 455(b) does *not* require recusal simply because AT&T *could be* or *might* be a party to this case.  If the Court's purported interest in the outcome "is not direct, but is remote, *contingent*, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality."  *Hook v. McDade*, 89 F.3d 350, 356 (7th Cir. 1996) (citations omitted, emphasis added).  Because the Court's purported interest in the outcome is clearly only *contingent* on the Motion for Leave, recusal is not required.

Plaintiffs argue that their declared intent to sue AT&T means the Court must recuse itself under §455(b), because any judgment for or against Google may affect a judgment for or against AT&T.  But Plaintiffs' reliance on *In re Aetna Casualty And Surety Co.*, 929 F.2d 1136 (6th Cir. 1990) is misplaced.  *Aetna* involved §455(b)(5)(ii) -- the judge's daughter was acting as a lawyer in the proceeding, with "proceeding" being cases that were, at one point, consolidated together.  In contrast, Plaintiffs are seeking recusal under §455(b)(5)(i) -- solely due to the judge's financial interest.  However, a judge's close relative being counsel in a "proceeding" presided over by that same judge is a much different analysis of when a judge may have a financial interest in the outcome of the case.[5]   For example, the 8th Circuit has rejected the precise "collateral estoppel" arguments that Plaintiffs are now advocating.  *In re Kansas Public Employees Retirement System (KPERS)*, 85 F.3d 1353 (8th Cir. 1996).  "[W]e are reluctant to fashion a rule requiring judges to recuse themselves from all cases that might remotely affect

---

[5] *Aetna* is further distinguishable in that it is an extremely unusual situation where the Judge recognized the conflict and actually recused himself -- only to reinsert himself as Judge months later, after he believed the conflict to have been resolved.

nonparty companies in which they own stock.   We believe such a rule would paint with too broad a stroke."   *Id*. at 1362.   In fact, the 8th Circuit explicitly rejected an attempt to analogize and apply the reasoning of *Aetna* in the relative-as-attorney context to the dissimilar potential for financial-interest context which is before this Court.   Rather than find a party's request for recusal was appropriate, in view of the parties knowing of the potential issue for a year, the 8th Circuit noted that an "informed person might instead reasonably question the sincerity of [the moving party's] belated concern."   *Id*.   Plaintiffs' "belated concern" raise the same doubts of sincerity here.

Furthermore, the 7th Circuit has consistently found that under §455(b) tenuous and speculative "financial interests" are simply not sufficient bases for disqualification:

> The value of many assets, even the performance of the economy as a whole (and hence all assets), may depend on rules of law. It could be said that no judge who owns a house should render a decision that potentially affects the value of real estate in general, that no judge who owns stock should decide a case under the securities or antitrust laws, and so on. Effects of this sort are both ubiquitous and too indirect to require disqualification. Cf. *Union Carbide Corp. v. U.S. Cutting Service, Inc.,* 782 F.2d 710, 714-15 (7th Cir. 1986). The effects are small, and almost every judge will have some remote interest of this sort. Moreover, the effects may have offsets that are difficult to predict. A decision under the securities laws that diminishes somewhat the value of bonds may increase somewhat the value of stocks; no judge with a diversified portfolio will be able to predict the effect on his wealth, and therefore there is little risk of either actual bias or the appearance of impropriety.

*New York City Development Corp. v. Hart*, 796 F.2d 976, 979 -980 (7th Cir. 1986.) This kind of over-expansive reading of §455(b)(4) is exactly what Plaintiffs are now proposing.   Plaintiffs' position that §455(b)(4) requires a judge to recuse himself simply because a judgment might affect the rights of a corporation in which he owns stock simply has no basis in the statutory language of § 455(b)(4).

**D.      § 455(a) Does Not Apply Because The Court's Impartiality Cannot Reasonably Be Questioned**

The primary reason Plaintiffs try so hard to stretch the meaning of §455(b)(4) is because under §455(a), their substantial delay in raising a purported conflict of interest becomes extremely relevant.  *KPERS*, 85 F.3d at 1362-1363.  The "catchall" provision of §455(a) does not apply, because under these circumstances a reasonable observer would not question the Court's impartiality.  Indeed, Plaintiffs themselves did not question the Court's impartiality until they ran out of ideas to stall the close of discovery.

A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. §455(a).  However, this is an objective standard that asks if a reasonable observer would perceive "a significant risk that the judge will resolve the case on a basis other than the merits."  *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996).  In evaluating whether a judge's impartiality might reasonably be questioned, the relevant inquiry is "from the perspective of a *reasonable* observer who is *informed of all the surrounding facts and circumstances*."  *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (citation omitted, emphasis in original).  In addition to being well-informed about the surrounding facts and circumstances, a reasonable person is a "thoughtful observer rather than . . . a hyper-sensitive or unduly suspicious person."  *Id.* at 478; *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001).  *See also Te-Ta-Ma Truth Foundation-Family of URI, Inc. v. World Church of the Creator*, 246 F.Supp.2d 980, 987 (N.D.Ill. 2003) (noting that an inquiry under §455(a) is made based on a reasonable person standard, as opposed to a "hypersensitive or unduly suspicious person," so as to avoid "a system of peremptory strikes and judge shopping").

There is simply no basis in this case on which to conclude that a reasonable, well-informed observer, fully apprised of the relevant facts, would perceive any risk, much less

significant risk, that this Court would resolve the case between the current parties on any basis other than its merits -- and Plaintiffs have pointed to none.   A well-informed observer would understand that Plaintiff's claims against AT&T are speculative at best, and filed in bad faith for the purposes of disqualification at worst.   Any complaint filed by Plaintiffs against AT&T Mobility will be challenged in its sufficiency, and moreover whether AT&T itself has an interest in the case depends in great part on whether Google chooses to indemnify AT&T.

With regard to the Motion for Leave specifically, a well informed observer would understand that there is no risk to AT&T since Plaintiffs have asserted that they will file separate suit against AT&T anyway; this Court cannot affect the ultimate outcome one way or another.

Finally, while a reasonable observer would not have any basis to question the Court's impartiality, it would have ample basis to question Plaintiffs' motives behind their fourth attempt to add defendants (two of which were dismissed almost a year ago) and issues to this case. Because Plaintiffs' claims against these "new" defendants, at least in part, rise or fall on the strength of their claims against Google, a reasonable, fully apprised observer would understand that the presence or absence of these potential defendants in this case is essentially irrelevant to any outcome.   A reasonable observer would note that Plaintiffs could have attempted to add AT&T Mobility as a new defendant in this case at least as early as March, when it publicly announced AT&T Mobility's sale of phones using Google's Android operating system. However, they purposefully chose not to.   A reasonable observer would further note that Plaintiffs have long been aware that adding AT&T Mobility as a defendant could create a potential recusal issue.   And a reasonable observer would certainly note that Plaintiffs made no attempt to add AT&T Mobility as a defendant until the eve of the close of discovery and the filing of dispositive motions -- *after* Plaintiffs were recently sanctioned for their behavior in this

case.  It would be clear to a reasonable observer that Plaintiffs are using the guise of an amended complaint to stall Google's forthcoming summary judgment motion, as well as to attempt to obtain a different judge who would be less familiar with Plaintiffs' unfounded allegations and vexatious litigation tactics.

Because a reasonable person would not question this Court's impartiality in ruling on the Motion for Leave, disqualification is not required under §455(a).

### E.       The Court *Should* Deny Plaintiffs' Motion for Leave

Google has addressed at length in its Response to Plaintiffs' Motion for Leave (Dkt. No. 222) and during the hearing of July 20th, the fact that the Court should deny Plaintiffs' Motion for Leave because (i) Plaintiffs have unduly delayed in seeking to add claims against parties whose alleged infringement Plaintiffs have been aware of for at least months, if not well in excess of a year, (ii) Plaintiffs' eleventh hour Motion for Leave is nothing more than a dilatory, bad faith tactic calculated to delay the resolution of this case, and (iii) the proposed amendment would result in significant prejudice to Google, inasmuch as it would delay the resolution of this case by months, if not years, all while Google continues to incur substantial costs and fees associated with defending the case.  Because the Court is not legally precluded from ruling on Plaintiffs' Motion for Leave under 28 U.S.C. §455, there is simply no reason for this Court to refrain from doing so.  Indeed, as the 7th Circuit has noted, a district judge is "obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason." *New York City Housing Development Corp.*, 796 F.2d at 981.

As such, the fundamental notions of judicial economy and fairness weigh in favor of denying Plaintiffs' Motion for Leave in a prompt fashion.  This Court has invested significant time and effort in familiarizing itself with the facts and issues involved in this case -- time and effort which will have been for naught in the event that the Court were to recuse itself.

Moreover, if the Court were to grant Plaintiffs' Motion for Leave, the delay and resulting prejudice would be magnified even further while a new Judge gets up to speed on the facts and issues involved here.

As Google has advised the Court, Google intends to soon file its motion for summary judgment, on at least the basis that the Plaintiffs' alleged trademark rights are illusory and non-existent -- a motion that will fully dispose of all of Plaintiffs' claims against both Google and any other potential defendants.  If the Court were to permit the requested eleventh hour amendment and then enter a recusal, this would result in a significant delay while a new Judge entertains a summary judgment motion in a case with which it has no familiarity.  In contrast, if this Court denies the Motion for Leave, Plaintiffs suffer absolutely no prejudice and the Court is in position to promptly rule on Google's forthcoming summary judgment motion.

### F.      Conclusion

The Court should not recuse itself from either this case or from ruling on Plaintiffs' Motion for Leave to File their Third Amended Complaint.  The Court should deny the Motion for Leave, for the reasons set out in Google's earlier briefing, and the Court should continue to move the case forward as expeditiously and fairly as it has throughout the pendency of this case.

                                        Respectfully submitted,

Dated:  July 23, 2010                   /s Cameron M. Nelson
                                        _____
                                        Herbert H. Finn
                                        Richard D. Harris
                                        Jeffrey P. Dunning
                                        Cameron M. Nelson
                                        GREENBERG TRAURIG, LLP
                                        77 W. Wacker Drive, Suite 3100
                                        Chicago, IL  60601

(312) 456-8400

Counsel for Google Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing and GOOGLE'S BRIEF REGARDING PLAINTIFFS' REQUEST FOR RECUSAL (REDACTED) with the Clerk of Court using the CM/ECF system, which will provide a copy to counsel of record.


Dated:  July 23,  2010                                    s/ Cameron M. Nelson