IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICH SPECHT, *et al.*, | |
| Plaintiffs, | Case No. 09 C 2572 |
| v. | Hon. Harry D. Leinenweber |
| GOOGLE, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Google Inc.'s (hereinafter, the "Defendant") Bill of Costs. For the reasons stated herein, the Bill of Costs is granted in part and denied in part. Plaintiffs Erich Specht, Android Data Corporation, and The Android's Dungeon, Inc. (hereinafter, the "Plaintiffs") are liable to Defendant for $19,063.65 in costs.

## I. INTRODUCTION

On March 11, 2011, the Court entered judgment in favor of Defendant. This occurred after Defendant, in an oral motion, dismissed without prejudice Counts II, IV, V, VI, and VII of its Counterclaim. The Court had previously granted summary judgment in favor of Defendant on Counts I-V of Plaintiffs' Second Amended Complaint, and Counts I and III of Defendant's Counterclaim. Defendant has submitted a Bill of Costs, pursuant to Federal Rule

of Civil Procedure 54(d) and Local Rule 54.1, which allow for recovery of the litigation costs specified in 28 U.S.C. § 1920. Plaintiffs object to most of the submitted costs. The Court must determine if § 1920 permits Defendant's claimed expenses, and if they are reasonable and necessary. *See Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

## II.  ANALYSIS

### A.  Transcripts, Videos, and Court Reporter Fees

Under Local Rule 54.1, if a prevailing party obtains a transcript for a use necessary in a case, it may recover the full cost of the transcript as long as the cost does not exceed the regular copy rate established by the Judicial Conference of the United States at the time of the hearing or deposition. N.D. Ill. R. 54.1(b). The maximum rate allowed during this case was $3.65 per page. *See Maximum Transcript Rates, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt .htm* (last visited June 15, 2011). Defendant seeks a total of $20,879.70 in transcript and court reporter fees, which includes fees for video depositions. As an initial matter, based on the affidavit from Defendant's attorney Cameron Nelson and the Court's familiarity with this case, the Court finds that the transcripts and videos were necessary for this litigation.

The Court first addresses the transcripts from court hearings that Defendant claims as taxable. All but four of these

- 2 -

transcripts were ordered on an expedited, daily, or 14-day basis, and cost more than $3.65 per page. Defendant, however, has not set forth a convincing reason why it needed expedited transcripts. Accordingly, the page rate of the expedited transcripts will be reduced to $3.65 per page. *See Nance v. City of Elgin*, No. 06-C-6608, 2011 WL 1750885, at *2 (N.D. Ill. May 3, 2011). In addition, Defendant seeks reimbursement for duplicate copies of some transcripts, but costs for such copies are generally not recoverable. *See Telular Corp. v. Mentor Graphics Corp.*, No. 01-C-431, 2006 WL 1722375, at *3 (N.D. Ill. June 16, 2006). Recovery for the court proceeding transcripts will be reduced as follows:

| Hearing Date | Costs Sought | Costs Allowable |
|---|---:|---:|
| 2/17/2009 | $69.00 | $43.80 |
| 6/4/2009 | $111.20 | $58.40 |
| 8/18/ & 9/3/2009 | $43.80 | $43.80 |
| 10/13/2009 | $3.60 | $3.60 |
| 12/3/ & 12/17/2009 | $100.10 | $80.30 |
| 2/23/2010 | $109.25 | $69.35 |
| 3/24/2010 | $41.20 | $29.20 |
| 4/22/2010 | $57.50 | $36.50 |
| 5/11/2010 | $57.50 | $36.50 |
| 5/27/2010 | $166.75 | $83.95 |
| 6/17/2010 | $40.25 | $25.55 |
| 7/20/2010 | $149.60 | $58.40 |
| 7/27/2010 | $132.25 | $83.95 |
| 8/24/2010 | $23.00 | $14.40 |
| 9/30/2010 | $45.50 | $36.50 |
| 10/14/2010 | $41.20 | $29.20 |

In sum, Defendant can recover $733.40 in costs for court proceeding transcripts.

The Court next turns to the costs for deposition and voice mail transcripts. Here, Defendant again seeks recovery for expedited transcript fees, but does not provide convincing reasons why such expedited transcripts were necessary. Defendant also seeks court reporter attendance fees, which are allowable, as long as the fees are reasonable. *See Menasha Corp. v. News Am. Mktg. Instore, Inc.*, No. 00-C-1895, 2003 WL 21788989, at *2 (N.D. Ill. July 31, 2003)(finding a $60 hourly rate to be reasonable). Recovery for the deposition transcripts and associated court reporter fees is as follows:

| Deposition | Costs Sought | Costs Allowable |
|---|---:|---:|
| Robblee: 11/5/2009 | $1,297.50 | $1,297.50 |
| Sears: 11/6/2009 | $499.10 | $499.10 |
| M. Murphy: 4/8/2010 | $1,890.40 | $1,132.80 |
| W. Murphy: 5/4/2010 | $1,526.00 | $1,232.00 |
| M. Specht: 5/6/2010 | $1,050.85 | $1,050.85 |
| Eide: 7/7/2010 | $846.85 | $846.85 |
| Rubin: 7/9/2010 | $325.80 | $325.80 |
| Flannery: 7/14/2010 | $210.60 | $210.60 |
| Voicemail: 7/14/2010 | $45.00 | $10.95 |
| Voicemail: 7/15/2010 | $75.00 | $18.25 |
| E. Specht: 7/21/2010 | $2,517.90 | $2,001.30 |
| White: 7/27/2010 | $138.60 | $138.60 |
| May: 7/27/10 | $689.40 | $689.40 |
| Petrovsky: 7/28/2010 | $110.70 | $110.70 |
| Crum: 7/29/2010 | $753.05 | $753.05 |

In sum, Defendant can recover $10,317.75 in deposition and voice mail transcript fees, as well as court reporter attendance fees.

The final issue with deposition costs involves Defendant's request to recover the fees for videotaping certain depositions. In a Bill of Costs, the "prevailing party can recover costs for both a video-recording and a transcript of the same deposition,

provided that the party can show both are necessary and reasonable in the context of the case." *Trading Tech. Int'l, Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 976 (N.D. Ill. 2010). For the first prong of this test, Defendant argues that deponent Kenneth Robblee's poor health necessitated use of video at his deposition, and that Plaintiffs' counsel's conduct at the April 8, 2010, deposition of Martin Murphy made it necessary to make video recordings of further depositions. Video recording costs are taxable for witnesses who may not be available at trial. *See id*. at 977. Accordingly, the video for the Robblee deposition was necessary. The Court sanctioned Plaintiffs' counsel for his behavior at Murphy's deposition. *See* Memorandum Opinion and Order, ECF No. 215, June 25, 2010. Because Plaintiffs' counsel engaged in tactics that warranted sanctions, Defendant made the reasonable decision that making video recordings of subsequent depositions was necessary to allow the depositions to proceed in an orderly and effective manner.

In regard to the reasonableness prong to recover video costs, Plaintiffs do not argue that the costs were unreasonable. The Court, however, must still determine if the costs are reasonable. Defendant seeks recovery of a $95 initial fee, a $95 hourly rate to record the deposition, a $110 hourly rate to digitize and synchronize the deposition video, $15 per video tape used in each recording, and shipping costs for the videos.

Shipping charges are ordinary business expenses, and will be deducted from Defendant's recovery. *See Menasha Corp.*, 2003 WL 21788989, at *3. Further, the initial $95 fee for each of the seven videos that Defendant seeks is not reasonable. The video invoices do not provide any detail about this fee, or why it was necessary. It does not appear to compensate the videographer for any hourly work; it simply appears to be an added $95 fee that the videographer charges for appearing at the deposition. Court reporter fees are taxable for each hour worked. The same rules should apply to videographers. As such, the $95 initial fee for each video recording is not taxable. The other video fees for which Defendant seeks recovery are reasonable. Therefore, recovery for the video recording fees is as follows:

| Deposition | Video Costs Sought | Video Costs Allowable |
|---|---:|---:|
| Robblee: 11/5/2009 | $1,483.25 | $1,370.00 |
| W. Murphy: 5/4/2010 | $1,088.25 | $975.00 |
| M. Specht: 5/6/2010 | $1,278.25 | $1,165.00 |
| Eide: 7/7/2010 | $788.25 | $675.00 |
| E. Specht: 7/21/2010 | $1,748.25 | $1,635.00 |
| May: 7/27/2010 | $795.75 | $682.50 |
| Crum: 7/29/2010 | $773.25 | $660.00 |

In sum, Defendant can recover $7,162.50 for making video recordings of depositions.

### B. Document and Copying Fees

Defendant seeks to recover the sum of $21,951.16 in "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This sum includes $17,778.64 for imaging and creating electronic versions of

documents which the parties exchanged in discovery. Such expenses are taxable under when the parties have agreed to produce documents electronically. *See Fast Memory Erase, LLC v. Spansion, Inc*., No. 10-C-0481, 2010 WL 5093945, at *5 (N.D. Tex. Nov. 10, 2010). In this case, Defendant has not produced evidence that the parties agreed to such electronic production. It cites to an e-mail from March 26, 2010, that allegedly shows such an agreement. This e-mail, however, is a draft that an associate at the law firm representing Defendant sent to a partner for review and comment. No evidence exists that this e-mail was sent to Plaintiffs. Further, even if this message was sent to Plaintiffs, it does not reference an agreement to produce electronic versions of all documents in discovery. It references electronic production of metadata for only specific documents. Defendant has not adequately documented that an agreement existed between the parties to produce documents electronically. As such, the $17,778.64 Defendant seeks for these services is not recoverable.

Defendant seeks the sum of $2,152.15 in photocopying costs for approximately 21,522 pages of documents. It has documented these copies with its internal billing records. In determining whether the copies were necessary for the case, "charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not." *Bell v. Keating*,

No. 09-C-754, 2011 WL 2182117, at *3 (N.D. Ill. June 2, 2011). The materials must be prepared to present evidence to the court. *See McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). While a Bill of Costs need not contain a description of the copying "so detailed as to make it impossible economically to recover" these costs, the party seeking recovery must provide a sufficient breakdown of the copying. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Defendant's internal billing records and the affidavit from Nelson do not establish that these copies were obtained for use in the case. They do not detail which documents – or even the general category of documents – that were copied. Therefore, these copying fees are unrecoverable due to insufficient documentation.

Defendant also seeks the sum of $1,375.00 for converting Plaintiffs' QuickBooks database file to a usable format. Such costs for document conversion, however, are not recoverable. *See Windy City Innovations, LLC v. America Online, Inc.*, No. 04-C-4240, 2006 WL 2224057, at *4 (N.D. Ill. July 31, 2006). It also seeks $335.36 for printing electronically produced documents, and $10.01 for electronically endorsing documents. The electronic endorsement is not a recoverable expense under § 1920, and Defendant has not adequately documented that the printing charges were necessary for use in the case. These costs are therefore

- 8 -

unrecoverable. The one document fee that Defendant may recover is the $300.00 it paid to the Illinois Secretary of State to obtain the corporate records of The Android's Dungeon, Inc. and Android Data Corporation, as these documents were necessary for Defendant in this case. As such, Defendant can recover a total of $300.00 in document fees.

### C. Process Service Fees

Recovery of summons and subpoena service fees is authorized under § 1920. *See Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996). These fees cannot exceed $55.00 per hour — the fee charged by the United States Marshals Service for service of process. *See Clarendon Nat'l Ins. Co. v. Medina*, No. 08-C-4245, 2010 WL 3526515, at *1 (N.D. Ill. Sept. 1, 2010). Defendant seeks reimbursement for $1,070.00 in such fees. Its invoices for the nine services of process it seeks to recover, however, do not indicate the time spent effectuating this service. As such, the court will award costs for one hour each. *See id*. Defendant can recover $495.00 in service fees.

### D. Witness Fee

Pursuant to 28 U.S.C. § 1821(b), a witness shall be paid $40.00 for each day attending a deposition, as well as the travel costs to and from the deposition. Defendant seeks to recover $55.00 for Warren Crum to attend his deposition. Plaintiffs do not dispute this fee, and the Court finds that the $15.00 in

mileage Defendant seeks to recover is properly documented and reasonable. As such, this $55.00 is taxable to Plaintiffs.

### III. <u>CONCLUSION</u>

In sum, Defendant's Bill of Costs is granted in part and denied in part. Defendant can recover $18,213.65 in transcript, court reporter, and video fees; $300.00 in document fees; $495.00 in process service fees; and $55.00 in witness fees. Plaintiffs are liable to Defendant for a total of $19,063.65 in costs.

**IT IS SO ORDERED.**

                                              Harry D. Leinenweber, Judge
                                              United States District Court

**DATE:** 6/27/2011