# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2572 | **DATE** | 10/6/2011 |
| **CASE TITLE** | Specht, et al. v. Google, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiffs' Motion for Entry of Judgment under Fed. R. Civ. P 54(b) is granted.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiffs' motion for entry of judgment under Federal Rule of Civil Procedure 54(b). For the reasons stated below, there is no just reason to delay entry of a final judgment. Therefore, the unopposed motion for entry of a Rule 54(b) judgment is granted.

### I. BACKGROUND

Plaintiffs filed a five count Second Amended Complaint against Google for: trademark infringement under the Lanham Act (Count I); unfair competition under the Lanham act (Count II); violation of Illinois Deceptive Trade Practices Act (Count III); common law trademark infringement (IV); and contributory infringement (Count V).

Google filed a seven count counterclaim against Plaintiffs for: cancellation of trademark registration (Count I); fraudulent procurement of registration (Count II); a declaratory judgment of invalidity and unenforceability of trademark rights due to abandonment (Count III); a declaratory judgment of invalidity and unenforceability due to fraudulent procurement (Count IV); declaratory judgment of non-infringement (Count V); unfair competition under the Lanham Act (Count VI); and common law unfair competition (Count VII).

On December 17, 2010, the Court entered summary judgment against Plaintiffs on the entire Second Amended Complaint and on Counts I and III of Google's counterclaims. On February 24, 2011, the Court granted Google's motion to dismiss is remaining counterclaims (Counts II, IV, V, VI, and VII) without prejudice. Plaintiffs filed a notice of appeal.

On August 22, 2011, the Court of Appeals *sua sponte* dismissed Plaintiffs' appeal as premature because of the potential that Google could refile its counterclaims in the future. In response to the dismissal of their appeal, Plaintiffs have filed this motion pursuant to Rules 54(b) and 60(b) of the Federal Rules of Civil Procedure.

### II. DISCUSSION

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief – whether as a claim, counterclaim, cross-claim, or third-party claim – or when multiple parties are involved, the court may

| STATEMENT |
|---|

direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

"Proper entry of judgment under Rule 54(b) requires first that the district court reach a judgment that is final in the sense that it completely disposes of a separate claim for relief or finally resolves all claims against a particular party or parties." *United States v. Ettrick Wood Products, Inc.,* 916 F.2d 1211, 1217 (7th Cir. 1990). The Court's ruling finally disposed of all claims against Google, and resolved Counts I and III of Google's counterclaims against Specht. Although Google has only dismissed the remaining counterclaims without prejudice, both parties agree that Google will not bring those claims again if the Court of Appeals affirms this Court. Furthermore, because the two counterclaims on which the Court found for Google sought only declaratory judgment and an order of cancellation of the trademark, no financial penalties or other calculations remain for this Court perform. Accordingly, there is simply nothing left for this Court to rule on in this case.

"Once it is established that the court's decision is "final," Rule 54(b) requires the district court to expressly find that "there is no just reason for delay" and to expressly direct entry of final judgment." *Id.* The court finds that there is no just reason for delay here, given that Plaintiffs and Defendant agree that the case is at an end barring reversal or remand on appeal. It would ill serve the interests of justice and judicial efficiency to require Google to litigate its dismissed counterclaims just to finalize the judgment.

### III. CONCLUSION

For the reasons stated above, the court finds that there is no just reason to delay the entry of final judgment and the appeal of its summary judgment ruling. It therefore grants Plaintiffs' motion for entry of a Rule 54(b) final judgment as to all counts of Plaintiffs' Second Amended Complaint and Counts I and III of Google's counterclaims.